**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE WESTERN STATES<br>WHOLESALE NATURAL GAS<br>ANTITRUST LITIGATION ) ) ) ) ) | MDL No. 1566<br><br>Case No. CV-S-03-1431 PMP-(PAL)<br>BASE FILE |
| THIS DOCUMENT RELATES TO: ) ) | |
| Texas-Ohio Energy, Inc., )<br>              Plaintiff, )<br>v. )<br>Centerpoint Energy, Inc., et al., )<br>              Defendants. ) | CV-S-04-0465-PMP-PAL |
| Fairhaven Power Company, )<br>              Plaintiff, )<br>v. )<br>EnCana Corporation, et al., )<br>              Defendants. ) | CV-S-05-0243-PMP (PAL) |
| Abelman Art Glass Company, )<br>              Plaintiff, )<br>v. )<br>EnCana Corp., et al, )<br>              Defendants. ) | CV-S—05-0437-PMP (LRL) |
| Utility Savings & Refund Services, Inc., )<br>              Plaintiff, )<br>v. )<br>Reliant Energy Services, Inc., et al., )<br>              Defendants. ) | CV-S-05-0110-PMP (LRL) |
| Ever-Bloom, Inc., and Maximum<br>Nursery, Inc., )<br>              Plaintiffs, )<br>v. )<br>AEP Energy Services, Inc., et al., )<br>              Defendants. ) | CV-S-05-0808-PMP<br><br>**[REVISED PROPOSED] ORDER<br>PRELIMINARILY APPROVING<br>SETTLEMENTS,<br>CERTIFYING A SETTLEMENT<br>CLASS, AND AUTHORIZING<br>DISSEMINATION OF NOTICE** |

Plaintiffs have moved the Court for an Order preliminarily approving their proposed settlement agreements (the "Settlement Agreements") with (1) Williams Companies, Inc. and Williams Power Company, Inc. (collectively, 'Williams"); (2) EnCana Corporation and WD Energy Services Inc. (collectively "EnCana"); (3) Dynegy Inc. (incorrectly named as Dynegy Inc. Holding Company); Dynegy Holdings Inc. (incorrectly named as Dynegy Holding Co. and Dynegy Holding Co., Inc.); Dynegy Marketing and Trade; Dynegy Power Marketing, Inc.; Cabrillo Power I LLC; Cabrillo Power II LLC; El Segundo Power I LLC; El Segundo Power II LLC; Long Beach Generation LLC; WCP (Generation) Holdings LLC; and West Coast Power LLC, (collectively "Dynegy"); (4) Coral Energy Resources L.P. ("Coral"); and (5) CMS Energy Resources Management Company; CMS Enterprises Group, Inc.; CMS Marketing Services & Trading Co.; CMS Field Services, Inc.; Cantera Natural Gas, Inc.; and CMS Energy Corporation ("CMS") (collectively, "Settling Defendants"), entered into on, respectively, May 16, 2006, June 16, 2006, August 21, 2006, January 12, 2007, and March 1, 2007.

The Court, having reviewed the Settlement Agreements, hereby ORDERS that:

1.     The Settlement Agreements appear, upon preliminary review, to be sufficiently fair and reasonable to warrant notice to the class. Accordingly, the Settlement Agreements are preliminarily approved, pending a final hearing as provided for.

2.     This litigation concerns the alleged manipulation of natural gas prices in California and at the California border. Plaintiffs, all direct purchasers of natural gas from one or more of the Defendants,[1] allege that Defendants caused the price of natural gas to increase by

---

[1] Defendants in these cases include: AEP Energy Services, Inc.; American Electric Power, Inc.; Aquila Merchant Services, Inc.; CenterPoint Energy, Inc.; CMS Energy Resources Management Company; CMS Enterprises Group, Inc.; CMS Marketing Services & Trading Co.; CMS Field Services, Inc.; Cantera Natural Gas, Inc.; and CMS Energy Corporation; Coral Energy Resources L.P.; Duke Energy Trading and Marketing LLC; Duke Energy North

conducting prearranged "wash trades" (the contemporaneous purchase and sale of the same amount of natural gas at the same price) and by reporting false price and volume information to trade publications that compile natural gas price indices, in violation of the Sherman Act, 15 U.S.C. § 1, and California antitrust and unfair competition laws. Plaintiffs further allege that California direct purchasers paid more for natural gas as a result. Defendants deny these allegations and assert the filed rate doctrine as a defense, among others.

3.      Class claims, issues and defenses concern the following:

- Whether Defendants' conduct violated Section 1 of the Sherman Act (15 U.S.C. § 1) and various provisions of California state law;

- Whether Defendants and their co-conspirators combined, agreed, or conspired to raise, fix, maintain or stabilize natural gas prices, and/or participated in a contract, combination, or conspiracy in restraint of trade;

- Whether Defendants' conduct constituted unfair and deceptive business practices, and/or unjustly enriched Defendants;

- The scope and duration of the alleged contract, combination, or conspiracy;

- The conduct of Defendants in furtherance of the alleged contract, combination, or conspiracy;

- The character, extent and duration of Defendants' alleged manipulation of natural gas prices;

- Whether Defendants' conduct caused injury to the business and property of Plaintiffs and the members of the Class; and if so,

