IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IN RE WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION | MDL No. 1566<br><br>Case No. CV-S-03-1431 PMP-(PAL)<br>BASE FILE |
| THIS DOCUMENT RELATES TO: | |
| Texas-Ohio Energy, Inc.,<br>     Plaintiff,<br>v.<br>Centerpoint Energy, Inc., et al.,<br>     Defendants. | CV-S-04-0465-PMP-PAL |
| Fairhaven Power Company,<br>     Plaintiff,<br>v.<br>EnCana Corporation, et al.,<br>     Defendants. | CV-S-05-0243-PMP (PAL) |
| Abelman Art Glass Company,<br>     Plaintiff,<br>v.<br>EnCana Corp., et al,<br>     Defendants. | CV-S—05-0437-PMP (LRL) |
| Utility Savings & Refund Services, Inc.,<br>     Plaintiff,<br>v.<br>Reliant Energy Services, Inc., et al.,<br>     Defendants. | CV-S-05-0110-PMP (LRL) |
| Ever-Bloom, Inc., and Maximum Nursery, Inc.,<br>     Plaintiffs,<br>v.<br>AEP Energy Services, Inc., et al.,<br>     Defendants. | CV-S-05-0808-PMP<br><br>**ORDER PRELIMINARILY APPROVING AMS SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE** |

Plaintiffs have moved the Court for an Order preliminarily approving their proposed settlement agreement with Aquila Merchant Services, Inc. ("AMS") (the "**AMS Settlement Agreement**"), entered into on April 27, 2007.

In its May 1 2007 Order [Doc. 510], the Court preliminarily approved settlement agreements entered into between Plaintiffs and certain Defendants. The Court also certified the following settlement class (the "**Settlement Class**") for settlement purposes only:

> All individuals and entities that purchased natural gas in California and/or at the California border during the period from January 1, 1999 through December 31, 2002, inclusive, directly from one or more defendants or named non-party co-conspirators or their affiliates (a) for use, (b) for generation of electricity for the purpose of resale, or (c) for resale.

The Court excluded from the Settlement Class: Pacific Gas & Electric Co., San Diego Gas & Electric, Southern California Gas Company, Southern California Edison, Southwest Gas Corporation, federal, state and local governments and governmental agencies (including municipal utilities), Defendants, or named non-party or co-conspirators. None of these persons and entities was ever a member of the proposed Settlement Class. Also excluded are those persons and entities who timely and validly request exclusion from the Settlement Class pursuant to the terms of the notice to be sent to the class ("**Class Notice**").

The Court, having reviewed the AMS Settlement Agreement, hereby ORDERS that:

1. The AMS Settlement Agreement appears, upon preliminary review, to be sufficiently fair and reasonable to warrant notice to the class. Accordingly, the AMS Settlement Agreement is preliminarily approved, pending a final hearing as provided for below.

2. This litigation concerns the alleged manipulation of natural gas prices in California and at the California border. Plaintiffs, all direct purchasers of natural gas from one or

more of the Defendants,[1] allege that Defendants caused the price of natural gas to increase by conducting prearranged "wash trades" (the contemporaneous purchase and sale of the same amount of natural gas at the same price) and by reporting false price and volume information to trade publications that compile natural gas price indices, in violation of the Sherman Act, 15 U.S.C. § 1, and California antitrust and unfair competition laws. Plaintiffs further allege that California direct purchasers paid more for natural gas as a result. Defendants deny these allegations and assert the filed rate doctrine as a defense, among others.

    3.    Class claims, issues and defenses concern the following:

- Whether Defendants' conduct violated Section 1 of the Sherman Act (15 U.S.C. § 1) and various provisions of California state law;

- Whether Defendants and their co-conspirators combined, agreed, or conspired to raise, fix, maintain or stabilize natural gas prices, and/or participated in a contract, combination, or conspiracy in restraint of trade;

- Whether Defendants' conduct constituted unfair and deceptive business practices, and/or unjustly enriched Defendants;

- The scope and duration of the alleged contract, combination, or conspiracy;

- The conduct of Defendants in furtherance of the alleged contract, combination, or

