UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IN RE: WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION, _____ BRECKENRIDGE BREWERY OF COLORADO, LLC, et al., Plaintiffs, v. ONEOK, INC., et al., Defendants. _____ | 2:06-CV-1351-PMP-PAL 2:03-CV-1431-PMP-PAL BASE FILE ORDER |

Presently before the Court is Specially Appearing Defendant CenterPoint Energy, Inc.'s Motion to Dismiss and Memorandum of Points and Authorities in Support (2:03-CV-1431-PMP-PAL, Doc. #460), filed on January 22, 2007. On February 5, 2007, Plaintiffs filed a Response to Defendants'[1] Motions to Dismiss on Personal Jurisdiction Grounds (2:06-CV-1351-PMP-PAL, Doc. #39). Defendants filed a Reply Memorandum in Support of Specially Appearing Defendants' Motions to Dismiss for Lack of Personal Jurisdiction (2:03-CV-1431-PMP-PAL, Doc. #477) on February 20, 2007.

///

---

[1] Four different Defendants filed motions to dismiss for lack of personal jurisdiction in this case raising similar issues and making similar arguments. Plaintiffs filed a consolidated response addressing three of the four motions to dismiss based on personal jurisdiction. Those three defendants subsequently filed a joint reply.

## I. BACKGROUND

This case is one of many in consolidated Multi District Litigation arising out of the energy crisis of 2000-2001. Plaintiffs originally filed the above action in the District Court of the City and County of Denver, Colorado. (Notice of Removal, Compl. [2:06-CV-1351-PMP-PAL, Doc. #2].) Defendants removed the case to the United States District Court for the District of Colorado. (Id.) The Judicial Panel on Multidistrict Litigation entered a Transfer Order pursuant to 28 U.S.C. § 1407 centralizing the foregoing action in this Court for coordinated or consolidated pretrial proceedings. (Letter dated November 2, 2006 [2:06-CV-1351-PMP-PAL, Doc. #29].)

In this litigation, Plaintiffs seek to recover damages on behalf of natural gas rate payers. In the Complaint, Plaintiffs allege Defendants conspired to engage in anti-competitive activities with the intent to manipulate and artificially increase or control the price of natural gas for consumers. (Compl. at 31-35.) Specifically, Plaintiffs allege Defendants knowingly delivered false reports concerning trade information and engaged in wash trades, which conduct violated Colorado Revised Statutes § 6-4-101, et seq. ("Colorado antitrust statutes"). (Id.)

Plaintiff Breckenridge Brewery of Colorado, LLC ("Breckenridge Brewery") is a Colorado limited liability company with its principal place of business in Denver, Colorado. (Id. at 3.) Plaintiff BBD Acquisition Co. ("BBD") is a Colorado corporation with its principal place of business in Denver, Colorado. (Id.) Plaintiffs allege they purchased natural gas directly from one or more Defendants, and from other natural gas sellers in the State of Colorado, during the past six years. (Id.)

According to Plaintiffs' Complaint, Defendant CenterPoint Energy, Inc. ("CenterPoint") is a Texas corporation in good standing with its principal place of business in Houston, Texas. (Id. at 24.) Plaintiffs allege that as part of a corporate restructuring of former Reliant Energy, Inc. (former "REI") in January 2002, CenterPoint became the parent

of Defendant Reliant Energy Services, Inc. ("RES") and Reliant Resources, Inc ("RRI"). (Id.) Plaintiffs aver Centerpoint wholly controls and dominates RES and is therefore liable for RES's illegal acts. In addition, Plaintiffs allege Centerpoint, through its affiliates, "buys and sells natural gas, including its own or its affiliates' production, in the United States and in the State of Colorado." (Id.)

Under Federal Rule of Civil Procedure 12(b)(2), CenterPoint moves to dismiss for lack of personal jurisdiction because Plaintiffs' allegations are insufficient, incorrect, and are based on a misunderstanding of the relationship between CenterPoint and RES and REI. In support of its motion to dismiss, CenterPoint filed a Declaration of Richard B. Dauphin ("Dauphin"), Assistant Corporate Secretary and Senior Counsel of CenterPoint. Dauphin's Declaration states that former REI was separated into two independent publicly traded companies, CenterPoint and RRI, in September 2002. (Specially Appearing Def. CenterPoint Energy Inc.'s Mot. to Dismiss & Memo. of Points & Authorities in Support, Ex. A, Decl. of Richard Dauphin ["Dauphin Decl."], at 1.) Dauphin states that CenterPoint became the holding company of virtually all the Public Utility Commission-regulated utility subsidiaries of former REI. (Id.)

