# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IN RE WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION | MDL No. 1566<br>Case No. CV-S-03-1431 PMP-(PAL)<br>BASE FILE |
| THIS DOCUMENT RELATES TO: | CV-S-04-0465-PMP-PAL |
| Texas-Ohio Energy, Inc.,<br>    Plaintiff,<br>v.<br>Centerpoint Energy, Inc., et al.,<br>    Defendants. | **ORDER AWARDING INTERIM ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS**<br><br>Judge:   Hon. Philip M. Pro<br>Court:   7C |
| Fairhaven Power Company,<br>    Plaintiff,<br>v.<br>EnCana Corporation, et al.,<br>    Defendants. | CV-S-05-0243-PMP (PAL) |
| Abelman Art Glass Company,<br>    Plaintiff,<br>v.<br>EnCana Corp., et al,<br>    Defendants. | CV-S—05-0437-PMP (LRL) |

(continued on next page)

| | |
|---|---|
| Utility Savings & Refund Services, Inc., )<br>Plaintiff, )<br>v. )<br>Reliant Energy Services, Inc., et al., )<br>Defendants. )<br>_____ ) | CV-S-05-0110-PMP (LRL) |
| Ever-Bloom, Inc., and Maximum )<br>Nursery, Inc., )<br>Plaintiffs, )<br>)<br>v. )<br>AEP Energy Services, Inc., et al., )<br>Defendants. )<br>_____ ) | CV-S-05-0808-PMP |

The Court, having considered Plaintiffs' Motion for an Interim Award of Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards and supporting papers (the "Motion"), and the complete record and files in this matter; and good cause appearing, hereby ORDERS:

1. The Motion requests (1) an interim award of attorneys' fees of 25% of the Settlement Fund (comprised of the Settling Defendants' settlement payments of $11,313,846.15 together with interest thereon), and reimbursement of Plaintiffs' counsel's out-of-pocket litigation costs and expenses; and (2) incentive awards of $5,000 to each of the six named plaintiffs previously appointed class representatives by the Court ("Settlement Class Representatives").

2. The Court finds that the amount of fees requested is fair and reasonable under the "percentage-of-recovery" method.

3. The attorneys' fees requested were entirely contingent upon success. Plaintiffs' counsel risked time and effort and advanced costs and expenses with no ultimate guarantee of compensation.

4. The Class Notice, sent to 4535 prospective Settlement Class Members, and the Publication Notice, informed potential Settlement Class Members that Plaintiffs' counsel would be

seeking fees in the amount of 25% of the Settlement Fund plus interest, reimbursement of costs and expenses, and incentive awards of $5,000 for the named plaintiffs in the actions listed on this Order. The Court has been informed that no objections were received from the Class to the interim fee request, reimbursement of expenses and payment of incentive awards.

5. The Court has considered the Motion and papers filed in support thereof. Based upon these and other matters on record filed in this action, the Court finds that the interim fee requested is reasonable and proper, and that the costs and expenses incurred by Plaintiffs' counsel were necessary, reasonable and proper.

6. The Court further finds that an award of $5,000 to each of the Settlement Class Representatives is reasonable.

THEREFORE, IT IS HEREBY ORDERED:

A. Plaintiffs' counsel are awarded interim attorneys' fees in the amount of twenty-five per cent (25%) of the $11,313,846.15 Settlement Fund, including interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until disbursed to Plaintiffs' counsel.

B. Plaintiffs' counsel are awarded reimbursement of litigation costs and expenses in the amount of $222,832.64.

C. The attorneys' fees awarded and the amount in reimbursement of litigation costs and expenses shall be paid from the Settlement Fund and the interest earned thereon.

D. The award of attorneys' fees and amounts in reimbursement of costs and expenses shall be allocated among plaintiffs' counsel by agreement among Settlement Class Counsel in a manner which, in Settlement Class Counsel's good-faith judgment, reflects each plaintiffs' counsel contribution to the institution, prosecution and resolution of the litigation against Settling

Defendants. Should Settlement Class Counsel be unable to reach agreement on the fee allocation, counsel agree to refer any dispute to a mediator for resolution.

E.  The Court retains jurisdiction over the matters that are the subject of this Order until after full disbursement of the Settlement Fund, and/or as necessary to effectuate the terms of the Settlement Agreements relating to attorneys' fees and incentive awards.

F.  Settlement Class Counsel are authorized to and shall pay, or direct payment of, $5,000 to each of the Settlement Class Representatives: (1) Texas-Ohio Energy, Inc.; (2) Fairhaven Power Company; (3) Abelman Art Glass Company; (4) Utility Savings and Refund Services, LLP; (5) Ever-Bloom, Inc.; and (6) Maximum Nursery, Inc. These amounts shall be drawn from the Settlement Fund.

G.  This Order shall be entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, as the Court finds that there is no just reason for delay.

IT IS SO ORDERED this __17th__ day of __December__, 2007.

_____
Philip M. Pro
United States District Judge