## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION | Base Case File No. 2:03-cv-01431-PMP-PAL |
| | **ORDER** |
| THIS DOCUMENT RELATES TO: | (M/Reconsideration - #1309) (M/Leave - #1310) |
| ARANDELL CORPORATION, et al., v. XCEL ENERGY INC., et al. | 2:07-cv-01019-PMP-PAL |

Before the court is Defendant Dynegy Inc.'s Motion for Reconsideration of the Court's Order Denying Plaintiffs' Motion for Leave to File Under Seal (#1309).  In a prior Order (#1306), the court denied plaintiffs' Motion for Leave to File Under Seal (#1247) and Dynegy Inc.'s Motion for Leave to File Under Seal (#1283) because Dynegy Inc. had not established compelling circumstances why the documents which were identified by the Arandell plaintiffs to be submitted in connection with plaintiffs' Opposition (#1245) to Dynegy Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (#929) should be sealed.  The court found that counsel for Dynegy Inc. had not complied with the court's Order (#1152) or the standard articulated by the Ninth Circuit in Kamakana v. City and County of Honolulu, 447 F.3d 1172 (9th Cir. 2006).

Dynegy Inc. has now filed a Motion for Reconsideration (#1309) and Amended Motion for Leave to File Under Seal (#1310).  Unlike the prior Motion for Leave to File under Seal (#1283), the amended motion for reconsideration is supported by a memorandum of points and authorities.  In both the Motion for Reconsideration (#1309) and Amended Motion for Leave to File Under Seal (#1310), Dynegy Inc. indicates it is limiting its requests for sealing documents to Exhibit "G" to plaintiffs' Motion for Leave to File Under Seal (#1247) and Exhibit "B" to the Declaration of Kathryn A. Nyce (#1282).

  The undersigned's patience has candidly been tested by the plethora of papers filed concerning whether documents Dynegy Inc. produced in discovery should be filed under seal when relied upon by the Arandell plaintiffs to support plaintiffs' opposition to Dynegy Inc.'s motion to dismiss on personal jurisdiction grounds.  Although the court entered a Protective Order on June 13, 2008 (#1147) to facilitate the parties' discovery exchanges, the court also made it clear in a separate detailed order that before any documents submitted with dispositive motions could be filed under seal, the party seeking protection would be required to meet the Ninth Circuit's compelling circumstances test to overcome the presumption of public access.  The Arandell plaintiffs filed a Motion for Leave to File Under Seal (#1247) but did not identify the motion to which the exhibits pertained, and stated only that the request was made because the documents were marked as confidential by Dynegy Inc.  The documents were identified only by exhibit letters and Bates stamp numbers.  The court reviewed the application, required the plaintiffs to identify the motion to which the documents were sought to be submitted under seal, and gave Dynegy Inc. an opportunity to establish compelling circumstances why the documents should be submitted under seal in connection with a case dispositive motion.  Dynegy Inc. failed to do so, and has now asked the court to reconsider the order denying the Plaintiffs' Motion for Leave to File Under Seal (#1247) and Dynegy Inc.'s own Motion for Leave to File Under Seal (#1283).  Dynegy Inc. has effectively withdrawn its request for an order sealing the majority of documents originally identified except for Exhibit "G" to plaintiffs' Motion for Leave to File Under Seal (#1247) and Exhibit "B" to the Declaration of Kathryn Nyce (#1282).

  Exhibit "G" to plaintiffs' Motion for Leave to File Under Seal (#1247) is described by Dynegy Inc. in the Amended Motion for Leave to File Under Seal (#1310) as excerpts of the minutes of meetings of the Board of Directors of Dynegy Inc. (<u>See</u> Amended Motion (#1310), p. 4, fn. 3.)  These minutes are asserted to contain discussions regarding potential business prospects, business strategies, and financial analyses.  Counsel for Dynegy Inc. argues these documents meet the elements under Wisconsin law for demonstrating the existence of a trade secret.  Counsel for Dynegy Inc. also represents that Dynegy Inc. derives economic value from these discussions not being generally known by its competitors and the general public and that the Board Minutes are treated as highly confidential documents by the company.  Thus, there is a compelling reason to guard against their disclosure.

