UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION. | MDL DOCKET NO. 1566 |
| | Base Case File No. 2:03-CV-01431-PMP-PAL |
| THIS DOCUMENT RELATES TO: | |
| *Heartland Regional Medical Center, et al. v. Oneok, Inc., et al.* | Case No. 2:07-CV-00987-PMP-PAL |

**MOTION FOR LEAVE TO AMEND
AND MEMORANDUM IN SUPPORT**

Plaintiffs move for leave to amend their Complaint under FRCP 15(a)(2). Pursuant to LR 15-1, plaintiffs attach as Exhibit 1 a copy of their proposed amended pleading, entitled Second Amended Complaint. For the reasons set forth herein, plaintiffs request that the Court grant them leave to amend their Complaint.

**I.
INTRODUCTION**

Plaintiffs move to amend their Complaint for the purpose of describing accurately the current parties, adding an additional named plaintiff as a class representative, and clarifying the class definition in this action. Their motion is timely filed because the deadline to amend pleadings and add parties is March 2, 2009, which is about two months from now.

**II.
ARGUMENT**

The federal rules authorize liberal amendments of pleadings. Fed. R. Civ. P. 15(a)(2) provides that after a responsive pleading is filed "[t]he court should freely give leave when justice so requires." *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares

2425892.02

that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."). The Ninth Circuit recognizes that Fed. R. Civ. P. 15 should be applied with "extreme liberality." *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997) (citing Fed. R. Civ. P. 15(a)).

When determining whether to grant leave to amend, courts in this Circuit consider "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989)). The party opposing the motion for leave bears the burden of showing prejudice. *DCD Programs v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). A delay in moving to amend alone is insufficient to provide grounds for denying leave to amend . . . ." *Abels v. JBC Legal Group, P.C.*, 229 F.R.D. 152, 155-56 (N.D. Cal. 2005) (citing *Foman*, 371 U.S. at 182). The fact that discovery is far from complete weighs in favor of allowing leave to add a party. *Id*.

Plaintiffs' motion to amend is primarily for the purpose of adding Northwest Missouri State University ("NMSU") as an additional named plaintiff that will serve as a class representative in the case. The proposed amendment sets out NMSU's purchases and consumption of natural gas for its own use during the relevant period. The amendment also correctly identifies the parties and clarifies the class definition in this case, clarifies Prime Tanning Corp.'s corporate status, and makes various minor non-substantive clarifications. In addition, this proposed amended complaint reflects the class definition that plaintiffs set forth in their motion for class certification. These proposed amendments are clerical in nature. These amendments do not add new claims or theories of relief. Further, the amendment does not

prejudice the defendants. Discovery in this matter has essentially focused on jurisdiction and procedural issues. Merits discovery has recently begun. The parties are in the process of resolving issues relating to discovery and electronic discovery. Production of documents by defendants is ongoing. At this juncture, no depositions on the merits of the claims have been taken. Therefore, adding an additional plaintiff at this stage will not prejudice defendants. *See Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973) (writing that "[o]nly where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading").

Also, the motion is timely filed. Under the Scheduling Order (Doc. 1150), parties have until March 2, 2009 to amend pleadings and add parties. The requested amendment is filed well in advance of the deadline for moving to amend. The amendment does not cause delay or interfere with the processing of the action. In addition, plaintiffs have gathered documents relating to NMSU's purchases of natural gas from defendant ONEOK, Inc. or its affiliates during the relevant time period. Plaintiffs are ready to produce these documents at this time to avoid any delay in completing discovery in this case.

Plaintiffs previously amended their complaint only to correct a mistake in the prayer for relief. The proposed amendment recognizes that certain parties have changed after the initial amendment (e.g., through the stipulated dismissal of CenterPoint Energy, Inc.). In this regard, plaintiffs propose to revise the case caption and style, include allegations describing the manner in which their state action has come to federal district court, *see Exhibit 1*, at 2-3, ¶¶ 2-3, and delete allegations related to parties who have been dismissed by stipulation, *see First Amended Petition for Damages*, caption and pp. 22, 26-27, 34, ¶¶ 35 (CenterPoint).

## III.
## CONCLUSION

The Court should grant plaintiffs' motion for leave to amend their pleading.  There is no undue delay, bad faith, dilatory motive, or undue prejudice to defendants.  Plaintiffs have amended their pleading only once before, and this, their second amendment, will not interrupt the schedule established by the Court in its Errata to Discovery Plan and Scheduling Order (Doc. 1150).

        Respectfully submitted,

        */s/ Gregory M. Bentz*
        R. Lawrence Ward (MO 17343)
        Jennifer Gille Bacon (MO 27432)
        Gregory M. Bentz (MO 33369)
        Shughart Thomson & Kilroy, P.C.
        1700 Twelve Wyandotte Plaza
        120 W. 12th Street
        Kansas City, MO 64105-1929
        Telephone:  816-421-3355
        Fax:  816-374-0509

        R. Dan Boulware (MO 242289)
        Shughart Thomson Kilroy, P.C.
        3101 Frederick Avenue
        St. Joseph, MO 64506
        Telephone: 816-364-2117
        Facsimile: 816-279-3977

        Donald D. Barry    (KS 6250)
        Barry Law Offices, LLC
        Donald D. Barry, Chartered
        5340 SW 17th Street
        P.O. Box 4816
        Topeka, Kansas 66604
        Telephone: 785-273-3151
        Fax:  785-273-5115

        **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of January 2009, a true and correct copy of the foregoing was electronically filed and served on counsel for all parties properly registered to receive notice via the Court's CM/ECF system.

/s/ Gregory M. Bentz
One of the Attorneys for Plaintiffs
