UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| IN RE: WESTERN STATES | ) | |
| WHOLESALE NATURAL GAS | ) | |
| ANTITRUST LITIGATION | ) | MDL 1566 |
| | ) | CV-S-03-1431-PMP (PAL) |
| J.P. MORGAN TRUST COMPANY, | ) | |
| NATIONAL ASSOCIATION, in its | ) | |
| Capacity as Trustee of the | ) | MDL 1566 |
| FI Liquidating Trust, | ) | CV-S-05-1331-PMP (PAL) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE WILLIAMS COMPANIES, INC., | ) | |
| *et al.*, | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR SUBSTITUTION OF PARTIES
AND MEMORANDUM IN SUPPORT**

Gary D. McCallister (KS  08928)
Gary D. McCallister & Associates, LLC
120 North LaSalle Street, Suite 2800
Chicago, IL 60602
Telephone: 312-345-0611
Fax:  312-345-0612

***ATTORNEYS FOR J.P. MORGAN***

***Additional Counsel Listed Below***

## **TABLE OF CONTENTS**

I.      INTRODUCTION..............................................................................................................1

II.     SUMMARY OF ARGUMENT……………………………………………………..……1

III.    SUBSTITUTION OF PARTIES UNDER RULE 25.......................................................2

IV.     BACKGROUND...............................................................................................................5

V.      ARGUMENT.....................................................................................................................9
        A.      Substituting RFLI for the Trustee is Appropriate Under Rule 25(c)
                Because the Transfer is Valid Under Kansas Law...…………………………...10

        B.      Substituting RFLI for the Trustee is Appropriate Under Rule 25 (c)
                Because the Transfer is Valid Under the Code………………..……………......12

        C.      Rule 25 (c) Allows the Action to Continue in RFLI's Name without
                Abatement or Interruption……………………………………………………..…14

V.      CONCLUSION…………………………………………………………..………….…...19

## <u>TABLE OF AUTHORITIES</u>

**CASES**                                                                **Page(s)**

*Allis Chalmers Mfg Co. v. The Security Elev. Co.*
    28 P.2d 138, Sly. 2 (1934)……………………………………………………11

*Acme Granite &Tile Co v. F.D. Rich Co.*
    437 F.2d 549, 552 (9th Cir. 1970)  ................................................................4,5

*Baker & Drake, Inc. v. PSC of Nevada*
    35 F.3d 1348 (9th Cir. 1994)…………………………………………………..12

*Barletta v. Tedeschi*
    121 B.R. 669, 673-74 (N.D.N.Y. 1990)……………………………………....14

*Bauer v. Commerce Union Bank*
    859 F.2d 438, 441-42 (6th Cir. 1998)…………………………………………6, 18

*Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc.*
    53 F.3d 851, 852 (7th Cir. 1995)………………………………………………17

*Brown v. O'Keefe*
    300 U.S. 598, 602, 57 S.Ct. 543, 547, 81 L.Ed. 827 (1937)………….……………..12, 14

*Bryson v. Bank of New York*
    584 F.Supp. 1306, 1316 (S.D.N.Y. 1984)…………………………………………13

*CBS, Inc. v. Folks*
    211 B.R. 378 (B.A.P. 9th Cir. 1997)……………………………………………...13

*Carmel v. Snap-On Tools*
    1997 U.S.Dist.LEXIS 1485, **16-18 (Feb. 10, 1997 N.D. Ill.)…………..…………....6

*Corbin v. Blakenburg*
    39 F.3d 650, 654 (6th Cir. 1994)……………………………………………....15

*Denis v. Delta Air Lines, Inc.*
    546 S.E.2d 805,806-08 (Ga.App. 2001)…………………………..……..…..12

*ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*
    53 F.3d 186, 190 (8th Cir. 1995)……………………………………………5, 19

*Freeport-McMoran v. KN Energy*
    498 US 426, 428 (1991)……………………….……………………….…..18

*Hewey v. Fouts*
   139 P. 407, 408 (Kan. 1914)……………………………………………..……………………11

*Hilao v. Estate of Marcos*
   103 F.3d 762, 766 (9th 1996)……………………………………………………….……15

*Hilbrands v. Far East Trading Company, Inc.*
   509 F.2d 1321, 1323 (9th Cir. 1975)……………………………………………………5

*Hutchinson v. Delaware Savings Bank, FSB*
   410 F.Supp.2d 374, 392, (D.N.J. 2006)……………………………………………………18

*In re CVA Gen. Contrs., Inc.*
   267 B.R. 773, 780  N.7 (Bankr. W.D.Tex. 2001)…………………………………………...…13

*In re Dewsnup,* 908 F.2d 588, 590 (10th Cir. 1990)
   *aff'd* 502 US. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992)……………………………...…12

*In re Engelbrecht*
   368 B.ER. 898, 902-03 (M.D. Fla. 2007)………………………………………………14, 18

*In re James,* 120 B.R. 802, 807-08 (E.D.Pa. 1990)…………………………….…………6, 18

*In re Pilz Compact Disc., Inc.*
   229 B.R. 620, 638-39 (Bankr. E.D.Pa 1999)…………………………………………………13

*Lucre, Inc. v. Verizon N., Inc.*
    2007 U.S. Dist. LEXIS 36846, ** (May 21, 2007 W.D. Mich.)………………………..…18

*Lexecon , Inc. v. Milberg Weiss Berchad Hynes & Lerach*
   523 U.S. 26 (1998)……………………………………………………….………………..7

*Matter of Covington Grain Co., Inc.*
   638 F.2d 1362, 1364 (5th Cir. 1981)………………………………………………………15

*Mason v. Commissioner of Internal Revenue*
   646 F.2d 1309, 1310 (9th Cir. 1980)…………………………………………………13

*Midlantic Nat'l Bank v. NJDEP* 474 U.S.49 (1986)…………………………………………12

*Minn. Mining & Manufacturing Co. v. Eco Chem.*
   757 F.2d 1256, 1263, (Fed. Cir. 1985)………………………………………………………17

*Morlan v. Universal Guaranty Life Ins. Co.*
   298 F.3d 609, 617 (7th Cir. 2002)………………………………………………………14

*Newell v. Krause*
    722 P.2d 530, Syl. 2 and 536 (Kan. 1986)…………………………..………………10, 11

*Newman v. Enriquez*
    869 N.E.2d 725, 744-45 (Ohio App. 2007)……………………………………..…14

*P P, Inc. v. McGuire*
    509 F.Supp. 1079, 1083 (D.N.J. 1981)………………………………………………19

*Pacamor Bearings, Inc. v. Minebea Co.*
    892 F.Supp. 347, 359-61 (D.N.H. 1995)……………………………………18, 19
.
*Rowland v. Mutual Life Ins. Co.*
    689 F.Supp. 793, 796-98 (S.D. Ohio 1998)…………………………..……………………14

*Sessions v. Romadka*
    145 U.S. 29, 51-52, 36 L.Ed.2d 609, 12 S.Ct. 799 (1982)………………………………13

*Stewart v. Balderston*
    10 Kan. 131, 143-44, 1872 Kan.LEXIS 26, **20-23 (Kan. 1872)…………..……………11

*Wallace v. Lawrence Warehouse Co.*
    338 F.2d 392, 394 n.1 (9th Cir. 1964)……………………………………………....13

*West v. Giancontieri*
    1998 U.S.Dist. LEXIS 445, **204 (Jan 13. 1998 E.D. La)……………………………...18

## STATUTES, RULES, REGULATIONS

Fed. R. Civ. P. 15……………………………………………………………………………3
Fed. R. Civ. P. 17(a)(3)……………………………………………………………………6
Fed. R. Civ. P. 25……………………………………………………………………………3, 4
Fed. R. Civ. P. 25(c) ...............................................................2, 3 4, 5 6, 9, 18, 19, 20
11 U.S.C. 323……………………………………………………………………………...5
11 U.S.C. 541(a)(1)………………………………………………………………………5
11 U.S.C. 554(b)……………………………………………………………………………17
11 U.S.C. 554………………………………………………………………………5, 7, 12, 19
11 U.S.C. 1123(a)(5)(B)……………………………………………………………………12
28 U.S.C. 1407……………………………………………………………………………...17, 18
28 U.S.C. 1407(a)………………………………………………………………………...…7
K.S.A. 17-1628……………………………………………………………………..……10
K.S.A. 17-6602(a)(1)……………………………………………………………………10
K.S.A. 17-6101………………………………………………………………………………10
K.S.A. 50-101……………………………………………………………………...……7, 16
K.S.A.60-225(c)………………………………………………………………...………3

**OTHER AUTHORITIES**

*Moore's Federal Practice*……………………………………………….…..…3, 4, 5, 14, 17

*Norton Bankruptcy Law and Practice*, 2d §53.1, at 53-02 to 53-4 (1997)………..………..…13

*Wright, Miller, Kane, Federal Practice and Procedure:  Civil 3d* (2007)……..……....…3, 4

I.      **INTRODUCTION**

COMES NOW Plaintiff, J.P. Morgan Chase Bank, National Association, successor-in-interest to J.P. Morgan Trust Company, National Association, in its capacity as Liquidating Trustee of the FI Liquidating Trust, (the "Trustee"), and promptly moves to substitute Reorganized FLI, Inc. ("RFLI") as Plaintiff in this action. By operation of Section 554 of the United States Bankruptcy Code (the "Code"), and in accordance with the Order of the United States Bankruptcy Court for the Western District of Missouri (the "Bankruptcy Court") entered on February 23, 2009, the Trustee abandoned and returned its interest in this action to RFLI, the corporate successor to Farmland Industries, Inc., the real party in interest. *See Order Authorizing the Liquidating Trustee to Abandon Multi-District Litigation Claims*, Ex. 1. Accordingly, the Trustee respectfully requests that the Court issue an order substituting RFLI as sole Plaintiff pursuant to Rule 25 of the Federal Rules of Civil Procedure.

In support of the instant motion, the Trustee states and shows the following:

II.     **SUMMARY OF ARGUMENT**

1.      This action originally vested in Farmland Industries, Inc., RFLI's predecessor-in-interest. As a result of Farmland's confirmed Second Amended Joint Plan of Reorganization, as Modified, entered by the Bankruptcy Court on December 19, 2003 (the "Plan"), all of the Debtors' assets, interests, claims and causes of action were transferred to the Trustee for the benefit of the former creditors and shareholders of the Debtors.

2.      The Plan also effectuated the merger of the Debtor, Farmland Foods, Inc., into the Debtor, Farmland Industries, Inc., which continues to exist and operate as RFLI, a Kansas cooperative marketing corporation.

3.     Pursuant to the authority solely vested in the Trustee by operation of the Plan and the governing Trust Agreement, the Trustee then commenced this action.

4.     By operation of the Plan, the authority and representative roles of the FI Liquidating Trust and the Trustee are scheduled to terminate on or about May 1, 2009.

5.     Under authority conferred by the Code, the Plan, and the Order of the Bankruptcy Court, the Trustee has abandoned and returned its interest in this action to RFLI, the successor-in-interest to Farmland Industries, Inc.

6.     The Bankruptcy Court approved the transfer in an order issued February 23, 2009.

7.     The abandonment is a transfer of an interest pursuant to Rule 25(c) of the Federal Rules of Civil Procedure. As a result of the abandonment, and under the applicable substantive law, the Trustee's interest in this action has re-vested in RFLI, the proper Plaintiff. Accordingly, the Court should issue an order substituting RFLI as the sole Plaintiff in place and stead of the Trustee.

## III.   SUBSTITUTION OF PARTIES UNDER RULE 25

8.     Federal Rule of Civil Procedure 25 provides for the substitution of parties. Where a party has transferred its interest in an action, Rule 25(c) allows the action to continue in the name of the original party unless the court, upon motion, orders the transferee to be substituted or joined with the original party. More specifically, Rule 25(c) provides as follows:

> (c)     **Transfer of an interest.** If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

Fed. R. Civ. P. 25(c).

9.      Any party may bring a motion under Rule 25. *See* Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* sec. 1958, p. 704 (2007). And, unlike motions for substitution under Rule 25(a), there is no time limit on moving to substitute under Rule 25(c). 6 *Moore's Federal Practice*, sec. 25.35[1], pp. 25-53, -54 (Matthew Bender 3d ed.); Wright, Miller, and Kane, *Federal Practice and Procedure: Civil 3d* sec. 1958, p. 704. In this regard, the Scheduling Order issued by Magistrate Judge Leen establishes March 2, 2009, as the deadline for a motion to amend under Rule 15, but it does not establish an explicit deadline for a motion to substitute under Rule 25. *Scheduling Order*, para. 1(c) (Doc. 1150)(setting March 2, 2009 as "[l]ast date to amend pleadings and add parties").

10.     Rule 25 is procedural.[1] Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* sec. 1952, p. 655. "If, as a matter of substantive law, an action can be continued by…a substituted party, Rule 25 provides the method by which substitution may be made." *Id.*, p. 658. "Rule 25 contemplates that the correct parties were named when the action was filed, but provides for substitution in situations when, because of a change in circumstances, a party cannot continue in the suit." 6 *Moore's Federal Practice*, sec. 25.02, p. 25-7. "If a substitution occurs under Rule 25, the substituted party steps into the place of the original litigant and take[s] over the case without any other change in the status of the case." *Id.*; *see also id.*, sec. 25-36, pp. 25-56, -57.

---

[1]      This matter was removed from state to federal court based upon the diversity of the parties. Kansas has a provision in its code of civil procedure allowing substitution in language almost identical to Rule 25(c). The Kansas rule provides as follows:

> **(c)      Transfer of an Interest.** In case of any transfer of interest, the action may be continued by or against the original party, unless the court, upon motion, directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subsection (a) of this section.

K.S.A. 60-225(c).

11.     Rule 25(c) "is designed to allow an action to continue unabated when an interest in a lawsuit changes hands, without initiating an entirely new suit." 6 *Moore's Federal Practice*, sec. 25.30, p. 25-39. To this end, where an act affecting a plaintiff's capacity to sue has occurred during the pendency of the action, the court may simply substitute parties plaintiff. *See Acme Granite & Tile Co. v. F.D. Rich Co.*, 437 F.2d 549, 552 (9th Cir. 1970)(holding that the district court abused its discretion in refusing to substitute parties plaintiff where refusal resulted in an abatement of the action).

12.     Under Rule 25(c), the action may continue with the original parties or the court may order the transferee to be substituted for or joined with the transferor. 6 *Moore's Federal Practice*, sec. 25.34[1], p. 25-50. Even if the action continues in the transferor's name after the transfer, the judgment will be binding on the successor in interest even though the successor is not named. Wright, Miller & Kane*, Federal Practice and Procedure: Civil 3d* sec. 1958, p. 696.

13.     An order of substitution is merely a discretionary determination by the court that the successor's presence will facilitate the conduct of the litigation. *See* Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* sec. 1958, pp. 696-98. One commentator has explained the court's choice as follows:

> The court, after a transfer in interest, may direct the transferee to be either substituted in the action or joined with the original party. Thus, the court must make a determination whether, based on the respective rights and liabilities among the parties and the transferee under the substantive law governing the case, whether it would best facilitate the conduct of the case to have the transferor remain in the case, substitute the transferee, or join the transferee and continue with both parties.

6 *Moore's Federal Practice*, sec. 25.35[3], p. 25-56.

14.     Therefore, in considering a motion under Rule 25(c), a court has discretion in choosing whether to allow the action to continue with the original party or to order the transferee

to be substituted. *See* 6 *Moore's Federal Practice*, sec. 25.34[1], pp. 25-50, -51. However, it is an abuse of discretion to refuse to let the action continue with the original party and to refuse to substitute the transferee. *See*, *e.g.*, *ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 190 (8th Cir. 1995)(reversing the district court's denial of a Rule 25(c) motion and explaining that "…the district court both refused substitution for the new party, and refused to let the old party continue. This complete refusal essentially punished the plaintiff and rewarded the defendants for ELCA's transfer of the property. This was an abuse of discretion."); *cf. Hilbrands v. Far East Trading Company, Inc.*, 509 F.2d 1321, 1323 (9th Cir. 1975)(reversing, in part, because the district court granted summary judgment against the transferee after refusing to allow the original plaintiff (the transferor) to continue to prosecute the claim in her own name). It also is an abuse of discretion to refuse to substitute parties plaintiff where the result is that valuable property rights involved in the litigation could simply disappear. *See Acme Granite & Tile Co.*, 437 F.2d at 552 (reversing where refusal to substitute resulted in abatement of action and was prejudicial to the corporation's shareholders and surety).

## IV.   **BACKGROUND**

15.    On May 31, 2002, before this action was commenced, Farmland Industries, Inc. and its affiliates petitioned the Bankruptcy Court seeking protection under Chapter 11 of the Code. *See Motion for Authority to Abandon Multi-District Litigation Claims to Reorganized FLI, Inc.*, attached as Exhibit 2. Generally, under the Code, the filing of a bankruptcy petition creates an estate comprised of all of the debtor's legal and equitable interests in property, including its causes of action. *See* 11 U.S.C. sec. 541(a)(1). The Code also provides that where a particular cause of action arises from pre-petition conduct, the bankruptcy trustee is the proper party to file suit on behalf of the estate. *See* 11 U.S.C. sec. 323 (providing that the trustee is the representative

of the estate with the capacity to sue and be sued). A pre-petition cause of action remains part of the estate unless the trustee abandons it back to the debtor. [2] *See* 11 U.S.C. sec. 554. These general rules of bankruptcy law are consistent with the Plan and the authority granted to the Trustee therein.

16.     On December 19, 2003, the Bankruptcy Court entered an order approving and confirming the Plan.[3] The Plan provided for the liquidation of the Debtors' assets, and, to this end, it provided for the establishment of the FI Liquidating trust and the appointment of the Trustee. *See Debtors' Second Amended Joint Plan of Reorganization, As Modified* ("*Plan*"), Ex. 3, at Art. 1.75, 1.79, and 5.4. The Plan charged the Trustee with the sole authority to liquidate the Debtors' assets, which were held in the FI Liquidating trust. *See Motion for Authority to Abandon*, Ex. 2, at para. 3. The Plan also designated the Trustee as representative of each of the Debtors' bankrupt estates. *See Plan*, Ex. 3, at Art. 5.4(a) and (b).

17.     The Plan vested the Trustee with all property, rights, interests and powers of Farmland Industries, Inc., including the right to pursue and prosecute litigation claims on behalf

---

[2]     After a debtor files a bankruptcy petition, although the debtor still satisfies the constitutional standard for standing to sue, it no longer is the real party in interest with respect to its pre-petition causes of action. *See Carmel v. Snap-On Tools*, 1997 U.S.Dist.LEXIS 1485, **16-18 (Feb. 10, 1997 N.D.Ill.); *In re James*, 120 B.R. 802, 807-08 (E.D.Pa. 1990).  In the event that a debtor brings suit on such a cause of action after filing the bankruptcy petition but before the trustee abandons the action, Rule 17(a)(3) allows the substitution of the trustee for the debtor. *See In re James,* 120 B.R. at 807-08. In this instance, Rule 17, not Rule 25, applies because the action was not originally commenced in the name of the real party in interest. Where, however, the real party in interest originally commences the action, Rule 25, not Rule 17, applies. For instance, if a debtor brings suit before filing the bankruptcy petition, the debtor is the real party in interest at the time it brought the suit. When the debtor files the bankruptcy petition, though, the trustee becomes the debtor's successor-in-interest and Rule 25(c) applies. In this instance, Rule 25(c) allows the substitution of the trustee for the debtor. *See, e.g.*, *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441-42 (6th Cir. 1988)(noting that the court did not abuse its discretion by ordering that trustee be substituted under Rule 25(c)). Similarly, where the trustee commences the action after the debtor files its bankruptcy petition, the trustee is the real party in interest. If the trustee later abandons the action back to the debtor, Rule 25(c) applies. The instant motion involves this latter situation: The Trustee commenced this action after Farmland Industries, Inc. filed its bankruptcy petition, and it now has abandoned the action back to RFLI, the successor in interest to Farmland Industries, Inc., the action's original holder.
[3]     The Order may be found on PACER at Document # 7361, *In re Farmland Industries, Inc., et al.*,  Case No. 02-50557-JWV, United States Bankruptcy Court, Western District of Missouri.

of the Debtors. *Plan*, Ex. 3, at Art. 5.1 and 5.4; *see also Amended Complaint*, at para. 3 (2:05-CV-01331-PMP-PAL, Doc. 11).

18.     Pursuant to its authority under the Plan, on August 8, 2005, the Trustee brought this state law antitrust action in the District Court for Wyandotte County, Kansas.[4] The Trustee commenced this action in its representative capacity as Liquidating Trustee of the assets of Farmland Industries, Inc. *Amended Complaint*, para. 3 (2:05-CV-01331-PMP-PAL, Doc. 11).

19.     As part of the authority to pursue and prosecute litigation claims, the Plan expressly authorized the Trustee to "abandon" back to RFLI, as the successor to the Debtors, the Trustee's interest in a litigation claim. *Plan*, Ex. 3, at Art. 5.10(a); *see also id.*, Art. 5.4. Similarly, the Code authorizes the Trustee to abandon back to RFLI, as the successor to the Debtors, property of the estate, including an interest in a cause of action. *See* 11 U.S.C. sec. 554.

20.     The Plan provides for the transformation of Farmland Industries, Inc. into RFLI. Under express authority from the Plan, RFLI became the successor in interest to Farmland Industries, Inc., on or about May 1, 2004. *See Plan*, Ex. 3, Arts. 1.61, 1.111, and 5.1(b); *Certified Corporate Documents*,[5] attached as Exhibit 4. More specifically, during the course of the bankruptcy, but before the Trustee commenced this action, Farmland Industries, Inc. became

---

[4]      The Trustee seeks relief for Defendants' violation of the Kansas Restraint of Trade Act, *see* K.S.A. 50-101 *et seq.* The Trustee alleges that from January 1, 2000, through December 31, 2001, Defendants engaged in a scheme to manipulate the price of natural gas. The Trustee also alleges that Farmland Industries, Inc., now RFLI, purchased such gas for use in its commercial operations. *See Amended Complaint*, para. 3 (2:05-CV-01331-PMP-PAL, Doc. 11). Based upon the diversity of the parties, the action was removed to the United States District Court for the District of Kansas. The Judicial Panel for Multidistrict Litigation then transferred the action to the District of Nevada for consolidated pre-trial proceedings. At or before the conclusion of pretrial proceedings, the multidistrict litigation statute requires that the action be remanded to the District of Kansas for trial. 28 U.S.C. sec. 1407(a); *see also Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

[5]      On February 25, 2009, counsel for the Trustee requested from the Office of the Kansas Secretary of State the five documents, marked as Attachments A-E, that are appended hereto as Exhibit 4. The Office of the Secretary of State provided these five separate documents in a single bundle, consisting of the documents marked and produced herewith as Attachments A-E. The Office certified each of these documents by stamping only the last page of the bundle. For the purposes of organization, counsel for the Trustee has divided this bundle into the five attachments submitted as Exhibit 4. Thus, although only Attachment E to Exhibit 4 bears the Office's stamp, the stamp pertains to the entirety of Exhibit 4.

RFLI by amending its articles of incorporation to change its name. The amendment conforms to the transformation expressly provided for in the Plan. In this regard, the Plan explicitly provides that Farmland Industries, Inc. "shall continue to exist as Reorganized Industries." *Plan,* Ex. 3, at Art. 5.1(b); *see also Amended Complaint*, para. 3. The Plan defines "Industries" to mean Farmland Industries, Inc. *Plan*, Ex. 3, Art. 1.61. And it further defines "Reorganized Industries" to mean "Industries, as reorganized on and after the Effective Date." *Id.*, Ex. 3, Art. 1.111.

21.     "Reorganized Industries" currently exists as RFLI, a regularly and properly organized cooperative marketing corporation under the laws of the State of Kansas. *See Amended Complaint*, para. 3 (2:05-CV-01331-PMP-PAL, Doc. 11); *Certified Corporate Documents*, Ex. 4 (particularly the Restated Articles of Incorporation of Farmland Industries, Inc., Ex. 4, Attachment A; Nonprofit Corporation Certificate of Amendment, Ex. 4, Attachment B; Nonprofit Corporation Certificate of Amendment, Ex. 4, Attachment C); *Certificate of Good Standing*, attached as Exhibit 5.

22.     RFLI is a Kansas corporation in good standing, and it is authorized to transact business and conduct affairs in Kansas. *See Certificate of Good Standing*, Ex. 5. More specifically, as certified by Ron Thornburgh, Secretary of State for the State of Kansas, as of February 25, 2009, RFLI

> …is a regularly and properly organized cooperative marketing corporation under the laws of the State of Kansas, having been incorporated in Kansas on the 15th day of April, A.D. 1931 and has paid all fees due this office, and is in good standing according to the records now on file in the office of the Secretary of State.

*See id.*, Ex. 5.

23.     On February 2, 2009, the Trustee exercised its express authority and moved the Bankruptcy Court for an order allowing it to abandon its interest in this action back to RFLI. *See*

*Motion for Authority to Abandon*, Ex. 2. The Trustee explained its reasons for abandoning its interest, which include the scheduled expiration of the FI Liquidating Trust on May 1, 2009. *See id.*, Ex. 2, at paras. 4-6. The Trustee also explained that this action was among the Debtors' remaining assets yet to be liquidated. *See id.*, Ex. 2, at para. 7. The Trustee acknowledged that this action is a potentially valuable asset, noting that it seeks in excess of $334,000,000.00. *See id.*, Ex. 2, at para. 8. However, the Trustee characterized as unlikely its ability to liquidate and/or collect on its claims prior to the scheduled expiration of the FI Liquidating Trust's current term on May 1, 2009. *See id.*, Ex. 2.

24.     The Bankruptcy Court granted the Trustee's motion to abandon in an Order dated February 23, 2009. *Order Authorizing the Liquidating Trustee to Abandon Multi-District Litigation Claims to RFLI*, Ex. 1. In its Order, the Bankruptcy Court expressly recognized that abandonment and return of the Trustee's interest to RFLI will enable RFLI to prosecute the claims as the corporate successor to Farmland Industries. *Id.*, Ex. 1, para. 6. It also expressly recognized that abandonment and return to RFLI of the Trustee's interest will enable RFLI to prosecute the claims as the real party in interest for the ultimate benefit of RFLI's shareholders. *Id.*, Ex. 1, para. 6. The Bankruptcy Court then concluded, in part, that abandonment and return to RFLI is in the best interest of the Debtors' estates because it will effectively preserve the value of this action for RFLI's shareholders. *Id.*, Ex. 1, para. 7.

## V.     <u>ARGUMENT</u>

25.     For the purposes of Rule 25(c), the Trustee has transferred its interest in this action back to RFLI. Under the applicable substantive law, which is found in the Code as well as Kansas law, the transfer is valid, RFLI is the proper party, and RFLI may continue as the sole

Plaintiff. Following the transfer, the Trustee no longer has any interest in this action. Therefore, the Court should issue an order substituting RFLI for the Trustee and allowing RFLI to continue this action in its own name.

**A.     Substituting RFLI for the Trustee is Appropriate Under Rule 25(c) Because the Transfer is Valid Under Kansas Law**

26.     Turning first to Kansas law, it is clear that RFLI is the successor in interest to Farmland Industries and that RFLI has the capacity to sue in its own name. The Kansas Corporations Code empowered Farmland Industries to amend its articles of incorporation to change its name to RFLI. *See* K.S.A. 17-6602(a)(1) (allowing a corporation to amend its articles to change its name). And, as a Kansas cooperative marketing corporation in good standing under the laws of the State of Kansas, RFLI has the authority to sue and be sued. K.S.A. 17-1628 (stating that provisions of general corporations code apply to cooperative marketing corporations); *see also* K.S.A 17-6101 (stating general corporate powers); 17-6102(2) (stating specific power to sue and be sued).

27.     Furthermore, under Kansas law, the return of a cause of action to a debtor by a bankruptcy trustee operates outside the usual rules regarding assignment of causes of action. In this respect, the Kansas Supreme Court has held unequivocally that a debtor may prosecute a cause of action returned to it by the bankruptcy trustee. *See generally Newell v. Krause*, 722 P.2d 530, Syl. 2 and 536 (Kan. 1986)(holding that "[t]he transfer of tort-based causes of action back to a bankrupt by a trustee is not an assignment of a tort claim within the purview of the law in that area"), *overruled on other grounds*, 187 P.3d 594 (2008)(clarifying the clear and convincing standard of proof).

28.     In *Newell v. Krause*, 722 P.2d 530, Syl. 2 and p. 536 (Kan. 1986), the Kansas Supreme Court rejected defendant's argument that a debtor lacked standing to sue on claims he

purchased from his Chapter 7 bankruptcy trustee. The Court held that "[w]e conclude that whereas the transfer to Newell by the trustee may have technically constituted an assignment, it is not the type of transfer within the purview of the law on assignability of tort claims." *Newell*, 722 P.2d at 536. In discussing its rationale, the Court reasoned, in part, that "the trustee could have abandoned them [the claims] whereby all interest would have reverted back to Newell [the debtor]." *Id.*

29.     Similarly, the Trustee's transfer of its interest in this action back to RFLI is not the type of transfer within the purview of Kansas law on assignability of causes of action.[6] The abandonment of the interest in this action pursuant to Section 554 of the Code, as a matter of law, does not constitute an assignment of the type prohibited by state or federal law. Instead, it is a transfer authorized by the Plan and the Code, and it was expressly approved by the Bankruptcy Court.

30.     As is clear from *Newell v. Krause*, Kansas allows a debtor to prosecute a claim returned to it by a bankruptcy trustee. The reason for the rule is obvious: the claim originated with the debtor. *Newell* involved an assignment, but also recognized that a trustee may abandon a

---

[6]     In its motion for authority to abandon this action, the Trustee discussed, generally, Kansas law on the assignability of certain tort causes of action. *See Motion to Abandon*, Ex. 2, at paras. 17-18. The Trustee raised this issue before the Bankruptcy Court out of an abundance of caution, and only in the context of its explanation that, under Kansas law as expressed in *Newell*, a trustee may return a claim to a debtor by assignment or abandonment. The Trustee has invoked its statutory authority to abandon its interest in this action back to RFLI. Nevertheless, *Newell* plainly endorses the Trustee's transfer of its interest back to RFLI. Notwithstanding the fact that the Trustee has abandoned rather than assigned its interest, the Trustee neither concedes, nor suggests, that a full consideration claim under the Kansas Restraint of Trade Act is a non-assignable claim under Kansas law. To the contrary, such a claim is assignable for several reasons. Firstly, for the purposes of an assignment analysis, a state statutory antitrust action is not a tort, much less a personal injury tort. Secondly, even if such an action could be considered a tort, Kansas law is well-established that a claim for tortiously obtaining money is assignable. *Stewart v. Balderston*, 10 Kan. 131, 143-44, 1872 Kan.LEXIS 26, **20-23 (Kan. 1872)(holding that a cause of action for money tortiously obtained is assignable and that the assignee may sue in his own name); *see also Hewey v. Fouts*, 139 P. 407, 408 (Kan. 1914)(writing that assignor "could, however, make a valid assignment of his right to reclaim the money the defendants had wrongfully obtained from him, because he was privileged to regard them as having agreed to restore it to him"); *cf. Allis Chalmers Mfg Co. v. The Security Elev. Co.*, 38 P.2d 138, Syl. 2 (1934)(holding that "[a] cause of action founded in tort may be assigned where the estate of the wrongdoer has been enriched and the measure of damages is the value of the property received").

claim back to the debtor, too. *Newell* does not recognize or support an exception where the debtor is a reorganized corporation, rather than an individual.

31.     Nor does it appear that Kansas otherwise attempts to limit a bankruptcy trustee's Code authorized abandonment powers in ways that pertain here. Indeed, the Code preempts state laws that interfere with a trustee's authority to abandon property, except in the extreme circumstances where such laws are "reasonably calculated to protect the public health or safety from imminent and identifiable harm." *See Denis v. Delta Air Lines, Inc.*, 546 S.E.2d 805, 806-08 (Ga.App. 2001)(analyzing *Midlantic Nat'l Bank v. NJDEP*, 474 U.S. 494 (1986) and concluding that the Code preempts state laws not reasonably calculated to protect public health and safety from imminent and identifiable harm).[7] The abandonment of this antitrust action cannot conceivably implicate any law that can be properly interpreted as reasonably calculated to protect public health or safety from imminent and identifiable harm.

**B.     Substituting RFLI for the Trustee is Appropriate Under Rule 25(c) Because the Transfer is Valid Under the Code**

32.     Unlike assignment, abandonment is a statutory mechanism allowing a bankruptcy trustee to transfer property from the bankruptcy estate back to the debtor. *See* 11 U.S.C. sec. 554. Property abandoned under section 554 ceases to be property of the estate and "reverts to the debtor and stands as if no bankruptcy petition was filed." *In re Dewsnup*, 908 F.2d 588, 590 (10th Cir. 1990), *aff'd* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992); *cf. Brown v. O'Keefe*,

---

[7]     Other sources of express and implied preemption also may apply. *See*, *e.g.*, 11 U.S.C sec. 1123(a)(5)(B)(containing an express preemption provision related to bankruptcy reorganization plans, particularly to the extent they provide for the transfer of estate property to entities organized before or after confirmation); *Baker & Drake, Inc. v. PSC of Nevada*, 35 F.3d 1348 (9th Cir. 1994)(analyzing a confirmed plan under the implied preemption standard and stating that the test is whether "state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'"). The Plan explicitly authorized the Trustee to abandon litigation claims. *See Plan*, Ex. 3, Art. 5.4(b) and 5.10(a). The Trustee's exercise of this authority to transfer property back to the debtor, in its reorganized form, does not implicate a legitimate concern regarding public health and safety. Indeed, preventing a trustee from transferring property to a reorganized debtor plainly stands as an obstacle to the accomplishment an execution of the full purposes and objectives of bankruptcy (*e.g.*, rehabilitating the corporate debtor, *etc.*).

300 U.S. 598, 602, 57 S.Ct. 543, 547, 81 L.Ed. 827 (1937)(recognizing the rule in the context of the Bankruptcy Act). The debtor's title to the property is effective, *nunc pro tunc*, as of the date of the filing of the petition. *See In re Pilz Compact Disc., Inc.*, 229 B.R. 630, 638-39 (Bankr. E.D.Pa. 1999)(quoting 3 *Norton Bankruptcy Law and Practice 2d*, § 53.1, at 53-2 to 53-4 (1997)).

33.   The Ninth Circuit has explained abandonment in these terms on more than one occasion. For instance, it has written that "[t]he ordinary rule is that, when a trustee abandons property of the bankrupt [debtor], title reverts to the bankrupt [debtor], *nunc pro tunc*, so that he is treated as having owned it continuously." *Wallace v. Lawrence Warehouse Co.*, 338 F.2d 392, 394 n.1 (9th Cir. 1964); *see also Mason v. Commissioner of Internal Revenue*, 646 F.2d 1309, 1310 (9th Cir. 1980)(explaining that "[w]hen the court grants a trustee's petition to abandon property in a bankruptcy's estate, any title that was vested in the trustee is extinguished, and the title revests to the bankrupt, *nunc pro tunc*. [Citation omitted]. The bankrupt 'is treated as having owned it continuously. [Citation omitted].'").

34.   Under Section 554 of the Code, where a trustee abandons a cause of action, the effect is to revest the cause in the debtor as if the claim was never the property of the estate. *See CBS, Inc. v. Folks*, 211 B.R. 378 (B.A.P. 9th Cir. 1997). The abandonment relates back to the time of filing of the petition, retroactively making the debtor a proper party. *See Sessions v. Romadka*, 145 U.S. 29, 51-52, 36 L.Ed.2d 609, 12 S.Ct. 799 (1892)(holding that "the abandonment relates back to the commencement of the proceedings in bankruptcy"); *see also In re CVA Gen. Contrs., Inc.*, 267 B.R. 773, 780 n.7 (Bankr. W.D.Tex. 2001)(noting that "[a]n abandonment of a cause of action relates back to the filing of the petition, retroactively making the debtor a proper party"); *Bryson v. Bank of New York*, 584 F.Supp. 1306, 1316 (S.D.N.Y.

1984)(writing that "[a]n effective abandonment would relate back to the time of the filing of the [bankruptcy] petition, thereby retroactively making the plaintiff a proper party"); *cf. Brown*, 300 U.S. at 602.

35.    In this regard, courts have noted that one of the purposes of retroactive vesting is to protect against the running of the statute of limitations. *See Morlan v. Universal Guaranty Life Ins. Co.*, 298 F.3d 609, 617 (7th Cir. 2002)(discussing abandonment and writing that "[t]he purposes of retroactive vesting include to protect against the running of the statute of limitations…."); *cf. Sessions*, 145 U.S. at 51-52; *Barletta v. Tedeschi*, 121 B.R. 669, 673-74 (N.D.N.Y. 1990); *Rowland v. Mutual Life Ins. Co.*, 689 F.Supp. 793, 796-98 (S.D.Ohio 1988); *Newman v. Enriquez*, 869 N.E.2d 735, 744-45 (Ohio App. 2007).

36.    Accordingly, by virtue of the abandonment, this cause of action has reverted to RFLI, *nunc pro tunc*, so that RFLI is treated as having owned the cause of action continuously as if no bankruptcy had been filed. Under the Code, the abandonment relates back to the time of the filing of the petition, retroactively making RFLI the proper party plaintiff in this action. For the purposes of limitations, there is no lapse in time between the commencement of this action by the Trustee, the proper party initially, and the continuance of this action by RFLI, the proper party now.[8]

**C.    Rule 25(c) Allows the Action to Continue in RFLI's Name without Abatement or Interruption**

37.    Rule 25 allows the substituted plaintiff to step into the shoes of an otherwise proper party who originally commenced the action. *See 6 Moore's Federal Practice*, sec. 25.02, p. 25-7 and sec. 25.36, pp. 25-56, -57 (explaining that "[i]f a substitution occurs under Rule 25,

---

[8]    In addition to the retroactive vesting resulting from abandonment, the substitution procedure itself protects against the running of the statute of limitations.[8] *In re Engelbrecht*, 368 B.R. 898, 902-03 (M.D.Fla.

the substituted party steps into the place of the original litigant and take[s] over the case without any other change in the status of the case"); *cf. Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996)(writing that "[t]he substituted party steps into the same position as original party").

38.     Where, as here, a proper party commenced the action, Rule 25 allows the action to continue in that party's name or in the name of the substituted plaintiff. Fed. R. Civ. P. 25(c). This provision reflects the underlying purpose of the Rule, which is to prevent, not induce, abatement. *See Matter of Covington Grain Co., Inc.*, 638 F.2d 1362, 1364 (5th Cir. 1981)(noting that the substitution of parties on transfer of interest "is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands"); *cf. Corbin v. Blankenburg*, 39 F.3d 650, 654 (6th Cir. 1994)(holding that "[w]hen a successor fiduciary steps into the shoes of a predecessor who, acting in a fiduciary capacity, has brought a lawsuit in a court vested with jurisdiction over the subject matter of the suit, the 'stepping in' relates back to the time when the original party had standing to sue").

39.     In this case, the Trustee was the proper party to commence the action after the effective date of the Plan. The Trustee brought the action only in its representative capacity. That capacity is scheduled to expire on May 1, 2009. Through this motion, the Trustee asks only that this Court recognize that its interest in this action has been properly abandoned to RFLI by operation of law and to order that RFLI be allowed to continue this action in its own name.

40.     Substituting RFLI for the Trustee will not alter the action in any meaningful way. It will not change the claims or any of the operative allegations of misconduct or injury. The action still involves the same claims for relief under the Kansas Restraint of Trade Act, *see*

2007)(substituting trustee for debtor in pre-petition cause of action and holding that the substitution related back to debtor's timely filed cause of action).

K.S.A. 50-101 *et seq.* The claims involve the same allegations that Defendants injured RFLI when they unlawfully manipulated the price of natural gas RFLI purchased for use in its business operations. All of these allegations involve conduct affecting RFLI and occurring before the Trustee assumed its representative role.[9]

41.     RFLI always has had a connection to and interest in this action. In its amended complaint, the Trustee expressly alleged RFLI's connection and interest. For instance, the Trustee alleged as follows:

> .... Reorganized FLI, Inc. is a Kansas corporation in good standing in the State of Kansas with its principal place of business in Kansas City, Missouri. Reorganized FLI, Inc., is successor in interest to Farmland Industries, Inc. a Kansas corporation. Farmland Industries, Inc. had commercial business operations in Muncie, Wyandotte County, Kansas, and fertilizer production facilities in Lawrence, Coffeyville, and Dodge City, Kansas, and fertilizer production facilities in Enid, Oklahoma; Beatrice, Nebraska; Fort Dodge, Iowa, and in Pollock, Louisiana during the relevant period. The day-to-day management f Farmland Industries, Inc.'s fertilizer operations, including corporate activities such as budgeting, forecasting, capital spending authorizations, executing annual purchasing contracts, accounting, distribution, and setting production, were centralized and run from offices in Lawrence, Kansas during the relevant period. The general manager in charge of the fertilizer operations, worked and headquartered in offices in Lawrence, Kansas, during the relevant period. Reorganized FLI, Inc. directly purchased natural gas for use by its business from one or more of the defendants during the past four years. Reorganized FLI, Inc. used natural gas for its business during the relevant period. In the fertilizer production process, about 60% of the natural gas is used as feedstock, and 40% is used as a fuel. Reorganized FLI, Inc., sold and shipped fertilizer during the relevant period throughout the United States.

*Amended Complaint*, para. 3 (2:05-CV-01331-PMP-PAL, Doc. 11).

42.     Substitution will not affect or delay discovery. In its responses to the Defendants' discovery requests, the Trustee has provided information regarding RFLI, not itself. And no

---

[9]     Farmland Industries, Inc. and its affiliates filed their voluntary bankruptcy petition on May 31, 2002. In the Amended Complaint, the Trustee alleges that, for the purposes of this action, the relevant period is from January 1, 2000, through December 31, 2001. *See Amended Complaint*, para. 46 (2:05-CV-01331-PMP-PAL, Doc. 11).

employee of the Trust has been deposed. Nor would such a deposition be relevant under FRCP 26. RFLI was the real party in interest to the events giving rise to the cause of action. RFLI, not the Trustee, purchased natural gas for its commercial operations, and RFLI, not the Trustee, was injured as a result of the Defendants' unlawful conduct. The Trustee has no connection to the underlying allegations, apart from its representative role as Trustee of the FI Liquidating Trust. As soon as the Trustee returned this action to RFLI through the statutory and court-approved abandonment, RFLI became, once again, the real-party-in-interest with standing to pursue this claim.

43.     Furthermore, substituting RFLI for the Trustee will not interrupt or interfere with the Court's performance of its functions under the multi-district litigation statute, 28 U.S.C. sec. 1407. *See generally Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc.*, 53 F.3d 851, 852 (7th Cir. 1995)(explaining that a party substituted under Rule 25(c) "takes over without any other change in the status of the case"); *Minn. Mining & Manufacturing Co. v. Eco Chem.*, 757 F.2d 1256, 1263 (Fed.Cir. 1985)(explaining that in the event of a substitution of parties under Rule 25(c) "[t]he merits of the case, and the disposition of the property, are still determined vis-à-vis the originally named parties"). RFLI will step into the procedural position of the Trustee, and the litigation will continue with RFLI being bound by any actions already taken by the Trustee and by any orders already issued by the Court. *See* 6 *Moore's Federal Practice*, sec. 25.36, pp. 25-56, -57.

44.     Moreover, Rule 25(c) expressly allows the action to continue in the name of the original party until substitution, so this action will not be disrupted while the instant motion is pending. *See* FRCP 25(c)(providing that "[I]f an interest s transferred, the action may be continued by…the original party…."). And, ordinarily, substitution of even a non-diverse

plaintiff will not affect subject matter jurisdiction. *Freeport-McMoRan v. KN Energy*, 498 US 426, 428 (1991)(holding, in a case where the trial court allowed the FRCP 25(c) substitution of a non-diverse plaintiff, that "[d]iversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action").

45.     The Trustee's request to substitute RFLI is not novel. Courts have invoked Rule 25(c) to substitute a transferee as plaintiff following the transferor's abandonment of a pending cause of action. *See Pacamor Bearings, Inc. v. Minebea Co.*, 892 F.Supp. 347, 359-61 (D.N.H. 1995)(applying Rule 25(c) to join a creditor as party plaintiff following abandonment of claim under 11 U.S.C. sec. 554(b)). And courts commonly substitute the bankruptcy trustee for the debtor where the debtor files a bankruptcy petition after commencing a pre-petition action. *See*, *e.g.*, *Bauer*, 859 F.2d at 441-42 (writing that there was "not a hint" of an abuse of discretion in substituting trustee); *Lucre, Inc. v. Verizon N., Inc.*, 2007 U.S.Dist. LEXIS 36846, **13-14 (May 21, 2007 W.D.Mich.)(substituting trustee for debtor-in-possession); *In re Engelbrecht*, 368 B.R. 898, 902 (M.D.Fla. 2007)(substituting trustee); *Hutchinson v. Delaware Savings Bank FSB*, 410 F.Supp.2d 374, 382 (D.N.J. 2006)(same); *West v. Giancontieri*, 1998 U.S.Dist. LEXIS 445, **2-4 (Jan. 13, 1998 E.D.La.)(same); *In re James*, 120 B.R. 802, 808 (Bankr. E.D.Pa. 1990)(writing that "courts have the inherent power to join a party plaintiff 'in case of transfer of any interest,' such as the transfer of interest effected upon the filing of bankruptcy and appointment of a trustee"), *rev'd on other grounds*, 940 F.2d 46 (1991). Similarly, there is no sound reason for the Court to refuse to substitute the Debtor where the Trustee has abandoned and returned such an action to the Debtor pursuant to 11 U.S.C. sec. 554 shortly before the bankruptcy case is scheduled to close.

46.     Finally, due to the imminent expiration of the FI Liquidating Trust, and the resulting discharge of the Trustee, neither the Bankruptcy Court nor the Trustee has any further interest in the disposition of this action.[10] Rather than requiring that the action continue in the name of a party without an interest in it, the Trustee respectfully requests that the sounder course is to substitute RFLI as sole Plaintiff. *See*, *e.g.*, *P P, Inc., v. McGuire*, 509 F.Supp. 1079, 1083 (D.N.J. 1981)(concluding, in the context of a claim on a promissory note, that where the transfer extinguishes the original plaintiff's interest in the action, at least in its original capacity as a plaintiff, the sounder course is to substitute the transferee as named plaintiff rather than name him as an additional plaintiff). Indeed, the only instance the Trustee can find in which a court joined, rather than substituted, a transferee following the abandonment of a claim involved a situation in which the transferor retained an interest in a percentage of the proceeds of the action. *See Pacamor Bearings*, Inc., 892 F.Supp. at 359-61 (joining transferee as co-plaintiff where transferor abandoned cause of action to transferee but retained 10% of the net recovery from the action). The Trustee has not retained an interest in the action; it has abandoned all right and interest to RFLI.

## VI.     <u>CONCLUSION</u>

WHEREFORE, for the reasons set forth in this motion and memorandum, as well as those appearing in the court file and record, J.P. Morgan Chase Bank, National Association, as Liquidating Trustee, respectfully requests that the Court issue an order under Rule 25(c)

---

[10]     Rule 25(c) applies even where the original party, the transferor, no longer has an interest in the action. *See ELCA Enterprises, Inc.*, 53 F.3d at 191 (concluding that "[t]he district court erroneously determined that Rule 25(c) only applies if, as a matter of substantive law, the original plaintiff retains a cause of action against the defendant after the transfer of interest"). "[Rule 25(c)] expressly permits parties to continue in an action, even if they do not remain the real party in interest, as long as the cause of action *itself* survives the transfer to the new party." *Id*.

substituting Reorganized FLI, Inc. for J.P. Morgan Trust Company, National Association as the sole Plaintiff in this action.

In further support of its motion, the Trustee submits herewith a proposed complaint substituting RFLI as Plaintiff and a proposed order approving the motion. Attached as Exhibit 6 hereto is a copy of a proposed Amended Complaint substituting Reorganized FLI, Inc. as sole Plaintiff in place and stead of J.P. Morgan Trust Company, National Association, in its capacity

as Trustee of the FI Liquidating Trust. Attached as Exhibit 7 hereto is a copy of a proposed order granting the motion and approving the substitution.

DATED:        February 26, 2009

Respectfully Submitted,

_____*s/* Gary D. McCallister_____
Gary D. McCallister (KS  08928)
Gary D. McCallister & Associates, LLC
120 North LaSalle Street, Suite 2800
Chicago, IL 60602
Telephone: 312-345-0611
Fax:  312-345-0612

Eric I. Unrein (KS 16042)
Davis, Unrein, Biggs & Head, L.L.P.
100 E. 9th Street, 3rd Floor, P.O. Box 3575
Topeka, KS 66601-3575
Telephone: 785-354-1100
Fax: 785-354-1113

Donald D. Barry (KS 6250)
Barry Law Offices, LLC
Donald D. Barry, Chartered
5340 S.W. 17th Street, P.O. Box 4816
Topeka, Kansas 66604
Telephone: 785-273-3151
Fax: 785-273-5115

Thomas J. H. Brill (KS 8883)
Law Offices of Thomas H. Brill
6552 Sagamore
Mission Hills, KS 66208-3710
Telephone: 913-677-2004
Fax: 913-383-2425

Isaac L. Diel (KS 14376)
Sharp McQueen, P.A.
6900 College Blvd., Suite 285
Overland Park, Kansas 66207
Telephone: 913-661-9931
Fax: 913-661-9935

**ATTORNEYS FOR J.P. MORGAN**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of February, 2009, a true and correct copy of the foregoing was electronically filed and served on counsel for all parties properly registered to receive notice via the Court's CM/ECF system.

_____/s Gary D. McCallister___