MICHAEL JOHN MIGUEL
JODI STANFIELD
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501

Attorneys for Defendants
Xcel Energy Inc. and
e prime Energy Marketing, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION. | MDL Docket No. 1566 |
| | Base File 2:03-CV-1431-PMP-PAL |
| THIS DOCUMENT RELATES TO: | 2:06-CV-1351-PMP-PAL |
| BRECKENRIDGE BREWERY OF COLORADO, LLC, et al., | |
| Plaintiff, | |
| v. | |
| ONEOK, INC., *et al.*, | |
| Defendants. | |

**DEFENDANTS XCEL ENERGY INC. AND E PRIME ENERGY MARKETING, INC.'S JOINDER IN JOINT OPPOSITION AND SEPARATE OPPOSITION TO BRECKENRIDGE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21110258.1

XCEL AND EPEM'S JOINDER AND SEPARATE
ARGUMENT IN OPPOSITION TO BRECKENRIDGE
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Xcel Energy Inc. ("Xcel") and e prime Energy Marketing, Inc. ("EPEM") (collectively "EPEM Defendants") join MDL Defendants' Joint Opposition to Plaintiffs' Motions for Class Certification and supporting papers in their entirety.[1] EPEM Defendants file this separate Joinder and Opposition to assert <u>additional</u> arguments against the certification of the proposed Colorado class, ostensibly represented by Breckenridge Brewery of Colorado, LLC ("Breckenridge Brewery") and BBD Acquisition Co. ("BBD") (collectively "Breckenridge Plaintiffs" or "Plaintiffs").

As set forth below, the landscape of this case changed substantially after this Court's Orders of February 19, 2008 ("2/19/08 Order"), April 21, 2008 ("4/21/08 Order") and January 8, 2009("1/8/09 Order") (collectively the "Orders"), dismissing all other defendants and precluding certain damages and equitable relief claims.[2] Although Breckenridge Plaintiffs' Motion fails to take stock of these developments, the reality is that the parties and the issues in this case have been simplified to the point that proceeding as a class action makes no sense.

As the case stands, Breckenridge Plaintiffs have not and cannot meet the requirements for class certification as required by Federal Rule of Civil Procedure 23(a) and (b). Given that there are now effectively three parties remaining in this case, Plaintiffs cannot show numerosity, nor can they show that joinder of putative class members is impracticable. Further, Plaintiffs "full consideration" damages claim will require individualized proof as Plaintiffs must show their contractual and purchasing relationship with EPEM specifically. As such, Plaintiffs cannot show that common questions of law and fact predominate over individual questions or that the class action structure is appropriate where proof of damages will require customer-by-customer and transaction-by-transaction analysis. Under these circumstances, preservation of EPEM

---

[1] Defendants' Opposition to Plaintiffs' Motions for Class Certification and supporting papers will be filed concurrently herewith.

[2] 2/19/08 Order [2:03-cv-01431-PMP-PAL, Doc. # 845]; 4/21/08 Order [2:03-cv-01431-PMP-PAL, Doc.# 943]; 1/8/09 Order [2:03-cv-01431-PMP-PAL, Doc. # 1480].

Defendants' due process and fairness rights is appropriate and Plaintiffs' motion for Class Certification should be denied.

## II. STATEMENT OF PERTINENT FACTS

Plaintiffs filed their action for violation of the Colorado Antitrust Act on May 19, 2006, alleging that "Original Defendants"[3] engaged in a conspiracy to artificially inflate the market price for natural gas. At the time, Original Defendants consisted of more than 20 parties, but did not include EPEM. After Plaintiffs' initiation of this action in state court, Original Defendants removed this case to federal court and it was later consolidated with these MDL pretrial proceedings.[4]

Original Defendants filed a motion for summary judgment on September 7, 2007, arguing that Plaintiffs lacked standing under the tenets of *Illinois Brick Co. v. Illinois,* 431 U.S. 720 (1977), because they could not show that they purchased natural gas directly from the Defendants.[5] Apparently, Plaintiffs agreed. On October 12, 2007, prior to this Court's ruling, Plaintiffs filed a Motion for Leave to Amend their Complaint to, among other things, add EPEM. Plaintiffs claimed that they "now realized," almost 18 months after filing their Complaint, that "Breckenridge Brewery of Colorado purchased natural gas from EPEM."[6] Plaintiffs further argued that co-conspirator liability applied and that their claims against all Defendants should survive because they could now show direct purchases of natural gas from one.

As EPEM Defendants argued in their opposition to Plaintiffs' Motion to Amend the Complaint, and as will be proven on the merits, EPEM is not a proper defendant.[7] As a

---

[3] Defendants named in Breckenridge Plaintiffs' original Class Action Complaint and Jury Demand were: OneOk, Inc., Oneok Energy Marketing & Trading Co., L.P., The Williams Companies, Inc., Williams Merchant Services Company, Inc., Williams Energy Marketing & Trading Co., AEP Energy Services, Inc., Duke Energy Corporation, Duke Energy Trading and Marketing Co., LLC, Dynegy Marketing and Trade, El Paso Corporation, El Paso Merchant Energy, LP, CMS Energy Corporation, CMS Marketing Services & Trading Company, CMS Field Services, Center Point Energy, Inc., Reliant Energy, Inc. Reliant Energy Services, Inc. Coral Energy Resources, L.P., Xcel Energy , Inc. and e prime, inc.

[4] Notice of Removal, Compl. [2:06-cv-013510PMP-PAL, Doc. #2]; Letter dated November 2, 2006 [2:06-cv-0135PMP-PAL, Doc. #291] (centralizing case in this Court for coordinated pretrial proceedings).

[5] Defendants' Motion for Summary Judgment [2:03-cv-01351-PMP-PAL, Doc. # 73].

[6] Plaintiffs' Motion for Leave to Amend Complaint to Add e prime Energy Marketing as a Defendant [2:03-cv-01431-PMP-PAL, Doc. #717, p. 2].

[7] Defendant Xcel Energy Inc.'s Opposition to Motion for Leave to Amend Complaint [2:06-cv-01351-PMP-PAL,

preliminary matter, EPEM was a retail seller of natural gas that did not report its sales transactions to any publisher of wholesale natural gas price indices. Since EPEM did not report, it follows that EPEM could not conspire to provide false reports, and Plaintiffs have no basis for their claims against either EPEM or its indirect parent, Xcel.[8] Further, Plaintiffs' claims were filed after the applicable limitations period, and Plaintiffs cannot possibly show that EPEM and Xcel worked to conceal a conspiracy, in which, by their very business practices, they could not have participated. Nonetheless, in the 2/19/08 Order, this Court found that Plaintiffs did purchase gas from EPEM, and "in its discretion," granted Plaintiffs leave to amend. 2/19/08 Order at 16:7. The Court permitted the addition of EPEM so that Plaintiffs could "pursue discovery regarding whether [alleged] avenues of relief applied." *Id. at* 16:21-23.

Although this Court allowed Breckenridge Plaintiffs' case against EPEM Defendants to survive, it substantially limited the scope of this case through the 2/19/08 Order. Specifically, this Court ruled that Colorado courts would apply *Illinois Brick* and that Plaintiffs must show direct purchases of natural gas in order to achieve antitrust standing. This Court further ruled that co-conspirator liability does not apply to claims for "full consideration" damages and that Plaintiffs' claims against all defendants could not be sustained based on their direct purchase of natural gas from one. As a result, this Court dismissed all Defendants excepting Original Defendant Xcel and the newly added EPEM.

When Plaintiffs filed their Motion for Class Certification ("Motion"), their claims against Original Defendants still survived.[9] In the footnote supporting their proposed class definition, Plaintiffs made sure to explain that "all defendants remain in the case."[10] Yet, Plaintiffs have made no attempt to modify their proposed definition or any of the arguments contained in their Motion in light of the Orders. The Court's "slimming down" of the parties and issues through

---

Doc. # 111].

8 Plaintiffs have sued Xcel , a holding company that did not itself sell natural gas, based on alter ego liability.

9 Although the 2/19/08 Order dismissed Plaintiffs legal damages claim against Original Defendants, the Court was considering Plaintiffs' equitable claims against Original Defendants

10 [Breckenridge] Plaintiffs' Motion for Class Certification and Memorandum in Support [2:03-cv-01431-PMP-PAL, Doc. # 1394, at 1, fn. 1].

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21110258.1                     4                     XCEL AND EPEM'S JOINDER AND SEPARATE
                                                         OPPOSITION TO BRECKENRIDGE PLAINTIFFS'
                                                         MOTION FOR CLASS CERTIFICATION

this Order, and indeed all of the Orders, have resulted in a case that is particularly ill suited for the class action structure.

### III. ARGUMENT:

#### A. The Breckenridge Case Fails to Meet the Requirements of Rule 23 and Should Proceed (if at all) as Direct Action(s)

The Court's discretion to certify a class should be guided by whether certification will further judicial economy aims. *In re A.H. Robins Co., Inc.*, 880 F.2d 709, 740 (4th Cir. 1989) (conducting a Rule 23 analysis includes considering which method of adjudication "will in the particular case 'best serve the ends of justice for the affected parties . . . and promote judicial efficiency.'"). The class action structure is intended to give courts a mechanism for managing unwieldy cases that are based on substantially similar facts. *See First Fed. of Mich. v. Borrow*, 878 F. 2d 912, 919 (6th Cir. 1989) (finding that class certification can be used to avoid "a multitude of separate actions against the individual members of the certified classes which would [ ] create [ ] the risk of inconsistent or varying adjudications . . . which, in turn, would [ ] establish[ ] incompatible standards of conduct . . ."). Class actions, however, are the exception to the rule and in order to certify a class, the moving party must show that the complexities of administering the case warrant sublimating the due process and fairness rights of the non-moving party. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 155 (1982). Plaintiffs cannot do that here.

In its current posture, the Breckenridge case involves a single alleged wrongdoer—EPEM—and its alleged parent (solely on grounds of alter ego liability) with respect to alleged dealings with Colorado purchasers, each of which would be required to demonstrate, <u>individually,</u> any transaction they content is wrongful in order to seek "full consideration" for direct purchases. To date, only two contracts have been produced—one between EPEM and BBD, and one between EPEM and Breckenridge Brewery. *See* Breckenridge Plaintiffs' Response to Defendants' Motion for Reconsideration of Plaintiffs' Motion for Leave to Amend Complaint, "Exhibit A" [2:03-cv-01431-PMP-PAL, Doc. # 752]. Thus, there are no complexities of administration that warrant proceeding as a class action.

**B.     There is No Showing of Impracticability of Joining All Putative Members**

As an initial matter, Breckenridge Plaintiffs cannot meet the threshold Rule 23(a) requirement that they show putative class members are so numerous as to render joinder impracticable. Fed. R. Civ. P. 23(a). In their moving papers, Plaintiffs claim that they "believe" the number of class plaintiffs reaches into the "thousands." *See* P. Mot. p. 2. However, this statement was made before the Orders and before dismissal of all other defendants. In light of this Court's rulings, the proposed class definition must be modified to read: "industrial and commercial [companies who were] direct purchasers of natural gas [**from EPEM**], for their own use or consumption during the Relevant Time Period, and which gas was used or consumed by them in Colorado. . . . [P. Mot. at p. 1]. Consequently, all companies that purchased gas from other Defendants, and which Plaintiffs previously included in their estimate of "thousands," must be excised from the putative class member calculation.

Plaintiffs' estimate appears to be based on total industry participants rather than the number of companies that purchased natural gas from EPEM specifically. *See Siles v. ILGWU Nat'l Ret. Fund*, 783 F. 2d 923, 930 (9th Cir. 1986) (numerosity was not met because although plaintiff presented evidence that 31,000 employees were covered by plan and lost their jobs, plaintiff failed to show how many employees were eligible for and failed to receive benefits). As such, Plaintiffs have failed to show that the number of putative plaintiffs, the most important factor in the numerosity analysis, is so great that joinder of individual actions is unfeasible.

Plaintiffs bear the burden of providing a reasonable estimate of the number of class members and have failed to do so. *See In re Amerifirst Sec. Litig.,* 139 F.R.D. 423, 427 (S.D. Fla 1991)(holding that plaintiffs generally must proffer some evidence or **reasonable** estimate of number of class members). The only reasonable explanation for this failure is that Plaintiffs have no other evidence to present. The Orders were made pursuant to Defendants' Motions for Summary Judgment, and thus, it stands to reason that Plaintiffs would have submitted everything in their possession in an effort to sustain their case. Rather, Plaintiffs have only been able to identify two companies that purchased natural gas from EPEM. Two purchasers and one seller is hardly the paradigm that justifies class certification.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21110258.1

6

XCEL AND EPEM'S JOINDER AND SEPARATE
OPPOSITION TO BRECKENRIDGE PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION

Under the law of Colorado, joinder of individual plaintiffs is not only practicable, but is optimal. *See Denver v. American Oil Co.*, 53 F.R.D. 620, 628 (1971) (antitrust case holding that "joinder is to be preferred" when plaintiffs consist of a limited number of direct purchasers). Given the limited parties involved, and the requirement that each prove their relationship to EPEM, this is not a case that would be needlessly complicated by joinder of all putative class members. Further, this is not a situation where Plaintiffs are geographically dispersed since, by Plaintiffs' definition, all members used or consumed natural gas in Colorado. *See Tietz v. Bowen,* 695 F. Supp. 441, 445 (N.D. Cal. 1987) *aff'd,* 892 F.2d 1046 (9th Cir. 1990) ( geographic dispersion is a factor in determining whether joinder of putative class members is impracticable); *Christinana Mortgage Corp. v. Del. Mortgage Bankers Ass'n,* 136 F.R.D. 372, 377-378 (D. Del. 1991) (numerosity not met because all members lived within the same state or within 100 miles of the state.) In addition, putative Plaintiffs here are by definition sophisticated commercial and industrial companies that are adequately positioned to seek redress individually and who must show direct purchases. 2/19/08 Order at 7:21-23; *see Sherman v. Griepentrog*, 775 F. Supp. 1383, 1389 (D. Nev. 1991) (sophistication level of proposed plaintiffs bears on numerosity analysis); *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.,* 149 F.R.D. 65, 73 (D.N.J 1993) *vacated and remanded,* 171 F.3d 818 (3d Cir. 1999) (holding that joinder was not impracticable because 123 purported class members were motor vehicle dealerships capable of litigating for themselves). The facts are overwhelming—Plaintiffs have not and cannot show that joinder of potential class members cases is impracticable.

### C. Individual Fact Questions Predominate Over Common Questions

Although Plaintiffs claim to satisfy Rule 23(b)(3) in their moving papers, they fall short on both of the Rule's mandates. First, Plaintiffs cannot show that common questions of law and fact predominate over individual questions. Fed. R. Civ. Pro. 23(b). Second, Plaintiffs cannot show that class action is the superior means by which to adjudicate these cases. *Id.* In particular, whether and to what degree Breckenridge Plaintiffs were damaged is a pivotal question that requires each Plaintiff to prove its contractual relationship with EPEM specifically.[11] To make

---

[11] The issue of damages will only arise after Plaintiffs prove that EPEM participated in the alleged conspiracy that is

1  such a showing, each Plaintiff will have to prove with particularity that it purchased natural gas

2  from EPEM at a price that was artificially inflated by the alleged conspiracy.  To do this,

3  Plaintiffs must effectively present individual cases as to each of their damages.  *See Butt v.*

4  *Allegheny Pepsi-Cola Bottling Co.,* 116 F.R.D. 486, 491 (E.D. Va. 1987) (certification denied

5  because proof of damages would require detailed customer-by-customer and transaction-by-

6  transaction analysis).  As such, individual questions predominate over common questions.

7        Difficulties in managing the logistics of a class action are relevant to the 23(b)(3) analysis.

8  *Butt*, 116 F.R.D. at 493.  The predominance of individual issues and need for case-by-case proof,

9  implicates "severe difficulties" in the management of these suits as a class action and renders the

10 format inferior. *Abrams v. Interco, Inc.,* 719 F.2d 23, 29 (2d Cir. 1983); *see also Butt*, 116 F.R.D.

11 at 493 (finding class action structure inferior because complexities of proving individual damages

12 would render class action unmanageable).  Given the need for individualized proof here, Plaintiffs

13 cannot show these cases are better managed as class actions, and they fail to satisfy the second

14 requirement of Rule 23(b)(3).

15 **IV.   CONCLUSION**

16       For the foregoing reasons and those stated in Defendants' Joint Opposition to Plaintiffs'

17 Motion for Class Certification, EPEM Defendants respectfully request that this Court Deny

18 Breckenridge Plaintiffs' Motion for Class Certification.

19

20 DATED: May 15, 2009            Respectfully submitted,

21                                           /s/ Michael John Miguel
                             By:  Michael John Miguel

22                                    Jodi Stanfield
                                   **Morgan, Lewis & Bockius LLP**

23                                    300 South Grand Avenue, Suite 2200
                                   Los Angeles, California 90071-3132

24                                    Telephone No. (213) 612-2500

25                                    Facsimile No.  (213) 612-2501
                                   *Attorneys for Xcel Energy, Inc. and e prime Energy*

26                                    *Marketing, Inc.*

27

---

the subject of this case—something Plaintiffs cannot do.  As discussed previously in this Opposition, the issue of conspiracy is also one that requires individualized proof and thus, renders class certification inappropriate.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21110258.1                             8              XCEL AND EPEM'S JOINDER AND SEPARATE
OPPOSITION TO BRECKENRIDGE PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21110258.1    9    XCEL AND EPEM'S JOINDER AND SEPARATE
OPPOSITION TO BRECKENRIDGE PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION