# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION | MDL No. 1566<br>CV-S-03-1431-PMP (PAL)<br>BASE FILE |

THIS DOCUMENT RELATES TO:

*Fairhaven Power Co.*
     (Case No. 2:05-CV-00243)

*Utility Savings & Refund Services LLP*
     (Case No. 2:05-CV-00110)

*Abelman Art Glass*
     (Case No. 2:05-CV-00437)

*Texas-Ohio Energy Inc.*
     (Case No. 2:04-CV-00465)

*Ever-Bloom Inc.*
     (Case No. 2:05-CV-01169)

## ORDER AWARDING ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS

The Court, having considered California Class Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards and supporting papers (the "Motion"), and the complete record and files in connection with the above-captioned cases; and good cause appearing, hereby ORDERS:

1.  The Motion requests (1) an award of attorneys' fees of 25% of the six settlement agreements preliminarily approved by the Court on May 7, 2009 (Dkt. # 1621) (comprised of the settlement payments of $14.65 million, plus accrued interest thereon) (the "Settlement Agreements"); (2) reimbursement of Plaintiffs' counsel's out-of-pocket litigation costs and expenses totaling $283,644.71, and future costs associated with claims administration not to exceed $100,000.00; and (3) incentive awards of $5,000 to each of the six class representatives in the above-captioned cases.

2.  The Court finds that the amount of fees requested is fair and reasonable under the "percentage of recovery" method.

3.  Moreover, the Court finds that the amount of fees requested is fair and reasonable under the "lodestar crosscheck" method.

4.  The attorneys' fees requested were entirely contingent upon success.  Plaintiffs' counsel risked time and effort and advanced costs and expenses with no ultimate guarantee of compensation.

5.  The class notice, sent to more than 6,000 potential members of the settlement class, and the publication notice, placed in various newspapers and websites, informed potential members of the settlement class that Plaintiffs' counsel would be seeking fees in the amount of 25% of the Settlement Agreements plus interest, reimbursement of costs and expenses, and incentive awards of $5,000 for the class representatives in

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS – MDL No. 1566

the actions listed in on this Order.  The Court has been informed that no objections were received from the class to the fee request, reimbursement of expenses, and payment of incentive awards.

6. The Court has considered the Motion and papers filed in support thereof.  Based upon these and other matters on record filed in this action, the Court finds that the fee requested is reasonable and proper, and that the costs and expenses incurred by Plaintiffs' counsel were necessary, reasonable, and proper.

7. The Court further finds that an award of $5,000 to each of the class representatives is reasonable.

THEREFORE, IT IS HEREBY ORDERED:

8. Plaintiffs' counsel are awarded attorneys' fees in the amount of twenty-five percent (25%) of the $14.65 million in payments under the Settlement Agreements, including interest earned thereon for the same time period and at the same rate as that earned on the payments under the Settlement Agreements until disbursed to Plaintiffs' counsel.

9. Plaintiffs' counsel are awarded, additionally, reimbursement of litigation costs and expenses in the amount of  $283,644.71.  Plaintiffs' counsel are further authorized to withdraw from the settlement fund additional amounts not exceeding $100,000.00 for the costs of settlement administration.

10. The attorneys' fees awarded and the amount in reimbursement of the litigation costs and expenses shall be paid from the settlement fund and the interest earned thereon.

11. The award of attorneys' fees and amounts in reimbursement of costs and expenses shall be allocated among Plaintiffs' counsel by agreement among Settlement Class Counsel in a manner which, in Settlement Class Counsel's good-faith judgment,

reflects each Plaintiffs' counsel's contribution to the institution, prosecution, and resolution of the litigation against the settling defendants.  Should Settlement Class Counsel be unable to reach agreement on the fee allocation, counsel agree to refer any dispute to a mediator for resolution.

12. The Court retains jurisdiction over the matters that are the subject of this Order until after full disbursement of the settlement fund, and/or as necessary to effectuate the terms of the Settlement Agreements relating to attorneys' fees and incentive awards.

13. Settlement Class Counsel are authorized to and shall pay, or direct payment of, $5,000 to each of the class representatives:  (i) Texas-Ohio Energy Inc.; (ii) Fairhaven Power Co.; (iii) Abelman Art Glass; (iv) Utility Savings and Refund Services, LLP; (v) Ever-Bloom Inc.; (vi) Maximum Nursery Inc.  These amounts are in addition to the previous incentive awards ordered by the Court on December 17, 2007 (Dkt. # 795), and shall be drawn from the settlement fund.

14. This Order shall be entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, as the Court finds that there is no just reason for delay.

IT IS SO ORDERED.

Dated:  August 25, 2009

Hon. Philip M. Pro
United States District Judge

3218423v1