1

2

3

4                                        UNITED STATES DISTRICT COURT

5                                               DISTRICT OF NEVADA

6                                                      * * *

IN RE: WESTERN STATES                  )          MDL 1566
7   WHOLESALE NATURAL GAS               )          2:03-CV-01431-PMP-PAL
ANTITRUST LITIGATION                   )          BASE FILE
8   _____  )
                                       )
9   ARANDELL CORP., et al.,            )
                                       )          2:07-CV-01019-PMP-PAL
10                  Plaintiffs,         )
                                       )
11   v.                                )
                                       )          ORDER RE: PLAINTIFFS' MOTION
12  XCEL ENERGY, INC., et al.,         )          TO RECONSIDER (Doc. #1644)
                                       )
13                  Defendants.        )
    _____  )

14

15          Presently before this Court is Plaintiffs' Motion for Reconsideration of the

16  Court's February 26, 2009 Dismissal of CMS Energy Corp. and CMS Energy Resources

17  Management Co. for Lack of Personal Jurisdiction (Doc. #1644) with supporting

18  declaration (Doc. #1645).  Defendants filed an Opposition (Doc. #1660) on June 15, 2009.

19  Plaintiffs filed a Reply (Doc. #1696) on July 13, 2009.

20  **I.          BACKGROUND**

21          The parties are familiar with the factual background of this action as part of this

22  Multidistrict Litigation ("MDL"), and the Court will not repeat the facts here except where

23  necessary.  Defendants CMS Energy Corporation ("CMS"), CMS Energy Resources

24  Management Co. ("MST"), and Cantera Gas Company previously moved to dismiss,

25  arguing this Court lacks personal jurisdiction over them.  According to these Defendants,

26  they conduct no business in Wisconsin and have no other contacts supporting general or

specific jurisdiction.  Defendant CMS also argued it cannot be subject to jurisdiction in Wisconsin based on its subsidiaries' contacts with the forum because its subsidiaries are not its agents or alter egos, and Wisconsin would not support the conspiracy theory of jurisdiction.

Plaintiffs responded that CMS's subsidiaries have conducted business in Wisconsin by making sales of natural gas to Wisconsin-based entities with knowledge that the natural gas would be consumed in Wisconsin.  Additionally, Plaintiffs argued CMS is subject to personal jurisdiction through its subsidiaries' contacts based on agency and alter ego principles.  Plaintiffs further argued that because Wisconsin's antitrust statutes contemplate imposing liability on an antitrust conspirator who performs acts outside of Wisconsin that have an impact in Wisconsin, the Court has personal jurisdiction over Defendants under Wisconsin's long-arm statute.

This Court held Plaintiffs had not established a prima facie case that MST was subject to personal jurisdiction in Wisconsin.  (Order (Doc. #1528).)  The evidence presented showed MST entered into long term supply contracts with several Wisconsin-based entities worth millions of dollars in sales and MST employees regularly solicited business from Wisconsin companies at their Wisconsin offices, either in person or by telephone.  (Id. at 21.)  The Court stated that "[h]aving specifically targeted Wisconsin for sales, and having been successful in that effort, MST purposefully directed activity at Wisconsin."  (Id.)  However, the Court concluded that Plaintiffs had not demonstrated their claims arose out of MST's forum-related contacts because Plaintiffs presented no evidence MST solicited and made sales to any of the named Plaintiffs.  (Id. at 22.)  The Court noted that the named class representatives' claims must satisfy the specific jurisdiction test, and because no class has been certified, Plaintiffs could not rely upon the possibility that unnamed class members' claims may arise out of MST's Wisconsin contacts.  (Id.)  The Court therefore granted MST's motion to dismiss for lack of personal jurisdiction.  (Id.)

As to Defendant CMS, Plaintiffs asserted personal jurisdiction in Wisconsin over CMS based solely on its subsidiaries' contacts with the forum.  Because the Court held that neither MST nor Field Services were subject to personal jurisdiction in Wisconsin, the Court also dismissed CMS for lack of personal jurisdiction.  (Id. at 23.)  The Court further held that, consistent with several other of this Court's orders regarding CMS's amenability to personal jurisdiction, the Court would not attribute MST's or Field Services' contacts to CMS under agency or alter ego principles, or under the conspiracy theory of personal jurisdiction.  (Id.)

Plaintiffs now move the Court to reconsider this ruling.  Plaintiffs contend that newly discovered evidence establishes that MST in fact made sales to a named Plaintiff in this action through an agent, Kaztex Energy Management ("Kaztex").  Plaintiffs also argue this Court incorrectly applied the personal jurisdiction test by applying the "but for" test in deciding whether Plaintiffs' claims arose from Defendants' forum-related activities.  Defendants respond that the Kaztex information is not "new," as Plaintiffs knew Kaztex purchased natural gas from MST for delivery points outside of Wisconsin and cited to such evidence in their opposition to MST's motion to dismiss.  Defendants further contend the Court did not err in its analysis of the personal jurisdiction question.  Finally, Defendants argue that the time has expired for Plaintiffs to request reconsideration of any purported legal error.

## II. DISCUSSION

Reconsideration of a prior ruling is appropriate only in limited circumstances, such as the discovery of new evidence, an intervening change in controlling law, or where the initial decision was clearly erroneous or manifestly unjust.  Nunes v. Ashcroft, 375 F.3d 805, 807-08 (9th Cir. 2004).  A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled.  Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).

**A.  Timeliness**

Defendants argue Plaintiffs' motion for reconsideration is untimely because it was not brought under Federal Rule of Civil Procedure 59 within ten days of the Court's Order, and was not brought under Rule 60 before the time to appeal lapsed.  Plaintiffs respond that Rule 59 only applies to judgments, and this Court did not enter judgment as to these Defendants.  Plaintiffs also argue the time to appeal the Order has not lapsed because Rule 54 provides that where the Court does not completely dispose of the case as to all claims and all parties, all orders remain subject to revision.

At the time this Court entered its Order, Federal Rule of Civil Procedure 59(e) required a party moving to alter or amend a judgment to file such a motion within ten days after judgment was entered.[1]  A motion for relief from a final judgment, order, or proceeding under Rule 60(b) "must be made within a reasonable time."  Fed. R. Civ. P. 60(c).  Generally, however, the party must move for relief from a legal error under Rule 60(b) before the time for appeal expires.  See Gila River Ranch, Inc. v. U.S., 368 F.2d 354, 357 (9th Cir. 1966).  Pursuant to Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  The Court may direct entry of judgment when resolving fewer than all claims or all parties, but only if it expressly determines there is no just reason for delay.  Fed. R. Civ. P. 54(b).

Rule 59(e) is inapplicable here, as the Court did not enter judgment with respect to Defendants CMS or MST, it dismissed for lack of personal jurisdiction.  Additionally,

---

[1]  By amendment, Rule 59(e) now provides that a motion to alter or amend judgment must be filed within twenty-eight days after entry of judgment.

Plaintiffs' motion is timely under Rule 60(b) because the time for appeal has not expired. The Court's prior Order resolved Plaintiffs' claims as to fewer than all of the parties in the action, and the Court did not enter judgment under Rule 54(b).  Plaintiffs' motion therefore is timely.

**B.  Merits**

A nonresident defendant's contacts with the forum state may permit the exercise of specific jurisdiction if: (1) the defendant has performed some act or transaction within the forum or purposefully availed himself of the privileges of conducting activities within the forum, (2) the plaintiff's claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction over the defendant is reasonable. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155-56 (9th Cir. 2006).  The plaintiff "bears the burden of demonstrating that the court has jurisdiction over the defendant." Id. at 1154.

The Court will grant Plaintiffs' motion for reconsideration as to Defendant MST. Plaintiffs have presented new evidence demonstrating that MST made sales to Plaintiffs' agent, Kaztex, during the relevant time period.  Although Plaintiffs previously argued MST had made sales to Kaztex, Plaintiffs did not present evidence demonstrating that fact sufficient to make out a prima facie case of personal jurisdiction.  Plaintiffs' prior evidence consisted of a sales record that purported to show sales from MST to Kaztex.  (Ex. F to Decl. of Alexander T. Pendleton (Doc. #1049) at CMS-WI-022754.)  However, the document was less than clear on its face, and was contradicted by other evidence which did not list MST as an entity from which Kaztex purchased natural gas as agent for Plaintiff Arandell Corporation.  (See id.; Decl. of David C. Treis (Doc. #744) at 2.)  Kaztex since has corrected its list and now indicates that it purchased natural gas from MST during the relevant time period.  (Decl. of William E. Fischer (Doc. #1645), Ex. A at 5 & Attach A.) Plaintiff Arandell Corporation's claims arise out of Defendant MST's forum-related contacts, as Plaintiffs have presented evidence that Plaintiff Arandell Corporation would

5

1   not have been harmed but for Defendant MST's sales to its agent at prices which Plaintiffs

2   allege were manipulated through MST's participation in a price-fixing conspiracy.

3          Because the Court previously ruled that Plaintiffs failed to establish MST's

4   forum-related contacts were the "but for" cause of Plaintiffs' injuries, the Court never

5   reached the third prong of the specific jurisdiction test, whether the exercise of jurisdiction

6   over the defendant is reasonable.  If, as here, the plaintiff establishes both purposeful

7   availment and "but for" causation, "the defendant must come forward with a 'compelling

8   case' that the exercise of jurisdiction would not be reasonable."  Boschetto v. Hansing, 539

9   F.3d 1011, 1016 (9th Cir. 2008) (quotation omitted).  Under this last prong of the specific

10  jurisdiction test, courts generally consider a variety of factors to determine whether

11  exercising jurisdiction would be reasonable:

12         (1) the extent of the defendant's purposeful interjection into the forum
           state, (2) the burden on the defendant in defending in the forum, (3) the
13         extent of the conflict with the sovereignty of the defendant's state, (4)
           the forum state's interest in adjudicating the dispute, (5) the most
14         efficient judicial resolution of the controversy, (6) the importance of
           the forum to the plaintiff's interest in convenient and effective relief,
15         and (7) the existence of an alternative forum.

16  Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000),

17  modified, Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199,

18  1207 (9th Cir. 2006).  A court must balance all seven factors and no factor is determinative.

19  Core-Vent Corp. v. Nobel Indus., 11 F.3d 1482, 1488 (9th Cir. 1993).

20         MST has not set forth a compelling case that the exercise of personal jurisdiction

21  over it in Wisconsin would be unreasonable.  As discussed in this Court's prior Order, MST

22  purposefully injected itself into Wisconsin by entering into long term supply contracts with

23  several Wisconsin-based entities from which MST reaped millions of dollars in sales.  MST

24  identified Wisconsin as a target for natural gas sales with reference to specific customers.

25  Plaintiffs presented unrebutted evidence that two MST employees who had sales

26  responsibility for Wisconsin regularly solicited business from Wisconsin companies at their

1    Wisconsin offices, either in person or by telephone.

2           The burden on MST of litigating this action in Wisconsin is minimal.  MST is a

3    Michigan corporation, and thus geographically is near Wisconsin.  Moreover, modern

4    technology and ease of travel lessen the burden.  There is no conflict with the sovereignty of

5    Michigan.  Wisconsin, on the other hand, has a significant interest in ensuring its citizens

6    are protected from collusive price-fixing behavior, and in providing its citizens with a

7    forum in which to seek redress.  Resolution in Wisconsin is efficient, as the claim can be

8    adjudicated with many of MST's alleged co-conspirators who remain Defendants in this

9    action.  Because Wisconsin courts will be more familiar with the Wisconsin law under

10   which Plaintiffs bring their claims, Plaintiffs' interest in convenient and effective relief is

11   served by Wisconsin exercising jurisdiction over MST.  Finally, while an alternative forum

12   exists in Michigan, that factor alone does not outweigh the other factors which weigh in

13   favor of finding the exercise of personal jurisdiction over MST reasonable.  Having directed

14   sales efforts at Wisconsin and being successful in those efforts by making millions of

15   dollars worth of sales, MST reasonably could foresee being haled into Wisconsin courts by

16   one of its Wisconsin-based customers for an alleged price-fixing conspiracy arising out of

17   those sales.  Plaintiffs therefore have presented evidence sufficient to support a prima facie

18   case that this Court has personal jurisdiction over Defendant MST.

19          However, the Court will deny Plaintiffs' motion for reconsideration as to

20   Defendant CMS.  This Court set out in detail in separate Orders why it would not attribute

21   MST's forum-related contacts to CMS.  (See Orders (Doc. #1515, #1517, #1518, #1520).)

22   Plaintiffs' motion for reconsideration on this issue is a rehashing of arguments and issues

23   the Court already has considered and decided.  Plaintiffs' attempt to compare a statement in

24   CMS's risk management policy with the evidence which this Court found sufficient to

25   exercise personal jurisdiction over Dynegy, Inc. ("Dynegy") is unpersuasive.  CMS's risk

26   management policy identifies MST as the entity within CMS that is "authorized to negotiate

for and enter into derivative agreements on behalf of CMS Energy."  (App. of Docs. Filed Under Seal (Doc. #1142), Ex. M at 2.)  Plaintiffs liken this statement to a statement in Dynegy's 1998 Policy and the 2002 Policy Statements which stated Dynegy's board of directors granted authorization to traders to negotiate, enter into, and execute natural gas sales and purchases on Dynegy's behalf.  (Order (Doc. #1549) at 17-18.)  However, the Court did not rely on a single statement in a Dynegy policy.  The Court noted that the 1998 Policy contained a "'Trader Authorization Form' which stated that the individual trader 'has been authorized to act as a trader on behalf of Dynegy, Inc., subject to all limitations and qualifications' set forth in the 1998 Policy."  (Id.)  The Court also noted that Dynegy sent a letter to a Wisconsin-based entity on Dynegy's own letterhead to confirm that Dynegy made sales to that entity in Wisconsin.  (Id.)  Plaintiffs have presented no similar evidence as to CMS.

**C. Transfer**

Plaintiffs request that if the Court determines it lacks personal jurisdiction, it should transfer the claims against Defendants to a district where jurisdiction would exist. Defendants respond that the Court lacks the power to transfer the case anywhere except back to the originating court.  Defendants also argue transfer after the Court already has dismissed is inappropriate.  Finally, Defendants contend transfer is not in the interests of justice because Plaintiffs have advocated against an alternative forum.

Whenever a court "finds there is a want of jurisdiction" in a civil action, the court "shall" transfer the action to "any other such court in which the action or appeal could have been brought at the time it was filed or noticed," but only if the transfer is "in the interest of justice."  28 U.S.C. § 1631.  The United States Court of Appeals for the Ninth Circuit has not decided whether the term "jurisdiction" in § 1631 includes personal jurisdiction, or relates only to subject matter jurisdiction.  The statute's plain language does not limit its scope to only subject matter jurisdiction.  The Court therefore concludes that it includes

8

cases where there is a want of personal jurisdiction. See Roman v. Ashcroft, 340 F.3d 314, 328 (6th Cir. 2003). Moreover, the Ninth Circuit has held that 28 U.S.C. § 1406(a)[2] "authorize[s] the transfer of a case so as to cure the lack of personal jurisdiction in the district where the case was first brought" if the transfer is in the interest of justice. Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1523 (9th Cir. 1983). Consequently, this Court typically would have had to consider whether transfer was in the interest of justice prior to dismissing Defendants for lack of personal jurisdiction in this action, even without a request from Plaintiffs for a transfer. In re McCauley, 814 F.2d 1350, 1352 (9th Cir. 1987) ("A motion to transfer is unnecessary because of the mandatory cast of section 1631's instructions.").

However, this Court is not the originating court for this action, as the case is among several actions consolidated for pretrial proceedings before this Court after transfer from the Judicial Panel on Multidistrict Litigation. Pursuant to 28 U.S.C. § 1407(a), actions transferred to a court for consolidated or coordinated pretrial proceedings "shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." The United States Supreme Court has interpreted this language to prohibit the MDL court from transferring the MDL cases to itself for trial under 28 U.S.C. § 1404(a), which involves transfer for convenience of the parties and witnesses. Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 28 (1998). The Supreme Court did not consider whether an MDL court could transfer MDL actions under either § 1406(a) or § 1613. The Ninth Circuit has not considered the question after Lexecon.

---

[2] Section § 1406(a) provides:
The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Faced with § 1407(a)'s mandate that this Court remand MDL cases to the originating court on the one hand, and § 1613's and § 1406(a)'s mandates that the Court transfer the actions if in the interests of justice on the other, the Court concludes that § 1407(a) precludes a transfer under § 1613 or § 1406(a) absent a waiver of § 1407(a) by the plaintiff.  The Supreme Court described § 1407(a) as an "unconditional command" and an "obligation impervious to judicial discretion." Lexecon, 523 U.S. at 35, 36, 42.  In contrast, although cast in mandatory terms, whether to transfer in the interest of justice under § 1631 or § 1406(a) ultimately lies within the Court's discretion. Preminger v. Principi, 422 F.3d 815, 822 (9th Cir. 2005) (reviewing transfer under § 1631 for abuse of discretion); King v. Russell, 963 F.3d 1301, 1304 (9th Cir. 1992) (same for § 1406(a)). Consequently, § 1407(a)'s command trumps discretionary transfers under § 1613 or § 1406(a).

However, after Lexecon, some courts have concluded that a plaintiff may waive the right to a § 1407(a) remand.  See Armstrong v. LaSalle Bank Nat'l Ass'n, 552 F.3d 613, 615-16 (7th Cir. 2009); In re African-American Slave Descendants Litig., 471 F.3d 754, 756 (7th Cir. 2006); In re Carbon Dioxide Indus. Antitrust Litig., 229 F.3d 1321, 1325-26 (11th Cir. 2000). Lexecon made clear that § 1407(a) is "a venue statute that . . . categorically limits the authority of courts (and special panels) to override a plaintiff's choice [of forum]."  523 U.S. at 42.  Objections to venue generally are waivable. In re Duncan, 713 F.2d 538, 542 (9th Cir. 1983).

Consequently, the Court did not err by dismissing Defendant CMS without considering transfer because, absent a waiver from Plaintiffs,[3] § 1407(a) precluded a

---

[3] One might think a plaintiff always would prefer transfer to dismissal, and thus requiring a waiver in these circumstances is a formality which serves no legitimate purpose and harms, rather than protects, a plaintiff's interests.  However, a plaintiff may make the strategic decision that an appeal of the district court's jurisdiction or venue ruling is preferable to a transfer to another forum.

transfer under either § 1613 or § 1406(a).  Plaintiffs never requested a transfer or even suggested the possibility of a transfer until this motion for reconsideration, and instead insisted on their original choice of forum.  Now that the Court has dismissed Defendant CMS, the option to transfer no longer is available.  See HollyAnne Corp. v. TFT, Inc., 199 F.3d 1304, 1307 (Fed. Cir. 1999) (holding district court lacks authority to transfer case after it has dismissed for lack of personal jurisdiction).

**III.     CONCLUSION**

          IT IS THEREFORE ORDERED that Plaintiffs' Motion for Reconsideration of the Court's February 26, 2009 Dismissal of CMS Energy Corp. and CMS Energy Resources Management Co. for Lack of Personal Jurisdiction (Doc. #1644) is hereby GRANTED in part and DENIED in part.  The motion is granted with respect to Defendant CMS Energy Resources Management Co.  Defendant CMS Energy Resources Management Co. is hereby reinstated as a Defendant in this action.  The motion is denied with respect to Defendant CMS Energy Corp.

DATED: June 4, 2010

_____
PHILIP M. PRO
United States District Judge

11