UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| IN RE: WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION | ) ) ) ) | MDL 1566 2:03-CV-01431-PMP-PAL BASE FILE |
| _____ | ) ) | |
| NEWPAGE WISCONSIN SYSTEM INC., Plaintiff, v. CMS ENERGY CORPORATION, et al., Defendants. | ) ) ) ) ) ) ) ) ) ) ) | 2:09-CV-00915-PMP-PAL ORDER RE: MOTION TO CONSOLIDATE CASES (Doc. #1798) |
| ARANDELL CORP., et al., Plaintiffs, v. XCEL ENERGY, INC., et al., Defendants. | ) ) ) ) ) ) ) ) ) ) | 2:09-CV-01019-PMP-PAL |

Presently before this Court is Plaintiffs' Joint Motion for Consolidation of Actions (Doc. #1798), filed on September 22, 2009. Defendants filed an Opposition (Doc. #1816) on October 13, 2009. Plaintiffs filed a Reply (Doc. #1833) on October 27, 2009.

These cases are two of many in this consolidated Multidistrict Litigation ("MDL") arising out of the energy crisis of 2000-2001. In separately filed proposed class actions in Wisconsin, Plaintiffs allege Defendants conspired to engage in anti-competitive activities with the intent to manipulate and artificially increase the price of natural gas for

consumers by knowingly delivering false reports concerning trade information to trade indices and engaging in wash trades, in violation of Wisconsin Statutes chapter 133. Both actions assert claims under Wisconsin Statutes § 133.14 and § 133.18 for Defendants' alleged antitrust violations.

Plaintiffs in NewPage Wisconsin System, Inc. v. CMS Energy Corporation and Arandell Corp. v. Xcel Energy Inc. now move to consolidate the actions for pretrial proceedings and for trial. Plaintiffs contend the two actions involve similar claims and similar parties, and consolidation would be efficient for the Court and the parties. Defendants respond that the Court should not decide whether consolidation is appropriate until after it decides class certification. Alternatively, Defendants request the Court place certain limitations on consolidation, including precluding NewPage from filing any additional papers with respect to class certification except as to the issue of whether NewPage would be an adequate class representative, holding NewPage to the December 4, 2009 discovery deadline, and granting Defendants more time to conduct discovery regarding NewPage's addition as a plaintiff.

Pursuant to Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact," the court may consolidate the actions. To determine whether consolidation is warranted, the Court "weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." Southwest Marine, Inc. v. Triple A Mach. Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989); see also Waste Distillation Tech., Inc. v. Pan Am. Res., Inc., 775 F. Supp. 759, 761 (D. Del. 1991) ("The savings of time and effort gained through consolidation must be balanced against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions.").

The Arandell and NewPage actions involve common questions of law and fact. Both actions allege the same conspiracy by the same co-conspirators based on the same core

facts and asserting claims under the same Wisconsin antitrust statutory sections. Consolidating the two actions both for pretrial and trial is convenient for this MDL Court and the originating court upon remand following the conclusion of consolidated pre-trial proceedings. Further, it is convenient for the parties and witnesses, and would avoid the possibility of inconsistent verdicts. There is little potential for delay, as pretrial motion practice continues in this Court. The parties have agreed to stay consideration of the class certification issue until this Court resolves certain other pending motions. Thus, any discovery and additional briefing needed with respect to NewPage on the class certification motion can be accomplished in the meantime. There is little likelihood of confusion as the two cases assert similar claims against similar parties. Any differences are easily remedied through appropriate instructions. Defendants do not identify any prejudice they suffer by consolidation. Should circumstances dictate, this Court or the originating court upon remand may order separate trials. See Fed. R. Civ. P. 42(b). However, consolidation at this juncture is appropriate. The Court will not condition consolidation as Defendants have requested.

   IT IS THEREFORE ORDERED that Plaintiffs' Joint Motion for Consolidation of Actions (Doc. #1798) is hereby GRANTED. NewPage Wisconsin System, Inc. v.CMS Energy Corporation, 2:09-CV-00915-PMP-PAL and Arandell Corp. v. Xcel Energy Inc., 2:09-CV-01019-PMP-PAL are consolidated for pretrial and trial purposes.

DATED: June 4, 2010

_____
PHILIP M. PRO
United States District Judge