UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| IN RE: WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION | ) ) ) ) | MDL 1566 2:03-CV-01431-PMP-PAL BASE FILE |
| _____ | ) ) | |
| HEARTLAND REGIONAL MEDICAL CENTER, et al., | ) ) ) | 2:07-CV-00987-PMP-PAL |
| Plaintiffs, | ) ) | |
| v. | ) ) | <u>ORDER RE: PLAINTIFFS' MOTION TO RECONSIDER (Doc. #1577)</u> |
| ONEOK, INC., et al., | ) ) | |
| Defendants. | ) ) | |

Presently before this Court is Plaintiffs' Motion for Reconsideration of the Court's Order Filed March 6, 2009 Dismissing Defendants American Electric Power Company, Inc. and AEP Energy Services, Inc. for Lack of Personal Jurisdiction, or, in the Alternative, Plaintiffs' Motion to Transfer (Doc. #1577), filed on April 6, 2009. Defendants filed an Opposition (Doc. #1604) on April 24, 2009. Plaintiffs filed a Reply (Doc. #1622) on May 8, 2009.

**I.  BACKGROUND**

The parties are familiar with the factual background of the case and the Court will not repeat the facts here except where necessary. Defendants American Electric Power Company, Inc. ("AEP") and AEP Energy Services, Inc. ("AEPES") previously moved to dismiss, arguing this Court lacks personal jurisdiction over them. The Court granted that motion. (Order (Doc. #1545).)

Plaintiffs now move the Court to reconsider. Plaintiffs contend they have uncovered evidence that AEPES reported the sales it made to Missouri-based entities to the price reporting index Inside FERC. Plaintiffs contend that because the price they paid for natural gas was pegged to Inside FERC, Defendants' false reporting of sales to Missouri-based entities suffices to show Plaintiffs' claims arise out of Defendants' Missouri-related contacts. Additionally, Plaintiffs argue the Court erroneously applied the "but for" prong of the specific personal jurisdiction test in the conspiracy context because it failed to consider that Defendants' forum-related contacts increased the harm to Plaintiffs. Plaintiffs contend that AEP is subject to jurisdiction in Missouri because of its relationship with AEPES. Finally, Plaintiffs request the Court transfer the action to Ohio if the Court declines reconsideration.

Defendants respond that the price reporting information is not "new," as the evidence which Plaintiffs rely upon has been available to Plaintiffs since August 2008 and was in Plaintiffs' possession prior to the time they filed their surreply. Defendants also contend that the allegedly false price reports occurred in Ohio, not Missouri, and thus this new evidence does not support the exercise of personal jurisdiction over Defendants. As to the Court's application of the "but for" test, Defendants argue that the Court already considered and rejected Plaintiffs' arguments and therefore there is no basis for reconsideration. Defendants further contend that AEPES never availed itself of Missouri law and did not expressly aim its conduct at a known forum resident plaintiff. Defendants lastly assert that transfer is not appropriate because the Court already has dismissed Defendants and Plaintiffs previously indicated they did not want Ohio as a forum.

**II.      DISCUSSION**

Reconsideration of a prior ruling is appropriate only in limited circumstances, such as the discovery of new evidence, an intervening change in controlling law, or where the initial decision was clearly erroneous or manifestly unjust. Nunes v. Ashcroft, 375 F.3d

805, 807-08 (9th Cir. 2004). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." Western Shoshone Nat'l Council v. United States, 408 F. Supp. 2d 1040, 1053 (D. Nev. 2005).

### A. New Information

Plaintiffs' new information consists of evidence that Defendants made false price reports to Inside FERC based on the sales of natural gas to Missouri-based entities. The information presented is not "new," however. Defendants made the information available to Plaintiffs as of August 2008. (Status Report (Doc. #1304) at 8.) Moreover, Plaintiffs concede they had the information in their possession on December 23, 2008. (Decl. of Andrew J. Ennis (Doc. #1578) at 2.) Plaintiffs filed a motion for leave to file a surreply (Doc. #1506) on February 6, 2009, but did not seek to bring the new evidence to the Court's attention. The Court did not issue its Order (Doc. #1545) until March 6, 2009. The Court will deny the motion to reconsider based on the "new" information because this evidence was not previously unknown to Plaintiffs or unavailable during the briefing of the personal jurisdiction issue. Frederick S. Wyle Prof'l Corp. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir. 1985) (party moving for reconsideration must show "evidence was newly discovered or unknown to it" and that the moving party "could not with reasonable diligence have discovered and produced such evidence").

### B. Personal Jurisdiction

The Court incorporates its statement of law relating to personal jurisdiction from its prior Order (Doc. #1548). Plaintiffs' reconsideration motion is directed at this Court's application of the second prong of the specific jurisdiction test, which provides that the plaintiff's claim must arise out of or result from the defendant's forum-related activities. See Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006). Plaintiffs contend the Court's "but for" analysis did not consider the fact that multiple defendants could cause Plaintiffs' harm, yet no single Defendants' act would be the sole "but for" cause of

Plaintiffs' injuries. Defendants respond that the Court properly applied the "but for" test.

As a general proposition, Plaintiffs are correct that if their claim arises from the forum-related acts of multiple defendants, each defendant may be subject to specific personal jurisdiction in the forum. However, Plaintiffs' reliance on Wilden Pump & Engineering Co. v. Versa-Matic Tool Inc. is misplaced because Wilden is a straightforward application of the "but for" test even though the Wilden court expressed otherwise. No. 91-1562 SVW (SX), 1991 WL 280844, *4 (C.D. Cal. 1991) (unpublished). The defendant in Wilden manufactured allegedly patent-infringing products in Pennsylvania. Id. The defendant also solicited distributors in California, resulting in sales of the allegedly infringing product to California distributors. Id. As the Wilden court acknowledged, a patent infringement claim arises every time an infringing product is manufactured, used, or sold. Id. Consequently, but for the sales to California distributors, the plaintiff's claim as to each act of infringement related to those sales would not have arisen. The exercise of personal jurisdiction in California therefore was appropriate.

Here, had Plaintiffs been able to present evidence that they purchased natural gas from AEPES, the Court could exercise personal jurisdiction over AEPES even if other Defendants also had sold natural gas to Plaintiffs at allegedly manipulated prices. As in Wilden, in such circumstances, but for each of Defendants' forum-related acts, Plaintiffs' claims would not have arisen, either at all or to the same extent.

However, not any forum-related act in furtherance of a conspiracy will suffice to support specific personal jurisdiction, as it cannot be said that a particular plaintiff's claim would not have arisen but for each and every act in furtherance of a conspiracy. Rather, the "but for" test requires that Defendants' forum-related acts be acts out of which Plaintiffs' claims arise, or, stated alternatively, Plaintiffs' claims would not have arisen in the absence of Defendants' forum-related acts. That is why this Court stated in its prior Order that regardless of the sales AEPES made in Missouri to unrelated third parties, Plaintiffs still

would have been harmed in their own transactions with other Defendants. In other words, Plaintiffs' claims do not arise from these forum-related contacts because irrespective of whether AEPES made a hundred sales to unrelated third parties in Missouri or no sales to unrelated third parties in Missouri, Plaintiffs' claims in this action would be precisely the same in both character and scope. Although Plaintiffs state that AEPES's sales to Missouri-based Aquila increased the harm to Plaintiffs, Plaintiffs presented nothing to support this conclusory assertion. The Court therefore will deny reconsideration of its prior ruling regarding personal jurisdiction. Plaintiffs' claims in this action do not arise "but for" Defendants' forum-related contacts.

### C. Transfer

Plaintiffs' alternatively request the Court transfer this action to Ohio. This Court previously has explained why transfer is not an available option. The Court adopts its reasoning expressed in the Court's June 4, 2010 Order (Doc. #1946).

### III.     CONCLUSION

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Reconsideration of the Court's Order Filed March 6, 2009 Dismissing Defendants American Electric Power Company, Inc. and AEP Energy Services, Inc. for Lack of Personal Jurisdiction, or, in the Alternative, Plaintiffs' Motion to Transfer (Doc. #1577) is hereby DENIED.

DATED: October 29, 2010

_____
PHILIP M. PRO
United States District Judge

5