UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IN RE: WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION | MDL 1566<br>2:03-CV-01431-PMP-PAL<br>BASE FILE |
| ARANDELL CORP., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>XCEL ENERGY, INC., et al.,<br><br>Defendants. | 2:07-CV-01019-PMP-PAL<br><br>ORDER RE: PLAINTIFFS' MOTION TO RECONSIDER (Doc. #1652) |

Presently before this Court is Plaintiffs' Motion for Reconsideration of the Court's March 9, 2009 Dismissal of American Electric Power Company, Inc., and AEP Energy Services, Inc. for Lack of Personal Jurisdiction (Doc. #1652), filed on June 1, 2009. Defendants filed an Opposition (Doc. #1693) on July 10, 2009. Plaintiffs filed a Reply (Doc. #1720) on July 31, 2009.

**I.     BACKGROUND**

The parties are familiar with the factual background of the case and the Court will not repeat the facts here except where necessary. Defendants American Electric Power Company, Inc. ("AEP") and AEP Energy Services, Inc. ("AEPES") previously moved to dismiss, arguing this Court lacks personal jurisdiction over them. The Court granted that motion. (Order (Doc. #1548).)

///

Plaintiffs now move the Court to reconsider. Plaintiffs contend they have uncovered evidence that AEPES made sales to Plaintiffs' agent, Kaztex Energy Management ("Kaztex"), in Wisconsin. Additionally, Plaintiffs argue that Defendants committed acts in furtherance of the price fixing conspiracy in the forum, and that should suffice to support personal jurisdiction. Plaintiffs contend that AEP is subject to jurisdiction in Wisconsin because of its relationship with AEPES. Finally, Plaintiffs request the Court transfer the action to Ohio if the Court declines reconsideration.

Defendants respond that the Kaztex information is not "new," as Plaintiffs were aware of the information several weeks before this Court issued its prior Order. Defendants further argue that the new evidence does not establish Kaztex purchased natural gas from AEPES, and AEPES in fact did not sell any natural gas to Kaztex. Defendants also contend the Court should reject Plaintiffs' attempt to expand the "but for" prong of the specific personal jurisdiction test to include forum-related contacts from which Plaintiffs' claims do not arise. Defendants lastly assert that transfer is not appropriate because the Court already has dismissed Defendants and Plaintiffs previously indicated they did not want Ohio as a forum.

## II. DISCUSSION

Reconsideration of a prior ruling is appropriate only in limited circumstances, such as the discovery of new evidence, an intervening change in controlling law, or where the initial decision was clearly erroneous or manifestly unjust. Nunes v. Ashcroft, 375 F.3d 805, 807-08 (9th Cir. 2004). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." Western Shoshone Nat'l Council v. United States, 408 F. Supp. 2d 1040, 1053 (D. Nev. 2005).

### A. New Information

Plaintiffs' new information consists of a statement made by Kaztex's representative at a deposition held a few weeks before the Court issued its prior Order:

2

1   Q: Do you know whether Kaztex has ever purchased anything
2   from AEP Energy Services, Incorporated? And I'm asking this, of
3   course, in your capacity as the designated representative of Kaztex.
4   Mr. Edison: Are you asking ever, from the beginning of time?
5   Mr. Kass: I'm asking during the time period 2000 through the
6   end of 2002.
7   A: AEP Energy Services showed up on our monthly buy file for
8   the Wisconsin business during that period.
9   Q: Has that filed [sic] been turned over to counsel for
10  production in this proceeding?
11  A: No.

(Decl. of William E. Fischer (Doc. #1653), Ex. A at 210-11.) Neither party presents evidence that anyone followed up with Kaztex's representative as to what he meant by AEPES showing up in Kaztex's buy file.[1] However, in response to a subpoena requesting all documents relating to any transactions Kaztex entered into with any of Defendants for the purchase or sale of natural gas, Kaztex produced a list of "all those companies Kaztex purchased gas from for the pool from January 2000 through 2002." (Decl. of Robert B. Wolinsky (Doc. #1693), Ex. B at 5.) The list, which Kaztex provided the day before the deposition, does not include AEP or AEPES. (<u>Id.</u>, "Gas Suppliers for WI 200-Oct2002.")

The Court will not grant reconsideration on the basis of new information. The Kaztex representative's ambiguous comment is at odds with the direct evidence Kaztex contemporaneously presented on the issue in the form of the list of Defendant entities from

---

[1] Defendants present an affidavit from one of its attorneys indicating that following the deposition, he contacted Kaztex to confirm whether the list of entities from which Kaztex bought natural gas, which did not include AEPES, was correct and Kaztex confirmed that it was. (Decl. of Robert B. Wolinsky (Doc. #1693) at 2.) The purported statement by the Kaztex representative is hearsay and the Court will not consider it.

3

which Kaztex purchased natural gas during the relevant period.  Neither AEP nor AEPES are on that list.  Plaintiffs therefore have not met their burden of making "a prima facie showing of facts supporting jurisdiction through its pleadings and affidavits to avoid dismissal."  Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1119 (9th Cir. 2002).

### B.  Personal Jurisdiction

The Court incorporates its statement of law relating to personal jurisdiction from its prior Order (Doc. #1548).  Plaintiffs' reconsideration motion is directed at this Court's application of the second prong of the specific jurisdiction test, which provides that the plaintiff's claim must arise out of or result from the defendant's forum-related activities.  See Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006).  Plaintiffs contend the Court's "but for" analysis did not consider the fact that multiple defendants could cause Plaintiffs' harm, yet no single Defendants' act would be the sole "but for" cause of Plaintiffs' injuries.  Plaintiffs further argue that any act a defendant commits in the forum which is in furtherance of the conspiracy should support personal jurisdiction.  Plaintiffs also contend the Court should adopt the "substantial factor" causation test from tort law to determine whether Defendants' forum-related contacts were a substantial factor in causing Plaintiffs' harm.  Defendants respond that the Court properly applied the "but for" test.

As a general proposition, Plaintiffs are correct that if their claim arises from the forum-related acts of multiple defendants, each defendant may be subject to specific personal jurisdiction in the forum.  In the cases upon which Plaintiffs rely, however, the defendants' forum-related acts were directed at the named plaintiff, not at some other person or entity, such that the particular plaintiff's claim would not have arisen but for the

///

///

///

1  defendants' forum-related acts.[2]  None of these cases suggest that specific personal
2  jurisdiction may exist based on a defendant's alleged participation in a conspiracy combined
3  with forum-related acts directed at third parties, but not at the named plaintiffs.

4  Plaintiffs also rely on Wilden Pump & Engineering Co. v. Versa-Matic Tool Inc.,
5  but Wilden is a straightforward application of the "but for" test even though the Wilden
6  court expressed otherwise.  No. 91-1562 SVW (SX), 1991 WL 280844, *4 (C.D. Cal. 1991)
7  (unpublished).  The defendant in Wilden manufactured allegedly patent-infringing products
8  in Pennsylvania.  Id.  The defendant also solicited distributors in California, resulting in
9  sales of the allegedly infringing product to California distributors.  Id.  As the Wilden court
10 acknowledged, a patent infringement claim arises every time an infringing product is
11 manufactured, used, or sold.  Id.  Consequently, but for the sales to California distributors,
12 the plaintiff's claim as to each act of infringement related to those sales would not have
13 arisen.  The exercise of personal jurisdiction in California therefore was appropriate.

14 Plaintiffs suggest that under this Court's reasoning, "any defendant in a case
15 where there are multiple defendants would be able to gain dismissal for lack of personal
16 jurisdiction, so long as that defendant is able to show that the plaintiff would still have
17 suffered some harm absent the moving defendant's wrongful forum-related acts." (Pls.'
18 Mot. to Recons. (Doc. #1652) at 17.)  Plainly, that is not what the Court has ruled.  As
19 Plaintiffs' own motion to reconsider makes evident, had Plaintiffs been able to present

---

[2] See Ziegler v. Indian River County, 64 F.3d 470, 472-73 (9th Cir. 1995) (the defendants took actions in Florida designed to effectuate the plaintiff's arrest for theft in California even though the defendants had evidence in their possession showing the check the plaintiff signed was good when he signed it); Scentsy, Inc. v. Performance Mfg., Inc., No. CV08-553-S-EJL, 2009 WL 320334, *1, 5 (D. Idaho 2009) (unpublished) (defendants purchased the plaintiff's products, visited the plaintiff's facility, and then manufactured products similar to the plaintiff's); Metalmark Nw., LLC v. Stewart, No. 04-682-KI, 2006 WL 488715, *10 (D. Or. 2006) (unpublished) (defendants allegedly conspired to deprive the plaintiff of a contract for an ornamental door); Lung v. Yachts Int'l, Ltd., 980 F. Supp. 1362, 1366 (D. Haw. 1997) (plaintiffs' claims arose out of their purchase of a yacht).

5

evidence that they purchased natural gas from AEPES, the Court could exercise personal jurisdiction over AEPES even if other Defendants also had sold natural gas to Plaintiffs at allegedly manipulated prices. As in Wilden, in such circumstances, but for each of Defendants' forum-related acts, Plaintiffs' claims would not have arisen, either at all or to the same extent.

However, the Court will not go so far as to hold that any forum-related act in furtherance of a conspiracy will suffice to support specific personal jurisdiction, as it cannot be said that a particular plaintiff's claim would not have arisen but for each and every act in furtherance of a conspiracy. Rather, the "but for" test requires that Defendants' forum-related acts be acts out of which Plaintiffs' claims arise, or, stated alternatively, Plaintiffs' claims would not have arisen in the absence of Defendants' forum-related acts. That is why this Court stated in its prior Order that regardless of the sales AEPES made in Wisconsin to unrelated third parties, and regardless of any guarantees AEP made to enable such transactions, Plaintiffs still would have been harmed in their own transactions with other Defendants. In other words, Plaintiffs' claims do not arise from these forum-related contacts because irrespective of whether AEPES made a hundred sales to unrelated third parties in Wisconsin or no sales to unrelated third parties in Wisconsin, Plaintiffs' claims in this action would be precisely the same in both character and scope.[3]

---

[3] The Court did not rule that the "only way" the Court could exercise jurisdiction over AEPES was if AEPES made a direct sale to Plaintiffs. (Pls.' Mot. to Recons. at 10.) Rather, in the context of the evidence before the Court, the forum-related sales were the only evidence Plaintiffs presented that possibly could subject AEPES to personal jurisdiction in Wisconsin. Other evidence could have sufficed had Plaintiffs presented any in support. For example, if Defendants had met in Wisconsin and there agreed to engaged in a price-fixing conspiracy, Defendants would have engaged in an in-forum act in furtherance of the conspiracy, and but for their agreement to engage in price fixing, Plaintiffs' claims would not have arisen. See In re New Motor Vehicles Canadian Export Antitrust Litig., 307 F. Supp. 2d 145, 152-53 (D. Me. 2004) (exercising personal jurisdiction where Canadian not-for-profit organization attended meeting in New York where it allegedly agreed to withhold Canadian vehicles from the American market); U. S. Dental Inst. v. Am. Ass'n of Orthodontists, 396 F. Supp. 565, 571 (D. Ill. 1975) (exercising personal jurisdiction where defendants met in Illinois to approve guidelines

County of Stanislaus v. Pacific Gas & Electric Co. does not alter the Court's conclusion. No. CV-F-93-5866-OWW, 1995 WL 819149 (E.D. Cal. 1995) (unpublished). The Stanislaus court set forth the jurisdictional contacts as follows:

> A & S is a foreign corporation that itself transacted no business in California. It was allegedly created by PG & E for the purpose of purchasing and aggregating gas for end-users in California. In excess of 90% of the gas A & S sold annually, for 32 years, was sold for transportation and sale to PG & E's California customers, with other Canadian gas that was indirectly sold to California customers. A & S's gas contracts had "bargained for and contemplated" effects in California; the price A & S paid for natural gas was determined by the market price of gas sold at the California border. A & S would not have contracted to purchase gas from Canadian producers if it did not have the assurance that the gas would be purchased by PGT, PG & E, and ultimately, California end-users at prices equal to or more than A & S paid for Canadian gas. A & S engaged in activities which could effect injury to ultimate California purchasers of the gas it aggregated. The undisputed facts establish that A & S intended and expected that the gas it aggregated in Canada would be sold and used in California.

Id. at *4. The Stanislaus court concluded that the plaintiffs' claims arose out of those contacts. Id. at *6. As set forth in another order in that case, the plaintiffs in that action had "paid for the purchase of natural gas" from the defendants and "purchased gas from PG & E for unreasonably high prices." County of Stanislaus v. Pacific Gas & Elec. Co., No. CF-F-93-5866-OWW, 1994 WL 706711, *4 (E.D. Cal. 1994) (unpublished).

Consequently, the plaintiffs in Stanislaus were not relying on A & S's forum-related sales to unrelated third parties to support exercising personal jurisdiction over A & S in California for their own antitrust claims. Rather, they alleged they purchased the natural gas A & S supplied to PG & E at inflated prices, which costs were passed on to the plaintiffs. But for A & S "conspir[ing] with Canadian gas producers to establish an artificially inflated price for natural gas to be sold in California and to deny PG & E's

---

out of which the plaintiff's claim arose). However, in the context of this case, the only possible means of exercising specific personal jurisdiction over AEP or AEPES on the present record is through sales activity in Wisconsin.

7

competitors access to PGT's pipeline," the plaintiffs' claims arising out of their own purchases of gas from PG & E, which obtained the gas from A & S, would not have arisen. Id. at *6.

The same reasoning applies to Plaintiffs' reliance on Core-Vent Corp. v. Nobel Industries AB. There, the United States Court of Appeals for the Ninth Circuit assumed without deciding that publication of libelous articles which disparaged the named plaintiff's products would suffice to support not only libel claims, but an antitrust claim where the plaintiff alleged the publication was done in furtherance of the antitrust conspiracy. 11 F.3d 1482, 1485 n.2 (9th Cir. 1993). As an initial matter, the Ninth Circuit only assumed without deciding that the antitrust claim arose out of the forum-related activity. Id. Further, the Ninth Circuit did not indicate that any act in furtherance of the conspiracy would suffice. Rather, the acts alleged were articles which libeled the plaintiff's products, and the articles allegedly were part of a larger antitrust conspiracy to defame the plaintiff's products to assist the plaintiff's major competitor. Id. at 1483-84. Core-Vent did not indicate whether the Court would find the "but for" prong satisfied by allegations that the defendant participated in an antitrust conspiracy which harmed the plaintiff and third parties, but the defendant's only forum-related acts were to publish articles which defamed a third party's products rather than the plaintiff's products. Such a factual scenario would be more analogous to the facts presented here.

The Court will deny reconsideration of its prior ruling regarding personal jurisdiction. Plaintiffs' claims in this action do not arise "but for" Defendants' forum-related contacts.

### C. Transfer

Plaintiffs' alternatively request the Court transfer this action to Ohio. This Court previously has explained why transfer is not an available option. The Court adopts its reasoning expressed in the Court's June 4, 2010 Order (Doc. #1946).

**III.     CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Reconsideration of the Court's March 9, 2009 Dismissal of American Electric Power Company, Inc., and AEP Energy Services, Inc. for Lack of Personal Jurisdiction (Doc. #1652) is hereby DENIED.

DATED: October 29, 2010

_____
PHILIP M. PRO
United States District Judge