UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IN RE: WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION | MDL 1566<br>2:03-CV-01431-PMP-PAL<br>BASE FILE |
| ARANDELL CORP., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CMS ENERGY CORPORATION, et al.,<br><br>Defendants. | 2:09-CV-01103-PMP-PAL<br><br>ORDER RE: DEFENDANTS' MOTION TO DISMISS (Doc. #10-6 in 2:09-CV-01103-PMP-PAL) |

Presently before the Court is Defendants' Motion to Dismiss (Doc. #10-6 in 2:09-CV-01103-PMP-PAL), filed in this Court on June 19, 2009. Plaintiffs filed an Opposition (Doc. #1675) on June 29, 2009. Defendants filed a Reply (Doc. #1695) on July 13, 2009.

**I.     BACKGROUND**

This case is one of many in consolidated Multidistrict Litigation arising out of the energy crisis of 2000-2001. Plaintiffs originally filed this action in the Eastern District of Michigan on March 25, 2009. (Compl. [Doc. #10-2 in 2:09-CV-01103-PMP-PAL].) The Judicial Panel on Multidistrict Litigation ("MDL") entered a Transfer Order pursuant to 28 U.S.C. § 1407 centralizing the foregoing action in this Court for coordinated or consolidated pretrial proceedings.

///

///

Plaintiffs Arandell Corporation, Merrick's Inc., Sargento Foods Inc., Ladish Co., Inc., Carthage College, and Briggs & Stratton Corporation are Wisconsin corporations or private educational institutions. (Id. at 2-3.) According to the Complaint, Defendants CMS Energy Corporation ("CMS"), CMS Energy Resource Management Company ("MST"), and Cantera Gas Company ("Cantera") are Michigan corporations. (Id. at 4.) In this litigation, Plaintiffs allege Defendants conspired among themselves and with others to engage in anti-competitive activities with the intent to manipulate and artificially increase the price of natural gas for consumers. (Id. at 9-50.) Specifically, Plaintiff alleges Defendants conspired to manipulate the natural gas market by knowingly delivering false reports concerning trade information to trade indices and engaging in wash trades, in violation of Wisconsin Statutes chapter 133. (Id.)

The Complaint asserts two causes of action. Count one arises under Wisconsin Statutes § 133.14, which voids contracts to which an antitrust conspirator is a party and allows recovery of payments made pursuant to such a contract. (Id. at 59-60.) Count two seeks trebled actual damages under Wisconsin Statutes § 133.18 for Defendants' alleged antitrust violations. (Id. at 60-61.)

The Complaint largely mirrors a similar Complaint filed in another MDL case, Arandell Corp. v. Xcel Energy Inc., 2:09-CV-01019-PMP-PAL ("Arandell I"), which was filed in Wisconsin. This Court previously dismissed CMS, MST, and Cantera as Defendants in Arandell I for lack of personal jurisdiction in Wisconsin.[1] Plaintiffs thereafter filed this action in Michigan against the dismissed Defendants.

///
///

---

[1] The Court since has reinstated Defendant MST as a defendant in Arandell I. (Order (Doc. #1946).)

2

Defendants move to dismiss, arguing that under Michigan choice-of-law rules, Michigan's four-year limitations period for antitrust actions[2] would apply.  Defendants argue Plaintiffs' claims are untimely because Plaintiffs knew or should have known of their claims in 2002, when several natural gas companies admitted they provided false price information to index publishers.  Defendants further argue the alleged misconduct was the subject of widely reported government investigations and reports in 2002 and 2003.  Defendants note that beginning in 2002, other plaintiffs began filing suit alleging the same misconduct Plaintiffs allege in this action.  Defendants contend that even under Wisconsin's longer limitations period, Plaintiffs' claims are untimely.  Further, Defendants argue that Plaintiffs cannot argue fraudulent concealment because Plaintiffs knew of their claims no later than when they filed Arandell I, and Plaintiffs did not file the present suit within two years of that date.

Plaintiffs respond that Wisconsin's six-year limitations period for antitrust claims[3] applies.  Plaintiffs also contend that even if Michigan's limitations period applies, Plaintiffs are entitled to tolling of the period because they did not discover their claims until March 26, 2002, when a report was issued by the Federal Energy Regulatory Commission ("FERC"), and because Michigan has statutory tolling rules which apply to Plaintiffs' Complaint.

**II. LEGAL STANDARD**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  However, the Court does not necessarily assume the truth of legal conclusions

---

[2] Mich. Comp. Laws § 445.781(2).

[3] Wis. Stat. § 133.18(2).

merely because they are cast in the form of factual allegations in the plaintiff's complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). There is a strong presumption against dismissing an action for failure to state a claim. Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003). The issue is not whether a plaintiff ultimately will prevail but whether the plaintiff is entitled to offer evidence to support its claims. Mohamed v. Jeppesen Dataplan, Inc., 614 F.3d 1070, 1100 (9th Cir. 2010). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. Bell Atl. Corp. v Twombly, --- U.S. ----, 127 S. Ct. 1955, 1965 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Id. at 1964-65. "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when the running of the statute is apparent on the face of the complaint." Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quotation omitted).

**III. DISCUSSION**

This Court sitting in diversity applies the "forum state's choice of law rules to determine the controlling substantive law." Fields v. Legacy Health Sys., 413 F.3d 943, 950 (9th Cir. 2005) (quotation omitted). Generally, Michigan applies its own law "unless a rational reason to do otherwise exists." Frydrych v. Wentland, 652 N.W.2d 483, 485 (Mich. Ct. App. 2002). To determine whether a rational reason exists to apply another state's law, the Court first determines whether any foreign state has an interest in having its law applied. Id. "If no state has an interest, the presumption that Michigan law will apply is not overcome." Id. However, if a foreign state does have an interest in having its law applied, the Court then determines "whether Michigan's interests mandate that Michigan law be applied, despite any foreign state interest." Id. at 485-86.

While these are Michigan's general choice-of-law rules, Michigan statutorily has adopted a choice-of-law rule for statutes of limitations in certain situations. Parish v. B. F.

1  Goodrich Co., 235 N.W.2d 570, 572 (Mich. 1975) (referring to borrowing statutes,

2  including Michigan's, as enacted "to resolve the possible conflicts of laws that may arise

3  when a plaintiff's claim accrues outside of the forum"); Smith v. Elliard, 312 N.W.2d 161,

4  164 (Mich. Ct. App. 1981).[4]  Consequently, in the statute of limitations context, Michigan

5  looks to its "borrowing" statute instead of its normal choice-of-law rules.  Bechtol v.

6  Mayes, 499 N.W.2d 439, 440-41 (Mich. Ct. App. 1993); Erickson v. Am. Motors Corp.,

7  683 F. Supp. 644, 646 (E.D. Mich. 1987).

8          Michigan's borrowing statute provides:

> An action based upon a cause of action accruing without this state shall
> not be commenced after the expiration of the statute of limitations of
> either this state or the place without this state where the cause of action
> accrued, except that where the cause of action accrued in favor of a
> resident of this state the statute of limitations of this state shall apply.

12  Mich. Comp. Laws § 600.5861.  Under this statute, a "cause of action accruing in another

13  state or jurisdiction commenced in Michigan by a nonresident of this state is barred upon

14  expiration of either the applicable Michigan limitation period or the applicable limitation

15  period of the other state or jurisdiction."  Hover v. Chrysler Corp., 530 N.W.2d 96, 98

16  (Mich. Ct. App. 1994); Bechtol, 499 N.W.2d at 440.  This rule applies even where the cause

17  of action at issue is a statutorily-created claim with a built-in statute of limitations.  See

18  Lambert v. Calhoun, 229 N.W.2d 332, 336 (Mich. 1975).

19          To determine whether the plaintiff's claim is barred under either applicable

20  limitations period, the Court must determine where and when the action accrued.  Scherer v.

21  Hellstrom, 716 N.W.2d 307, 310 (Mich. Ct. App. 2006); CMACO Auto. Sys., Inc. v.

22  Wanxiang Am. Corp., 589 F.3d 235, 243 (6th Cir. 2009) (applying Michigan law).

---

[4] The Michigan Court of Appeals once stated that § 600.5861 "is a statute of limitations rather than a choice-of-law statute."  Pryber v. Marriott Corp., 296 N.W.2d 597, 600 (Mich. Ct. App. 1980).  However, the Michigan Supreme Court has referred to it as a choice-of-law provision.  Parish, 235 N.W.2d at 572.

Michigan generally holds that a cause of action accrues at the place of injury. CMACO Auto. Sys., Inc., 589 F.3d at 246. A cause of action accrues "without" the state of Michigan if the action "accrued without any essential facts giving rise to the cause of action occurring in Michigan." Scherer, 716 N.W.2d at 310. With respect to when a claim accrues, Michigan statutorily provides that a claim accrues at the time provided in certain statutory sections,[5] "and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." Mich. Compl. Laws § 600.5827.

Plaintiffs are non-residents and therefore the borrowing statute applies to their claims if the claims accrued "without" Michigan. Under Michigan accrual rules, Plaintiffs' claims accrued at the place of injury, Wisconsin, where Plaintiffs are residents and where they purchased the natural gas at allegedly manipulated prices. Plaintiffs do not dispute their claims accrued in Wisconsin. (Pls.' Opp'n to Defs.' Mot. for J. on the Pleadings (Doc. #1675) at 15.) Accordingly, the Michigan borrowing statute applies.[6] As a result, Plaintiffs must have brought their claims within four years of accrual under Michigan's closest analogous antitrust provision.[7] Mich. Compl. Laws § 445.781(2).

---

[5] Sections 600.5829 (right to make entry on and the claim to recover land); 600.5831 (to recover the balance due upon a mutual and open account current); 600.5833 (breach of warranty of quality or fitness); 600.5834 (claim by common carriers to recover for charges arising out of interstate transportation); 600.5835 (actions on life insurance contracts); 600.5836 (claims on installment contract); 600.5837 (claims for alimony payments); 600.5838 (malpractice claims); and 600.5839 (medical malpractice claims).

[6] The Court therefore expresses no opinion on what law controls the substantive claims in Plaintiffs' Complaint, as Michigan's borrowing statute is directed only at the statute of limitations.

[7] Michigan antitrust law is different from Wisconsin antitrust law. Wisconsin law provides for a full consideration remedy, while Michigan does not. Mich. Compl. Laws § 445.778(2); Wis. Stat. § 133.14. Further, Michigan requires a higher showing for treble damages than does Wisconsin. Mich. Compl. Laws § 445.778(2); Wis. Stat. § 133.18(1)(a). However, the cause of action at issue is an antitrust price fixing conspiracy. Michigan's antitrust statute, while not an exact parallel in terms of

By the Complaint's allegations, Defendants engaged in the price manipulation conspiracy from January 1, 2000 through October 31, 2002. Plaintiffs' claim thus accrued no later than October 31, 2002. Because Plaintiffs did not file the present action until March 25, 2009, well beyond four years since their claims accrued, the claims are barred unless some tolling provision applies.

Under Michigan's borrowing statute, Michigan's tolling rules apply when the Michigan statute of limitations applies. Hover, 530 N.W.2d at 98. Michigan used to recognize the discovery rule for tolling limitations periods in certain cases. See, e.g., Larson v. Johns-Manville Sales Corp., 399 N.W.2d 1, 5 (Mich. 1986) (collecting cases). However, in 2007, the Michigan Supreme Court held that because the legislature had enacted a comprehensive legislative scheme designating specific limitations periods and specific exceptions thereto, the statutory scheme superseded the common law. Trentadue v. Buckler Lawn Sprinkler, 738 N.W.2d 664, 671 (Mich. 2007). Consequently, the discovery rule does not apply unless an applicable statutory section so provides.[8] Id.

Michigan has enacted some tolling provisions beyond the discovery rule. For example, a statute of limitations is tolled "[a]t the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules." Mich. Comp. Laws § 600.5856(a). This rule applies even where the court lacked subject matter jurisdiction or personal jurisdiction over the defendant, so long as the defendant timely was served with the summons and complaint. See Hoekstra v.

---

available remedies, is the most analogous cause of action under Michigan law. The Court therefore will apply the limitations period in § 445.778(2), rather than the limitations period for "other personal actions" as Plaintiffs argue.

[8] The Michigan Supreme Court has granted leave to appeal in a separate case, Colaianni v. Stuart Frankel Dev. Corp., Inc., inviting the parties to address whether Trentadue was decided correctly. 777 N.W.2d 410 (Mich. 2010). However, the Court must apply Michigan law as it exists, and not predict possible changes in that law. Hemmings v. Tidyman's Inc., 285 F.3d 1174, 1203 (9th Cir. 2002).

Bose, 655 N.W.2d 298, 300 (Mich. Ct. App. 2002); Ralph Shrader, Inc. v. Ecclestone Chem. Co., 177 N.W.2d 241, 241-43 (Mich. Ct. App. 1970).

Here, however, Plaintiffs did not file the action in Wisconsin until after the Michigan statute of limitations already had expired. As discussed previously, Plaintiffs' claim accrued under Michigan law in October 2002. Plaintiffs thus had four years from that date to file a timely action. Plaintiffs filed the action in Wisconsin December 2006, two months too late to take advantage of the Michigan tolling provision. Plaintiffs do not identify any other tolling provisions under Michigan law that applies to their claims.

Because Plaintiffs' claims are untimely under Michigan's statute of limitations, Plaintiffs' claims are barred. The Court therefore will grant Defendants' motion to dismiss.

### III.    CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Doc. #10-6 in 2:09-CV-01103-PMP-PAL) is hereby GRANTED.

DATED: November 10, 2010

_____
PHILIP M. PRO
United States District Judge