# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION. ) ) ) ) ) | 2:03-cv-01431-RCJ-PAL<br><br>MDL No. 1566<br><br>**ORDER** |

      The Court recently granted four motions to dismiss for lack of jurisdiction for failure to oppose. *See* Local R. 7-2(d).  Some parties have contacted the Court to express confusion over the opposition deadline.  The Court issues the present order to clarify that it has never intended to extend response dates as to jurisdictional motions (as opposed to summary-judgment-type motions) beyond what the local rules provide.  The Court notes that the Magistrate Judge previously issued one or more orders concerning extended deadlines applicable at least as to certain merits issues, except as otherwise ordered by the Court.  Although movants had requested briefing under the local rules' timeframes, the Court did not explicitly order it.  Because counsel may have reasonably interpreted the Magistrate Judge's extension to have relieved them from responding under the local rules, however, the Court will address the motions on the merits.

      First, the Court notes that it would have granted three of the four motions on the merits under the law of the case.  As movants noted, Judge Pro granted several motions to dismiss for lack of personal jurisdiction, and his dismissals were not appealed as to Defendants Reliant Energy, Inc., CMS Energy Corp., Cantera Gas Co, Duke Energy Carolinas, LLC, and Duke

Energy Trading & Marketing, LLC. (*See* Orders, ECF Nos. 1528–30).  The Court will therefore not revisit Motions 2248–50, although Plaintiffs may of course file motions to reconsider.

Second, however, AEP Energy Services, Inc. ("AEPES") and American Electric Power Co., Inc. ("AEP") brought their motion after Judge Pro's previous dismissal for lack of personal jurisdiction, (*see* Order, ECF Nos. 1531), was reversed by the Court of Appeals except as to AEP in the *Heartland* case because Plaintiffs in that case only appealed Judge Pro's dismissal of AEPES, (*see* Court of Appeals Op. 57–58, ECF No. 2113).  The law of the case therefore prevents the Court from granting AEP's and AEPES's motion, and the Court must reverse itself in that regard.  Movants argue that the Court of Appeals' opinion did not resolve the issue, both because that opinion reversed Judge Pro's dismissal for lack of personal jurisdiction as to a previous version of the Complaint, not the Third Amended Complaint ("TAC") that is now operative, and because AEP and AEPES must now be given an opportunity to present evidence to rebut the claim of personal jurisdiction whereas it previously moved based on the insufficiency of the allegations.  The Court rejects the argument.  Motions for lack of personal jurisdiction under Rule 12(b)(2) permit parties to present evidence in support or opposition.  There is no indication movants did not have that opportunity before Judge Pro, and the Court of Appeals thoroughly examined the jurisdictional issue in its opinion, ruling that Plaintiffs had made the required prima facie showing.  The TAC appears to contain the same relevant allegations against movants as the Second Amended Complaint that was before Judge Pro when he ruled.  The Court finds no basis to revisit the issue.

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Order (ECF No. 2270) is AMENDED IN PART, and the Motion to Dismiss (ECF No. 2252) is DENIED.

IT IS SO ORDERED.

Dated this 26th day of January, 2016.

_____
ROBERT C. JONES
United States District Judge