1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

IN RE WESTERN STATES WHOLESALE
NATURAL GAS ANTITRUST
LITIGATION,

THIS DOCUMENT RELATES TO:
*ALL ACTIONS*

MDL Docket No. 1566

Base Case No. 2:03-cv-01431-RCJ-PAL

**ORDER**

(Mots. to File Under Seal – Dkt. #2282,
#2295, #2313, #2331, #2355, #2359, #2366)

12
13
14
15
16
17
18
19
20
21

This matter is before the Court on numerous Motions to File Under Seal (Dkt. #2282, #2295, #2313, #2331, #2355, #2359, #2366). The Motions seeks leave to file under seal certain documents and exhibits referenced in the related filings. The subject documents were filed under seal because counsel for opposing parties designated the documents as "confidential" pursuant to the parties' Stipulated Protective Order (Dkt. #1147), which requires the moving parties to request permission to file such documents under seal. *See also* Protective Order Governing Confidentiality of Documents (Dkt. #1152); Dec. 24, 2015 Order (Dkt. #2257) (directing the parties to comply with the standards articulated by the Ninth Circuit in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)). The movants have expressed no opinion regarding the confidentiality of the documents.

22
23
24
25
26
27
28

A party (or parties) who designated documents as confidential is required to meet the *Kamakana* standards to overcome the presumption of public access to judicial files, records, motions, and any exhibits. The Court will allow the subject documents to remain sealed temporarily so that the designating parties and their counsel may confer about what, if any, portions of the documents should be sealed or redacted. *See In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011) (sealing of entire documents is improper when any confidential information can be redacted while leaving meaningful information available to the public). If a

designating party determines that a filing or portion thereof should remain sealed, it is required to file within 14 days an appropriate memorandum of points and authorities making a particularized showing why the documents should remain under seal.  Pursuant to *Kamakana* and its progeny, any request to seal must set forth either good cause or compelling reasons to support sealing.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016) (finding that the standards courts apply to sealing requests turn on the relevance of the documents to the substantive merits of a case—not on the relief sought).

Accordingly,

**IT IS ORDERED:**

1.  The Motions to Seal (Dkt. #2282, #2295, #2313, #2331, #2355, #2359, #2366) are DENIED WITHOUT PREJUDICE.

2.  The Documents / Exhibits referenced in the Motions shall remain under seal until **May 13, 2016**.

3.  The designating party (or parties) shall have until **May 13, 2016,** to file a memorandum of points and authorities and any supporting declaration or affidavit to make a particularized showing as to why the documents should remain under seal.

4.  If the designating party (or parties) fail(s) to timely comply with this Order, the Clerk of the Court will be directed to unseal the documents to make them available on the public docket.

Dated this 28th day of April, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE