UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION | 2:03-cv-01431-RCJ-PAL<br>MDL No. 1566<br>**ORDER** |
| ARANDELL CORP. et al.,<br><br>            Plaintiffs,<br><br>     vs.<br><br>XCEL ENERGY INC. et al.,<br><br>            Defendants. | 2:07-cv-01019-RCJ-PAL |
| REORGANIZED FLI, INC.,<br><br>            Plaintiff,<br><br>     vs.<br><br>WILLIAMS COMPANIES, INC. et al.,<br><br>            Defendants. | 2:05-cv-01331-RCJ-PAL |

These consolidated cases arise out of the energy crisis of 2000–2002. Plaintiffs (retail buyers of natural gas) allege that Defendants (natural gas traders) manipulated the price of natural gas by reporting false information to price indices published by trade publications and

engaging in wash sales.  Pending before the Court are two objections to orders of the Magistrate Judge under Rule 72(a).

**I.      PROCEDURAL HISTORY**

In 2003, the Judicial Panel on Multidistrict Litigation ("JPML") transferred seven class action cases from various districts in California to this District under 28 U.S.C. § 1407 as Multidistrict Litigation ("MDL") Case No. 1566, assigning Judge Pro to preside.  Since then, the JPML has transferred in several more actions from various districts throughout the United States.  Between 2003 and 2015, Judge Pro ruled on many motions to remand, to dismiss, and for summary judgment.  He also approved several class settlements.  Several parties settled on their own.  One or more of the cases have been to the Court of Appeals twice and to the Supreme Court once.  In 2007, the Court of Appeals reversed several dismissals under the filed-rate doctrine and remanded for further proceedings.  In 2013, the Court of Appeals reversed several summary judgment orders, ruling that the Natural Gas Act did not preempt state law anti-trust claims and that certain Wisconsin- and Missouri-based Defendants should not have been dismissed for lack of personal jurisdiction.  The Supreme Court granted certiorari as to preemption under the Natural Gas Act and affirmed.  The case was soon thereafter reassigned to this Court when Judge Pro retired.

The Court granted three motions to dismiss for lack of personal jurisdiction but later reconsidered.  The Court granted summary judgment to CenterPoint Energy Services, Inc. in Case No. 2:07-cv-1019 (Western District of Wisconsin Case No. 2:07-cv-76) because there was no evidence it had engaged in any culpable activity.  The Court granted summary judgment to Oneok, Inc. and Oneok Energy Services Co., LP in Case No. 2:05-cv-1331 (District of Kansas

Case No. 2:05-cv-2389) because the claims against it had been released via settlement agreement in a consolidated class action brought in the Southern District of New York.

Several Defendants have objected to the Magistrate Judge's order denying them leave to amend their answers to plead a new theory of federal preemption. Another group of Defendants has objected to the Magistrate Judge's order compelling them to produce certain attorney–client privileged information.

## II.   LEGAL STANDARDS

Rule 72(a) permits a district court judge to modify or set aside a magistrate judge's non-dispositive ruling that is clearly erroneous or contrary to law:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.  A party may serve and file objections to the order within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to.  The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a); *see also* Local R. IB 3-1(a).  Rule 72(a) institutes an abuse-of-discretion-type standard. *See Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS Inc.*, 858 F.2d 456, 464 (9th Cir. 1988) ("We still must determine, however, whether the court abused its discretion in issuing its order based on the facts before it which are supported by the record.  Under the abuse of discretion standard, we cannot simply substitute our judgment for that of the district court, but must be left with the definite and firm conviction that the court committed a clear error of judgment in reaching its conclusion after weighing the relevant factors.")).

///

///

**III.   ANALYSIS**

    **A.   Amendment of the Answers**

Defendants argue the Magistrate Judge erred in refusing to permit them to amend their answers to plead field preemption of state antitrust claims. Defendants argue that in their latest amended answers in November 2015, Defendants omitted their preemption defenses for the first time because the Supreme Court had ruled in April 2015 that the Natural Gas Act did not preempt the state antitrust laws at issue under field preemption. Defendants now argue that the Supreme Court ruled based only one particular theory of field preemption, not on the theory they wish to plead now. The Magistrate Judge correctly noted that "[i]n challenging the Ninth Circuit's field preemption decision to the Supreme Court, the Defendants conceded that the Ninth Circuit had considered and rejected the upstream wholesale transaction issue Defendants now want to re-litigate." Even assuming the theory Defendants wish to present now is not precluded by the law of the case, the Magistrate Judge did not abuse her discretion by refusing to permit Defendants to plead the new theory after having removed all field preemption defenses from their latest answers.

    **B.   Disclosure of Privileged Material**

Defendants object to the Magistrate Judge's ruling that they waived the attorney–client and work–product privileges in part as to certain attorney notes by previously turning them over to a federal investigative task force, despite the fact that those disclosures were made in response to investigatory process. The Court finds that the ruling was not clearly erroneous or contrary to law. The Magistrate Judge noted that the California Court of Appeals had ruled to the contrary as to the same material at issue in this case, *see Regents of the Univ. of Cal. v. Super. Ct.*, 81 Cal. Rptr. 3d 186 (Ct. App. 2008), but distinguished that case because it relied on California Evidence

Code § 912, whereas the present case depends on federal common law principles. Defendants disavow reliance upon the subpoenas as a basis for their coercion argument, but that is in fact their only purchase onto such an argument. Defendants' voluntary cooperation with federal investigators absent subpoenas was not enough. That Defendants allegedly feared adverse legal action in the future if they did not cooperate is too speculative to support a finding of involuntariness. Under such circumstances, the subject of an investigation makes a tactical choice whether to cooperate with an investigation and to what extent. The disclosures were not involuntary because of the perceived risk of prosecution if Defendants did not comply, but only potentially because of the risk of a finding of contempt were Defendants to fail to comply with the subpoenas. But even that risk was not enough. "[W]ithout the threat of contempt, the mere existence of a subpoena does not render testimony or the production of documents involuntary." *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1130 (9th Cir. 2012) (citing *Westinghouse Elec. Corp. v. Republic of Phil.*, 951 F.2d 1414 (3rd Cir. 1991)). The Court of Appeals has rejected the availability of selective waiver in context of attorney–client privilege, even where the initial disclosure is to an investigating agency, the reasoning being that the purpose of the privilege is to protect only those statements made to an attorney for the purpose of legal advice, and the voluntary disclosure of information to a government agency, even in response to a subpoena, is not such a purpose. *See id.* at 1127 (citing *Westinghouse Elec. Corp.*, 951 F.2d 1425).

The Court of Appeals appears to have kept open the possibility that a disclosure pursuant to a subpoena may be deemed involuntary where there is a "threat of contempt." *See id.* at 1130. Failure to comply with a federal subpoena may be prosecuted as criminal contempt under 18 U.S.C. § 401(3). *See United States v. Westbrooks*, 780 F.3d 593 (4th Cir. 2015); *United States v. Polizzi*, 450 F.2d 880 (9th Cir. 1971); *United States v. De Simone*, 267 F.2d 741 (2nd Cir. 1959).

Such a "threat," however, must be explicit; a finding that the implicit threat of contempt that naturally attaches to every subpoena is sufficient to support a finding of involuntariness would be inconsistent with the Court of Appeals' holding that the "mere existence" of a subpoena is not enough. There is no allegation here of any explicit threat of contempt, so the Court need not delve into more difficult issues such as whether an explicit threat of contempt must be directly from a judge (as opposed to the issuer of the subpoena), must be written (as opposed to a comment in passing), etc. in order to find involuntariness.

## CONCLUSION

IT IS HEREBY ORDERED that the Objections (ECF No. 2409, 2410) are DENIED.

IT IS SO ORDERED.

Dated this 22nd day of July, 2016.

_____
ROBERT C. JONES
United States District Judge