1

2

3

4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6

7

8    In re WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION

9

10   SINCLAIR OIL CORP.,

11           Plaintiff,

12       vs.

13   ONEOK ENERGY SERVICES CO., L.P.,

14           Defendant.

15

2:03-cv-01431-RCJ-PAL
MDL No. 1566

**ORDER**

2:06-cv-00282-RCJ-PAL

16

17       These consolidated cases arise out of the energy crisis of 2000–2002.  Plaintiffs (retail

18   buyers of natural gas) allege that Defendants (natural gas traders) manipulated the price of

19   natural gas by reporting false information to price indices published by trade publications and

20   engaging in wash sales.  Pending before the Court is a motion for summary judgment.

**I.    PROCEDURAL HISTORY**

21

22       In 2003, the Judicial Panel on Multidistrict Litigation ("JPML") transferred seven class

23   action cases from various districts in California to this District under 28 U.S.C. § 1407 as

24   Multidistrict Litigation ("MDL") Case No. 1566, assigning Judge Pro to preside.  Since then, the

1    JPML has transferred in several more actions from various districts throughout the United States.

2    Between 2003 and 2015, Judge Pro ruled on many motions to remand, to dismiss, and for

3    summary judgment.  He also approved several class settlements.  Several parties settled on their

4    own.  One or more of the cases have been to the Court of Appeals twice and to the Supreme

5    Court once.  In 2007, the Court of Appeals reversed several dismissals under the filed rate

6    doctrine and remanded for further proceedings.  In 2013, the Court of Appeals reversed several

7    summary judgment orders, ruling that the Natural Gas Act did not preempt state law anti-trust

8    claims and that certain Wisconsin- and Missouri-based Defendants should not have been

9    dismissed for lack of personal jurisdiction.  The Supreme Court granted certiorari as to

10   preemption under the Natural Gas Act and affirmed.  The case was soon thereafter reassigned to

11   this Court when Judge Pro retired.  The Court granted three motions to dismiss for lack of

12   personal jurisdiction.

13        Defendant in one of the consolidated actions has moved for summary judgment.  In that

14   (present) case, *Sinclair Oil Corp. v. OneOK Energy Services Co., L.P.*, Case No. 2:06-cv-282

15   (District of Wyoming Case No. 2:05-cv-1396), as in the other consolidated cases, Plaintiff sued

16   Defendant for selling Plaintiff natural gas at prices allegedly inflated due to false price

17   information reported to price indices by Defendant and others. (*See* Compl. ¶¶ 2–4, ECF No. 1 in

18   Case No. 2:06-cv-282).  Judge Pro dismissed the Complaint based on federal preemption in May

19   2006, and the Court of Appeals reversed in April 2010.  Defendants do not appear to have

20   petitioned the Supreme Court for certiorari.  In July 2011, Judge Pro granted partial summary

21   judgment to Defendant (counts 1–6, 8, and 10) based on federal preemption. (*See* Order 46:14–

22   20, ECF No. 79 in Case No. 2:06-cv-282).  In August 2011, Judge Pro ordered the case

23   administratively closed pending the Court of Appeals' review of the summary judgment order.

24

1  (*See* Order, ECF No. 80 in Case No. 2:06-cv-282).  That is the last entry in the docket of the '282

2  Case itself.  The Court of Appeals reversed in 2013, and the Supreme Court affirmed the reversal

3  in 2015.  The case was reassigned to this Court when Judge Pro retired.

4       Recently, Defendant moved for summary judgment in Case No. 2:05-cv-1331 (District of

5  Kansas Case No. 2:05-cv-2389), arguing that the claims were precluded or released under a

6  settlement agreement reached in a consolidated class action brought in the Southern District of

7  New York, *In re Natural Gas Commodity Litigation* (Southern District of New York Case No.

8  03-cv-6186 or "the NYMEX Case").  The Court ruled that the plaintiff there had via the

9  settlement agreement in the NYMEX Case released Defendant from the claims brought in

10  the'1331 Case. (*See* Order, ECF No. 2416).  Defendant has filed a motion for summary judgment

11  (ECF No. 2436), making the same argument here, i.e., that Plaintiff released Defendant from the

12  claims brought in the '282 Case via the settlement agreement in the NYMEX case.

13       Plaintiff has responded by asking the Court to clarify the briefing due dates, noting that

14  the Magistrate Judge has ordered responses to dispositive motions to be filed by December 8,

15  2016 unless the undersigned rules differently.  Defendant has asked the Court in its motion for

16  summary judgment to expedite briefing on the motion, arguing that the issue is a pure matter of

17  law and no further discovery is required to brief it.  The Court agrees.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Clarification (ECF No. 2446) is

GRANTED.  A response to the Motion for Summary Judgment (ECF No. 2436) is due within

twenty-one (21) days of the entry of this Order into the electronic docket, and replies are due

within fourteen (14) days thereafter.

IT IS SO ORDERED.

Dated this  22nd day of July, 2016.

_____
ROBERT C. JONES
United States District Judge