UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IN RE WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION,<br><br>THIS DOCUMENT RELATES TO:<br>*ALL ACTIONS* | MDL Docket No. 1566<br><br>Base Case No. 2:03-cv-01431-RCJ-PAL<br><br>**ORDER**<br><br>(Mot. to File Under Seal – ECF No. 2473) |

This matter is before the court on Defendants' Motion for Leave to File Under Seal (ECF No. 2473). No response to this Motion was filed and the time for doing so has now passed. The Motion seeks leave to file under seal certain documents referenced in Defendants' Joint Opposition to Plaintiffs' Motions for Class Certification (ECF No. 2463). *See* Sealed Exhibits (ECF No. 2474). These documents were filed under seal because counsel for opposing parties designated the documents as "confidential" pursuant to the parties' Stipulated Protective Order (ECF No. 1147), which requires the moving parties to request permission to file such documents under seal.[1]

As a preliminary matter, the court finds that the Sealed Exhibits (ECF No. 2257) violate LR IC 2-2(a) and LR IA 10-3 of the Local Rules of Practice and the court's Order (ECF No. 2257), which instructed the parties on how to electronically file documents in CM/ECF for which they request sealing. The order states that *each document* must be filed as "separate attachments from the main document in CM/ECF." Order (ECF No. 2257) at 2. By combining the declarations and exhibits into one PDF document and then filing that single PDF as the "main

---

[1] *See also* Protective Order Governing Confidentiality of Documents (ECF No. 1152); Dec. 24, 2015 Order (ECF No. 2257) (directing the parties to comply with the standards articulated by the Ninth Circuit in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)).

1

document" in CM/ECF's document upload screen, Defendants have made it "impossible for the Clerk of the Court to unseal any documents the court finds should not be sealed because the docketing clerks cannot separate the pages for sealing purposes." *Id*. The court's review the Motion has been complicated by Defendants' failure to properly file their exhibits through CM/ECF. They will be required to correct this error by refiling the Sealed Exhibits and properly linking the new filing to the Motion (ECF No. 2473).

**I.     THE BURTIS AND HEEB DECLARATIONS**

The Motion provides good cause to seal Exhibit 2, Declaration of Michelle M. Burtis, Ph.D., dated June 22, 2016, and Exhibit 5, Declaration of Randal Heeb, Ph.D., dated June 23, 2016, including the attachments thereto. This is an anti-trust action and the court has entered a Stipulated Protective Order governing documentation and testimony that is confidential to the parties' transaction data, contracts, and other sensitive information of a proprietary business or technical nature. *See* Stipulated Addendum to Protective Order as to McGraw Hill (ECF No. 1799). Having reviewed and considered the matter in accordance with the Ninth Circuit's directives set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the court finds that Defendants have met their burden of establishing good cause for these documents to remain sealed.

**II.    EXHIBITS 16–21, 23, 27–28, AND 67**

With regard to the remaining documents submitted with the Sealed Exhibits, Defendants expressed no opinion regarding the confidentiality of the documents. A party (or parties) who designated documents as confidential is required to meet the *Kamakana* standards to overcome the presumption of public access to judicial files, records, motions, and any exhibits. The court will allow the subject documents to remain sealed temporarily so that the designating parties and their counsel may confer about what, if any, portions of the documents should be sealed or redacted. *See In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011) (sealing of entire documents is improper when any confidential information can be redacted while leaving meaningful information available to the public). If a designating party determines that a filing or portion thereof should remain sealed, it is required to file within 14 days an

appropriate memorandum of points and authorities making a particularized showing why the documents should remain under seal.  Pursuant to *Kamakana* and its progeny, any request to seal must set forth either good cause or compelling reasons to support sealing.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016) (finding that the standards courts apply to sealing requests turn on the relevance of the documents to the substantive merits of a case—not on the relief sought).

Accordingly,

**IT IS ORDERED:**

1. Defendants must REFILE the corrected Sealed Exhibits and LINK the new filing to the Motion (ECF No. 2473) in CM/ECF by **August 22, 2016**.

2. Defendants' Motion to Seal (ECF No. 2473) is:

    a. GRANTED IN PART with respect to Exhibits 2 and 5, the Declarations of Michelle M. Burtis, Ph.D., and Randal Heeb, Ph.D., and

    b. DENIED IN PART WITHOUT PREJUDICE with respect to Exhibits 16–21, 23, 27–28, and 67.

3. Exhibits 2 and 5, the Declarations of Michelle M. Burtis, Ph.D., and Randal Heeb, Ph.D., shall remain under seal.

4. Plaintiffs shall have until **August 22, 2016,** to file a memorandum of points and authorities and any supporting declaration or affidavit to make a particularized showing as to why Exhibits 16–21, 23, 27–28, and 67 should remain under seal.

5. If Plaintiffs fail to timely comply with this Order, the Clerk of the Court will be directed to unseal the documents to make them available on the public docket.

6. In any future filings, the parties are instructed to comply with LR IC 2-2(a), LR IA 10-3, and the court's Order (ECF No. 2257).

Dated this 15th day of August, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE