UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IN RE WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION, <br><br> THIS DOCUMENT RELATES TO: <br> *ALL ACTIONS* | MDL Docket No. 1566 <br><br> Base Case No. 2:03-cv-01431-RCJ-PAL <br><br> **ORDER** <br><br> (Mot. File Under Seal – ECF No. 2499) |

This matter is before the court on Plaintiffs' Motion for Leave to File Under Seal (ECF No. 2499). The Motion seeks leave to file under seal an exhibit attached to the Reply to Xcel Defendants' Opposition to Plaintiffs' Fed. R. Civ. P. 56(d) Motion. *See* Sealed Exhibit (ECF No. 2498) (Exhibit C, partial transcript of the deposition of Ms. Darla Figoli, a corporate representative for e prime Energy Marketing, Inc.). No response to the Motion was filed and the time for doing so has now passed.

The transcript was filed under seal because the Xcel Defendants requested confidential treatment. *See* Stipulated Protective Order (ECF No. 1147), Protective Order Governing Confidentiality of Documents (ECF No. 1152); Dec. 24, 2015 Order (ECF No. 2257) (directing the parties to comply with the standards articulated by the Ninth Circuit in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)). Plaintiffs have expressed no opinion regarding the confidentiality of the documents.

A party (or parties) who designated documents as confidential is required to meet the *Kamakana* standards to overcome the presumption of public access to judicial files, records, motions, and any exhibits. The court will allow the subject documents to remain sealed temporarily so that the designating parties and their counsel may confer about what, if any, portions of the documents should be sealed or redacted. *See In re Roman Catholic Archbishop of*

*Portland*, 661 F.3d 417, 425 (9th Cir. 2011) (sealing of entire documents is improper when any confidential information can be redacted while leaving meaningful information available to the public).  If a designating party determines that a filing or portion thereof should remain sealed, it is required to file within 14 days an appropriate memorandum of points and authorities making a particularized showing why the documents should remain under seal.  Pursuant to *Kamakana* and its progeny, any request to seal must set forth either good cause or compelling reasons to support sealing.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016) (finding that the standards courts apply to sealing requests turn on the relevance of the documents to the substantive merits of a case—not on the relief sought).

Accordingly,

**IT IS ORDERED:**

1. Plaintiffs' Motion to Seal (ECF No. 2499) is DENIED WITHOUT PREJUDICE.
2. The deposition transcript referenced in the Motion and submitted as the Sealed Exhibit (ECF No. 2498) shall remain under seal until **August 22, 2016**.
3. The Xcel Defendants shall have until **August 22, 2016,** to file a memorandum of points and authorities and any supporting declaration or affidavit to make a particularized showing as to why the documents should remain under seal.
4. If the Xcel Defendants fails to timely comply with this Order, the Clerk of the Court will be directed to unseal the documents to make them available on the public docket.

Dated this 15th day of August, 2016.

                                              _____
                                              PEGGY A. LEEN
                                              UNITED STATES MAGISTRATE JUDGE