UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IN RE WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION, | MDL Docket No. 1566 |
| | Base Case No. 2:03-cv-01431-RCJ-PAL |
| THIS DOCUMENT RELATES TO: *ALL ACTIONS* | **ORDER** (Mot. to File Under Seal – ECF No. 2550) |

This matter is before the court on Defendants' Motion for Leave to File Documents Under Seal (ECF No. 2550). The court notes that this Motion was erroneously filed under seal when *the motion itself* does not contain any confidential information—only the attached exhibits present confidential information.[1] The Motion will be unsealed.

The Motion seeks leave to file under seal certain documents and exhibits referenced in Defendants' Joint Motion to Strike the Proposed Expert Opinions of Dr. Mark Dwyer (ECF No. 2547) and Defendants' Joint Motion to Strike the Proposed Expert Opinions of Dr. Michael J. Harris (ECF No. 2548):

- Exhibit 2 (ECF No. 2550-1): June 22, 2016 Declaration of Michelle M. Burtis, Ph.D., including attached exhibits (the "Burtis Declaration");

- Exhibit 25 (ECF No. 2550-3): June 23, 2016 Declaration of Randal Heeb, Ph.D., including attached exhibits (the "Heeb Declaration"); and

---

[1] If a motion to seal itself contains confidential information, the moving party may file a *redacted* motion to seal on the public docket and an *unredacted* motion under seal with the sealed exhibits. However, this practice is disfavored as litigants should attempt to meet their burden under *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) without specific references to confidential information. For additional direction, the parties should review the December 24, 2015 Order (ECF No. 2257) addressing sealed filings and the CM/ECF filing procedures available on the court's website, or contact the CM/ECF Helpdesk at (702) 464-5555.

- Exhibit 6 (ECF No. 2550-2): October 30, 2009 Reply Declaration of Mark Dwyer, Ph.D. ("2009 Dwyer Declaration"), marked as Exhibit 11004 to the deposition of Mark Dwyer, Ph.D. and prepared in support of Plaintiffs' Motion for Class Certification.

*See also* Appendix in Support of Defendants' Joint Motions to Strike the Proposed Expert Opinions of Dr. Mark Dwyer and Dr. Michael J. Harris (ECF No. 2549).

**I.    THE BURTIS AND HEEB DECLARATIONS**

The court recently found good cause for the Burtis and Heeb Declarations to remain under seal. *See* Order (ECF No. 2521) (sealing the Burtis and Heeb Declarations filed in connection to Defendants' Joint Opposition to Plaintiffs' Motions for Class Certification). Having reviewed and considered the matter in accordance with the Ninth Circuit's directives set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the court finds that Defendants have met their burden of establishing good cause for the Burtis and Heeb Declarations (ECF Nos. 2550-1, 2550-3) to remain sealed.

**II.    THE 2009 DWYER DECLARATION**

The Motion also seeks leave to file the 2009 Dwyer Declaration under seal. The 2009 Dwyer Declaration was filed under seal because counsel for opposing parties designated the documents as "confidential" pursuant to the parties' Stipulated Protective Order (ECF No. 1147).

A party (or parties) who designated documents as confidential is required to meet the *Kamakana* standards to overcome the presumption of public access to judicial files, records, motions, and any exhibits. The court will allow the subject documents to remain sealed temporarily so that the designating parties and their counsel may confer about what, if any, portions of the documents should be sealed or redacted. *See In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011) (sealing of entire documents is improper when any confidential information can be redacted while leaving meaningful information available to the public). If a designating party determines that a filing or portion thereof should remain sealed, it is required to file an appropriate memorandum of points and authorities making a particularized showing why the documents should remain under seal. Pursuant to *Kamakana* and its progeny, any request to seal must set forth either good cause or compelling reasons to support sealing. *See*

2

*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016) (finding that the standards courts apply to sealing requests turn on the relevance of the documents to the substantive merits of a case—not on the relief sought).

Defendants have expressed no opinion regarding the confidentiality of the 2009 Dwyer Declaration; however, Defendants note that the court granted Plaintiffs' request to file the same declaration under seal in 2010. Mot. (ECF No. 2550) at 2 (citing Apr. 10, 2010 Order (ECF No. 1993)). Given the parties' representations that numerous documents no longer require sealing, the court will require Plaintiffs to review the 2009 Dwyer Declaration and file within 14 days either: (i) an appropriate memorandum of points and authorities making a particularized showing why the documents should remain under seal, or (ii) a notice indicating that the documents do not require sealing.

Accordingly,

**IT IS ORDERED:**

1. The Clerk of the Court shall UNSEAL Defendants' Motion for Leave to File Documents Under Seal (ECF No. 2550), but not the attached exhibits.
2. Defendants' Motion for Leave to File Documents Under Seal (ECF No. 2550) is:
    a. GRANTED IN PART with respect to Exhibits 2 and 25, the Declarations of Michelle M. Burtis, Ph.D. (ECF No. 2550-1), and Randal Heeb, Ph.D. (ECF No. 2550-3), and
    b. DENIED IN PART WITHOUT PREJUDICE with respect to Exhibit 6, the October 30, 2009 Reply Declaration of Mark Dwyer, Ph.D (ECF No. 2550-2).
3. Exhibits 2 and 25, the Declarations of Michelle M. Burtis, Ph.D. (ECF No. 2550-1), and Randal Heeb, Ph.D. (ECF No. 2550-3) shall remain under seal.
4. Plaintiffs shall have until **September 28, 2016,** to review the 2009 Dwyer Declaration and file within 14 days either: (i) an appropriate memorandum of points and authorities making a particularized showing why the documents should remain under seal, or (ii) a notice indicating that the documents do not require sealing.

/ / /

5. Exhibit 6, the October 30, 2009 Reply Declaration of Mark Dwyer, Ph.D (ECF No. 2550-2) shall remain under seal until **September 28, 2016**.

6. If Plaintiffs fails to timely comply with this Order, the Clerk of the Court will be directed to unseal the documents to make them available on the public docket.

Dated this 13th day of September, 2016.

                                          PEGGY A. LEEN
                                          UNITED STATES MAGISTRATE JUDGE