1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| IN RE WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION, | MDL Docket No. 1566 |
|---|---|
| | Base Case No. 2:03-cv-01431-RCJ-PAL |
| THIS DOCUMENT RELATES TO: *ALL ACTIONS* | **ORDER** |
| | (Mots. to Seal – ECF No. 2566, 2571) |

12        This matter is before the court on Plaintiffs' Motions For Leave to File Documents Under

13 Seal (ECF No. 2566, 2571).  The Motions seek leave to file under seal certain documents and

14 exhibits referenced in the related filings.  The subject documents were filed under seal because

15 counsel for Defendants designated the documents as "confidential" pursuant to the parties'

16 Stipulated Protective Order (ECF No. 1147), which requires the moving parties to request

17 permission to file such documents under seal.  *See also* Protective Order Governing

18 Confidentiality of Documents (ECF No. 1152); Dec. 24, 2015 Order (ECF No. 2257) (directing

19 the parties to comply with the standards articulated by the Ninth Circuit in *Kamakana v. City and*

20 *County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)).  Plaintiffs expressed no opinion regarding

21 the confidentiality of the documents.

22        A party (or parties) who designated documents as confidential is required to meet the

23 *Kamakana* standards to overcome the presumption of public access to judicial files, records,

24 motions, and any exhibits.  The court will allow the subject documents to remain sealed

25 temporarily so that the designating parties and their counsel may confer about what, if any,

26 portions of the documents should be sealed or redacted.  *See In re Roman Catholic Archbishop of*

27 *Portland*, 661 F.3d 417, 425 (9th Cir. 2011) (sealing of entire documents is improper when any

28 confidential information can be redacted while leaving meaningful information available to the

1

1    public).  If a designating party determines that a filing or portion thereof should remain sealed, it

2    is required to file within 14 days an appropriate memorandum of points and authorities making a

3    particularized showing why the documents should remain under seal.  Pursuant to *Kamakana* and

4    its progeny, any request to seal must set forth either good cause or compelling reasons to support

5    sealing.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016) (finding

6    that the standards courts apply to sealing requests turn on the relevance of the documents to the

7    substantive merits of a case—not on the relief sought).

8         Accordingly,

9         **IT IS ORDERED:**

10        1.  Plaintiffs' Motions for Leave to File Documents Under Seal (ECF Nos. 2566, 2571)

11            are DENIED WITHOUT PREJUDICE.

12        2.  The Documents / Exhibits referenced in the Motions shall remain under seal until

13            **September 28, 2016**.

14        3.  The designating party (or parties) shall have until **September 28, 2016**, to file a

15            memorandum of points and authorities and any supporting declaration or affidavit to

16            make a particularized showing as to why the documents should remain under seal.

17        4.  If the designating party (or parties) fails to timely comply with this Order, the Clerk

18            of the Court will be directed to unseal the documents to make them available on the

19            public docket.

20        Dated this 13th day of September, 2016.

21

22                                                    _____
                                                      PEGGY A. LEEN
23                                                    UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28