UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IN RE WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION, | MDL Docket No. 1566<br>Base Case No. 2:03-cv-01431-RCJ-PAL |
| THIS DOCUMENT RELATES TO:<br>*ALL ACTIONS* | **ORDER** |

This matter is before the court on NewPage Wisconsin Systems Inc.'s Briefs (ECF Nos. 2400, 2542) responding to the court's Order (ECF No. 2378), which instructed the designating party (or parties) to file a memorandum of points and authorities and any supporting declaration or affidavit to make a particularized showing as to why certain documents should remain under seal. Defendant CenterPoint Energy Services, Inc. ("CES") filed a Motion to Seal (ECF No. 2366) seeking leave to file under seal the Transcript of Wayne Krolikowski's Deposition (ECF No. 2364-1), which New Page Wisconsin Systems Inc. ("NewPage") designated as confidential. CES referenced the deposition transcript as Exhibit D in CES's Response to Arandell Plaintiffs' Supplemental Brief in Support of Their Motion to Compel (ECF No. 2363).

This is an anti-trust action and the court has entered a Stipulated Protective Order (ECF No. 1147) governing documentation and testimony that is confidential to the parties' internal business strategies, research and development, and other sensitive information of a proprietary business or technical nature. *See also* Protective Order Governing Confidentiality of Documents (ECF No. 1152); Dec. 24, 2015 Order (ECF No. 2257). Having reviewed and considered the matter in accordance with the Ninth Circuit's directives set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the court finds that NewPage has met its burden of establishing good cause for these documents to be sealed.

On May 13, 2016, NewPage filed a Brief (ECF No. 2400) and the Declaration of Wayne Krolikowski (ECF No. 2401) stating good cause for sealing and indicating that a portion of the deposition transcript could be redacted and kept open to the public.  NewPage later submitted as an exhibit to a supplemental Brief (ECF No. 2542) the 305-page Redacted Transcript (ECF No. 2542-1), of which 11 pages contain redactions, along with a Sealed Exhibit (ECF No. 2543) containing the 11 pages of unredacted transcripts.  Notably, NewPage asks the court to "substitute" the Redacted Transcript (ECF No. 2542-1) and Sealed Exhibit (ECF No. 2543) for CES's Exhibit D (ECF No. 2364-1).  However, the court's docketing clerks cannot "substitute" documents on the record, just as the docketing clerks are unable to separate pages for sealing purposes.  *See* Order (ECF No. 2257) at 2.  Once a document is filed, it remains on the docket unless the court strikes the document from the record.  The court will therefore seal the deposition transcript CES first filed and the Redacted Transcript (ECF No. 2542-1) shall serve as the public filing of CES's Exhibit D in the Response to Arandell Plaintiffs' Supplemental Brief in Support of Their Motion to Compel (ECF No. 2363).

Accordingly,

**IT IS ORDERED:**

1. The Clerk of the Court shall SEAL the Transcript of Wayne Krolikowski's Deposition (ECF No. 2364-1).

2. NewPage Wisconsin Systems Inc.'s Redacted Transcript (ECF No. 2542-1) shall serve as Exhibit D to Defendant CenterPoint Energy Services, Inc.'s Response to Arandell Plaintiffs' Supplemental Brief in Support of Their Motion to Compel (ECF No. 2363).

3. NewPage Wisconsin Systems Inc.'s Sealed Exhibit (ECF No. 2543) shall remain under seal.

Dated this 13th day of September, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

2