UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| IN RE WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION, | MDL Docket No. 1566 |
| | Base Case No. 2:03-cv-01431-RCJ-PAL |
| THIS DOCUMENT RELATES TO: *ALL ACTIONS* | **ORDER** |
| | (Mot. to Seal – ECF No. 2331) |

This matter is before the court on Defendant Xcel Energy, Inc.'s failure to respond to the court's Order (ECF No. 2378) denying the Motion to Seal (ECF No. 2331) filed by Plaintiff Sinclair Oil Corporation ("Sinclair") without prejudice and instructing the designating party (or parties) to file a memorandum of points and authorities and any supporting declaration or affidavit to make a particularized showing as to why certain documents should remain under seal.

Sinclair sought leave to file under seal because counsel for Xcel Energy, Inc. ("Xcel Energy") designated certain documents as confidential. Sinclair referenced the documents as Exhibits A and B in its Reply (ECF No. 2330) in support of its Motion to Compel Defendants ePrime, Inc. and Xcel Energy, Inc. to Respond to Discovery Requests and for Sanctions. *See* Notice of Filing Under Seal (ECF No. 2332). The court instructed the designating party (or parties) to make a particularized showing on or before May 13, 2016. *See* Order (ECF No. 2378).

Although the court did not address this in the Order (ECF No. 2378), Sinclair's Notice of Filing Under Seal (ECF No. 2332) violates LR IC 2-2(a), LR IA 10-3, and the court's Order (ECF No. 2257), which instructed the parties how to electronically file documents in CM/ECF for which they request sealing. The order states that *each document/exhibit* must be

1

electronically filed as "separate attachments from the main document in CM/ECF." Order (ECF No. 2257) at 2. In other words, each exhibit must be filed as a sub-document to the main filing. For example, a main document such as a notice of sealed exhibits would receive the main docket number (*e.g.*, ECF No. 100), while each exhibit will receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 100-1), Exhibit B (ECF No. 100-2), Exhibit C (ECF No. 100-3), and so forth). By combining the notice and exhibits into one PDF file and then filing that single PDF as the "main document," Sinclair has made it "impossible for the Clerk of the Court to unseal any documents the court finds should not be sealed because the docketing clerks cannot separate the pages for sealing purposes." *Id*. As explained below, the court's review this matter was complicated by Sinclair's failure to properly file the sealed exhibits, and Sinclair will be required to refile Exhibit A.

On May 13, 2016, the parties filed a Joint Motion (ECF No. 2402) responding to the court's Order (ECF No. 2378) and the Minutes of Proceedings (ECF No. 2385) for the Status Conference held on April 26, 2016. The Joint Motion asked the court to "substitute" a redacted Exhibit B for a document filed with Sinclair's Reply (ECF No. 2330), which stated "Pages Filed Under Seal." For good cause appearing, the court approved the parties' Joint Motion. *See* Order (ECF No. 2417).[1] Thus, the redacted Exhibit B (ECF No. 2402-1) effectively (but not electronically) replaced the page insert noting the sealed filing, *see* (ECF No. 2330-2) at 4.

Although the parties addressed Exhibit B in the Joint Motion, that filing did not include a particularized showing for Exhibit A to remain under seal. The designating party (or parties) did not file memorandum of points and authorities or any supporting declaration or affidavit indicating why Exhibit A should remain under seal, and the deadline to do so has now expired. The parties were cautioned that if they failed to timely comply with the Order, the Clerk of the

---

[1] In light of this Order, the court clarifies the effect of its prior Order (ECF No. 2417) on Exhibit B. Just as the docketing clerks are unable to separate pages for sealing purposes, *see* Order (ECF No. 2257) at 2, the docketing clerks cannot "substitute" documents on the record. Once a document is filed, it remains on the docket unless the court expressly strikes the document from the record. Rather, the court views a substituted document as though it was filed in the first instance. Because the court granted the Joint Motion, the redacted Exhibit B (ECF No. 2402-1) became part of the public record is now considered in place of the page insert noting the sealed filing, *see* (ECF No. 2330-2) at 4. However, the redacted Exhibit B did not electronically replace the page insert.

2

1  Court would be directed to unseal the documents to make them available on the public docket.
2  However, because Sinclair did not properly file Exhibits A and B as separate attachments from
3  the Notice (ECF No. 2332), the court cannot direct the docketing clerks to simply unseal Exhibit
4  A and leave Exhibit B under seal.  Sinclair will therefore be required to refile Exhibit A on the
5  public docket and link the new filing to its underlying Reply (ECF No. 2330) in support of its
6  Motion to Compel.

   Accordingly,

   **IT IS ORDERED:**

   1. Plaintiff Sinclair Oil Corporation shall REFILE Exhibit A to Notice of Filing Under Seal (ECF No. 2332) and LINK the new filing in CM/ECF to its underlying Reply (ECF No. 2330) in support of its Motion to Compel by **September 20, 2016**.
   2. In any future filings, the parties are instructed to comply with LR IC 2-2(a), LR IA 10-3, and the court's Order (ECF No. 2257).

   Dated this 13th day of September, 2016.

   PEGGY A. LEEN
   UNITED STATES MAGISTRATE JUDGE

3