# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION. | 2:03-cv-01431-RCJ-PAL<br><br>MDL No. 1566<br><br>**ORDER** |

These consolidated cases arise out of the energy crisis of 2000–2002.  Plaintiffs (retail buyers of natural gas) allege that Defendants (natural gas traders) manipulated the price of natural gas by reporting false information to price indices published by trade publications and engaging in wash sales.  Forty motions are pending before the Court in several of the consolidated cases.  Several of the pending motions are currently scheduled for oral argument on December 8, 2016.  The Court hereby rules on several motions not scheduled for oral argument, vacates the December 8, 2016 oral argument (due to the extension of briefing deadlines as to many of the pending motions), and directs the parties to contact the Court to arrange a mutually agreeable time for oral argument on the remaining motions (and any additional dispositive motions filed before the December 8, 2016 deadline).

## I.      PROCEDURAL HISTORY

In 2003, the Judicial Panel on Multidistrict Litigation ("JPML") transferred seven class action cases from various districts in California to this District under 28 U.S.C. § 1407 as Multidistrict Litigation ("MDL") Case No. 1566, assigning Judge Pro to preside.  Since then, the JPML has transferred in several more actions from various districts throughout the United States.

Between 2003 and 2015, Judge Pro ruled on many motions to remand, to dismiss, and for summary judgment.  He also approved several class settlements.  Several parties settled on their own.  One or more of the cases have been to the Court of Appeals twice and to the Supreme Court once.  In 2007, the Court of Appeals reversed several dismissals under the filed rate doctrine and remanded for further proceedings.  In 2013, the Court of Appeals reversed several summary judgment orders, ruling that the Natural Gas Act did not preempt state law anti-trust claims and that certain Wisconsin- and Missouri-based Defendants should not have been dismissed for lack of personal jurisdiction.  The Supreme Court granted certiorari as to preemption under the Natural Gas Act and affirmed.  The case was soon thereafter reassigned to this Court when Judge Pro retired.  The Court has issued several orders on motions to dismiss or for summary judgment.

II.     **DISCUSSION**

    A.     **Defendants' Motions to Reconsider**

       In Case No. 2:05-cv-1331, El Paso LLC (formerly known as El Paso Corp.), Xcel Energy Inc., and Williams Merchant Services Co., LLC (formerly known as Williams Merchant Services Co., Inc.) have separately asked the Court to reconsider Defendants' Motion for Entry of Judgment (ECF No. 2445).  The motion was based on the Court's previous ruling as to Defendants' release via settlements reached in the NYMEX litigation in New York.  The Court denied the motion for entry of judgment without prejudice, because although most of the moving Defendants were entitled to entry of judgment based on the release, the Court was unable to find these three entities listed in the First or Second Settlement Agreements. (*See* Order 3, ECF No. 2546).  The Court agreed with Defendants over Plaintiffs' objection as to which Defendants had joined the motion but noted that the Court's intent in granting summary judgment was to grant

the motion only as to the moving Defendants whom the evidence showed had been released. (*See id.* 2–3).

El Paso LLC argues that it was intended to be released under the Second Settlement Agreement in the NYMEX action because El Paso Marketing, L.P. was included therein, and "Released Parties" thereunder includes "parents" and "subsidiaries" of the entities listed therein. El Paso LLC correctly notes that Plaintiff has admitted El Paso Corp. was a parent of El Paso Marketing via its own pleading. (*See* Am. Compl. ¶ 23, ECF No. 11 in No. 2:05-cv-1331 ("El Paso Corporation wholly controls and dominates its subsidiary, El Paso Merchant Energy, L.P.")). Xcel Energy Inc. similarly argues that it was intended to be released under the First Settlement Agreement in the NYMEX action because e prime, Inc. was included therein. Xcel Energy Inc. correctly notes that Plaintiff has admitted it was a parent of e prime, Inc. via its own pleading. (*See id.* ¶ 41). Williams Merchant Services Co., LLC similarly argues that it was intended to be released under the First Settlement Agreement in the NYMEX action both because it was the parent of Williams Energy Marketing & Trading and the subsidiary of The Williams Companies, Inc., both of whom were included therein. Williams Merchant Services Co., LLC correctly notes that Plaintiff has admitted the relevant corporate relationships via its own pleading. (*See id.* ¶¶ 8, 11). The Court will therefore reconsider its denial of the Motion for Entry of Judgment (ECF No. 2445). It appears that based on the evidence previously adduced, El Paso LLC, Xcel Energy, Inc., and Williams Merchant Services Co., LLC were in fact released via the First and Second Settlement Agreements in the NYMEX action due to their corporate relationships to various parties listed therein.

///

///

### B.      Plaintiffs' Motion to Reconsider

Plaintiffs Breckenridge Brewery of Colorado, LLC and BBD Acquisition Co. ask the Court to reconsider Judge Pro's February 19, 2008 order in Case No. 2:06-cv-1351 granting summary judgment to e prime, Inc.  Plaintiffs argue that e prime now admits dispositive facts supporting its earlier motion.  Specifically, e prime, Inc. previously falsely stated that Xcel Energy Retail Holdings, Inc. (and not e prime, Inc.) was the parent of Defendant e prime Energy Marketing, Inc.  Plaintiffs recently discovered (as the result of a successful motion to compel) that e prime, Inc. was in fact the parent of e prime Energy Marketing, Inc. during at least part of the relevant time period.

In opposition, Defendants argue that the motion is untimely and that the evidence of the corporate relationship is not new.  They note that Plaintiffs presented evidence in 2008 of checks for retail sales made out to "e prime, Inc."  They also argue that even if the evidence obtained in January 2016 concerning the corporate relationship during the relevant times can be considered "new," the present motion was not filed within a reasonable time, *see* Fed. R. Civ. P. 60(c)(1), because it was not filed for nine months thereafter.  The Court agrees, and contrary to Plaintiffs' suggestion, Rule 54(b) cannot be read to render superfluous the standards governing relief mandated by Rule 60.  Defendants also note that Judge Pro granted summary judgment because there was no evidence of direct sales to Plaintiffs during the times when e prime, Inc. was the parent of e prime Energy Marketing, Inc.  In other words, even if Judge Pro had found the relevant corporate relationship, Plaintiffs would still have lacked the evidence necessary to avoid summary judgment in e prime, Inc.'s favor on the merits.  The Court denies the motion to reconsider.

///

### C.    Objection to Magistrate Judge Order No. 2589

Plaintiffs in Case Nos. 2:07-cv-1019 and 2:09-cv-915 ask the Court to overrule the Magistrate Judge's order of September 13, 2016 denying their motion to compel.  The motion is untimely, having been filed on Friday, September 30, 2016, more than fourteen days after the September 13, 2016 hearing at which the challenged ruling was announced. *See* Fed. R. Civ. P. 72(a).  Plaintiffs argue the order was "entered" on September 15, 2016, but the Court can find no indication of that in the docket, and even if so the motion would still be untimely. *See id.*

### CONCLUSION

IT IS HEREBY ORDERED that the Motions to Reconsider (ECF Nos. 2556, 2557, 2560) and the Motion for Entry of Judgment (ECF No. 2561) are GRANTED, and the Clerk shall ENTER the Proposed Judgment (ECF No. 2561-1).

IT IS FURTHER ORDERED that the Motion to Reconsider (ECF Nos. 2565), the Objection to Magistrate Judge Order No. 2589 (ECF No. 2608), and the Motions for Leave to File a Surresponse (ECF Nos. 2639, 2641, 2643) are DENIED.

IT IS FURTHER ORDERED that the Motions to Extend Time (ECF Nos. 2353, 2425, 2486) and the Motion for Leave to File a Reply (ECF No. 2449) are DENIED as moot.

IT IS FURTHER ORDERED that the Stipulations (ECF Nos. 2628, 2631, 2637) and the Motions to Seal (ECF Nos. 2646, 2652, 2667) are GRANTED.

IT IS FURTHER ORDERED that the hearing scheduled for December 8, 2016 is VACATED.

IT IS FURTHER ORDERED that argument on the following motions is RESCHEDULED to 09:00AM, Thursday, January 26, 2017, in LAS VEGAS COURTROOM 4B, before Judge Robert C. Jones: Motions to Certify (ECF Nos. 2308–2311), Motions for

Summary Judgment (ECF Nos. 2399, 2436, 2508, 2555), Motion to Amend (ECF No. 2454), and Motions to Strike (ECF Nos. 2547, 2548, 2620–2625, 2644, 2645, 2650, 2651).  Any dispositive motions filed by the December 8, 2016 deadline will also be argued at that time, and the Court will not extend the December 8, 2016 deadline.

IT IS SO ORDERED.

Dated this 16th day of November, 2016.

_____
ROBERT C. JONES
United States District Judge