UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| IN RE WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION, <br><br> THIS DOCUMENT RELATES TO: <br> *ALL ACTIONS* | MDL Docket No. 1566 <br><br> Base Case No. 2:03-cv-01431-RCJ-PAL <br><br> **ORDER** <br><br> (Mot. to File Under Seal – ECF No. 2708) |

This matter is before the court on the Arandell Plaintiffs' Motion to File Under Seal (ECF No. 2708). The court notes that this Motion was erroneously filed under seal when *the motion itself* does not contain any confidential information—only the attached exhibits present confidential information.[1] The Motion will be unsealed.

The Motion seeks leave to file under seal certain documents referenced in the Supplemental Declaration of Ryan M. Billings dated December 8, 2016 (ECF No. 2707-1) in support of the Arandell Plaintiffs' Motion to Compel Reliant Energy, Inc., to Provide Discovery and Request for Remedial Relief (ECF No. 2670):

- RELMDL0016035-83 (Collection of emails re: trading on ICE);
- RELMDL0017176-77 (Email dated 4/10/01 with attachment); and
- RELMDL0020095-103 (May 20, 2002 Verification by Les Owen).

These documents are referred to as "Exhibit E," "Exhibit F," and "Exhibit G," and are discussed

---

[1] If a motion to seal itself contains confidential information, the moving party may file a *redacted* motion to seal on the public docket and an *unredacted* motion under seal with the sealed exhibits. However, this practice is disfavored as litigants should attempt to meet their burden under *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) without specific references to confidential information. For additional direction, the parties should review the December 24, 2015 Order (ECF No. 2257) addressing sealed filings and the CM/ECF filing procedures available on the court's website, or contact the CM/ECF Helpdesk at (702) 464-5555.

in paragraphs 8, 9, and 10 of that Declaration. *See* (ECF No. 2708-2, 2708-3, 2708-4). Notably, the Arandell Plaintiffs' also attach another document, RELMDL0028584, referred to as "Exhibit D" (ECF No. 2708-1), which is not specifically discussed in the Motion. Based on its inclusion with the other sealed exhibits, the court will construe the Motion as requesting leave to file this document under seal as well.

These documents were filed under seal because counsel for opposing parties designated the documents as "confidential" pursuant to the parties' Stipulated Protective Order (ECF No. 1147), which requires the moving parties to request permission to file such documents under seal. *See also* Protective Order Governing Confidentiality of Documents (ECF No. 1152); Dec. 24, 2015 Order (ECF No. 2257) (directing the parties to comply with the standards articulated by the Ninth Circuit in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)). The movants themselves have no concern regarding the confidentiality of the documents.

A party (or parties) who designated documents as confidential is required to meet the *Kamakana* standards to overcome the presumption of public access to judicial files, records, motions, and any exhibits. The court will allow the documents to remain sealed temporarily so that the designating parties and their counsel may confer about what, if any, portions of the documents should be sealed or redacted. *See In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011) (sealing of entire documents is improper when any confidential information can be redacted while leaving meaningful information available to the public). If a designating party determines that a filing or portion thereof should remain sealed, it is required to file within 14 days an appropriate memorandum of points and authorities making a particularized showing why the documents should remain under seal. Pursuant to *Kamakana* and its progeny, any request to seal must set forth either good cause or compelling reasons to support sealing. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016) (finding that the standards courts apply to sealing requests turn on the relevance of the documents to the substantive merits of a case—not on the relief sought).

Accordingly,

/ / /

**IT IS ORDERED:**

1. The Clerk of the Court SHALL UNSEAL the Motion to Seal (ECF No. 2708), but not the attached exhibits.
2. Plaintiffs' Motion to Seal (ECF No. 2708) is DENIED WITHOUT PREJUDICE.
3. The Exhibits attached to the Motion shall remain under seal until **March 8, 2017**.
4. The designating party (or parties) shall have until **March 8, 2017**, to file a memorandum of points and authorities and any supporting declaration or affidavit to make a particularized showing as to why the documents should remain under seal.
5. If the designating party (or parties) fails to timely comply with this Order, the Clerk of the Court will be directed to unseal the documents to make them available on the public docket.

Dated this 21st day of February, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

3