**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION | MDL Docket No. 1566 <br><br> Base Case No. 2:03-cv-01431-RCJ-PAL |
| THIS DOCUMENT RELATES TO: | |
| *Learjet, Inc., et al. v. ONEOK Inc., et al.* | Case No. 2:06-cv-00233-RCJ-PAL |
| *Heartland Regional Medical Center, et al. v. ONEOK Inc., et al.* | Case No. 2:07-cv-00987-RCJ-PAL |
| *Arandell Corp., et al. v. Xcel Energy, Inc., et al.* | Case No. 2:07-cv-01019-RCJ-PAL |
| *NewPage Wisconsin System Inc. v. CMS Energy Resource Management Co., et al.* | Case No. 2:09-cv-00915-RCJ-PAL |

**FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE**
**AS TO CORAL ENERGY RESOURCES, L.P.**

This matter has come before the Court to determine whether there is any cause why this Court should not approve the settlement between Plaintiffs in the above-captioned Actions on behalf of the Midwest Classes, and Coral Energy Resources, L.P., as succeeded by Shell Energy North America (US), L.P. through merger ("Coral"), as set forth in the Settlement Agreement dated September 1, 2016 (the "Agreement"). The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, has determined (1) that the settlement should be approved, and (2) that there is no just reason for delay of the entry of this Final Judgment approving the Agreement. Accordingly, the Court directs entry of Judgment which shall constitute a final adjudication of the above-captioned Actions on the merits in accordance with the terms of the Agreement. Good cause appearing therefor, it is:

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Court has jurisdiction over the subject matter of the Actions and over all parties to the Agreement, including all members of the Midwest Classes based upon the Court's findings

55124961.1

and conclusions herein that such settlement class members have been afforded the due process protections of notice, an opportunity to be heard, a right to exclude themselves from the Midwest Classes and adequate representation. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985).

2. All terms which are defined in the Agreement and used but not otherwise defined herein shall have the meanings ascribed to them in the Agreement, all of which are incorporated herein as though fully set forth in this Final Judgment.

3. By its Preliminary Approval Order, the Court certified, for purposes of settlement only, these Actions as class actions against Coral under Federal Rule of Civil Procedure 23(b)(3). The Classes are defined as follows:

> A. **"Kansas Class"** means:
> All industrial and commercial direct purchasers of natural gas for their own use or consumption during the period from January 1, 2000 through October 31, 2002, and which gas was used or consumed by them in Kansas. Excluded from the Class are (a) entities that purchased natural gas for resale (to the extent of such purchase(s) for resale); (b) entities that purchased natural gas for generation of electricity for the purpose of sale (to the extent of such purchase(s) for generation); (c) defendants and their predecessors, affiliates, and subsidiaries; (d) the federal government and its agencies; and (e) Reorganized FLI, Inc. (f/k/a Farmland Industries, Inc.).
>
> For purposes of the Kansas Class definition, a "direct purchaser" means an industrial or commercial entity that bought natural gas for its own use or consumption directly from any of the defendants in the Actions, or from a seller other than a local distribution company.
>
> B. **"Missouri Class"** means:
> All industrial and commercial direct purchasers of natural gas for their own use or consumption during the period from January 1, 2000 through October 31, 2002, and which gas was used or consumed by them in Missouri. Excluded from the Class are (a) entities that purchased natural gas for resale (to the extent of such purchase(s) for resale); (b) entities that purchased natural gas for generation of electricity for the purpose of sale (to the extent of such purchase(s) for generation); (c) defendants and their predecessors, affiliates, and subsidiaries; (d) the federal government and its agencies; and (e) Reorganized FLI, Inc. (f/k/a Farmland Industries, Inc.).
>
> For purposes of the Missouri Class definition, a "direct purchaser" means an industrial or commercial entity that bought natural gas for

55124961.1

1     its own use or consumption directly from any of the defendants in the Actions, or from a seller other than a local distribution company.

    C.     "Wisconsin Class" means:
All industrial and commercial purchasers of natural gas for their own use and consumption during the period from January 1, 2000 through October 31, 2002, which gas was used or consumed by them in Wisconsin. Excluded from the class are (a) entities that purchased natural gas for resale (to the extent of such purchase(s) for resale); (b) entities that purchased natural gas for generation of electricity for the purpose of sale (to the extent of such purchase(s) for generation); (c) entities that purchased natural gas from entities that sold natural gas at rates approved by a State regulatory entity or public service commission (to the extent of such purchases at such approved rates); (d) defendants and their predecessors, affiliates and subsidiaries; (e) the federal government and its agencies; and (f) Reorganized FLI, Inc. (f/k/a Farmland Industries, Inc.).

    D.     **"Midwest Classes"** means, collectively, the Kansas Class, the Missouri Class, and the Wisconsin Class.

    E.     "Class Member" means each member of any one or more of the Midwest Classes.

    F.     "Class Period" means, with respect to each of the Midwest Classes, the period from January 1, 2000 through October 31, 2002.

4.     The Actions are, for settlement purposes, certified as class actions against Coral pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure for each and all of the Midwest Classes defined in paragraph 3 above and with respect to the Class Period defined in paragraph 3 above. Certification of the Midwest Classes is appropriate because:

    a.     The Court finds that the requirements of Rule 23(a) of the Federal Rules of Civil Procedure have been met:

        (i)     The Midwest Classes, are so numerous that joinder of all members is impracticable;

        (ii)     The Plaintiffs' claims against Coral and the defenses thereto present questions of law or fact common to the Midwest Classes;

        (iii)     The claims against Coral brought by the Plaintiffs in the Actions, as industrial and commercial purchasers of natural gas for their own use and consumption

-3-

55124961.1

during the Class Period, are typical of the claims of, or defenses to the claims of, members of the Midwest Classes against Coral;

  (iv) Class Counsel for the Midwest Classes have fairly, adequately and vigorously represented the interests of the Midwest Classes as respects claims against Coral; and

  (v) Based on their active participation in discovery and the settlement, the Plaintiffs in the Actions have fairly, adequately and vigorously represented the interests of the Midwest Classes as respects Coral.

 b. The Court finds that the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure have been met:

  (i) Questions of law or fact relating to whether Coral engaged in false or inaccurate reporting of natural gas transactions to the publishers of natural gas price indexes, or engaged in other unlawful conduct including natural gas wash trading or churning transactions, in furtherance of a conspiracy to manipulate prices for natural gas during the Class Period predominate over any questions affecting only individual members of any of the Midwest Classes;

  (ii) There are no competing actions or any suggestions that a more efficient alternative to the Actions against Coral exists, and the Actions are the superior method for the fair and efficient adjudication of this controversy; and

  (iii) Manageability for trial purposes is not an issue and need not be considered in determining whether to certify the Midwest Classes herein for purposes of settlement. *See Amchem v. Windsor*, 512 U.S. 591, 619 (1997).

 c. Certification of class actions, such as the Actions, for the purpose of settlement, is desirable to facilitate resolution of complex litigation such as this litigation.

5. The Court hereby finally approves and confirms the settlement set forth in the Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Midwest Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure. In reaching this

-4-
55124961.1

determination, the Court has, based upon the evidence presented and its independent inquiry, analysis and due diligence, considered: the serious questions of fact and law raised by Plaintiffs' claims and Coral's potential defenses in the Actions; the risk, expense, complexity, and likely duration of further litigation; the risk of obtaining, and maintaining throughout trial and potential appeal, class action status; the benefits of the settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel that the settlement is fair and reasonable; and the reaction(s) of the Midwest Class members to the settlement (both as to the number of requests for exclusion from the Midwest Classes and as to the number and nature of the objections to the settlement).

6. The Court hereby finds and concludes that the notice given to the Midwest Classes complied with this Court's Preliminary Approval Order , and that said notice was the best notice practicable under the circumstances and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, including, but not limited to, the form of notice and methods of identifying and giving notice to the Midwest Classes of, *inter alia*, the settlement terms, their rights to object to or exclude themselves from the settlement (and the procedures to do so), and the Fairness Hearing.

7. Pursuant to Fed. R. Civ. P. 23(g), Polsinelli PC, McCallister Law Group, LLC, and Barry Law Offices, LLC are appointed as co-counsel for the Kansas Class; Polsinelli PC and Barry Law Offices, LLC are appointed as co-counsel for the Missouri Class, and Polsinelli PC, Kohner, Mann & Kailas S.C., and Barry Law Offices, LLC are appointed as co-counsel for the Wisconsin Class. These firms have and will fairly, adequately, vigorously and competently represent the interests of the Midwest Classes. In particular, the Court finds that the Agreement is the result of extensive, good-faith arm's-length negotiations between the parties, and not the result of any collusion or reverse auction.

8. As of the April 11, 2017 deadline designated in this Court's Preliminary Approval Order, no persons/entities requested exclusion from the Midwest Classes. Because no member of any of the Midwest Classes submitted a timely and valid request, or indeed, any request, for exclusion from the Midwest Classes, all members of any of the Midwest Classes are hereby (i)

barred from asserting otherwise and (ii) bound by the terms of the Agreement, including the releases of claims, and by this Final Judgment.

9. There were no objections filed to this settlement. Any member of the Midwest Classes who failed to object or seek to intervene is conclusively deemed to have waived the right to object or intervene and is barred from raising any objection to the settlement or this Final Judgment in this or any other proceeding, including in an appeal.

10. This Court hereby dismisses on the merits and with prejudice, with each party to bear its own costs and attorneys' fees, these Actions as against Coral and as to all members of any of the Midwest Classes.

11. Pursuant to paragraph 20 of the Agreement, the Releasees are hereby and forever released and discharged from and with respect to any and all claims, demands, actions, suits, causes of action for injuries, losses, damages or other consequences of every nature (whether known or unknown, foreseen or unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated, legal or equitable) that Releasors or any of them ever had, now has, or hereafter can, shall, or may have in any capacity (whether class, individual, direct, derivative, representative or any other capacity) on account of, or in any way arising out of, or relating in any way to any act or omission of the Releasees or the other named defendants/alleged co-conspirators or any third party alleged co-conspirators (or any of them) that is alleged in the Actions up to the date of the execution of this Agreement or that could have been alleged in the Actions or in any other proceeding alleging such acts or omissions (the "Released Claims"). All persons and entities who are Releasors are hereby barred and permanently enjoined from commencing, prosecuting or continuing, either directly or indirectly, against any of the Releasees, in this or any other jurisdiction, any and all Released Claims and any other claims arising from any conduct alleged in any of the Actions. The Released Claims shall not preclude Plaintiffs from pursuing any and all claims against any defendants in the Actions other than Coral. Likewise, the Released Claims shall not impede Plaintiffs' rights to pursue claims against the non-settling defendants to recover for the full amount of Plaintiffs' and Class Members' alleged damages as provided by applicable law.

55124961.1

12. Neither the Agreement, the preliminary approval of the settlement and conditional certification for settlement purposes of the Midwest Classes, nor this Final Judgment (nor any negotiations or documents associated with them) are to be deemed an admission of liability or fault by Coral or by any of the Releasees, or a finding of the validity of any facts, allegations or claims asserted in the Actions, or of any wrongdoing or of any violation of law by Coral or any of the Releasees, or that any person has suffered any damage attributable to Coral or any of the Releasees, or an admission by Coral or any of the Releasees as to the certifiability of a litigation class in the Actions or in any other case. Neither the Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out the Agreement by any of the settling parties shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce the Agreement, or to defend against the assertion of Released Claims, or as otherwise required by law.

13. If for any reason this Final Judgment does not become "final" as provided in paragraph 17 of the Agreement, and if either Coral or Plaintiffs thereafter exercise their unilateral option(s) to rescind the settlement, terminate the Agreement and withdraw that Party's consent to the entry of this Final Judgment, then: (i) any preliminary or final certification of the Midwest Classes shall be automatically vacated, *nunc pro tunc;* (ii) all other provisions set forth in paragraph 16 of the Agreement shall apply; and (iii) any and all amounts paid by Coral into the Settlement Fund and/or deposited in the Escrow Account (including interest earned thereon) shall be returned to Coral within thirty (30) calendar days, less only disbursements made in accordance with paragraphs 23 and 24 of the Agreement.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any distribution to Class Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) hearing and determining applications by Plaintiffs' counsel for attorneys' fees, costs, expenses, and interest; (d) the Actions until the Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties has been performed pursuant to the Agreement;

55124961.1

(e) hearing and ruling on any matters relating to the plan of allocation of settlement proceeds; and (f) all parties to the Actions and Releasors, for the purpose of enforcing and administering the Agreement and the releases and other documents contemplated by, or executed in connection with, the Agreement.

15. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that this Final Judgment should be entered and further finds that there is no just reason for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the Agreement. Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

16. Nothing in this Order shall be construed to expand the obligations of Coral under the Agreement or to impose on Coral any obligations other than those contained in the Agreement.

**IT IS SO ORDERED.**

Dated: June 5, 2017

Hon. Robert C. Jones
United States District Judge