## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| IN RE: WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION. | ) ) ) ) ) | MDL DOCKET NO. 1566<br><br>Base Case File No.<br>2:03-CV-S-1431-RCJ-PAL |
| _____ | ) ) | |
| THIS DOCUMENT RELATES TO: | ) ) | |
| *Arandell Corporation., et al.*<br>*v. Xcel Energy Inc., et al.* | ) ) ) ) | 2:07-CV-01019-RCJ-PAL |
| *Heartland Regional Medical Center, et al.*<br>*v. ONEOK, Inc., et al.* | ) ) ) | 2:07-CV-00987-RCJ-PAL |
| *Learjet, et al. v. ONEOK, et al.* | ) ) | 2:06-CV-00233-RCJ-PAL |
| *NewPage Wisconsin System, Inc., et al.*<br>*v. CMS Energy Resource Management*<br>*Company, et al.* | ) ) ) | 2:09-CV-00915-RCJ-PAL |

### [PROPOSED] ORDER AWARDING ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS

The Court, having considered Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards and supporting papers (the "Motion"), and the complete record and files in the above-referenced matters; and good cause appearing, hereby ORDERS:

1. The Motion requests (1) reimbursement of 50% of counsel's out-of-pocket litigation costs and expenses; (2) an award of attorneys' fees of 32.8% of the Settlement Fund (comprised of the Settling Defendants' settlement payments of $42,800,000); (3) and incentive awards to each of the named plaintiffs appointed as class representatives for settlement purposes ("Settlement Class Representatives").

58300671.1

2. The Court finds that the amount of fees requested is fair and reasonable under the percentage-of-recovery method.

3. The attorneys' fees requested were entirely contingent upon success. Plaintiffs' Counsel[1] risked time and effort and advanced costs and expenses with no ultimate guarantee of compensation.

4. The Class Notice, sent to 3,626 prospective Settlement Class Members, and the Publication Notice, informed potential Settlement Class Members that Plaintiffs' counsel would be seeking fees in the amount of 32.8% of the Settlement Fund, reimbursement of costs and expenses, and incentive awards for the named plaintiffs in the actions listed on this Order. The Court has been informed that no objections were received from the Settlement Class to the interim fee request, reimbursement of expenses, and payment of incentive awards.

5. The Court has considered the Motion and papers filed in support thereof. Based upon these and other matters on record filed in this action, the Court finds that the fee requested is reasonable and proper, and that the costs and expenses incurred by Plaintiffs' counsel were necessary, reasonable, and proper.

6. The Court finds that reimbursements of $840,873.93 in *Learjet*, $766,813.50 in *Heartland*, and $1,053,919.10 in *Arandell* and *NewPage*, which represent 50% of the expenses incurred by counsel through August 31, 2016 are fair, reasonable, and proper.

7. The Court finds that an attorney-fee award of 32.8% of the Settlement Fund to Plaintiffs' Counsel is fair, reasonable, and proper.

---

[1] Plaintiffs' Counsel refers to Polsinelli PC, McCallister Law Group, Freiden Unrein, & Forbes LLP, and Barry Law Office in *Learjet*; to Polsinelli PC and Barry Law Office in *Heartland*; and to Polsinelli PC, Kohner Mann & Kailas S.C., and Barry Law Office in *Arandell* and *NewPage*.

58300671.1

8. The Court further finds that distributing incentive awards as detailed below to each of the Settlement Class Representatives is fair, reasonable, and proper.

THEREFORE, IT IS HEREBY ORDERED:

A. The $42,800,000 in settlements (the "Settlement Fund") shall be allocated among the Kansas, Missouri, and Wisconsin classes as follows: 32.92% to the Kansas Class, 19.13% to the Missouri Class, and 47.95% to the Wisconsin Class. Applying these percentages, the Kansas Class shall receive $14,089,760 before accounting for expenses, fees, and incentive awards, the Missouri Class shall receive $8,187,640 and the Wisconsin Class shall receive $20,522,000 from the Settlement Fund.

B. Plaintiffs' Counsel shall be reimbursed for expenses in the amounts of $840,873.93 in *Learjet*, $766,813.50 in *Heartland*, and $1,053,919.10 in *Arandell* and *NewPage*.

C. Plaintiffs' Counsel are awarded attorneys' fees in the amount of 32.8% of the $42,800,000 Settlement Fund.

D. Class Counsel for *Learjet* shall be awarded $4,637,110 in fees from the Settlement Fund, Class Counsel for *Heartland* shall be awarded $2,597,289 from the Settlement Fund, and Class Counsel for *Arandell* and *NewPage* shall be awarded $6,814,038. The award of attorneys' fees shall be allocated among the law firms representing Plaintiffs by agreement among plaintiffs' counsel.

E. The attorneys' fees awarded and the amount in reimbursement of litigation costs and expenses shall be paid form the Settlement Fund.

F. Plaintiffs' Counsel are authorized to and shall pay, or direct payment of, to the following twelve Settlement Class Representatives:

58300671.1

(1) In *Learjet*: (a) Learjet, Inc., $25,000; and (b) for Topeka Unified School District 501, $25,000;

(2) In *Heartland*: (a) For Heartland Regional Medical Center, $25,000; (b) for Northwest Missouri State University, $25,000; and (c) for Prime Tanning Corp., $25,000;

(3) In *Arandell*: (a) For Arandell Corporation, $75,000; (b) for ATI Ladish LLC f/k/a Ladish Company, Inc., $75,000; (c) for Briggs & Stratton Corporation, $75,000; (d) for Carthage College, $75,000; (e) for Merrick's, Inc., $75,000; and (f) for Sargento Foods Inc., $75,000; and

(4) In *NewPage*: For NewPage Wisconsin System, Inc., $75,000.

These incentive awards shall be drawn from the funds allocated to each respective settlement class after reimbursement of expenses and payment of attorney fees, as detailed above.

G. The Court retains jurisdiction over the matters that are the subject of this Order until after full disbursement of the Settlement Fund, and/or as necessary to effectuate the terms of the Settlement Agreements relating to attorneys' fees and incentive awards.

H. This Order shall be entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, as the Court finds that there is no just reason for delay.

IT IS SO ORDERED this 5th day of June, 2017.

_____
Judge Robert C. Jones