# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION | MDL Docket No. 1566 <br><br> Base Case No. 2:03-cv-01431-RCJ-PAL |
| THIS DOCUMENT RELATES TO: | |
| *Learjet, Inc., et al. v. ONEOK Inc., et al.* | Case No. 2:06-cv-00233-RCJ-PAL |
| *Heartland Regional Medical Center, et al. v. ONEOK Inc., et al.* | Case No. 2:07-cv-00987-RCJ-PAL |

## ORDER PRELIMINARILY CERTIFYING SETTLEMENT CLASSES, APPROVING CLASS SETTLEMENT, APPROVING CLASS NOTICE AND SETTING DATE FOR FAIRNESS HEARING

The motion of the Plaintiffs in above-captioned actions (the "Actions") for preliminary approval of the terms and conditions (the "Settlements") in the following Settlement Agreements (collectively, the "Agreements") has come before this Court:

(i) the Settlement Agreement dated March 24, 2017 entered into between Plaintiffs and defendants El Paso Corporation (n/k/a El Paso LLC) and El Paso Merchant Energy, L.P. (n/k/a El Paso Marketing Company, L.L.C.) (the "El Paso Defendants"); and

(ii) the Settlement Agreement dated March 24, 2017 entered into between Plaintiffs and defendants CMS Energy Corporation, CMS Energy Resources Management Company (f/k/a CMS Marketing, Services and Trading Company), and CMS Field Services, Inc. (the "CMS Defendants).

The El Paso Defendants and the CMS Defendants are hereinafter referred to collectively as the "Settling Defendants." Plaintiffs and the Settling Defendants are hereinafter referred to collectively as the "Parties."

The Court, after carefully considering the motion and all papers filed and proceedings held herein, including the Agreements and proposed Notice Plan, for good cause HEREBY FINDS AND ORDERS THE FOLLOWING:

58357472.3

1. The Parties include plaintiffs Learjet, Inc., Topeka Unified School District 501, Heartland Regional Medical Center, Prime Tanning Corp., and Northwest Missouri State University, (collectively hereinafter, "Plaintiffs"), both individually and on behalf of proposed settlement classes of industrial and commercial purchasers of natural gas for their own use or consumption in the States of Kansas and Missouri, as more particularly defined in Paragraph 3 of this Order, and other affiliated Releasors defined in the Agreements, along with the Settling Defendants and other affiliated Releasees as defined in the Agreements.

2. The Agreements are incorporated by reference in this Order. All terms which are defined in the Agreements and used but not otherwise defined herein shall have the meanings ascribed to them in the Agreements.

3. For purposes of determining whether the Agreements should be preliminarily approved, the Court conditionally certifies, for purposes of settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure 23(b)(3), the Classes defined as follows:

> (a) **"Kansas Class" means:**
> All industrial and commercial direct purchasers of natural gas for their own use or consumption during the period from January 1, 2000 through October 31, 2002, and which gas was used or consumed by them in Kansas. Excluded from the Class are (a) entities that purchased natural gas for resale (to the extent of such purchase(s) for resale); (b) entities that purchased natural gas for generation of electricity for the purpose of sale (to the extent of such purchase(s) for generation); (c) defendants and their predecessors, affiliates, and subsidiaries; (d) the federal government and its agencies; and (e) Reorganized FLI, Inc. (f/k/a Farmland Industries, Inc.).
>
> For purposes of the Kansas Class definition, a "direct purchaser" means an industrial or commercial entity that bought natural gas for its own use or consumption directly from any of the defendants in the Actions, or from a seller other than a local distribution company.
>
> (b) **"Missouri Class" means:**
> All industrial and commercial direct purchasers of natural gas for their own use or consumption during the period from January 1, 2000 through October 31, 2002, and which gas was used or consumed by them in Missouri. Excluded from the Class are (a) entities that purchased natural gas for resale (to the extent of such purchase(s) for resale); (b) entities that purchased natural gas for generation of electricity for the purpose of sale (to the extent of such purchase(s) for

-2-

58357472.3

generation); (c) defendants and their predecessors, affiliates, and subsidiaries; (d) the federal government and its agencies; and (e) Reorganized FLI, Inc. (f/k/a Farmland Industries, Inc.).

For purposes of the Missouri Class definition, a "direct purchaser" means an industrial or commercial entity that bought natural gas for its own use or consumption directly from any of the defendants in the Actions, or from a seller other than a local distribution company.

4. **"Mo-Kan Classes"** means, collectively, the Kansas Class and the Missouri Class.

5. "Class Period" means, with respect to each of the Mo-Kan Classes, the period from January 1, 2000 through October 31, 2002.

6. The Court preliminarily finds that the Settlements set forth in the Agreements: (i) resulted from extensive, good-faith, arm's-length negotiations between the Parties, conducted after Class Counsel as defined herein had conducted adequate investigation and discovery; and (ii) are sufficiently fair, reasonable and adequate to the Mo-Kan Classes to warrant providing notice in accordance with the Notice Plan described in the Motion for Preliminary Approval and thereafter conducting the final Fairness Hearing as described in Paragraph 11, below.

7. The Actions are, for settlement purposes only, certified as class actions against the Settling Defendants pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure for each and all of the Mo-Kan Classes and with respect to the Class Period. Certification for settlement purposes is appropriate because:

a. The Court preliminarily finds that the requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure are met in that:

(i) The Plaintiffs and Settling Defendants have agreed by virtue of the Agreements and for purposes of the settlement class only that the Mo-Kan Classes are so numerous that joinder of all members is impracticable;

(ii) The Plaintiffs and Settling Defendants have agreed by virtue of the Agreements and for purposes of the settlement class only that the Plaintiffs' claims against the Settling Defendants and the defenses thereto present

-3-

58357472.3

       questions of law or fact common to the Mo-Kan Classes that predominate over questions affecting individual members of the Mo-Kan Classes;

    (iii) The Plaintiffs and Settling Defendants have agreed by virtue of the Agreements and for purposes of the settlement class only that the claims against the Settling Defendants brought by the Plaintiffs in the Actions, as industrial and commercial purchasers of natural gas for their own use and consumption during the Class Period, are typical of the claims of, or defenses to the claims of, members of the Mo-Kan Classes against the Settling Defendants;

    (iv) The Plaintiffs and Settling Defendants have agreed by virtue of the Agreements and for purposes of the settlement class only that Plaintiffs and Class Counsel for the Mo-Kan Classes have fairly, adequately and vigorously represented the interests of the Mo-Kan Classes as respects claims against the Settling Defendants;

    (v) The Plaintiffs and Settling Defendants have agreed by virtue of the Agreements and for purposes of the settlement class only that certifying the Mo-Kan Classes for purposes of settlement is superior to others method for the fair and efficient adjudication of the controversy in the Actions as against the Settling Defendants; and

    (vi) Manageability for trial purposes is not an issue and need not be considered in determining whether to certify the Mo-Kan Classes herein for purposes of settlement. *See Amchem v. Windsor*, 512 U.S. 591, 619 (1997).

  8. Pursuant to Fed. R. Civ. P. 23(g), for settlement purposes only, Polsinelli PC, McCallister Law Group, LLC, and Barry Law Offices, LLC are preliminarily appointed as co-counsel for the Kansas Class; and Polsinelli PC and Barry Law Offices, LLC are preliminarily appointed as co-counsel for the Missouri Class (collectively, "Class Counsel"). Learjet, Inc. and Topeka Unified School District 501 are preliminarily appointed as representatives for the Kansas

-4-

58357472.3

Class; and Heartland Regional Medical Center, Prime Tanning Corp., and Northwest Missouri State University are preliminarily appointed as representatives for the Missouri Class.

9. Dahl Administration is preliminarily appointed as Settlement Administrator.

10. The Court has reviewed the proposed Long and Short Form Class Notice(s) submitted as Exhibits 5 and 6 to the Amended Declaration of Jennifer Bacon in support of the Motion for Preliminary Approval (Dkt. # 2834-6 and 2834-7) and preliminarily approves such notices as to form and content. Class Counsel and/or the Settlement Administrator shall cause Class Notice to be disseminated in the manner provided in the Notice Plan described in the Motion for Preliminary Approval (the "Notice Plan") within 10 days after the entry of this Order. The costs associated with providing class notice shall be borne as set forth in the Agreements, including the provisions in paragraphs 24 and 25 thereof addressing the allocation of such costs in the event that the Settlements do not become final. The Court preliminarily finds that the form(s) and method(s) of giving notice of the Settlements are reasonably certain to inform the absent members of the Mo-Kan Classes, are the best notice that is practicable under the circumstances, and constitute valid, due and sufficient notice to all members of the Mo-Kan Classes in compliance with the requirements of the Federal Rules of Civil Procedure and of due process under the United States Constitution, and the requirements of any other applicable rules or laws.

11. A final Fairness Hearing is scheduled for August 9, 2017, at 9:00 a.m. in Courtroom 4B of this Court, located at 333 S. Las Vegas Blvd., Las Vegas, NV 89101. At the Fairness Hearing, the Court will consider and/or determine, among other things: (i) whether to finally certify for settlement purposes only the Mo-Kan Classes as against the Settling Defendants; (ii) whether to finally approve the Settlements as fair, reasonable and adequate; (iii) whether the Notice Plan and Class Notice(s) provided complied with the Federal Rules of Civil Procedure and due process; (iv) whether to enter the Final Order and Judgment approving the applicable Settlement in the form(s) attached to the respective Agreements as Exhibit 1 thereto; and/or (v) whether to grant the Fee and Expense Application(s) submitted by Class Counsel and/or the applications for incentive award(s) to Plaintiffs and, if so, the amounts thereof to be awarded out of the Settlement Fund(s). The Court reserves the right to approve the Settlements at or after the Fairness Hearing and to do so with such

modifications as may be consented to by the applicable Parties and without further notice to the members of the Mo-Kan Classes.

12. All papers supporting final approval of the Settlements (other than papers that may be filed by one of the Parties in response to requests for exclusion or objections as described in Paragraphs 14-16 below), shall be filed no later than July 26, 2017. The Fairness Hearing may be postponed, adjourned or rescheduled by order of the court without further notice to the members of the Mo-Kan Classes, other than that which may be posted on the Court's website.

13. The Court further approves the procedures for prospective members of the Mo-Kan Classes to exclude themselves from (*i.e.*, opt out of) or object to, the Settlements, as set forth in Agreements and in the Class Notice(s).

14. In particular, any person or entity who seeks to opt out of the Mo-Kan Classes must submit a timely and valid written request for exclusion in accordance with the Agreements. As a result of the release and as provided in paragraph 32 of the Agreements a prospective Class Member seeking to opt out must request exclusion from: (i) all of the Mo-Kan Classes to which the person or entity requesting exclusion belongs or may belong (*i.e.*, it is not permitted to exclude oneself from the Kansas Class but remain in the Missouri Class, etc.); and (ii) all of the Settlements that are the subject of the Class Notice (for example, it is not permitted to exclude oneself from the settlement with one of the Settling Defendants, but remain a class member for purposes of the settlement with any other of the Settling Defendants).

15. To be "timely," a request for exclusion must be mailed to Class Counsel or to the Settlement Administrator at the address(es) provided in the Class Notice and postmarked (or mailed by overnight delivery) no later than July 10, 2017. To be "valid," a request for exclusion must also: (i) state the name, address, and phone number of the person or entity seeking exclusion; (ii) state all trade names or business names and addresses that the person or entity (and any of his, her or its parents, subsidiaries, affiliates, predecessors or assignors who purchased, used or consumed natural gas during the class period) has used during or since the class period; (iii) state, with respect to natural gas purchased, used or consumed within Kansas and/or Missouri during the Class Period by any of the persons and entities described in sub-part (ii) above, an estimate of the total dollar amount

-6-
58357472.3

paid for such natural gas or an estimate of the total volume of such natural gas; (iv) include the case name of the actions (*In Re Western States Wholesale Natural Gas Antitrust Litigation*, MDL No. 1566 (D. Nev.)); (v) include the statement that "[name of person or entity] and all of its parents, subsidiaries and affiliates hereby request to be excluded from the proposed class settlements described in the notice of settlements pertaining to the actions;" and (vi) in the case of an entity, identify the title or position of the person signing on behalf of such entity, state that such person is duly authorized to sign on behalf of such entity, and be signed by such person. A request for exclusion that does not strictly comply with all of the requirements set forth in this paragraph shall be invalid, and every person or entity submitting such an invalid request shall be a Class Member, and shall be bound by the Agreements if they are approved by the Court. Class Counsel shall immediately forward complete copies of all requests for exclusion, as they are received, to counsel for the Settling Defendants (and the Settlement Administrator shall promptly forward to Class Counsel copies of all requests for exclusion, as they are received).

16. By July 17, 2017, counsel for the Parties shall meet and confer and establish complete lists of: (i) all timely and valid requests for exclusion received as of that date; (iii) all requests for exclusion received that the Parties agree are either not timely or otherwise not valid; and (iii) all requests for exclusion received as to which there is any dispute requiring Court resolution at the Fairness Hearing as to whether such request for exclusion was both timely and otherwise valid. Any of the Parties may file papers addressing the issues set forth in this paragraph no later than August 2, 2017.

17. Any person or entity that submits a timely and valid request for exclusion shall be excluded from the Mo-Kan Classes, shall have no rights with respect to these Settlements (including no right to share in any recovery obtained pursuant to the Actions) and shall not be permitted to intervene as a party plaintiff in the Actions (but without affecting those persons or entities' ability to exercise their rights under Fed. R. Civ. P. 23 or the Class Notice(s)). Any prospective member of the Mo-Kan Classes who does not timely and validly request to be excluded in the manner set forth above and in the Class Notice and the Agreements will be deemed to have waived all rights to opt out of, and will be deemed a member of, the Mo-Kan Classes for all purposes under the Agreements

58357472.3

(including the releases of claims thereunder) and will be bound by all proceedings, orders and judgments in the Actions, including the terms of the Settlements, if approved.

18. Prospective members of the Mo-Kan Classes who have not timely and validly requested exclusion and who want to object to the Settlements must do so in accordance with the procedures set forth in the Agreements and in the Class Notice(s). Specifically, any such person or entity must, no later than July 10, 2017, both file with the Court and mail to Class Counsel or the Settlement Administrator, and also mail to counsel for the Settling Defendants, a written objection that includes: (i) a notice of intention to appear; (ii) proof of membership in the Mo-Kan Classes; and (iii) the specific grounds for the objection and any reasons why such party desires to appear and be heard, as well as all documents or writings that such party desires the Court to consider. To address the possibility that objectors may fail to mail objections to both sides, the Parties shall exchange, by email within five (5) days after close of the period for filing objections, pdf copies of all objections received.

19. Objections to the Settlements shall be heard, and any papers or briefs submitted in support of said objections shall be considered by the Court (unless the Court in its discretion shall otherwise direct), only if they comply with the objection procedures set forth herein. Counsel for the Parties may file and serve written response(s) to any objection no later than August 2, 2017. Any Mo-Kan Class member who does not object in the manner prescribed herein and in accordance with the applicable provisions of the Agreements and Class Notice(s) will be deemed to have waived any objections and will be barred from making any such objections in the Actions or in any other action or proceedings related thereto, including in an appeal or collateral attack.

20. Any entity which has timely and properly excluded itself from the Mo-Kan Classes shall be permitted to apply to the Court for good cause shown to re-enter the Mo-Kan Classes prior to final approval of the settlement classes. If the Court approves such application, the applying entity will retain the same rights and obligations under the Agreement as the Class Members.

21. Pursuant to the stipulation of the Parties, they, and their respective counsel, shall not encourage or solicit, or substantively assist in any way whatsoever, any person or entity to request exclusion from the Mo-Kan Classes.

22. Pursuant to the Agreements, each of the Settling Defendants shall deliver into the Escrow Account the initial installment of its payment towards the Settlement Fund within fourteen (14) days of the date this Order is entered  Up to a maximum of $50,000 from each of the Settling Defendants' payments into the Settlement Fund may be utilized toward the costs of Class Notice and/or of pre-claims administration of the Settlement Fund (subject to further allocation as provided in the Agreements).

23. If final approval of the Settlements is not obtained, or if the Settlements do not become Final as provided in the Agreements, or if the Agreements are otherwise terminated or rescinded pursuant to their terms for any reason (including pursuant to the applicable Supplemental Agreement(s)), then**:** (i) any preliminary or final certification for purposes of settlement of the Mo-Kan Classes shall be automatically vacated, *nunc pro tunc;* (ii) all other provisions set forth in paragraph 16 of the Agreements shall apply; (iii) any and all amounts paid by Settling Defendants into the Settlement Fund and/or deposited in the Escrow Account (including interest earned thereon) shall be returned to Settling Defendants within thirty (30) calendar days, less only disbursements made in accordance with paragraphs 24 and 25 of the Agreements; and (iv) Settling Defendants shall have no further payment obligations pursuant to the Agreements.

24. Neither the Agreements nor this Order shall be deemed or construed to be an admission by the Settling Defendants of: (i) any violation of any statute or law or of any liability or wrongdoing whatsoever by the Settling Defendants; or (ii) the propriety of certification of a litigation class in the Actions.

25. To facilitate administration of the Settlements pending final approval, the Court hereby stays all proceedings in the Actions as between the Mo-Kan Classes and the Settling Defendants until further order of the Court, except such proceedings as may be necessary either to implement the Settlements or to comply with or effectuate the terms of the Agreement or Fed. R. Civ. P. 23.  The Court further enjoins, prior to entry of a final order after the Fairness Hearing, all Mo-Kan Class members from filing  any claims, suits or proceedings asserting Released Claims against any of the Settling Defendants unless and until such Mo-Kan Class members have filed valid requests for exclusion in accordance with Paragraphs 14-15 hereof.

58357472.3

26. If any deadline in this Order falls on a non-business day, then the deadline is extended until the next business day.

**IT IS SO ORDERED.**

Dated: —— June 5, 2017 ——  _____
Hon. Robert C. Jones
United States District Judge

58357472.3