UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IN RE WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION, <br><br> THIS DOCUMENT RELATES TO: <br> *ALL ACTIONS* | MDL Docket No. 1566 <br><br> Base Case No. 2:03-cv-01431-RCJ-PAL <br><br> **ORDER** <br><br> (Jt Mot to Compel – ECF No. 2789) <br> (Mot File Surreply – ECF No. 2813) |

Before the Court is Defendants' Joint Motion to Compel Production of Documents Plaintiffs' Expert George Donkin Relied Upon (ECF No. 2789). The court has considered the motion, the Response in Opposition (ECF No. 2800), Defendants' Joint Reply (ECF No. 2810), Plaintiffs' Motion for Leave to File Surreply (ECF No. 2813), and Defendants' Joint Opposition to Plaintiff's Motion for Leave to File Surreply (ECF No. 2820).

## **BACKGROUND**

This is a 14-year-old consolidated multidistrict antitrust litigation arising out of the sale of natural gas between January 1, 2000 and October 31, 2002. Plaintiffs and putative class members in these cases are commercial and industrial end users and retail purchasers of natural gas. Plaintiffs claim that during the relevant time period, the defendants engaged in a pervasive and widespread scheme to violate the antitrust laws of their individual states by entering into unlawful arrangements, contracts, agreements, and conspiring or colluding to manipulate the market price of natural gas. Plaintiffs allege that the contract prices they paid to their natural gas suppliers were either explicitly tied to, or impacted by, the price indices published by natural gas reporting firms such as *Gas Daily*, *Natural Gas Intelligence*, and *Inside FERC Gas Market Report*. Plaintiffs contend the defendants provided false, misleading or inaccurate information to the gas reporting firms which affected the market prices of natural gas. Additionally, defendants engaged in wash trades and other trading practices which significantly increased the market price of natural gas.

1

The court has resolved scores of discovery disputes throughout the course of this litigation. The parties' current dispute involves materials provided to plaintiffs' retained expert, George Donkin. Mr. Donkin prepared reports dated April 13, 2016, and September 6, 2016, which describe and list the materials and evidence he considered in rendering his expert opinions. *See* Donkin Reports, Mot. Ex. 2 (ECF No. 2789-2). Among the three pages of materials he described that he considered in rendering his opinions is an entry for "evidence notebooks prepared by the Plaintiffs' counsel relating to issues in this case." Mr. Donkin was deposed on October 11, 2016, and was asked what he reviewed in formulating his opinions. *See* Donkin Depo., Mot. Ex. 3 (ECF No. 2789-3). Mr. Donkin testified he relied on the materials in the evidence notebooks.[1] Counsel for defendants therefore requested that the notebooks be produced at Mr. Donkin's deposition and in subsequent efforts to resolve this dispute without court intervention. Plaintiffs' counsel refused prompting the current motion to compel in which defendants seek an order compelling plaintiffs to produce the content of the evidence notebooks pursuant to Rule 26 of the Federal Rules of Civil Procedure.[2]

The motion argues that Rule 26(a)(2)(B)(ii) requires the production of the evidence notebooks because they constitute the facts or data considered by the expert in forming his opinions. Additionally, Rule 26(b)(4)(C)(iii) requires a party to produce all communications between a party's attorney and a testifying expert witness regarding "assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed." The motion to compel relies on the Ninth Circuit's decision in *Republic of Ecuador v. Mackay*, 742 F.3d 860 (9th Cir. 2014). There the Ninth Circuit held that Rule 26(b)(4)'s protections for attorney-expert communications do not prevent discovery about the opinions to be offered by the expert, or the development, foundation, or basis of those opinions. Mr. Donkin unequivocally testified he relied on the materials in the notebooks in formulating his opinions. Thus, even if the materials would otherwise qualify as work product, they must be produced.

---

[1] "Q. Did you rely on those materials? A. Yes." Donkin Deposition, Exhibit 3 to defendants' Motion to Compel at 13:1-2.

[2] Any reference to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Civil Procedure.

Plaintiffs oppose the motion arguing they have met the requirements of Rule 26 by identifying all facts and data on which the expert relied. After the motion to compel was filed, plaintiffs gave defendants a list of the files and documents "represented in the notebooks." All of the materials in the notebooks were either previously produced in discovery or are otherwise readily available to the defendants. Plaintiffs contend that nothing more is required under Rule 26(a)(2)(B). Plaintiffs also argue the notebooks contain attorney opinion work product. Specifically, the notebooks contain content summaries and energy industry meeting spreadsheets that contain the mental impressions of plaintiffs' counsel concerning the relevance or potential relevance of those facts and data in the notebooks. Plaintiffs also argue that the organization and the distillation of the contents of the notebooks including counsel's excerpts of documents and markings on the documents contain counsel's mental impressions concerning case theories and the relevance of certain facts and data. These materials are opinion work product and therefore non-discoverable. Plaintiffs are willing to submit the summaries and spreadsheets or notebooks to the court if requested.

Plaintiffs maintain that Rule 26(b)(4)(C) does not require them to produce counsel's opinion work product where (1) the facts and data on which the plaintiffs' experts relied have been disclosed, (2) the notebooks' content reveal counsel's mental impressions and theories, and (3) the defendants have not made any showing of substantial need, or that the substantial equivalent cannot be obtained without undue hardship. The 2010 Amendments to Rule 26(b)(4)(C) protect communications between a party's attorney and the party's retained expert except to the extent that they relate to expert compensation, or "identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed." Defendants are entitled to discover the facts and data considered by Mr. Donkin in forming his opinions, but are not entitled to the mental impressions of plaintiffs' counsel concerning the importance, significance and counsel's opinions about the facts and data provided to Mr. Donkin. Defendants are also not entitled to know the attorneys' choice and arrangement of

documents in the notebooks because the selection and compilation reveals counsels' thought processes and theories regarding the litigation, and is therefore protected opinion work product.

Plaintiffs contend that where aspects of the documents are protected from disclosure under Rule 26(b)(4)(C) and cannot be segregated from arguably unprotected portions, discovery of the work product protected materials may be compelled only in limited circumstances with a court order when the party seeking this discovery has shown a substantial need for the discovery and the substantial equivalent cannot be obtained without undue hardship. Defendants have made no such showing. Plaintiffs produced a list of the notebooks' contents and the defendants possess or have the ability to access "all non-Summary or Spreadsheet contents." Because defendants' motion to compel seeks disclosure of information that is not required to be produced under Rule 26(a)(2)(B) that constitutes opinion work product subject to nearly absolute protection, and defendants have not shown substantial need or undue hardship, the motion should be denied.

Defendants reply that plaintiffs' opposition centers on irrelevant issues. Defendants characterize this as a straightforward and easy issue for the court to resolve. Mr. Donkin testified he relied on the contents of the evidence notebooks and plaintiffs' opposition does not dispute this. His report indicates he relied on these materials. He also testified he relied on these materials, and his billing timesheets show he spent in excess of 200 hours reviewing the evidence notebooks. Copies of his timesheets are attached to the reply. *See* Reply Ex. 1 (ECF No. 2810-1), Donkin Billing Statements.

Defense counsel requested production of the evidence notebooks at the conclusion of Mr. Donkin's deposition. Excerpts of the parties' exchanges are attached to the motion. *See* Mot. Ex. 4 (ECF No. 2789-4), Dec. 6, 2016 Letter; Mot. Ex. 5 (ECF No. 2789-5), Jan. 17, 2017 Email Exchange. At Mr. Donkin's deposition, counsel for plaintiffs denied on the record that the evidence notebooks contained documents counsel prepared. Plaintiffs' counsel claimed that the only thing in the notebooks that was work product was summaries of deposition testimony. Subsequent communications among the parties to resolve this discovery dispute reaffirmed plaintiffs' position that it was the way the evidence notebooks were constructed that constituted work product. However, plaintiffs' opposition to this motion disclosed for the first time that the

evidence notebooks contain additional materials that counsel for plaintiffs prepared. Defendants believe that the summaries and spreadsheet now claimed to be privileged essentially provided Mr. Donkin with a "roadmap or template" for his opinions. The summaries and spreadsheet must be produced because Donkin relied on them in forming his opinions and in his testimony.

Rule 26(b)(4)(C) requires production of materials the expert relied upon even if they might constitute attorney work product. The cases cited by plaintiffs in their opposition do not involve discovery disputes over documents provided to or relied upon in an expert and are thus irrelevant to the issue before the court. Additionally, the reply points out that Judge Pro approved the parties' Stipulation and Proposed Order Regarding Protocol for Expert Witnesses (ECF No. 1117) on June 9, 2008. *See* Order (ECF No. 1122). The first three paragraphs of the stipulation and order identify attorney-expert communications that are not discoverable. The fourth paragraph, however, states that the first three paragraphs "will not apply to any communication or documents on which the experts intend to rely; such communications or documents will be subject to discovery or inquiry at trials."

Plaintiffs' concede that the evidence notebooks contain facts and data. However, their opposition to producing the notebooks leaves defendants in the position of guessing which facts and data in the hundreds of documents consisting of over 10,000 pages were "excerpted" to provide to Mr. Donkin to rely upon, and which were excluded from his consideration. Mr. Donkin relied upon the documents in the form they were in the evidence notebooks, including the summaries and the spreadsheet. Thus, plaintiffs' list of the contents of the notebooks does not comply with plaintiffs' disclosure obligations. Defendants are not trying to discover drafts of Mr. Donkin's report, but are simply asking for the materials he testified he relied upon in the form they were in when he relied upon them to form his opinions. Rule 26(b)(4)(C) authorizes discovery of materials that experts rely on. The Ninth Circuit has affirmed that attorney-expert communications are discoverable when the expert relied on the communications, and that Rule 26(b)(4)'s protections for attorney-expert communications do not prevent discovery about the opinions to be offered by the expert or the development, foundation, or basis for those opinions.

Finally, defendants argue that the substantial need standard does not apply to the mandatory disclosures of materials relied upon by an expert in forming his or her opinions. Rather, the substantial need standard applies to discovery of attorney-communications on subjects outside the three exceptions in Rule 26(b)(4)(C).

Plaintiffs' filed a motion to file a surreply in opposition to defendants' joint motion to compel which attached the proposed surreply, supporting declaration of Mr. Donkin and his expert report. The motion argues the court should permit the surreply, because defendants' reply incorrectly claims that plaintiffs agree that Mr. Donkin relied on all contents of the evidence notebooks. Additionally, the reply raised the issue of the parties' stipulation (ECF No. 1117) to a protocol for expert depositions for the first time. Plaintiffs claim the stipulation and order supports their position because it provides a party need not produce any counsel-prepared materials on which the expert relied. Mr. Donkin's declaration acknowledges that he testified at his deposition that he relied on materials in the notebooks, and that he "did in fact rely on specific materials provided." However, he avers that he only relied on the case documents and transcripts within the evidence notebooks, and that he "did not rely on counsel's Summaries or the Spreadsheet" that were in the binders. The surreply also represents that Mr. Donkin did not need to rely on the counsel prepared spreadsheet of industry meetings or events because a similar spreadsheet was marked, introduced and discussed at the deposition of Michele Markey, a former executive of one of the trade publications.

Defendants filed a joint opposition to plaintiffs' motion for leave to file a surreply which argues a surreply should not be permitted because it seeks to interject a nine paragraph self-serving declaration of Mr. Donkin, and there are no new issues raised for the first time in defendants' reply which justify a surreply. Defendants' entire motion to compel was premised on Mr. Donkin's unequivocal testimony that he relied on the evidence notebooks. Plaintiffs' counsel represented on the record that Mr. Donkin was sent excerpts from the depositions and that this was the only thing plaintiffs claimed was work product within the binders. Defendants quote plaintiffs' counsel during Mr. Donkin's deposition stating "every single piece of paper in there is something you have seen." Defendants only learned for the first time when plaintiffs filed their opposition to the

motion to compel that additional materials were provided to Mr. Donkin. These are materials that defendants have never seen. Plaintiffs should not be permitted to change their story and contradict Mr. Donkin's deposition testimony. Finally, defendants cite LR 7-2(b) of the Local Rules of Practice, stating that surreplies are discouraged.

## **DISCUSSION**

### I. APPLICABLE LEGAL STANDARDS

#### A. The Work Product Doctrine

The Supreme Court first recognized the work product doctrine in *Hickman v. Taylor*, 329 U.S. 495, 510–12 (1947). The work product doctrine is a "qualified privilege" that protects "certain materials prepared by an attorney acting for his client in anticipation of litigation." *United States v. Nobles*, 422 U.S. 225, 237–38 (1975) (internal quotation omitted) ("At its core the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case."). The work product doctrine is codified in Rule 26(b)(3) and it protects "from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *In re: Grand Jury Subpoena*, 357 F.3d 900, 906 (9th Cir. 2004), (citing *Admiral Ins. Co. v. United States District Court*, 881 F.2d 1486, 1494 (9th Cir. 1989)). An adverse party may obtain documents protected by the work product privilege only upon a showing of substantial need and undue hardship in obtaining the substantial equivalent of the materials by other means. Fed. R. Civ. P. 26(b)(3).

#### B. The Work Product Doctrine and Testifying Experts

Multiple amendments to the expert witness disclosure requirements of Rule 26 have addressed whether and to what extent materials provided to testifying experts are afforded work product protection. In *Republic of Ecuador v. Mackay*, 742 F.3d 860 (9th Cir. 2014), the Ninth Circuit joined the Tenth and Eleventh Circuits in holding that the 2010 Amendment to Rule 26 requires broad discovery of "facts and data" a testifying expert considers in rendering opinions, but protects attorney opinion work product, *i.e.*, attorney mental impressions, conclusions, opinions or legal theories. The Ninth Circuit addressed the historical evolution of Rule 26 in deciding the scope of work product protection for trial preparation materials provided to a

testifying expert. It noted that the 1970 Amendment to Rule 26 added provisions "allowing for discovery of information held by testifying experts and partially codifying the work product doctrine." *Id.* at 868. The primary reason for permitting discovery of testifying experts was to allow opposing parties to prepare for effective cross-examination and rebuttal. *Id.*

The 1993 Amendment to Rule 26 added provisions requiring that most testifying experts prepare reports and mandated the content of expert reports. *Id.* Expert reports were required to disclose "data and other information" considered by the expert as well as exhibits and charts that summarize or support the expert's opinion. *Id.* Relying on Rule 26(a)(2)(B)'s "data or other information" language, and the Advisory Committee note accompanying the 1993 Amendment, the overwhelming majority of courts concluded that disclosure of any material given to an expert by an attorney was required, including opinion work product. *Id.* at 869; *see also, e.g.*, *Regional Airport Auth. of Louisville v. LFG, LLC*, 460 F.3d 697, 714 (6th Cir. 2006) ("[W]e now join the overwhelming majority of courts . . . in holding that Rule 26 creates a bright-line rule mandating disclosure of all documents, including attorney opinion work product given to testifying experts.") Following the 1993 amendment courts ordered draft expert reports produced in discovery, even if they contained or could reveal opinion work product of attorneys. *See, e.g.*, *Elm Grove Coal Co. v. Director O.P.C.P.*, 480 F.3d 279, 301–03 (4th Cir. 2007). Courts also ordered the production of communications between attorneys and testifying experts, even if the communications contained opinion work product. *See, e.g.*, *In re Pioneer Hi-Bred Int'l. Inc.*, 238 F.3d 1370, 1375 (Fed. Cir. 2001). As the Eleventh Circuit noted, these decisions broadly interpreting the "other information" language in Rule 26(a)(2)(B) "undermined the protection of attorney opinion work-product afforded in Rule 26(b)(3)." *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1194 (11th Cir. 2013).

/ / /

/ / /

/ / /

/ / /

/ / /

The majority view that all materials provided to an expert were required to be disclosed in discovery led the American Bar Association ("ABA") to adopt a resolution in 2006 urging rule changes to preclude discovery of privileged materials exchanged between lawyers and experts.[3] The ABA resolution recommended that until the rules were amended, lawyers should enter into voluntary stipulations protecting draft reports and communications between attorneys and experts which were related to an expert report. *Id.*

In 2008, the Advisory Committee proposed amendments to Rule 26 which were drafted to narrow discovery of materials exchanged between an expert and counsel, and protect draft expert reports. These proposed changes became effective December 1, 2010. The Advisory Committee notes to the 2010 Amendment to Rule 26 commented that the decisions requiring disclosure of expert reports and all communications between attorneys and testifying experts had resulted in "undesirable effects." Specifically, the decisions requiring disclosure had the undesirable effects of raising the cost of litigation because attorneys were employing two sets of experts, "one for purposes of consultation and another to testify at trial." Fed. R. C.v. P. 26 Advisory Committee notes (2010 Amendment). The decisions also caused attorneys to "adopt a guarded attitude toward their interaction with testifying experts," and caused experts to "adopt strategies that protect against discovery but also interfere with their work." *Id.*

---

[3] On August 7-8, 2006, the ABA House of Delegates adopted the following resolution:

> RESOLVED. That the American Bar Association recommends that applicable federal, state and territorial rules and statutes governing civil procedure be amended or adopted to protect from discovery draft expert reports and communications between an attorney and a testifying expert relating to an expert's report, as follows: (i) an expert's draft report should not be required to be produced to an opposing party; (ii) communications, including notes reflecting communications, between an expert and the attorney who has retained the expert should not be discoverable except on a showing of exceptional circumstances; (iii) nothing in the preceding paragraph should preclude opposing counsel from obtaining any facts or data the expert is relying on in forming his or her opinion, including that coming from counsel, or from otherwise inquiring fully of an expert into what facts or data the expert considered, whether the expert considered alternative approaches into the validity of the expert's opinions.
>
> FURTHER RESOLVED. That the American Bar Association recommends that, until federal, state and territorial rule and statutory amendments are adopted, counsel should enter voluntary stipulations protecting from discovery draft expert reports and communications between attorney and expert relating to an expert's report.

The 2010 Amendment to Rule 26 changed the Rule 26(b)(2)(B) disclosure requirements from "data or other information" considered by the expert witness to require disclosure of "facts or data." The Committee Notes make it clear that the amendment was intended to limit disclosure of the mental impressions of counsel. The phrase "or other information" was deleted because it had been relied upon by a majority of courts which had taken a bright-line approach mandating disclosure of all documents, including attorney opinion work product given to testifying experts. This change was made to "alter the outcome in cases that have relied on the 1993 formulation requiring disclosure of all attorney-expert communications and draft reports." Fed. R. Civ. P. 26(a)(2)(B) Advisory Committee Notes (2010 Amendment). As the drafters explained: "The refocus of disclosure on 'facts and data' is meant to limit disclosure to material of a factual nature by excluding theories or mental impressions of counsel." *Id.*

The 2010 Amendment to Rule 26(b)(4) added Rule 26(b)(4)(B) to extend explicit protection to draft reports. It also amended Rule 26(b)(4)(C) to provide work product protection to communications between the party's counsel and testifying experts with three exceptions. The three exceptions are attorney-expert communications, regardless of form, that: (1) "relate to compensation for the expert's study or testimony;" (2) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed;" and (3) "identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed." Fed. R. Civ. P. 26(b)(4)(C)(i)–(iii).

In *Mackay*, the Ninth Circuit examined both the text of Rule 26 and the Advisory Committee Notes in reaching its conclusion that the 2010 Amendments to Rule 26 should "be interpreted broadly" to require disclosure of "any material considered by the expert, from whatever source, that contains factual ingredients." 742 F.3d at 869. The court found that "Rule 26(b)(3) does not provide presumptive protection for all testifying expert materials as trial preparation materials." *Id.* at 871. However, the court concluded the 2010 Amendment extended work product protection to core or opinion work product, that is, an attorney's mental impressions, conclusions, opinions, or legal theories developed in anticipation of litigation. *Id.* at 869. "The historical evolution of the rule, its current structure, and the Committee's explanatory notes make it clear

that the driving purpose of the 2010 Amendment was to protect opinion work product—*i.e.*, attorney mental impressions, conclusions, opinions or legal theories—from discovery." *Id*. at 870.

The *Mackay* decision is consistent with the Tenth Circuit's holding in *Republic of Ecuador v. For the Issuance of a Subpoena (Bjorkman)*, 735 F.3d 1179 (10th Cir. 2013). There, the Tenth Circuit held that "the underlying purpose of the 2010 revision was to return the work-product doctrine to its traditional understanding" by requiring disclosure of "facts and data" and by "excluding theories or mental impressions of counsel." *Id*. at 1187. The Eleventh Circuit reached the same conclusion in *Republic of Ecuador v. Hinshee*, 741 F.3d 1185 (11th Cir. 2013), holding "the 2010 Amendment to Rule 26(a)(2)(B) was intended to protect the opinion work-product of attorneys in the context of expert discovery," while at the same time interpreting "facts or data" broadly. *Id*. at 1195. As the Eleventh Circuit explained, "in other words, the term 'facts or data' includes all materials considered by the testifying expert *except the core opinion work product of attorneys.*" *Id.* (emphasis added).

By providing protection for draft reports and attorney-expert communications, Rule 26(b)(4) does not prevent discovery "about the opinions to be offered by the expert or the development, foundation or basis of those opinions." *Mackay*, 742 F.3d at 870, citing Advisory Committee notes to 2010 Amendment of Rule 26(b)(4). Although the scope of the permissible disclosures and discovery under Rule 26(b)(4) remains broad, "discussions with counsel about the 'potential relevance of facts or data' and more general discussions 'about hypotheticals, or exploring possibilities based on hypothetical facts' are protected." *Id.* at 870 (citing Fed. R. Civ. P. 26(a)(2)(B) Advisory Committee notes to the 2010 Amendment). Thus, *Mackay* held that after the 2010 Amendment, "materials containing 'factual ingredients' are discoverable, while opinion work product is not discoverable." *Id.*

**II.    Analysis and Decision**

The parties' current dispute requires the court to determine whether the summaries, spreadsheet and documents marked or annotated by counsel provided to Mr. Donkin are "facts and data" and/or assumptions plaintiffs' counsel provided that he considered and/or relied on in

reaching his opinions or opinion work product containing attorney mental impressions, conclusions, opinions or legal theories. The former is discoverable. The latter is not.

As an initial matter, neither side explicitly addresses whether the 2010 Amendment to Rule 26 applies to this consolidated litigation which was initiated in 2003. The defendants implicitly make this argument by relying heavily on the Ninth Circuit's decision in *Mackay* which applied the 2010 Amendment in holding opinion work product provided to a testifying expert was protected from disclosure in discovery. Plaintiffs do not address this issue at all.

Rule 86 governs the effective date of the federal rules and any amendments. It provides:

> (a) **In General**. These rules and any amendments take effect at the time specified by the Supreme Court, subject to 28 U.S.C. § 2074. They govern:
> (1) proceedings in an action commenced after their effective date; and
> (2) proceedings after the date in an action then pending unless:
>  A. the Supreme Court specifies otherwise; or
>  B. the court determines that applying them in a particular action would be infeasible or work an injustice.

The court finds that applying the 2010 amended version of Rule 26 to this case would neither be "infeasible or work an injustice." The expert reports were disclosed years after the 2010 Amendment became effective. Additionally, the district judge approved the parties' stipulation (ECF No. 1117) regarding expert witness protocol on June 9, 2008. *See* Order (ECF No. 1122). By entering into the stipulation the parties appear to have heeded the ABA's 2006 resolution and recommendation that until Rule 26 was amended, "counsel should enter into voluntary stipulations protecting from discovery draft expert reports and communications between attorney and expert relating to an expert's report."

The court notes the plaintiffs' description of the contents of the evidence notebooks has evolved over time. At Mr. Donkin's deposition, counsel for plaintiffs agreed to provide the defendants with "everything that went in, all the deposition testimony" in the evidence notebooks. *See* Mot. Ex. 3 (ECF No. 2789-3), Donkin Depo. at 261:18–20. However, plaintiffs' counsel stated she was "not going to provide my work product." *Id.* at 262:1–2. When defense counsel asked whether there was content in the evidence notebooks other than depositions or an affidavit, plaintiffs' counsel responded "sure there is." *Id.* at 262:9–13. Counsel for plaintiffs was then

specifically asked whether there were documents in the notebooks "that you guys prepared?" *Id.* at 262:14–15. Plaintiffs' counsel responded:

> No. All we did, instead of sending him every deposition in its entirety, we sent him some excerpts from depositions. That's the only thing that is our work product.
>
> We went through depositions and rather than sending 800,000 pages of deposition testimony, we sent notebooks of that excerpted depositions and told him anytime he wanted to see a complete deposition let us know. We did ask for complete depositions, all that kind of stuff. But the work product part of that is not anything you haven't seen. Every single piece of paper in there is something you have seen, but in some cases we went through and excerpted depositions rather than providing this kind of a thing.

*Id.* at 262:16–263:6. After the deposition defense counsel requested that plaintiffs produce the notebooks. *See* Mot. Ex. 4 (ECF No. 2789-4), Dec. 6, 2016 Letter. Plaintiffs' counsel responded that the evidence notebooks "are our work product. The way we put them together clearly incorporates our work product and mental impressions of the case… we have provided you with the identification of this material in our answers to your contention interrogatories…since you have the information anyway there is no hardship and we will not agree to their production." Mot. Ex. 5 (ECF No. 2789-5), Jan. 17, 2017 Email Exchange.

Plaintiffs' opposition to the motion to compel, however, argues that the notebooks contain attorney opinion work in the form of content summaries and an energy industry meeting spreadsheet. Plaintiffs allege that the summaries contain plaintiffs' counsels' mental impressions concerning the relevance, or potential relevance of the facts and data contained in the notebooks and that the spreadsheets also contain counsel's mental impressions concerning the relevance or potential relevance of energy-industry meeting facts and data. The opposition also asserts that the organization and distillation of the notebooks' contents includes counsels' excerpts of documents, markings and comments on documents, and therefore contain plaintiffs' counsel's mental impressions concerning case theories and the relevance of certain facts and data.

Contrary to the representations made during the Donkin deposition, plaintiffs now claim work product protection for three categories of materials: (1) content summaries; (2) spreadsheets concerning an energy industry meeting; and (3) counsels' excerpts of documents and markings on documents which contain plaintiffs' counsels' mental impressions concerning case theories and relevance of certain facts and data within the notebooks.

13

Defendants seek an order compelling plaintiffs to produce all of the notebooks in the form in which they were provided to Mr. Donkin because he testified he relied on the notebooks in reaching his opinions. After this motion was filed, the plaintiffs provided defendants with a detailed alphabetized inventory of the notebooks' content with the Bates numbers of all documents produced in discovery in this case, and list of depositions by the name of the deponent and the date the deposition was taken. The content list also identifies documents readily available in the public domain such as press releases, pleadings, and regulatory proceeding orders, consent decrees and judgements. The court finds that defendants are not entitled to the notebooks in the form in which they were provided to and reviewed by Mr. Donkin. The court agrees with those courts that have held that opposing counsel is not entitled to materials as organized by plaintiffs' counsel. *See, e.g.*, *Spork v. Peil*, 759 F.2d 312, 318 (3rd Cir. 1985); Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2016.5 (3rd ed.) (stating "where the documents reviewed by the witness have already been produced, there is no justification for requiring revelation by counsel of the exact identity or sequence of materials actually reviewed").

Defendants also seek an order compelling plaintiffs to provide the summaries and spreadsheets counsel prepared and provided to Mr. Donkin. Defendants emphasize that they only learned what other materials plaintiffs claim are work product protected by reading plaintiffs' opposition. Defendants claim the summaries, spreadsheet, and documents with markings and comments of plaintiffs' counsel in the notebooks must be produced because they are either facts or data, or assumptions plaintiffs' counsel provided that Mr. Donkin relied upon in reaching his opinions. Plaintiffs claim Mr. Donkin reviewed the notebooks in their entirety, and despite testifying in general terms that he "relied on" the content of the notebooks, he did not rely on any counsel-prepared documents in the binders. Plaintiffs' proposed surreply argues that the parties "appear to agree that Defendants are only entitled to the materials on which Mr. Donkin actually relied in formulating his opinions" and offers Mr. Donkin's declaration in support of this argument. Mr. Donkin's declaration attests that he relied on "case documents and audio file transcripts contained in the Notebooks," but "did not rely on Counsels' Summaries or the Spreadsheets."

Surreplies are disfavored for the obvious reason that they are most often an improper attempt to get in the last word, and generate another round of briefing. Plaintiffs' opposition could have and should have addressed the arguments raised in the proposed surreply that Mr. Donkin did not rely on opinion work product in the notebooks. However, defendants' reply raised the issue of the effect of the parties' stipulated expert protocol for the first time. The court will therefore reluctantly grant the motion to file a surreply.

Having reviewed and carefully considered the moving and responsive papers and supporting declarations and exhibits, the court will deny defendants' motion to compel plaintiffs to produce opinion work product in the evidence notebooks provided to Mr. Donkin. Mr. Donkin's report lists the "evidence notebooks prepared by the Plaintiffs' counsel relating to issues in this case" in a three-page list of "materials and evidence he considered." A copy of the "content list" is attached to plaintiffs' opposition. *See* Opp'n Ex. 1-A (ECF No. 2800-2), Decl. of Andrew J. Ennis at Ex. A, Feb. 16, 2017 Email. The exhibit describes the content of the notebooks: "The Donkin Notebooks are composed of excerpts, complete copies, marked copies, unmarked copies, and/or transcripts of the following documents and files."

Mr. Donkin testified at his deposition that almost all of the material he considered in reaching his opinions was received from counsel. He identified additional documents he reviewed that he did not get from counsel such as back issues of *Natural Gas Week* to which his office subscribes, and a 2007 CFTC report. Mr. Donkin was deposed at some length. Counsel for defendants had every opportunity to develop the record to support their arguments that the Mr. Donkin relied on opinion work product and/or assumptions provided by plaintiffs' counsel. Excerpts of more than 260 pages of his deposition testimony are attached to the parties' moving and responsive papers. The only testimony the defendants cite in support of their motion that Mr. Donkin "relied upon" the materials in the notebooks appeared early in the deposition. Mr. Donkin was asked, "Did you rely on those materials?" *See* Surreply Ex. 2 (ECF No. 2813-1), Donkin Depo. at 13:1. He answered yes. *Id*. at 13:2. Defendants do not cite any other testimony suggesting Mr. Donkin relied on any assumptions plaintiffs' counsel provided, or on any of the mental impressions, analysis or theories of counsel contained in the notebooks.

Mr. Donkin's April 13, 2016 expert report exceeds 100 pages and cites extensively to documents and testimony supporting his conclusions. *See* Mot. Ex. 2 (ECF No. 2789-2). The court finds that Mr. Donkin's answer to a single question that he "relied on" materials provided to him in the evidence notebooks is insufficient to overcome work-product protection for core or opinion work product of plaintiffs' counsel. Plaintiffs have provided a complete list of the entire content of the evidence notebooks. Defense counsel had an opportunity to inquire at Mr. Donkin's deposition whether his report and opinions relied on any assumptions provided by plaintiffs' counsel. Mr. Donkin clearly relied on the facts and data in the notebook as well as a few other materials he reviewed on his own, which he identified at his deposition. However, nothing in the record supports a finding that Mr. Donkin relied on the mental impressions, conclusions, and theories of counsel or on assumptions provided by counsel in reaching his opinions.

Finally, the parties entered into a stipulation (ECF No. 1117) regarding expert witnesses, which the district judge approved June 9, 2008. *See* Order (ECF No. 1122). The stipulation did not explicitly address opinion work product. It provides that (1) communications between counsel and experts, (2) communications between experts and third parties or clients, and (3) notes, drafts or other types of preliminary work by or for experts will not "be the subject to discovery or inquiry at trials." *Id*. at 1–2, ¶¶ 1–3. It then states that the first three paragraphs "will not apply to any communications or documents on which the experts intend to rely; such communications or documents will be subject to discovery or inquiry at trial." *Id*. at 2, ¶ 4. The Ninth, Tenth and Eleventh Circuits have now held that the 2010 Amendment to Rule 26 requires broad disclosure of facts and data an expert considers but protects opinion work product. As the Ninth Circuit articulated in *Mackay*, "materials containing 'factual ingredients' are discoverable, while opinion work product is not discoverable." 742 F.3d at 870. The plaintiffs and Mr. Donkin have disclosed the facts and data on which he relied.

For the reasons explained,

**IT IS ORDERED**:

1. Defendants' Joint Motion to Compel Production of Documents Plaintiffs' Expert George Donkin Relied Upon (ECF No. 2789) is **DENIED**.

2. Plaintiffs' Motion for Leave to File Surreply (ECF No. 2813) is **GRANTED**.

Dated this 12th day of July, 2017.

                                                PEGGY A. LEEN
                                                UNITED STATES MAGISTRATE JUDGE