UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION | 2:03-cv-01431-RCJ-PAL<br>MDL No. 1566<br>**ORDER** |
| ARANDELL CORP. et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>XCEL ENERGY INC. et al.,<br><br>Defendants. | 2:07-cv-01019-RCJ-PAL |
| NEWPAGE WISCONSIN SYSTEM INC.,<br><br>Plaintiff,<br><br>vs.<br><br>CMS ENERGY RESOURCE MANAGEMENT CO. et al.,<br><br>Defendants. | 2:09-cv-00915-RCJ-PAL |

These consolidated cases arise out of the energy crisis of 2000–2002. Plaintiffs (retail buyers of natural gas) allege that Defendants (natural gas traders) manipulated the price of natural gas by reporting false information to price indices published by trade publications and by engaging in "wash sales." In 2003, the Judicial Panel on Multidistrict Litigation ("JPML") transferred seven class action cases from various districts in California to this District under 28 U.S.C. § 1407 as Multidistrict Litigation ("MDL") Case No. 1566, assigning Judge Pro to preside. Since then, the JPML has transferred in several more actions from various districts throughout the United States. Between 2003 and 2015, Judge Pro ruled on many motions to remand, to dismiss, and for summary judgment. He also approved several class settlements. Several parties settled on their own. One or more of the cases have been to the Court of Appeals twice and to the Supreme Court once. In 2007, the Court of Appeals reversed several dismissals under the filed-rate doctrine and remanded for further proceedings. In 2013, the Court of Appeals reversed several summary judgment orders, ruling that the Natural Gas Act did not preempt state law anti-trust claims and that certain Wisconsin- and Missouri-based Defendants should not have been dismissed for lack of personal jurisdiction. The Supreme Court granted certiorari as to preemption under the Natural Gas Act and affirmed. The case was soon thereafter reassigned to this Court when Judge Pro retired. The Court has issued several dispositive orders and has denied class certification in applicable cases. Several appeals remain pending.

On March 27, 2018, the Court of Appeals reversed the Court's ruling that Reorganized FLI, Inc. ("RFLI") was entitled to summary judgment on the basis of a release in the NYMEX Action. (ECF No. 2991). The Court of Appeals ruled that New York law governed the release issue, that the language of the release was broad enough to cover RFLI's claims, but that the release was not enforceable against RFLI under the "identical factual predicate" rule. (*Id.*). The

Court has ruled similarly against Plaintiffs–Movants in the present actions (the '1019 and '915 Cases). Plaintiffs–Movants therefore ask the Court to vacate those rulings, reconsider summary judgment on the release issue, and deny it.

As Defendants note in opposition, there is at least one additional issue to be addressed on appeal, i.e., res judicata, which the Court of Appeals has not yet addressed in the already-decided case. The Court of Appeals may determine the present appeals on the res judicata issue, it may affirm on the release issue based on distinctions between the present cases and the already-decided case that this Court or the parties may or may not perceive, it may reverse for similar reasons that it reversed the already-decided case, or it may take some other approach. But the Court will not abruptly interfere with the orderly disposition of the Court of Appeals' determination of related issues in the consolidated cases on the eve of oral argument. Although the case has not yet been heard, the judges on the panel have surely already dedicated time and resources to evaluating the present appeals. Also, granting the present motions would almost certainly result in appeals by Defendants, so there is little argument in favor of judicial economy.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Reconsideration (ECF No. 2997) is DENIED.

IT IS SO ORDERED.

Dated this 24th day of July, 2018.

_____
ROBERT C. JONES
United States District Judge