**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION. | 2:03-cv-01431-RCJ-PAL<br>MDL No. 1566<br><br>2:05-cv-01331-RCJ-PAL<br>2:06-cv-00233-RCJ-PAL<br>2:06-cv-00267-RCJ-PAL<br>2:06-cv-00282-RCJ-PAL<br>2:06-cv-01351-RCJ-PAL<br>2:07-cv-00987-RCJ-PAL<br>2:07-cv-01019-RCJ-PAL<br>2:09-cv-00915-RCJ-PAL<br><br>**ORDER** |

These consolidated cases arise out of the energy crisis of 2000–2002. Plaintiffs (retail buyers of natural gas) allege that Defendants (natural gas traders) manipulated the price of natural gas by reporting false information to price indices published by trade publications and by engaging in "wash sales." In 2003, the Judicial Panel on Multidistrict Litigation ("JPML") transferred seven class action cases from various districts in California to this District under 28 U.S.C. § 1407 as Multidistrict Litigation Case No. 1566, assigning Judge Pro to preside. Since then, the JPML has transferred in several more actions from various districts throughout the United States. Between 2003 and 2015, Judge Pro ruled on many motions to remand, to dismiss, and for summary judgment. He also approved several class settlements. Several parties settled on their own. One or more of the cases have been to the Court of Appeals twice and to the

Supreme Court once. Specifically, in 2007, the Court of Appeals reversed several dismissals under the filed-rate doctrine and remanded for further proceedings. In 2013, the Court of Appeals reversed several summary judgment orders, ruling that the Natural Gas Act did not preempt state law anti-trust claims and that certain Wisconsin- and Missouri-based Defendants should not have been dismissed for lack of personal jurisdiction. The Supreme Court granted certiorari as to preemption under the Natural Gas Act and affirmed. The case was soon thereafter reassigned to this Court when Judge Pro retired. The Court issued several dispositive orders and denied class certification in applicable cases.

On March 27, 2018, the Court of Appeals reversed the Court's ruling that Reorganized FLI, Inc. was entitled to summary judgment based on a release in a previous action. (ECF No. 2991). On August 1, 2018, the Court of Appeals ruled that Sinclair Oil Corp.'s claims were similarly not released; nor were they precluded. (ECF No. 3027). On August 6, 2018, the Court of Appeals reversed the Court's grant of summary judgment to CenterPoint Energy Services, Inc. on the merits of the claims under Wisconsin's antitrust statutes, as well as the Court's denials of class certification. (ECF Nos. 3029, 3030).

Plaintiffs in the remaining cases have asked the Court to suggest remand to the JPML. (ECF No. 2996 (Case No. 2:05-cv-1331); ECF No. 3038 (Case Nos. 2:06-cv-267 and 2:06-cv-282); ECF No. 3048 (Case Nos. 2:06-cv-233, 2:06-cv-1351, and 2:07-cv-987); ECF No. 3049 (Case Nos. 2:07-cv-1019 and 2:09-cv-915)). Defendants have opposed the motions and filed additional dispositive motions. The Court grants the motions for suggestion of remand for the reasons given therein. The Court will not address the additional dispositive motions (or leave to file them) unless the JPML declines to remand the applicable case(s).

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Motions for Suggestion of Remand (ECF Nos. 2996, 3038, 3048, 3049) are GRANTED. Pursuant to JPML Rule 10.1(b)(i), the Court recommends remand of these actions to their respective transferor courts. After three rounds of pretrial motion practice over the past two decades, a previous judge of this District was reversed twice, and this Court has been reversed once. The Court is of the opinion, having had its grants of summary judgment reversed, that dispositive motion practice should be concluded, and the matters should proceed to trial in the transferor courts. Further delay is inappropriate. Only class certification remains (in the five of the eight remaining actions that are class actions), and given the Court of Appeals' reversal of this Court's denials of class certification, the transferor courts are better positioned to apply the relevant states' laws in these complex matters. The Court respectfully suggests remand of these actions for trial.

IT IS FURTHER ORDERED that any party may file a copy of this Order with the JPML.

IT IS FURTHER ORDERED that the Motions (ECF Nos. 2999, 3053, 3082, 3084) are DENIED without prejudice.

IT IS FURTHER ORDERED that the Motions (ECF Nos. 3065, 3068, 3086, 3087, 3090) are DENIED as moot.

IT IS SO ORDERED.

Dated this 14th day of January, 2019.

_____
ROBERT C. JONES
United States District Judge