# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION | MDL Docket No. 1566<br><br>Base Case No. 2:03-cv-01431-RCJ-PAL |
| THIS DOCUMENT RELATES TO: | |
| *Arandell Corp., et al. v. Xcel Energy, Inc., et al.* | Case No. 2:07-cv-01019-RCJ-PAL |
| *NewPage Wisconsin System Inc. v. CMS Energy Resource Management Co., et al.* | Case No. 2:09-cv-00915-RCJ-PAL |

## ORDER PRELIMINARILY CERTIFYING SETTLEMENT CLASSES, APPROVING CLASS SETTLEMENT, APPROVING CLASS NOTICE AND SETTING DATE FOR FAIRNESS HEARING

The motion of the Plaintiffs in the above-captioned actions (the "Actions") for separation of claims and for preliminary approval of the terms and conditions (the "Settlements") in the following Settlement Agreements (collectively, the "Agreements") has come before this Court:

(i) the Settlement Agreement dated February 1, 2019 entered into between Plaintiffs and El Paso Corporation (n/k/a El Paso LLC) and El Paso Merchant Energy, L.P. (n/k/a El Paso Marketing Company, L.L.C.) (collectively "El Paso Defendants"); and

(ii) the Settlement Agreement dated February 1, 2019 entered into between Plaintiffs and CenterPoint Energy Services, Inc., ("CenterPoint Defendant");

The El Paso Defendants, and CenterPoint Defendant are hereinafter referred to collectively as the "Settling Defendants." Plaintiffs and the Settling Defendants are hereinafter referred to collectively as the "Parties."

54998267.3

The Court, after carefully considering the motion and all papers filed and proceedings held herein, including the Agreements and proposed Notice Plan, for good cause HEREBY FINDS AND ORDERS THE FOLLOWING:

1. The Parties include plaintiffs Arandell Corporation, Merrick's Inc., Sargento Foods Inc., Ladish Co. Inc. (n/k/a ATI Ladish LLC), Carthage College, Briggs & Stratton Corporation, and NewPage Wisconsin System Inc. (n/k/a Verso Minnesota Wisconsin LLC) (collectively hereinafter, "Plaintiffs"), both individually and on behalf of proposed settlement classes of industrial and commercial purchasers of natural gas for their own use or consumption in the State of Wisconsin, as more particularly defined in Paragraph 4 of this Order, and other affiliated Releasors defined in the Agreements, along with the Settling Defendants and other affiliated Releasees as defined in the Agreements.

2. This Court entered a Suggestion of Remand on January 14, 2019 (ECF No. 3105). However, as the Court finds that it will promote the convenience of the parties and the just and efficient conduct of the Actions, the claims in the Actions against El Paso, CenterPoint, and Reliant (Reliant Energy, Inc. (n/k/a GenOn Energy, Inc.), and Reliant Energy Services, Inc. (n/k/a RRI Energy Services, LLC)), are separated from the claims against the remaining defendants. With respect to El Paso and CenterPoint, this Court finds that it will avoid delay and facilitate prompt distribution of the settlement funds to class members if this Court (which has overseen multiple class settlements in this MDL) retains jurisdiction over the claims against these settling defendants. Further, because the CenterPoint settlement is linked to a separate settlement involving the bankrupt entity Reliant and eventual dismissal of the claims against Reliant in the Actions, this Court finds that it will avoid delay and facilitate the completion of the CenterPoint settlement and distribution of the CenterPoint settlement funds to class members if this Court retains jurisdiction over the claims in the Actions against Reliant as well. Thus, this Court requests that the Judicial Panel on Multidistrict Litigation ("JPML") allow this Court to retain jurisdiction over the claims in this Action against El Paso, CenterPoint and Reliant. This Court amends its Order of January 14, and suggests remand of

the claims against the remaining defendants other than El Paso, CenterPoint and Reliant. The Plaintiffs may file this Order with the JPML.

3. The Agreements are incorporated by reference in this Order. All terms which are defined in the Agreements and used but not otherwise defined herein shall have the meanings ascribed to them in the Agreements.

4. For purposes of determining whether the Agreements should be preliminarily approved, the Court conditionally certifies, for purposes of settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure 23(b)(3), the Class defined as follows:

> All industrial and commercial purchasers of natural gas for their own use or consumption during the Relevant Time Period, and which gas was used or consumed by them in Wisconsin. Excluded from the Class are (a) entities that purchased natural gas for resale (to the extent of such purchase for resale); (b) entities that purchased natural gas for generation of electricity for the purpose of sale (to the extent of such purchase for generation); (c) entities that purchased natural gas from entities that sold natural gas at rates approved by the Wisconsin Public Service Commission (to the extent of such purchases at such approved rates); (d) defendants and their predecessors, affiliates and subsidiaries; and (e) the federal government and its agencies.

5. "Class Period" means, with respect to each of the Midwest Classes, the period from January 1, 2000, through October 31, 2002.

6. The Court preliminarily finds that the Settlements set forth in the Agreements: (i) resulted from extensive, good-faith, arms-length negotiations between the Parties, conducted after Class Counsel as defined herein had conducted adequate investigation and discovery; and (ii) are sufficiently fair, reasonable and adequate to the Wisconsin Class to warrant providing notice in accordance with the Notice Plan described in the Motion for Preliminary Approval and thereafter conducting the final Fairness Hearing as described in Paragraph 11, below.

7. The Actions are, for settlement purposes only, certified as class actions against the Settling Defendants pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure for the Wisconsin Class and with respect to the Class Period. Certification for settlement purposes is appropriate because:

a. The Court preliminarily finds that the requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure are met in that:

    (i) The Wisconsin Class is so numerous that joinder of all members is impracticable;

    (ii) The Plaintiffs' claims against the Settling Defendants and the defenses thereto present questions of law or fact common to the Wisconsin Class that predominate over questions affecting individual members of the Wisconsin Class;

    (iii) The claims against the Settling Defendants brought by the Plaintiffs in the Actions, as industrial and commercial purchasers of natural gas for their own use and consumption during the Class Period, are typical of the claims of, or defenses to the claims of, members of the Wisconsin Class against the Settling Defendants;

    (iv) Plaintiffs and Class Counsel for the Wisconsin Class have fairly, adequately and vigorously represented the interests of the Wisconsin Class as respects claims against the Settling Defendants;

    (v) Certifying the Wisconsin Class for purposes of settlement is superior to others method for the fair and efficient adjudication of the controversy in the Actions as against the Settling Defendants; and

    (vi) Manageability for trial purposes is not an issue and need not be considered in determining whether to certify the Midwest Classes herein for purposes of settlement. *See Amchem v. Windsor*, 512 U.S. 591, 619 (1997).

8. Pursuant to Fed. R. Civ. P. 23(g), for settlement purposes, Kohner, Mann & Kailas, S.C., and Polsinelli PC are preliminarily appointed as co-counsel for the Wisconsin Class. Arandell Corporation, Merrick's Inc., Sargento Foods Inc., Ladish Co. Inc. (n/k/a ATI Ladish LLC), Carthage College, Briggs & Stratton Corporation, and NewPage Wisconsin System Inc. (n/k/a Verso Minnesota Wisconsin LLC). are preliminarily appointed as representatives for the Wisconsin Class.

9. AB Data, Ltd. is preliminarily appointed as Settlement Administrator.

10. The Court has reviewed the proposed Long and Short Form Class Notice(s) submitted as Exhibits 4 and 5 to the Motion for Preliminary Approval and preliminarily approves such notices as to form and content. Class Counsel and/or the Settlement Administrator shall cause Class Notice to be disseminated in the manner provided in the Notice Plan described in the Motion for Preliminary Approval (the "Notice Plan") within 28 days after the entry of this Order. The costs associated with providing class notice shall be borne as set forth in the Agreements, including the provisions thereof addressing the allocation of such costs in the event that the Settlements do not become final. The Court preliminarily finds that the form(s) and method(s) of giving notice of the Settlements are reasonably certain to inform the absent members of the Wisconsin Class, are the best notice that is practicable under the circumstances, and constitute valid, due and sufficient notice to all members of the Wisconsin Class in compliance with the requirements of the Federal Rules of Civil Procedure and of due process under the United States Constitution, and the requirements of any other applicable rules or laws.

11. A final Fairness Hearing is scheduled for 9:00AM, April 17, 2019 a.m. in Courtroom  4B  of this Court, located at 333 S. Las Vegas Blvd., Las Vegas, NV 89101. At the Fairness Hearing, the Court will consider and/or determine, among other things: (i) whether to finally certify for settlement purposes the Wisconsin Class as against the Settling Defendants; (ii) whether to finally approve the Settlements as fair, reasonable and adequate; (iii) whether the Notice Plan and Class Notice(s) provided complied with the Federal Rules of Civil Procedure and due process; (iv) whether to enter the Final Order and Judgment approving the applicable Settlement in the form(s) attached to the respective Agreements as Exhibit 1 thereto; and/or (v) whether to grant the Fee and Expense Application(s) submitted by Class Counsel and/or the applications for incentive award(s) to Plaintiffs and, if so, the amounts thereof to be awarded out of the Settlement Fund(s). The Court reserves the right to approve the Settlements at or after the Fairness Hearing and to do so with such modifications as may be consented to by the applicable Parties and without further notice to the members of the Wisconsin Class.

12. All papers supporting final approval of the Settlements (other than papers that may be filed by one of the Parties in response to requests for exclusion or objections as described in Paragraphs 14-15 below), shall be filed no later than twenty-one (21) days before the Fairness Hearing. The Fairness Hearing may be postponed, adjourned or rescheduled by order of the Court without further notice to the members of the Wisconsin Class, other than that which may be posted on the Court's website.

13. The Court further approves the procedures for prospective members of the Wisconsin Class to exclude themselves from (*i.e.*, opt out of) or object to, the Settlements, as set forth in Agreements and in the Class Notice(s).

14. In particular, any person or entity who seeks to opt out of the Wisconsin Class must submit a timely and valid written request for exclusion in accordance with the Agreements. As a result of the release and as provided in the Agreements, a prospective Class Member seeking to opt out must request exclusion from all of the Settlements that are the subject of the Class Notice (for example, it is not permitted to exclude oneself from the settlement with one of the Settling Defendants, but remain a class member for purposes of the settlement with any other of the Settling Defendants).

15. To be "timely," a request for exclusion must be mailed to Class Counsel or to the Settlement Administrator at the address(es) provided in the Class Notice and postmarked (or mailed by overnight delivery) no later than twenty-one (21) days prior to the date of the Fairness Hearing. To be "valid," a request for exclusion must also: (i) state the name, address, and phone number of the person or entity seeking exclusion; (ii) state all trade names or business names and addresses that the person or entity (and any of his, her or its parents, subsidiaries, affiliates, predecessors or assignors who purchased, used or consumed natural gas during the class period) has used during or since the class period; (iii) state, with respect to natural gas purchased, used or consumed within Wisconsin during the Class Period by any of the persons and entities described in sub-parts (i) or (ii) above, an estimate of the total dollar amount paid for such natural gas or an estimate of the total volume of such natural gas, and identify all entities from or through whom such natural gas was

purchased; (iv) include the case name of the actions (*In Re Western States Wholesale Natural Gas Antitrust Litigation*, MDL No. 1566 (D. Nev.)); (v) include the statement that "[name of person or entity] and all of its parents, subsidiaries and affiliates hereby request to be excluded from the proposed class settlements described in the notice of settlements pertaining to the actions;" and (vi) in the case of an entity, identify the title or position of the person signing on behalf of such entity, state that such person is duly authorized to sign on behalf of such entity, and be signed by such person. A request for exclusion that does not strictly comply with all of the requirements set forth in this paragraph shall be invalid, and every person or entity submitting such an invalid request shall be a Class Member, and shall be bound by the Agreements if they are approved by the Court. Class Counsel shall immediately forward complete copies of all requests for exclusion, as they are received, to counsel for the Settling Defendants (and the Settlement Administrator shall promptly forward to Class Counsel copies of all requests for exclusion, as they are received).

16. Within five (5) days after the Court-ordered deadline for timely requests for exclusion from the Wisconsin Class, counsel for the Parties shall meet and confer and establish complete lists of: (i) all timely and valid requests for exclusion received as of that date; (ii) all requests for exclusion received that the Parties agree are either not timely or otherwise not valid; and (iii) all requests for exclusion received as to which there is any dispute requiring Court resolution at the Fairness Hearing as to whether such request for exclusion was both timely and otherwise valid. Either of the parties may file papers addressing the issues set forth in this paragraph no later than seven (7) days before the Fairness Hearing.

17. Any person or entity that submits a timely and valid request for exclusion shall be excluded from the Wisconsin Class, shall have no rights with respect to these Settlements (including no right to share in any recovery obtained pursuant to the Actions) and shall not be permitted to intervene as a party plaintiff in the Actions (but without affecting those persons or entities' ability to exercise their rights under Fed. R. Civ. P. 23 or the Class Notice(s)). Any prospective member of the Wisconsin Class who does not timely and validly request to be excluded in the manner set forth above and in the Class Notice and the Agreements will be deemed to have waived all rights to opt

out of, and will be deemed a member of, the Wisconsin Class for all purposes under the Agreements (including the releases of claims thereunder) and will be bound by all proceedings, orders and judgments in the Actions, including the terms of the Settlements, if approved.

18. Prospective members of the Wisconsin Class who have not timely and validly requested exclusion and who want to object to the Settlements must do so in accordance with the procedures set forth in the Agreements and in the Class Notice(s). Specifically, any such person or entity must, no later than thirty (30) days before the Fairness Hearing, both file with the Court and mail to Class Counsel or the Settlement Administrator, and also mail to counsel for the Settling Defendants, a written objection that includes: (i) a notice of intention to appear; (ii) proof of membership in the Wisconsin Class; and (iii) the specific grounds for the objection and any reasons why such party desires to appear and be heard, as well as all documents or writings that such party desires the Court to consider. To address the possibility that objectors may fail to mail objections to both sides, the Parties shall exchange, by email within five (5) days after close of the period for filing objections, pdf copies of all objections received.

19. Objections to the Settlements shall be heard, and any papers or briefs submitted in support of said objections shall be considered by the Court (unless the Court in its discretion shall otherwise direct), only if they comply with the objection procedures set forth herein. Counsel for the Parties may file and serve written response(s) to any objection no later than 5 days before the Fairness Hearing. Any Wisconsin Class member who does not object in the manner prescribed herein and in accordance with the applicable provisions of the Agreements and Class Notice(s) will be deemed to have waived any objections and will be barred from making any such objections in the Actions or in any other action or proceedings related thereto, including in an appeal or collateral attack.

20. Any entity which has timely and properly excluded itself from the Wisconsin Class shall be permitted to apply to the Court for good cause shown to re-enter the Wisconsin Class prior to final approval of the settlement classes. If the Court approves such application, the applying entity will retain the same rights and obligations under the Agreement as the Class Members.

21. Pursuant to the stipulation of the Parties, they, and their respective counsel, shall not encourage or solicit, or substantively assist in any way whatsoever, any person or entity to request exclusion from the Wisconsin Class.

22. Pursuant to the Agreements, each of the Settling Defendants shall deliver into the Escrow Account the initial installment of its payment towards the Settlement Fund within fourteen (14) days of the entry of this Order. Up to a maximum of $50,000 from each of the Settling Defendants' payments towards the Settlement Fund may be utilized toward the costs of Class Notice and/or of administration of the Settlement Fund (subject to further allocation as provided in the Agreements).

23. If final approval of the Settlements is not obtained, or if the Settlements do not become Final as provided in the Agreements, or if the Agreements are otherwise terminated or rescinded pursuant to their terms for any reason (including pursuant to the applicable Supplemental Agreement(s)), then: (i) the claims against El Paso and CenterPoint shall be rejoined with the remaining claims in the Action, whether in this jurisdiction or in the Western District of Wisconsin, if remand of the remaining claims has already occurred, (ii) any preliminary or final certification of the Wisconsin Class shall be automatically vacated, *nunc pro tunc;* (iii) all other provisions set forth in paragraph 37 of the El Paso Agreement and paragraph 36 of the CenterPoint Agreement shall apply; (iv) any and all amounts paid by Settling Defendants into the Settlement Fund and/or deposited in the Escrow Account (including interest earned thereon) shall be returned to Settling Defendants within thirty (30) calendar days, less only disbursements made in accordance with paragraphs 37 of the El Paso Agreement and paragraph 36 of the CenterPoint Agreement; and (iv) Settling Defendants shall have no further payment obligations pursuant to the Agreements.

24. Neither the Agreements nor this Order shall be deemed or construed to be an admission by the Settling Defendants of: (i) any violation of any statute or law or of any liability or wrongdoing whatsoever by the Settling Defendants; or (ii) the propriety of certification of a litigation class in the Actions.

25. To facilitate administration of the Settlements pending final approval, the Court hereby stays all proceedings in the Actions in this Court as between the Wisconsin Classes and the Settling Defendants until further order of the Court, except such proceedings as may be necessary either to implement the Settlements or to comply with or effectuate the terms of the Agreements or Fed. R. Civ. P. 23. The Court further enjoins, prior to entry of a final order after the Fairness Hearing, all Wisconsin Class members from filing any claims, suits or proceedings asserting Released Claims against any of the Settling Defendants unless and until such Wisconsin Class members have filed valid requests for exclusion in accordance with Paragraphs 14-15 hereof.

26. For purposes of the CenterPoint settlement, this Court's Order is an indicative order under Federal Rule of Civil Procedure 62.1(3). If the Court of Appeals remands the Wisconsin claims against CenterPoint, then this Court intends to enter the relief indicated in this Order with respect to the CenterPoint settlement, automatically and without requirement of entry of any further order, *nunc pro tunc* the date of this Order.

27. If any deadline in this Order falls on a non-business day, then the deadline is extended until the next business day.

**IT IS SO ORDERED.**

Dated: April 5, 2019

Hon. Robert C. Jones
United States District Judge

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: WESTERN STATES WHOLESALE
NATURAL GAS ANTITRUST LITIGATION                               MDL No. 1566

(SEE ATTACHED SCHEDULE)

**ORDER VACATING, IN PART, CONDITIONAL REMAND ORDER**

In accordance with orders entered by the District of Nevada transferee court on February 19, 2019, the Panel's Conditional Remand Order filed February 11, 2019 (ECF No. 273), is VACATED, in part, as follows:

With respect to Heartland Regional Medical Center, et al. v. Oneok, Inc. et al., C.A. No. 2:07-00987 (W.D. Missouri C.A. No. 5:07-06048), and Learjet, Inc., et al. v. Oneok, Inc., et al, C.A. No. 2:06-00233 (D. Kansas C.A. No. 2:05-02513), the Conditional Remand Order is VACATED in its entirety.

With respect to Arandell Corp. et al v. Xcel Energy Inc. et al., C.A. No. 2:07-01019 (W.D. Wisconsin C.A. No. 3:07-00076) and NewPage Wisconsin System, Inc., et al. v. CMS Energy Resource Management Company, et al., C.A. No. 2:09-00915 (W.D. Wisconsin C.A. No. 3:09-00240), the Conditional Remand Order is VACATED as to the claims by plaintiffs in those actions against (1) El Paso Corporation (n/k/a El Paso LLC), and El Paso Merchant Energy,L.P. (n/k/a El Paso Marketing Company, L.L.C.); (2) CenterPoint Energy Services, Inc.; and (3) Reliant Energy, Inc. (n/k/a GenOn Energy, Inc.), and Reliant EnergyServices, Inc. (n/k/a RRI Energy Services, LLC).

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

IN RE: WESTERN STATES WHOLESALE
NATURAL GAS ANTITRUST LITIGATION                                    MDL No. 1566

SCHEDULE FOR CRO

| TRANSFEREE | | | TRANSFEROR | | | |
|---|---|---|---|---|---|---|
| DIST | DIV. | C.A.NO. | DIST | DIV. | C.A.NO. | CASE CAPTION |
| NV | 2 | 06-01351 | CO | 1 | 06-01110 | Breckenridge Brewery of Colorado, LLC et al v. Oneok Inc. et al (MDL 1566) |
| NV | 2 | 05-01331 | KS | 2 | 05-02389 | Reorganized FLI, Inc. v. Williams Companies, Inc., et al MDL 1566 |
| NV | 2 | 06-00233 | KS | 2 | 05-02513 | Learjet, Inc. v. Oneok, Inc. - MDL 1566 |
| NV | 2 | 07-00987 | MOW | 5 | 07-06048 | Heartland Regional Medical Center et al v. Oneok, Inc. et al - MDL 1566 |
| NV | 2 | 06-00267 | OKN | 4 | 05-00435 | Sinclair Oil Corporation v. e prime Inc. et al - MDL 1566 |
| NV | 2 | 07-01019 | WIW | 3 | 07-00076 | Arandell Corp. et al v. Xcel Energy Inc. et al - MDL 1566 |
| NV | 2 | 09-00915 | WIW | 3 | 09-00240 | NewPage Wisconsin System Inc. v. CMS Energy Resource Management Company et al |
| NV | 2 | 06-00282 | WY | 1 | 05-00254 | Sinclair Oil Corporation v. Oneok Energy Services Co. MDL 1566 |