___

America, LLC; Duke Energy Field Services, LLC; Duke Energy Corporation; Dynegy Inc. (incorrectly named as Dynegy Inc. Holding Company); Dynegy Holdings Inc. (incorrectly named as Dynegy Holding Co. and Dynegy Holding Co., Inc.); Dynegy Marketing and Trade; Dynegy Power Marketing, Inc.; El Paso Corporation; El Paso Tennessee Pipeline Company; El Paso Merchant Energy, L.P.; El Paso Merchant Energy-Gas, L.P.; El Paso Marketing, L.P.; El Paso Merchant Energy Holding Company; El Paso Merchant Energy Company; El Paso Natural Gas Company; Mojave Pipeline Company; El Paso Mojave Pipeline Company; Mojave Pipeline Operating Company; EPHG Mojave, Inc.; EnCana Corporation; W.D. Energy Services Inc.; Reliant Energy Services, Inc.; Reliant Energy, Inc.; Sempra Energy Corporation; Sempra Energy Trading Corporation; Southern California Gas Company; West Coast Power, LLC; Williams Companies, Inc.; Williams Power Company; Xcel Energy, Inc.; and e prime, Inc. Plaintiffs have named as co-conspirators Enron Corporation and Merchant Energy Group of the Americas, Inc.

- The proper measure of damages and the amount of aggregate damages.

4.      The following settlement class (the "Settlement Class") is hereby certified for settlement purposes only:

> All individuals and entities that purchased natural gas in California and/or at the California border during the period from January 1, 1999 through December 31, 2002, inclusive, directly from one or more defendants or named non-party co-conspirators or their affiliates (a) for use, (b) for generation of electricity for the purpose of resale, or (c) for resale.

5.      The following are excluded from the Settlement Class: Pacific Gas & Electric Co., San Diego Gas & Electric, Southern California Gas Company, Southern California Edison, Southwest Gas Corporation, federal, state and local governments and governmental agencies (including municipal utilities), Defendants, or named non-party or co-conspirators. None of these persons and entities was ever a member of the proposed Settlement Class. Also excluded are those persons and entities who timely and validly request exclusion from the Settlement Class pursuant to the terms of the notice to be sent to the class ("Class Notice").

6.      Following final approval, if granted, qualified MDL Settlement Class Members who purchased gas for their own use and are releasing claims in the federal action will be compensated from the settlement fund in the "JCCP Class Actions."[2]

7.      The Court further finds the prerequisites to a class action under Federal Rule of Civil Procedure 23(a) have been satisfied for settlement purposes in that:

> (a)      there are hundreds of members of the class;

---

[2] The "JCCP Class Actions" refer to parallel coordinated class action proceedings in California state court, under the caption *Natural Gas Antitrust Cases I, II, III & IV,* Judicial Council Coordinated Proceeding Nos. 4221, 4224, 4226 and 4228, in which Settling Defendants are parties.

(b)    the claims of the class representatives are typical of those of the other members of the class;

(c)    there are questions of fact and law that are common to all members of the class; and

(d)    the class representatives will fairly and adequately protect the interests of the class and have retained counsel experienced in complex antitrust class action litigation who have and will continue to adequately represent the class.

8.    The Court finds this action may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) for settlement purposes because (i) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (ii) questions of fact and law common to the members of the class predominate over any questions affecting only individual members.

9.    Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs Texas-Ohio Energy, Inc.; Fairhaven Power Company; Abelman Art Glass Company; Utility Savings and Refund Services, LLP; Ever-Bloom, Inc.; and Maximum Nursery, Inc., shall serve as class representatives. This Court approves the following firms as Settlement Class Counsel: Glancy Binkow & Goldberg LLP; Boni & Zack LLC; Edelson and Associates, LLC; and Zelle Hofmann Voelbel Mason & Gette LLP. Settlement Class Counsel are authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be taken pursuant to, the Settlement Agreements, or such other acts which are reasonably necessary to consummate the proposed settlements.

10.    Pursuant to Federal Rule of Civil Procedure 23(e), a fairness hearing (the "Fairness Hearing") will be held on September 5, 2007, at 1:00 p.m. in Courtroom #7C.

11.    The Fairness Hearing will be held for the following purposes:

(a)    To determine that the Court has jurisdiction over Plaintiffs, Settling Defendants, and Settlement Class members and subject matter jurisdiction to approve and enforce the Settlement Agreements;

(b)    To determine whether the notice given to the class satisfies the requirements of Federal Rule of Civil Procedure 23 and due process;

(c)    To determine whether to finally approve the settlements and their terms as being in good faith, fair, reasonable, and adequate settlements as to Plaintiffs and Settlement Class members, and directing consummation of the Settlement Agreements pursuant to their terms;

(d)    To determine whether each Settlement Class member who has not filed a request for exclusion accepted by the Court is bound by the terms of the Settlement Agreements;

(e)    To determine whether a final judgment should be entered dismissing the claims of the class against Settling Defendants with prejudice, as required by the Settlement Agreements;

(f)    To determine whether the settlements were made in good faith for purposes of California Code of Civil Procedure section 877.6, and whether to bar claims for indemnity or contribution against Settling Defendants (if Settling Defendants request a bar order); and

(g)    To rule upon other such matters as the Court may deem appropriate.

12.    Poorman-Douglas Corporation shall serve as MDL Settlement Fund Administrator.   All funds held by the MDL Settlement Fund Administrator shall be deemed and considered to be in *custodia legis* of the Court in accordance with the Settlement Agreements, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreements and/or further order of the Court.  Settlement Class Counsel are authorized to withdraw up to $150,000 from the Settlement Fund for the printing, mailing and publication of notice to the class and establishment of an Internet website that class members can view to learn details of the Settlements.

13.    On or before June 1, 2007, Class Notice, substantially in the form attached as Exhibit A, shall be sent by the Settlement Administrator via first class U.S. mail, postage prepaid, to all members of the class at their last known address as reflected in the records of

Defendants, as updated based on the National Change of Address database or other similar databases prior to mailing.

14.     On or before July 15, 2007, summary notice to the class (the "Publication Notice"), substantially in the form attached as Exhibit B, shall be published.  On or before June 15, 2007, Settlement Class Counsel also shall cause a copy of the Publication Notice to be posted on the Internet at a readily accessible website to be created and maintained as part of the Settlement process.

15.     The Court finds this manner of giving notice fully satisfies the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

16.     Settlement Class Counsel shall file, not later than August 1, 2007, proof of mailing of the Class Notice and proof of publication of the Publication Notice.

17.     As provided in the Class Notice, each class member shall have the right to be excluded from the Settlement Class by mailing a request for exclusion to the Settlement Fund Administrator postmarked not later than August 1, 2007.  Requests for exclusion must be in writing and set forth the name, address, and telephone number of the person or entity who wishes to be excluded, as well as all trade names or business names and addresses used by such person or entity, must state that the person or entity wishes to be excluded, and must be signed by the person or entity seeking exclusion.  All persons or entities who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights or benefits under the Settlement Agreements, shall not share in the distribution of settlement proceeds, and shall not be bound by the Settlement Agreements or a Final Judgment approving the Settlement Agreements under Federal Rule of Civil Procedure Rule 23(e).  By August 28, 2007, Settlement

Class Counsel shall file with the Court a list of all persons and entities who have timely and validly requested exclusion from the Settlement Class.  The Court will exclude all persons and entities who file timely and valid requests for exclusion.

18.     Any class member who does not properly and timely request exclusion from the Settlement Class shall, upon final approval of the Settlement Agreements, be bound by all the terms and provisions of the Settlement Agreements, including, but not limited to, the releases, waivers, and covenants described, whether or not such person or entity objected to the settlements and whether or not such person or entity made a claim upon the settlement fund.

19.     As provided in the Class Notice, each class member who does not timely opt out of the Settlement Class may appear at the Fairness Hearing and show cause why the Court should not approve the settlements and dismiss this action with prejudice as to Williams, EnCana, Dynegy, Coral, and CMS, and may appear at the hearing to support or oppose Class Counsel's application for attorneys' fees, expenses and costs, provided that no class member shall be heard unless his, her or its objection or opposition is made in writing, signed by the objecting member, and filed, together with any papers or briefs in support of such objections, with the Court not later than August 1, 2007, with copies to the Settlement Fund Administrator and Settling Defendants' counsel by first-class mail, postage prepaid.  Failure to timely file and serve written objections will preclude a class member from objecting at the Fairness Hearing.

20.     The objection shall include: (1) the complete name and residence or business address of the objecting member; (2) a statement signed under penalty of perjury by the objecting member, that the member purchased natural gas in California or at the California border for use, for generation of electricity for the purpose of resale, or for resale, during the period from January 1, 1999 through December 31, 2002; and (3) each ground for comment or

objection and any supporting papers the member desires the Court to consider.  The filing of an objection shall not extend the time to file a request for exclusion.

21.     Any Settlement Class member who has filed written objections and wishes to be heard at the Fairness Hearing, may enter an appearance through counsel of such member's own choosing and at such member's own expense, or may appear on the member's own.

22.     All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlements shall be filed not later than August 28, 2007.

23.     All further class proceedings as to Williams, EnCana, Dynegy, Coral, and CMS, are hereby stayed except for any actions required to effectuate the Settlement Agreements. Settlement Class members are enjoined from instituting or prosecuting any further actions against Settling Defendants asserting claims that are released under the Settlement Agreements, until the Court has ruled on final approval of the settlements and entered a final judgment.

24.     The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Settlement Class members.

25.     The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreements.

IT IS SO ORDERED this __1st__ day of __May_____, 2007.

Philip M. Pro
United States District Judge

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| IN RE WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION | ) ) ) ) | MDL No. 1566<br><br>Case No. CV-S-03-1431 PMP-(PAL) BASE FILE |
| THIS DOCUMENT RELATES TO: | ) ) | |
| Texas-Ohio Energy, Inc.,<br>      Plaintiff,<br>v.<br>Centerpoint Energy, Inc., et al.,<br>      Defendants. | ) ) ) ) ) ) ) | CV-S-04-0465-PMP-PAL |
| Fairhaven Power Company,<br>      Plaintiff,<br>v.<br>EnCana Corporation, et al.,<br>      Defendants. | ) ) ) ) ) ) | CV-S-05-0243-PMP (PAL) |
| Abelman Art Glass Company,<br>      Plaintiff,<br>v.<br>EnCana Corp., et al,<br>      Defendants. | ) ) ) ) ) ) | CV-S—05-0437-PMP (LRL) |
| Utility Savings & Refund Services, Inc.,<br>      Plaintiff,<br>v.<br>Reliant Energy Services, Inc., et al.,<br>      Defendants. | ) ) ) ) ) ) | CV-S-05-0110-PMP (LRL) |
| Ever-Bloom, Inc., and Maximum Nursery, Inc.,<br>      Plaintiffs,<br><br><br><br>v.<br>AEP Energy Services, Inc., et al.,<br>      Defendants. | ) ) ) ) ) ) ) ) ) ) | CV-S-05-0808-PMP<br><br><br>**[REVISED PROPOSED] CLASS NOTICE OF SETTLEMENTS** |

EXHIBIT A
MDL NO. 1566
REVISED CLASS NOTICE

TO:   THE "SETTLEMENT CLASS," CONSISTING OF ALL INDIVIDUALS AND
      ENTITIES IN THE UNITED STATES WHO:

    1.  PURCHASED NATURAL GAS IN CALIFORNIA AND/OR AT THE
        CALIFORNIA BORDER FROM JANUARY 1, 1999 THROUGH
        DECEMBER 31, 2002

    2.  FROM ONE OR MORE OF THE DEFENDANTS OR NAMED NON-
        PARTY CO-CONSPIRATORS, OR THEIR AFFILIATES

    3.  FOR THE FOLLOWING PURPOSES:

        (a)  Use;
        (b)  Generation of electricity for the purpose of resale; or
        (c)  Resale,

    4.  *EXCLUDING:* Pacific Gas & Electric Co., San Diego Gas & Electric,
    Southern California Gas Company, Southern California Edison, Southwest Gas
    Corporation, federal, state and local governments and governmental agencies
    (including municipal utilities), Defendants, or named non-party co-conspirators.

SETTLEMENTS TOTALING $10.3 MILLION BETWEEN PLAINTIFFS ON
THE ONE HAND, AND: (1) THE WILLIAMS COMPANIES, INC. AND
WILLIAMS POWER COMPANY, INC.; (2) ENCANA CORPORATION AND WD
ENERGY SERVICES INC.; (3) DYNEGY INC. (INCORRECTLY NAMED AS
DYNEGY INC. HOLDING COMPANY); DYNEGY HOLDINGS INC.
(INCORRECTLY NAMED AS DYNEGY HOLDING CO.) AND DYNEGY
HOLDING CO., INC.); DYNEGY MARKETING AND TRADE; DYNEGY
POWER MARKETING, INC.; CABRILLO POWER I LLC; CABRILLO POWER
II LLC; EL SEGUNDO POWER I LLC; EL SEGUNDO POWER II LLC; LONG
BEACH GENERATION LLC; WCP (GENERATION) HOLDINGS LLC; AND
WEST COAST POWER LLC; (4) CORAL ENERGY RESOURCES L.P.; AND (5)
CMS ENERGY RESOURCES MANAGEMENT COMPANY; CMS
ENTERPRISES GROUP, INC.; CMS MARKETING SERVICES & TRADING
CO.; CMS FIELD SERVICES, INC.; CANTERA NATURAL GAS, INC.; AND
CMS ENERGY CORPORATION ("CMS"), HAVE BEEN PROPOSED IN THIS
CLASS ACTION LITIGATION THAT MAY AFFECT YOUR RIGHTS.  IF YOU
ARE A MEMBER OF THE SETTLEMENT CLASS, YOU MAY BE ENTITLED
TO SHARE IN THE SETTLEMENT FUND.

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.

YOU MAY ALREADY HAVE RECEIVED NOTICE OF A SETTLEMENT IN A
NATURAL GAS ANTITRUST CLASS ACTION IN CALIFORNIA STATE
COURT.  <u>THAT SETTLEMENT DOES NOT INCLUDE PURCHASERS OF
NATURAL GAS FOR RESALE OR FOR THE GENERATION OF
ELECTRICITY FOR RESALE.</u>

**IF YOU PURCHASED NATURAL GAS ONLY FOR USE, RESALE, OR FOR THE GENERATION OF ELECTRICITY FOR RESALE, YOUR CLAIMS MAY BE RESOLVED IN <u>THIS</u> LITIGATION.**

**IF YOU PURCHASED NATURAL GAS FOR USE (NOT FOR RESALE); PAID A GAS BILL TO A CALIFORNIA UTILITY; WERE A "NON-CORE" GAS CUSTOMER OF A CALIFORNIA GAS UTILITY (GENERALLY, LARGE INDUSTRIAL USERS); OR OTHERWISE BOUGHT GAS FOR YOUR USE, YOU MAY QUALIFY TO RECOVER UNDER THE SETTLEMENT IN CALIFORNIA STATE COURT. FOR MORE INFORMATION, CONSULT THE WEBSITE LOCATED AT:**
**<u>www.PriceIndexingSettlements.com</u>, or call 1-800-420-2914.**

**NOTICE IS HEREBY GIVEN,** pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Nevada dated April __, 2007, that a Settlement Class has been certified by the Court and that a Fairness Hearing will be held on **September 5, 2007 at 1 p.m**., before the Honorable Philip M. Pro, United States District Judge, in Courtroom 7C of the United States Courthouse, located at 333 Las Vegas Blvd. South, Las Vegas, Nevada 89101, to determine whether Plaintiffs' proposed settlements in the above-captioned litigation with: (1) The Williams Companies, Inc. and Williams Power Company, Inc.; (2) EnCana Corporation and WD Energy Services Inc.; (3) Dynegy Inc. (incorrectly named as Dynegy Inc. Holding Company); Dynegy Holdings Inc. (incorrectly named as Dynegy Holding Co. and Dynegy Holding Co., Inc.); Dynegy Marketing and Trade; Dynegy Power Marketing, Inc.; Cabrillo Power I LLC; Cabrillo Power II LLC; El Segundo Power I LLC; El Segundo Power II LLC; Long Beach Generation LLC; WCP (Generation) Holdings LLC; and West Coast Power LLC; (4) Coral Energy Resources L.P.; and (5) CMS Energy Resources Management Company; CMS Enterprises Group, Inc.; CMS Marketing Services & Trading Co.; CMS Field Services, Inc.; Cantera Natural Gas, Inc.; and CMS Energy Corporation ("CMS") (collectively, "Settling Defendants") are fair, reasonable and adequate to the Settlement Class.

> **IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOU NEED NOT TAKE ANY ACTION AT THIS TIME. YOUR RIGHTS AS A CLASS MEMBER WILL BE REPRESENTED BY THE CLASS PLAINTIFFS AND CLASS COUNSEL, AND YOU WILL BE ENTITLED, AT A LATER POINT IN TIME, TO SUBMIT A CLAIM FORM TO SHARE IN THE SETTLEMENT FUND. BY REMAINING IN THE SETTLEMENT CLASS, YOU WILL BE LEGALLY BOUND BY THE SETTLEMENT, AND THUS WILL NOT BE ABLE TO SUE OR CONTINUE TO SUE SETTLING DEFENDANTS OVER THE LEGAL CLAIMS IN THIS CASE.**

**I.      WHAT THIS LAWSUIT IS ABOUT**

Plaintiffs allege that Defendants caused the price of natural gas to increase by conducting

EXHIBIT A                                                    4

prearranged "wash trades" (the simultaneous purchase and sale of the same amount of natural gas at the same price) and by reporting false price and volume information to trade publications that compile natural gas price indices, in violation of federal and California law, and that California purchasers paid more for natural gas as a result. Defendants deny these allegations.

Claims, issues and defenses in this litigation concern the following:

- Plaintiffs allege that Defendants violated federal antitrust laws, and California state laws, by manipulating the prices of natural gas during the California energy crisis.

- The issues raised by this action include: whether Defendants manipulated natural gas prices; whether Defendants acted unfairly and deceptively in their business practices; and whether Plaintiffs and the members of the Class were damaged by Defendants' conduct as alleged, and if so, how.

- Defendants deny these allegations, and also contend that the dispute does not belong in the courts, but rather in front of a regulatory commission.

## II.    BACKGROUND OF THE CLASS ACTION

Several lawsuits were filed in federal court between November 10, 2003 and June 21, 2005. These lawsuits were coordinated in the United States District Court for the District of Nevada before the Hon. Philip M. Pro, under the name *In re Western States Wholesale Natural Gas Antitrust Litigation,* MDL 1566 (the "MDL Class Actions").

In May 2004 and July 2005, Defendants moved to dismiss Plaintiffs' actions. On April 11, 2005, December 19, 2005, and December 28, 2005, the district court granted the motions. Plaintiffs have appealed those decisions to the U.S. Court of Appeals for the Ninth Circuit.

Plaintiffs and Settling Defendants reached settlements while the appeals were still pending. Plaintiffs have withdrawn the appeals as against Settling Defendants only, for the sole purpose of asking the district court to decide whether to approve the settlements. The settling parties have agreed that the settlements are binding regardless of the outcome of the related

appeals.

NOTE: A related but separate series of lawsuits, of which you may or may not have received notice, were filed in California state court against Settling Defendants and other entities. These actions were coordinated in the Superior Court of the State of California, San Diego County, as California Judicial Council Coordination Proceedings (the "JCCP Class Actions"). Like Plaintiffs in the MDL Class Actions, the plaintiffs in the JCCP Class Actions also allege that the Defendants manipulated natural gas prices in California and/or at the California border. However, the JCCP Class Actions were brought on behalf of purchasers of natural gas for their own use and specifically excluded purchasers for resale or those who used natural gas in the generation of electricity. Settlements have occurred in the JCCP Actions. Class members who purchased natural gas for their own use may claim against the Settlements in the JCCP Class Actions. The website for the JCCP Actions is www.priceindexingsettlements.com.

**You may have rights under the settlements in either, or both, the MDL Actions and the JCCP Class Actions. This Notice pertains only to settlements in the MDL Class Actions.**

### III. TERMS OF THE SETTLEMENTS

The following description of the proposed settlements is only a summary. The Settlement Agreements are available on the website **www.FederalNaturalGasSettlements.com.** They also are on file with the Court and can be obtained from Class Counsel (listed below).

### A. What Will the Settlement Class Get?

In exchange for the release of all claims arising out of the conduct alleged by Plaintiffs with respect to the purchase of natural gas during the Class Period, Settling Defendants will

EXHIBIT A                                      6
MDL NO. 1566
REVISED CLASS NOTICE

provide total payment to the Settlement Class of $10.3 million. Four of the five sets of Settling

Defendants each have made a cash payment of $2.4 million, and the fifth set of Settling

Defendants, CMS, has paid $700,000, into escrow (the "Settlement Fund"), which is accruing

interest for the benefit of the Settlement Class. Four of the five sets of Settling Defendants have

also agreed to provide certain discovery to Plaintiffs and the plaintiffs in the JCCP Class Actions

with respect to claims against non-settling Defendants. MDL Settlement Class Members who

purchased gas for their own use and are releasing claims in the federal action will be

compensated from the settlement fund in the JCCP Class Actions.

### B. What Are the Claims Being Released by the Settlement Class?

If the Court approves the Settlement Agreements after the Fairness Hearing, and that

approval is not challenged or is affirmed on appeal, the Settlement Agreements will become final

(the "Effective Date"). On the Effective Date, each member of the Class that did not timely and

validly exclude itself from the Settlement Class (the "Releasors") shall have completely released

and forever discharged Settling Defendants, and their respective current or former directors,

officers, employees, parents, subsidiaries, affiliates, predecessors, successors, agents, attorneys,

and assigns (but not any non-settling defendant in the JCCP Class Actions) (the "Released

Parties") from any and all claims, causes of action, demands, rights, actions, suits, and requests

for equitable, legal and administrative relief of any kind whatsoever ("Claims"), arising from or

relating to (i) the facts alleged in any of the MDL Class Actions, including without limitation any

all Claims that that were or could have been asserted against Settling Defendants under state and

federal antitrust laws, unfair competition statutes and common law principles, unjust enrichment

principles, or any other common law, statutory or equitable theory; and (ii) the purchase of

natural gas during the period from January 1, 1999 through December 31, 2002, including but

EXHIBIT A                                    7

not limited to the purchase of physical natural gas and/or any transaction relating to, dependent upon or derivative of the price of natural gas.

The release and dismissal of the claims of the Settlement Class against Settling Defendants will have no effect upon any claims Settlement Class members may have against Defendants other than Settling Defendants.

### C.     Other Terms of the Settlements

Pursuant to the Settlement Agreements, disbursements may be made from the Settlement Fund to pay, on an interim basis, reasonable notice and administration costs and tax expenses. These settlements are subject to final approval by the Court following a Fairness Hearing.

The Court has appointed plaintiffs Texas-Ohio Energy, Inc.; Fairhaven Power Company; Abelman Art Glass Company; Utility Savings and Refund Services, LLP; Ever-Bloom, Inc.; and Maximum Nursery, Inc., as representatives of the Settlement Class.  The Court has appointed the firms of Glancy Binkow & Goldberg LLP; Boni & Zack LLC; Edelson & Associates; and Zelle Hofmann Voebel Mason & Gette LLP, as Class Counsel to represent you and other Class members. You will not be charged for these lawyers.

Class Counsel have not received any payment for their services in conducting this litigation on behalf of the Plaintiffs and the members of the Settlement Class, and they have not been reimbursed for their out-of-pocket expenses.  If the Court approves the settlements, Class Counsel will petition for payment of attorneys' fees not to exceed 25% of the settlement proceeds, plus reimbursement of out-of-pocket costs and expenses.  If the Court approves their petition, their fees and expenses will be paid from the Settlement Fund.  In addition, Plaintiffs will petition the Court for a service award of $5,000 to each representative plaintiff for their efforts in this litigation.

EXHIBIT A                                    8
MDL NO. 1566
REVISED CLASS NOTICE

**THE COURT HAS NOT RULED ON ANY OF THE CLAIMS OR DEFENSES OF THE PARTIES. THIS NOTICE IS NOT TO BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION BY THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES ASSERTED BY PLAINTIFFS OR DEFENDANTS.**

## IV.   THE RIGHTS OF SETTLEMENT CLASS MEMBERS

You have the following options:

(A) If you want to participate in the settlements, if your claims are timely and valid, and if the Court approves the settlements, you will share in the proceeds of the Settlement Fund and you also will be bound by the Releases described above. This means that, unless you exclude yourself, you give up any right to sue Settling Defendants for the Released Claims.

(B) If you do not want to receive a payment from one or more of the settlements, but you want to keep the right to sue or continue to sue one or more of Settling Defendants on your own, regarding the Released Claims, then you must exclude yourself from the Settlement Class. If you exclude yourself, you will not receive any money from the Settlement Fund, you will not be legally bound by any judgment or decision in this litigation with respect to the settlement(s) from which you are excluding yourself, and you cannot object to the settlements. You must follow the procedure described below in Section VI to exclude yourself from the Settlement Class.

(C) You also can choose to do nothing at all. If you choose this option, you will not receive any money from the Settlement Fund. However, you will be bound by any judgment entered by the Court, and you will not be able to start or continue with a lawsuit against any of Settling Defendants regarding the Released Claims.

(D) Any member of the Settlement Class that has not requested to be excluded may

object to the Settlement Agreement(s), by following the procedures described below.

(E) Whether or not you remain a member of the Settlement Class, you have the right to retain individual counsel at your own expense and enter an individual appearance in the litigation.

## V.   FAIRNESS HEARING

Class Counsel believe that the proposed settlements are fair, reasonable and adequate and in the best interests of the Settlement Class.  Class Counsel will be requesting the Court to enter an Order finally approving the settlements at the Fairness Hearing on **September 5, 2007, at 1:00 pm**.  The time and date of the hearing may be continued from time to time.  Notice of any such continuance shall be set forth on the Court's docket.

At the Fairness Hearing, the Court will consider whether the Settlement Agreements should be finally approved as fair, adequate and reasonable to the Settlement Class, whether the claims of the Settlement Class against Settling Defendants should be dismissed with prejudice, whether Plaintiffs' Class Counsel should be awarded attorneys' fees, costs and expenses, and whether the representative plaintiffs should be given service awards.

You do not need to appear at that hearing.  Any Settlement Class member may enter an appearance through counsel of such member's own choosing and at such member's own expense, or may appear on their own.

Any member of the Class that has not requested to be excluded from the Settlement Class may object to the Settlement Agreement(s), may appear at the Fairness Hearing to show cause why the Court should not approve the settlement(s) and dismiss with prejudice as to Settling Defendants the MDL Class Actions; or to support or oppose Class Counsel's application for attorneys' fees, costs and expenses.

EXHIBIT A                                                    10
MDL NO. 1566
REVISED CLASS NOTICE

However, no Class member shall be heard unless his, her or its objection or opposition is made in writing, signed by the objecting member, and filed, together with any papers or briefs in support of such objections, with the Court, with copies to Settling Defendants' counsel by first-class mail, postage prepaid. Failure to timely file and serve written objections will preclude a class member from objecting at the Fairness Hearing.

The objection shall include: (1) the complete name and residence or business address of the objecting member; (2) a statement signed under penalty of perjury by the objecting member, that the member purchased natural gas in California or at the California border for use, for generation of electricity for the purpose of resale, or for resale, during the period from January 1, 1999 through December 31, 2002; and (3) each ground for comment or objection and any supporting papers the member desires the Court to consider. The filing of an objection shall not extend the time to file a request for exclusion.

All objections, with supporting statements and/or papers, must be filed in writing with the Clerk, United States District Court for the District of Nevada, 333 Las Vegas Blvd. South, Las Vegas, Nevada 89101, no later than **August 1, 2007**, with copies served upon the counsel identified below:

Mark H. Hamer
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101

**Settling Defendants' Counsel**

Michael J. Kass
PILLSBURY WINTHROP SHAW
PITTMAN LLP
50 Fremont Street
San Francisco, CA 94105
**Settling Defendants' Counsel**

Robert A. Sacks
SULLIVAN & CROMWELL LLP
1888 Century Park East, 21st Fl.
Los Angeles, CA 90067-1725

**Settling Defendants' Counsel**

Roxanna Manuel
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 South Figueroa Street, 8th Floor
Los Angeles, CA 90017
**Settling Defendants' Counsel**

EXHIBIT A
MDL NO. 1566
REVISED CLASS NOTICE

11

Michelle B. Goodman
SIDLEY AUSTIN, LLP
555 West Fifth Street, 40th Floor
Los Angeles, CA  90013

**Settling Defendants' Counsel**

## VI.  REQUESTS FOR EXCLUSION

Each class member may request to be excluded from the Settlement Class.  The Court

will exclude all persons and entities who file timely and valid requests for exclusion.

You can request to exclude yourself by mailing a request for exclusion, postmarked not

later than **August 1, 2007**, to:

*In re Western States Wholesale Natural Gas Antitrust Litigation,*
c/o Poorman-Douglas Corporation.
P.O. Box 3775
Portland, OR 97208-3775

Requests for exclusion must be in writing and set forth the name, address, and telephone

number of the person or entity who wishes to be excluded, as well as all trade names or business

names and addresses used by such person or entity, must state that the person or entity wishes to

be excluded, and must be signed by the person or entity seeking exclusion.

## VII.  SUBMISSION OF CLAIM FORMS AND DISTRIBUTION OF SETTLEMENT FUND

You should retain all documents that substantiate the purchases of natural gas that you

made during the Class Period from each of the Defendants.  At a later time, Class Counsel will

ask the Court to approve a proposed Plan of Distribution and Allocation of the Settlement Fund.

You will then be able to submit a claim against the Settlement Fund.

If you change your address, or if this Notice was not mailed to your correct address, you

should immediately provide your correct address to: *In re Western States Wholesale Natural Gas*

EXHIBIT A                                                    12
MDL NO. 1566
REVISED CLASS NOTICE

*Antitrust Litigation,* c/o Poorman-Douglas Corporation, P.O. Box 3775, Portland, OR 97208-3775. If Class Counsel does not have your correct address, you may not receive the Claim Form or other important documents in this litigation.

## VIII.   OTHER INFORMATION

### THE ABOVE IS ONLY A SUMMARY OF THE SETTLEMENT AGREEMENTS AND RELATED MATTERS

For more detailed information concerning the matters involved in the litigation, please review the pleadings, the Settlement Agreements, the Orders entered by the Court and the other papers filed in the litigation, which may be inspected at the Office of the Clerk of the United States District Court for the District of Nevada, 333 Las Vegas Blvd. South, Las Vegas, Nevada 89101, during regular business hours. The Settlement Agreements also may be reviewed online at www.FederalNaturalGasSettlements.com.

### ALL INQUIRIES CONCERNING THIS NOTICE AND THE SETTLEMENTS AGREEMENT SHOULD BE DIRECTED TO THE SETTLEMENT ADMINISTRATOR AT THE ADDRESS SET FORTH BELOW:

> *In re Western State*
> *Wholesale Natural Gas*
> *Antitrust Litigation*
>
> Poorman-Douglas
> Corporation
> P.O. Box 3775
> Portland, OR 97208-3775
>
> **Settlement Administrator**

### INQUIRIES <u>SHOULD NOT</u> BE DIRECTED TO SETTLING DEFENDANTS, THE COURT, OR THE CLERK'S OFFICE.

EXHIBIT A                                        13
MDL NO. 1566
REVISED CLASS NOTICE

*BY ORDER OF THE COURT:*


*DATED:*  MAY 1, 2007

_____
PHILIP M. PRO, UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF NEVADA

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| IN RE WESTERN STATES | ) | MDL No. 1566 |
| WHOLESALE NATURAL GAS | ) | |
| ANTITRUST LITIGATION | ) | Case No. CV-S-03-1431 PMP-(PAL) |
| | ) | BASE FILE |
| | ) | |

**[PROPOSED] PUBLICATION
NOTICE OF SETTLEMENTS**

## IF YOU PURCHASED NATURAL GAS IN CALIFORNIA AND/OR AT THE CALIFORNIA BORDER ANYTIME FROM JANUARY 1, 1999 THROUGH DECEMBER 31, 2002 FOR USE, FOR GENERATION OF ELECTRICITY FOR RESALE, OR FOR RESALE, A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS

### PLEASE READ THIS NOTICE

A proposed class action settlement between Plaintiffs, natural gas resellers and co-generators, on the one hand, and, on the other hand, (1) The Williams Companies, Inc. and Williams Power Company, Inc.; (2) EnCana Corporation and WD Energy Services Inc.; (3) Dynegy Inc.; Dynegy Holdings Inc.; Dynegy Marketing and Trade; Dynegy Power Marketing, Inc.; Cabrillo Power I LLC; Cabrillo Power II LLC; El Segundo Power I LLC; El Segundo Power II LLC; Long Beach Generation LLC; WCP (Generation) Holdings LLC; and West Coast Power LLC; (4) Coral Energy Resources L.P.; and (5) CMS Energy Resources Management Company; CMS Enterprises Group, Inc.; CMS Marketing Services & Trading Co.; CMS Field Services, Inc.; Cantera Natural Gas, Inc.; and CMS Energy Corporation (collectively, "Settling Defendants"), is pending in the United States District Court, District of Nevada. The action is entitled *In re Western States Wholesale Gas Antitrust Litigation,* MDL No. 1566.[1] The settlement

---

[1] **NOTE:  IF YOU PURCHASED NATURAL GAS FOR YOUR OWN USE, WERE A "NON-CORE" GAS CUSTOMER OF A CALIFORNIA GAS UTILITY (GENERALLY, LARGE INDUSTRIAL USERS)' PAID A GAS BILL TO A CALIFORNIA UTILITY' OR OTHERWISE BOUGHT GAS FOR YOUR USE, YOU MAY** EXHIBIT B

is subject to final approval by the Court following a Fairness Hearing.

**What Is This Lawsuit About?**

The Plaintiffs allege that the Defendants caused the price of natural gas to increase by conducting wash trades" (the simultaneous purchase and sale of the same amount of natural gas at the same price) and by reporting false price and volume information to trade publications that compile and publish that information, in violation of federal and California law, and that purchasers in California and at the California border paid more for natural gas as a result. The Defendants deny these allegations. Settling Defendants are some, but not all, of the Defendants in the action. The Plaintiffs will continue to pursue their claims against the remaining Defendants.

**Who Is Covered By the Settlement?**

The Settlement Class includes all individuals and entities that (1) purchased natural gas in California and/or at the California border (2) during the period from January 1, 1999 through December 31, 2002, inclusive, (3) **directly** from one or more Defendants or named non-party co-conspirators, (4) for (a) use; (b) generation of electricity for the purpose of resale; or (c) resale. Excluded are Pacific Gas & Electric Co., San Diego Gas & Electric, Southern California Gas Company, Southern California Edison, Southwest Gas Corporation, federal, state and local governments and governmental agencies (including municipal utilities), the Defendants or named non-party co-conspirators.

**What Are the Terms of the Settlement?**

In exchange for the release of all claims arising out of the purchase of natural gas during the Class Period, including the conduct alleged by the Plaintiffs, Settling Defendants have agreed

---

**QUALIFY TO RECOVER UNDER ANOTHER SETTLEMENT. PLEASE CONSULT THE WEBSITE LOCATED AT www.PriceIndexingSettlements.com, or call 1-800-420-2914.**
EXHIBIT B

MDL NO. 1566
REVISED PUBLICATION NOTICE

to pay a total settlement payment of $10.3 million. Four of the five sets of Settling Defendants also have agreed to assist the Plaintiffs with respect to their ongoing claims against the non-settling Defendants.

### What Are My Rights?

(A) If you want to participate in the settlement, you need not take any action at this time. You will be represented by the Plaintiffs and class counsel, and you will be entitled, at a later point in time, to submit a claim form to share in the settlement. Claim forms will be sent to you or you may download a form from the website in this Notice. You will be bound by the rulings of the Court if the settlement is approved. This will include a release of your claims against Settling Defendants (but not claims against the other Defendants).

(B) If you do not want to participate in the settlement or be bound by the settlement terms, you must exclude yourself in writing postmarked no later than **August 1, 2007**, as outlined in the Class Notice of Settlement. If you ask to be excluded, (1) you will not give up any claims you may have against Settling Defendants, (2) you will not receive any money from the settlement fund, and (3) you cannot object to the settlement.

(C) You can choose to do nothing at all. If you choose this option, you will not receive any money from the settlement fund. However, you will be bound by any judgment entered by the Court, and you will not be able to start or continue with a lawsuit against any of Settling Defendants regarding the claims being released under the settlement.

Whether or not you remain a member of the Settlement Class, you have the right to retain individual counsel at your own expense and enter an individual appearance in the litigation.

EXHIBIT B

MDL NO. 1566
REVISED PUBLICATION NOTICE

A Fairness Hearing will be held on Wednesday September 5, 2007 at 1 p.m., before

the Honorable Philip M. Pro, United States District Judge, in Courtoom 7C of the United States

Courthouse, 333 Las Vegas Blvd. South, Las Vegas, Nevada 89101, to determine whether the

partial settlement of this action should be finally approved by the Court as fair, reasonable and

adequate, to consider the application of class counsel for attorneys' fees and costs incurred, not to

exceed 25% of the settlement amount, and for a service award of up to $5,000 to each of the

representative Plaintiffs.

If you do not exclude yourself from the Settlement Class but want to object to the

settlement, you or your counsel may file objections and/or appear in person at the hearing,

following procedures outlined in the Class Notice of Settlement. All members who timely and

validly object to the settlement are still members of the Settlement Class and will be legally

bound by the settlement.

**FOR MORE INFORMATION INCLUDING A DETAILED CLASS NOTICE OF SETTLEMENT, PLEASE VISIT www.FederalNaturalGasSettlements.com, CALL 1-877-893-2672, OR THE SETTLEMENT ADMINISTRATOR LISTED BELOW. PLEASE DO NOT CONTACT THE COURT.**

---

*In re Western State*
*Wholesale Natural Gas*
*Antitrust Litigation*

Poorman-Douglas
Corporation
P.O. Box 3775
Portland, OR 97208-3775

**Settlement Administrator**

---

EXHIBIT B

MDL NO. 1566
REVISED PUBLICATION NOTICE