---

[1] Defendants in these cases include: AEP Energy Services, Inc.; American Electric Power, Inc.; Aquila Merchant Services, Inc.; CenterPoint Energy, Inc.; CMS Energy Resources Management Company; CMS Enterprises Group, Inc.; CMS Marketing Services & Trading Co.; CMS Field Services, Inc.; Cantera Natural Gas, Inc.; and CMS Energy Corporation; Coral Energy Resources L.P.; Duke Energy Trading and Marketing LLC; Duke Energy North America, LLC; Duke Energy Field Services, LLC; Duke Energy Corporation; Dynegy Inc. (incorrectly named as Dynegy Inc. Holding Company); Dynegy Holdings Inc. (incorrectly named as Dynegy Holding Co. and Dynegy Holding Co., Inc.); Dynegy Marketing and Trade; Dynegy Power Marketing, Inc.; El Paso Corporation; El Paso Tennessee Pipeline Company; El Paso Merchant Energy, L.P.; El Paso Merchant Energy-Gas, L.P.; El Paso Marketing, L.P.; El Paso Merchant Energy Holding Company; El Paso Merchant Energy Company; El Paso Natural Gas Company; Mojave Pipeline Company; El Paso Mojave Pipeline Company; Mojave Pipeline Operating Company; EPHG Mojave, Inc.; EnCana Corporation; W.D. Energy Services Inc.; Reliant Energy Services, Inc.; Reliant Energy, Inc.; Sempra Energy Corporation; Sempra Energy Trading Corporation; Southern California Gas Company; West Coast Power, LLC; Williams Companies, Inc.; Williams Power Company; Xcel Energy, Inc.; and e prime, Inc. Plaintiffs have named as co-conspirators Enron Corporation and Merchant Energy Group of the Americas, Inc.

conspiracy;

- The character, extent and duration of Defendants' alleged manipulation of natural gas prices;

- Whether Defendants' conduct caused injury to the business and property of Plaintiffs and the members of the Class; and if so,

- The proper measure of damages and the amount of aggregate damages.

4. The Court certifies the following Settlement Class against AMS for settlement purposes only:

> All individuals and entities that purchased natural gas in California and/or at the California border during the period from January 1, 1999 through December 31, 2002, inclusive, directly from one or more defendants or named non-party co-conspirators or their affiliates (a) for use, (b) for generation of electricity for the purpose of resale, or (c) for resale.

5. Following final approval, if granted, qualified MDL Settlement Class Members who purchased gas for their own use and are releasing claims in the federal action will be compensated from the settlement fund in the "**JCCP Class Actions**."[2]

6. In its May 1, 2007 Order, the Court has found that the prerequisites to a class action under Federal Rule of Civil Procedure 23(a) have been satisfied for settlement purposes in that:

    (a)    there are hundreds of members of the class;

    (b)    the claims of the class representatives are typical of those of the other members of the class;

---

[2] The "JCCP Class Actions" refer to parallel coordinated class action proceedings in California state court, under the caption *Natural Gas Antitrust Cases I, II, III & IV*, Judicial Council Coordinated Proceeding Nos. 4221, 4224, 4226 and 4228, in which Settling Defendants are parties.

(c) there are questions of fact and law that are common to all members of the class; and

(d) the class representatives will fairly and adequately protect the interests of the class and have retained counsel experienced in complex antitrust class action litigation who have and will continue to adequately represent the class.

The Court now makes that finding with respect to the Settlement Class against AMS.

7. The Court find that this action may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) for settlement purposes against AMS because (i) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (ii) questions of fact and law common to the members of the class predominate over any questions affecting only individual members.

8. Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs Texas-Ohio Energy, Inc.; Fairhaven Power Company; Abelman Art Glass Company; Utility Savings and Refund Services, LLP; Ever-Bloom, Inc.; and Maximum Nursery, Inc., have been appointed to serve as class representatives, and the following firms are appointed as Settlement Class Counsel: Glancy Binkow & Goldberg LLP; Boni & Zack LLC; Edelson and Associates, LLC; and Zelle Hofmann Voelbel Mason & Gette LLP. Settlement Class Counsel are authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be taken pursuant to, the settlement agreements between Plaintiffs and the Settling Defendants, including AMS (collectively, the "**Settlement Agreements**"), or such other acts which are reasonably necessary to consummate the proposed settlements.

9. Pursuant to Federal Rule of Civil Procedure 23(e), a fairness hearing (the "**Fairness Hearing**") will be held on **September 5, 2007 at 1pm in Courtroom #7C**. The Fairness Hearing will be held to determine the following issues:

   (a) To determine that the Court has jurisdiction over Plaintiffs, the settling Defendants, including AMS (collectively, the "**Settling Defendants**"), and Settlement Class members and subject matter jurisdiction to approve and enforce the Settlement Agreements;

   (b) To determine whether the notice given to the class satisfies the requirements of Federal Rule of Civil Procedure 23 and due process;

   (c) To determine whether to finally approve the settlements and their terms as being in good faith, fair, reasonable, and adequate settlements as to Plaintiffs and Settlement Class members, and directing consummation of the Settlement Agreements pursuant to their terms;

   (d) To determine whether each Settlement Class member who has not filed a request for exclusion accepted by the Court is bound by the terms of the Settlement Agreements;

   (e) To determine whether a final judgment should be entered dismissing the claims of the class against Settling Defendants with prejudice, as required by the Settlement Agreements;

   (f) To determine whether the settlements were made in good faith for purposes of California Code of Civil Procedure section 877.6, and whether to bar claims for indemnity or contribution against Settling Defendants (if Settling Defendants request a bar order); and

   (g) To rule upon other such matters as the Court may deem appropriate.

10. Epiq Systems, Inc., formerly known as Poorman-Douglas Corporation, shall serve as MDL Settlement Fund Administrator. All funds held by the MDL Settlement Fund Administrator shall be deemed and considered to be in *custodia legis* of the Court in accordance with the Settlement Agreements, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreements and/or further order of the Court. Settlement Class Counsel are authorized to withdraw up to $150,000 from the Settlement Fund for the printing, mailing and publication of notice to the class and

establishment of an Internet website that class members can view to learn details of the Settlements.

11.     On or before **June 15, 2007**, Class Notice, substantially in the form attached as Exhibit A, shall be sent by the Settlement Administrator via first class U.S. mail, postage prepaid, to all members of the class at their last known address as reflected in the records of Defendants, as updated based on the National Change of Address database or other similar databases prior to mailing.

12.     On or before **July 15, 2007**, summary notice to the class (the "**Publication Notice**"), substantially in the form attached as Exhibit B, shall be published.  On or before **June 15, 2007**, Settlement Class Counsel also shall cause a copy of the Publication Notice to be posted on the Internet at a readily accessible website to be created and maintained as part of the Settlement process.

13.     Plaintiffs may issue one Class Notice and one Publication Notice governing all the Settlement Agreements.

14.     The Court finds this manner of giving notice fully satisfies the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

15.     Settlement Class Counsel shall file, not later than **August 1, 2007**, proof of mailing of the Class Notice and proof of publication of the Publication Notice.

16.     As provided in the Class Notice, each class member shall have the right to be excluded from the Settlement Class by mailing a request for exclusion to the Settlement Fund Administrator postmarked not later than **August 1, 2007**.  Requests for exclusion must be in writing and set forth the name, address, and telephone number of the person or entity who wishes

to be excluded, as well as all trade names or business names and addresses used by such person or entity, must state that the person or entity wishes to be excluded, and must be signed by the person or entity seeking exclusion. All persons or entities who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights or benefits under the Settlement Agreements, shall not share in the distribution of settlement proceeds, and shall not be bound by the Settlement Agreements or a Final Judgment approving the Settlement Agreements under Federal Rule of Civil Procedure Rule 23(e). By **August 28, 2007**, Settlement Class Counsel shall file with the Court a list of all persons and entities who have timely and validly requested exclusion from the Settlement Class. The Court will exclude all persons and entities who file timely and valid requests for exclusion.

17. Any class member who does not properly and timely request exclusion from the Settlement Class shall, upon final approval of the Settlement Agreements, be bound by all the terms and provisions of the Settlement Agreements, including, but not limited to, the releases, waivers, and covenants described, whether or not such person or entity objected to the settlements and whether or not such person or entity made a claim upon the settlement fund.

18. As provided in the Class Notice, each class member who does not timely opt out of the Settlement Class may appear at the Fairness Hearing and show cause why the Court should not approve the settlements and dismiss this action with prejudice as to Williams, EnCana, Dynegy, Coral, CMS, and AMS, and may appear at the hearing to support or oppose Class Counsel's application for attorneys' fees, expenses and costs, provided that no class member shall be heard unless his, her or its objection or opposition is made in writing, signed by the objecting member, and filed, together with any papers or briefs in support of such objections, with the Court not later than **August 1, 2007**, with copies to the Settlement Fund Administrator

and Settling Defendants' counsel by first-class mail, postage prepaid. Failure to timely file and serve written objections will preclude a class member from objecting at the Fairness Hearing.

19. The objection shall include: (1) the complete name and residence or business address of the objecting member; (2) a statement signed under penalty of perjury by the objecting member, that the member purchased natural gas in California or at the California border for use, for generation of electricity for the purpose of resale, or for resale, during the period from January 1, 1999 through December 31, 2002; and (3) each ground for comment or objection and any supporting papers the member desires the Court to consider. The filing of an objection shall not extend the time to file a request for exclusion.

20. Any Settlement Class member who has filed written objections and wishes to be heard at the Fairness Hearing, may enter an appearance through counsel of such member's own choosing and at such member's own expense, or may appear on the member's own.

21. All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlements shall be filed not later than **August 28, 2007**.

22. All further class proceedings as to AMS are hereby stayed except for any actions required to effectuate the AMS Settlement Agreement. Settlement Class members are enjoined from instituting or prosecuting any further actions against AMS asserting claims that are released under the AMS Settlement Agreement, until the Court has ruled on final approval of the settlements and entered a final judgment.

23. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Settlement Class members.

24.   The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreements.

IT IS SO ORDERED this __14th__ day of __June_____, 2007.

*[signature]*
Philip M. Pro
United States District Judge