Dauphin states that in April 2004, RRI changed its name to Reliant Energy, Inc. ("New REI"). Id. Dauphin also states "CenterPoint has no corporate relationship with, or ownership interest in RES, its parent, New REI, or any of New REI's direct or indirect subsidiaries." (Id. at 2.) In addition, Dauphin declares that CenterPoint is a public utility holding company and therefore has no operations of its own; has never conducted any business in Colorado; has never bought, sold, or traded natural gas or reported natural gas prices; does not have any offices, employees, telephone listings or mailing addresses in Colorado; has never paid taxes to or owned any real property in Colorado; does not have, and has never been required to have, a resident agent in Colorado; and has never held board or shareholder meetings in Colorado. (Id. at 2-3.) Consequently, CenterPoint argues the

3

Court should dismiss it for lack of personal jurisdiction because it is not liable for Defendant RES's alleged illegal acts, Plaintiffs failed to allege CenterPoint participated in a conspiracy with the other Defendants, and exercising jurisdiction would violate due process.

## II.     DISCUSSION

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006).  To meet this burden, a plaintiff must demonstrate that personal jurisdiction over a defendant is (1) permitted under the applicable state's long-arm statute and (2) that the exercise of jurisdiction does not violate federal due process.  Id.  In diversity cases such as this, "a federal court applies the personal jurisdiction rules of the forum state provided the exercise of jurisdiction comports with due process."  Scott v. Breeland, 792 F.2d 925 (9th Cir. 1986).  However, "federal law is controlling on the issue of due process under the United States Constitution."  Data Disc, Inc. v. Sys. Tech. Assoc., Inc., 557 F.2d 1280, 1286 n.3 (9th Cir. 1977).  Therefore, the Court will apply Colorado law in deciding whether personal jurisdiction is appropriate under the Colorado long-arm statute and the Court will apply Ninth Circuit law in deciding whether jurisdiction is appropriate under the due process clause.  See In re Korean Air Lines Disaster of Sept. 1, 1983, 829 F.2d 1171, 1174 (D.C. Cir. 1987) (concluding that "the transferee court [should] be free to decide a federal claim in the manner it views as correct without deferring to the interpretation of the transferor circuit."); Menowitz v. Brown, 991 F.2d 36, 40 (2d Cir. 1993) (holding that "a transferee federal court should apply its interpretations of federal law, not the constructions of federal law of the transferor circuit").

Under the Colorado long-arm statute, "[e]ngaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or

by an agent, submits such person and, if a natural person, such person's personal representative to the jurisdiction of the courts of this state . . . ." Colo. Rev. Stat. § 13-1-124(1) (2007). Examples of enumerated acts include transacting business within Colorado, committing a tortious act within Colorado, and owning, using, or possessing real estate in Colorado. Id. However, because Colorado's long-arm statute "extends Colorado's jurisdiction to the limit of the federal constitution, the 'only concern is whether . . . maintenance of the suit . . . would . . . offend the due process clause of the Fourteenth Amendment.'" Cameron v. Group Voyagers, Inc., 308 F. Supp. 2d 1232, 1239 (D. Colo. 2004) (quoting Kuenzle v. HTM Sport-Und Freizeitgerate AG, 102 F.3d 453, 455 (10th Cir. 1996) (internal citations omitted)).

To satisfy due process, a nonresident defendant must have "minimum contacts" with the forum state so that the assertion of jurisdiction does not offend traditional notions of fair play and substantial justice. Pebble Beach Co., 453 F.3d at 1155 (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 315 (1945)). A federal district court may exercise either general or specific personal jurisdiction. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984). Because Plaintiffs do not contend general jurisdiction applies, the Court will determine whether specific jurisdiction exists in this case.

A nonresident defendant's contacts with the forum state may permit the exercise of specific jurisdiction if: (1) the defendant has performed some act or transaction within the forum or purposefully availed himself of the privileges of conducting activities within the forum, (2) the plaintiff's claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction over the defendant is reasonable. Pebble Beach Co., 453 F.3d at 1155-56. "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995).

///

Under the first prong of the "minimum contacts test," the plaintiff must establish either that the defendant "(1) purposefully availed himself of the privilege of conducting his activities in the forum, or (2) purposefully directed his activities toward the forum." Pebble Beach, 453 F.3d at 1155. "Evidence of availment is typically action taking place in the forum that invokes the benefits and protections of the laws in the forum." Id. Evidence of direction usually consists of conduct taking place outside the forum that the defendant directs at the forum. Id. at 1155-56.

The purposeful direction aspect of the first prong is satisfied when a foreign act is both aimed at and has effect in the forum. Id. In other words, the defendant "must have (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state." Id. To satisfy the third element of this test, the plaintiff must establish the defendant's conduct was "expressly aimed" at the forum; a "mere foreseeable effect" in the forum state is insufficient. Id. The "express aiming" requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct "individually targeting a known forum resident." Bancroft & Masters, Ins. v. Augusta Nat. Inc., 223 F.3d 1082, 1087 (9th Cir. 2000).

The second prong of the specific jurisdiction test requiring that the contacts constituting purposeful availment or purposeful direction give rise to the current action, is measured in terms of "but for" causation. Id. at 1088. Under the last prong of the specific jurisdiction test, courts generally consider a variety of factors to determine whether exercising jurisdiction would be reasonable:

> (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum.

Id. A court must balance all seven factors and no factor is determinative. Core-Vent Corp. v. Nobel Indus., 11 F.3d 1482, 1488 (9th Cir. 1993).

Where the issue is before the Court on a motion to dismiss based on affidavits and discovery materials without an evidentiary hearing, the plaintiff must make "a prima facie showing of facts supporting jurisdiction through its pleadings and affidavits to avoid dismissal." Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1119 (9th Cir. 2002). The Court accepts as true any uncontroverted allegations in the complaint and resolves any conflicts between the facts contained in the parties' evidence in the plaintiff's favor. Id. However, for personal jurisdiction purposes, a court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." Alexander v. Circus Circus Enter., 972 F.2d 261, 262 (9th Cir. 1992).

Plaintiffs' Complaint alleges CenterPoint is a Texas corporation with its principal place of business in Houston, Texas and is the parent of RES. Plaintiffs also allege CenterPoint wholly controls and dominates RES and is responsible for RES's illegal acts in Colorado. Plaintiffs also aver CenterPoint, through its affiliates, buys and sells natural gas, including its own or its affiliates' production, in the United States and in the State of Colorado. However, Dauphin's Declaration states CenterPoint has no corporate relationship with or ownership interest in RES. Dauphin also states CenterPoint has never engaged in business in Colorado and has never bought, sold, or traded natural gas or reported wholesale natural gas prices.

Dauphin's Declaration contradicts Plaintiffs' allegations in the Complaint and therefore the Court may not assume the truth of Plaintiffs' allegations. Further, in the face of contradictory evidence, Plaintiffs were required to come forward with proof to support their jurisdictional allegations to avoid dismissal. Plaintiffs have not submitted evidence to support their jurisdictional allegations and therefore have failed to meet their burden. Based on Dauphin's Declaration, CenterPoint is not subject to jurisdiction in Colorado for

its own contacts or RES's alleged contacts with Colorado. Moreover, while Plaintiffs have alleged other Defendants in this action entered into a conspiracy to affect natural gas prices, and that those Defendants are subject to personal jurisdiction in Colorado based upon the activities of co-conspirators, Plaintiffs have made no allegations that CenterPoint entered into a conspiracy. Accordingly, CenterPoint is not subject to personal jurisdiction in Colorado based on a tortious act[2] or conspiracy theory of personal jurisdiction.[3] The Court therefore will grant CenterPoint's motion to dismiss.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Specially Appearing Defendant CenterPoint Energy, Inc.'s Motion to Dismiss and Memorandum of Points and Authorities in Support (2:03-CV-1431-PMP-PAL, Doc. #460) is hereby GRANTED. Plaintiffs' Complaint is hereby dismissed without prejudice against Defendant CenterPoint Energy, Inc. for lack of personal jurisdiction.

DATED: August 17, 2007.

_____
PHILIP M. PRO
United States District Judge

---

[2] Plaintiffs argue that antitrust conspiracies are tortious acts for personal jurisdiction purposes. However, because Plaintiffs did not allege CenterPoint engaged in a conspiracy or any other tort affecting Colorado, the tortious act theory of personal jurisdiction is inapplicable here.

[3] Because Plaintiffs did not allege CenterPoint entered into a conspiracy, the Court need not rule on the viability of the conspiracy theory of personal jurisdiction at this time.