1  Dynegy Inc. asserts that the public interest in these records is low.  For the same reasons, Dynegy Inc.
2  seeks to seal the Board Minutes attached as Exhibit "B" to the Declaration of Kathryn Nyce (#1282).
3  　　　　Dynegy Inc.'s original Motion for Leave to File Under Seal was filed as Docket #1282.  The
4  Declaration of Kathryn Nyce in support of Dynegy Inc.'s Motion for Leave to File Under Seal is
5  Docket #1284 and was filed under seal.  Attached to the Declaration were two documents, Exhibit "A"
6  and Exhibit "B."  The Declaration itself should not have been filed under seal.  Dynegy Inc. has now
7  withdrawn its request to file Exhibit "A" attached to the Declaration under seal, but its Amended
8  Motion for Leave to File Under Seal (#1310) seeks to seal Exhibit "B" to the Declaration (#1284).
9  　　　　Dynegy Inc.'s Amended Motion for Leave to File Under Seal (#1310) indicates Dynegy Inc. is
10 now only seeking to seal its Board Minutes, excerpts of which are attached as Exhibit "G" to Plaintiffs'
11 Motion for Leave to File Under Seal (#1247) and as Exhibit "B" to the Declaration of Kathryn Nyce,
12 Docket #1282.  (See Motion for Reconsideration (#1209), p. 4, fn 3.)  Exhibit "B" to Nyce's
13 Declaration (#1284) consists of a series of redacted Board Minutes Bates stamped DYN-ARAN
14 016652-01666.  The Minutes are dated between May 31, 2002 and August 16, 2002.  However,
15 plaintiffs' Motion for Leave to File Under Seal (#1247) describes Exhibit "G" as documents Bates
16 stamped DYN-ARAN 016672-016693.  The documents themselves are not attached to plaintiffs'
17 Motion for Leave to File Under Seal (#1247), and the court cannot determine from the papers before it
18 whether the documents described in Exhibit "G" to plaintiffs' Motion for Leave to File Under Seal
19 (#1247) are the same documents as Exhibit "B" to the Nyce Declaration (#1284) bearing different Bates
20 stamp numbers.
21 　　　　As Dynegy Inc. has now indicated that it is only seeking to seal its Board Minutes and has
22 effectively withdrawn its request to seal the remaining exhibits plaintiffs wish to submit with its
23 Response (#1245) to Dynegy Inc.'s Motion to Dismiss (#929), the court will direct the Arandell
24 plaintiffs to file their Exhibits "A" through "F" and "H" through "J" as part of the public record.  The
25 court will grant Dynegy Inc.'s request to seal the exhibits attached as Exhibit "B" to the Nyce
26 Declaration (#1284), and give Dynegy Inc. a final opportunity to clarify whether the documents
27 described in Exhibit "G" as DYN-ARAN 016672-016693 are the same documents Bates stamped
28 / / /

DYN-ARAN 016652-016666, or, if not, that compelling circumstances overcome the presumption of public access and justify sealing Exhibit "G."

Having reviewed and considered this matter for the third time,

**IT IS ORDERED:**

1. Defendant Dynegy Inc.'s Motion for Reconsideration of the Court's Order Denying Plaintiffs' Motion for Leave to File Under Seal (#1309) is GRANTED.

2. Dynegy Inc.'s Amended Motion for Leave to File Under Seal (#1310) is GRANTED with respect to the documents attached as Exhibit "B" to the Nyce Declaration (#1284), Board Minutes Bates stamped DYN-ARAN 016652-016666.  The motion is DENIED without prejudice with respect to Exhibit "G" to plaintiffs' Motion for Leave to File Under Seal (#1247) which counsel for plaintiffs identifies as DYN-ARAN 016672-016693.

Dated this 8th day of September, 2008.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE