# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION | MDL Docket No. 1566<br><br>Base Case No. 2:03-cv-01431-RCJ-PAL |
| THIS DOCUMENT RELATES TO: | |
| *Learjet, Inc., et al. v. ONEOK Inc., et al.* | Case No. 2:06-cv-00233-RCJ-PAL |
| *Heartland Regional Medical Center, et al. v. ONEOK Inc., et al.* | Case No. 2:07-cv-00987-RCJ-PAL |

## ORDER PRELIMINARILY CERTIFYING SETTLEMENT CLASSES, APPROVING CLASS SETTLEMENT, APPROVING CLASS NOTICE AND SETTING DATE FOR FAIRNESS HEARING

The motion of the plaintiffs in above-captioned actions (the "Actions") for preliminary approval of the terms and conditions (the "Settlements") in the following Settlement Agreement (collectively, the "Agreement") has come before this Court:

(i) the Class Action Settlement Agreement dated February 15, 2019 entered into between the plaintiffs in the Actions and defendants The Williams Companies, Inc., Williams Merchant Services Company, LLC (f/k/a Williams Merchant Services Company, Inc.), and Williams Gas Marketing, Inc. (f/k/a Williams Power Company, Inc. and Williams Energy Marketing & Trading) (collectively "Williams"); Vistra Energy Corp. (as successor in interest to Dynegy Illinois Inc. and Dynegy GP Inc.), Dynegy Power Marketing, LLC (as successor in interest to DMT G.P. L.L.C.), and Dynegy Marketing and Trade, L.L.C. (collectively, "Dynegy"); and e prime, Inc. and Xcel Energy, Inc. (collectively, "e prime," and collectively along with Williams and Dynegy, the "Settling Defendants").

Plaintiffs in the Actions and the Settling Defendants are hereinafter referred to collectively as the "Parties."

Plaintiffs in the Actions filed their motion for preliminary approval on February 19, 2019. Any opposition to the motion was due by March 5, 2019, and no opposition was filed to date. No formal hearing is required at the preliminary approval stage. *See Harris v. U.S. Physical Therapy, Inc.*, No. 2:10-CV-01508-JCM-VCF, 2012 WL 3277278, at *4 (D. Nev. July 18, 2002).

The Court, after carefully considering the motion and all papers filed and proceedings held herein, including the Agreement and proposed Notice Plan, for good cause HEREBY FINDS AND ORDERS THE FOLLOWING:

1. Plaintiffs include Learjet, Inc., Topeka Unified School District 501, Heartland Regional Medical Center, Prime Tanning Corp., and Northwest Missouri State University (collectively hereinafter, "Plaintiffs"), both individually and on behalf of proposed settlement classes of industrial and commercial purchasers of natural gas for their own use or consumption in the States of Kansas and Missouri, as more particularly defined in Paragraph 3 of this Order, and other affiliated Releasors defined in the Agreement, along with the Settling Defendants and other affiliated Releasees as defined in the Agreement.

2. The Agreement are incorporated by reference in this Order. All terms which are defined in the Agreement and used but not otherwise defined herein shall have the meanings ascribed to them in the Agreement.

3. For purposes of determining whether the Agreement should be preliminarily approved, the Court conditionally certifies, for purposes of settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure 23(b)(3), the Classes defined as follows:

> (a) <u>"Kansas Class" means:</u>
> All industrial and commercial direct purchasers of natural gas for their own use or consumption during the period from January 1, 2000 through October 31, 2002, and which gas was used or consumed by them in Kansas. Excluded from the Class are (a) entities that purchased natural gas for resale (to the extent of such purchase(s) for resale); (b) entities that purchased natural gas for generation of electricity for the purpose of sale (to the extent of such purchase(s) for

generation); (c) defendants and their predecessors, affiliates, and subsidiaries; (d) the federal government and its agencies; and (e) Reorganized FLI, Inc. (f/k/a Farmland Industries, Inc.).

For purposes of the Kansas Class definition, a "direct purchaser" means an industrial or commercial entity that bought natural gas for its own use or consumption directly from any of the defendants in the Actions, or from a seller other than a local distribution company.

(b) "Missouri Class" means:
All industrial and commercial direct purchasers of natural gas for their own use or consumption during the period from January 1, 2000 through October 31, 2002, and which gas was used or consumed by them in Missouri. Excluded from the Class are (a) entities that purchased natural gas for resale (to the extent of such purchase(s) for resale); (b) entities that purchased natural gas for generation of electricity for the purpose of sale (to the extent of such purchase(s) for generation); (c) defendants and their predecessors, affiliates, and subsidiaries; (d) the federal government and its agencies; and (e) Reorganized FLI, Inc. (f/k/a Farmland Industries, Inc.).

For purposes of the Missouri Class definition, a "direct purchaser" means an industrial or commercial entity that bought natural gas for its own use or consumption directly from any of the defendants in the Actions, or from a seller other than a local distribution company.

4. "Midwest Classes" means, collectively, the Kansas Class and the Missouri Class.

5. "Class Period" means, with respect to each of the Midwest Classes, the period from January 1, 2000 through October 31, 2002.

6. The Court preliminarily finds that the Settlements set forth in the Agreement: (i) resulted from extensive, good-faith, arm's-length negotiations between the Parties, conducted after Class Counsel as defined herein had conducted adequate investigation and discovery; and (ii) are sufficiently fair, reasonable and adequate to the Midwest Classes to warrant providing notice in accordance with the Notice Plan described in the Motion for Preliminary Approval and thereafter conducting the final Fairness Hearing as described below.

7. The Actions are, for settlement purposes only, certified as class actions against the Settling Defendants pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure for

each and all of the Midwest Classes and with respect to the Class Period. Certification for settlement purposes is appropriate because:

    a.    The Court preliminarily finds that the requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure are met in that:

        (i)    The Plaintiffs and Settling Defendants have agreed by virtue of the Agreement and for purposes of the settlement class only that the Midwest Classes are so numerous that joinder of all members is impracticable;

        (ii)    The Plaintiffs and Settling Defendants have agreed by virtue of the Agreement and for purposes of the settlement class only that the Plaintiffs' claims against the Settling Defendants and the defenses thereto present questions of law or fact common to the Midwest Classes that predominate over questions affecting individual members of the Midwest Classes;

        (iii)    The Plaintiffs and Settling Defendants have agreed by virtue of the Agreement and for purposes of the settlement class only that the claims against the Settling Defendants brought by the Plaintiffs in the Actions, as industrial and commercial purchasers of natural gas for their own use and consumption during the Class Period, are typical of the claims of, or defenses to the claims of, members of the Midwest Classes against the Settling Defendants;

        (iv)    The Plaintiffs and Settling Defendants have agreed by virtue of the Agreement and for purposes of the settlement class only that Plaintiffs and Class Counsel for the Midwest Classes have fairly, adequately and vigorously represented the interests of the Midwest Classes as respects claims against the Settling Defendants;

        (v)    The Plaintiffs and Settling Defendants have agreed by virtue of the Agreement and for purposes of the settlement class only that the certifying the Midwest Classes for purposes of settlement is superior to others method for the fair and

efficient adjudication of the controversy in the Actions as against the Settling Defendants; and

(vi) Manageability for trial purposes is not an issue and need not be considered in determining whether to certify the Midwest Classes herein for purposes of settlement. *See Amchem v. Windsor*, 512 U.S. 591, 619 (1997).

8. Pursuant to Fed. R. Civ. P. 23(g), for settlement purposes, Polsinelli PC, McCallister Law Group, LLC, and Barry Law Offices, LLC are preliminarily appointed as co-counsel for the Kansas Class; and Polsinelli PC and Barry Law Offices, LLC are preliminarily appointed as co-counsel for the Missouri Class (collectively, "Class Counsel"). Learjet, Inc. and Topeka Unified School District 501 are preliminarily appointed as representatives for the Kansas Class; and Heartland Regional Medical Center, Prime Tanning Corp., and Northwest Missouri State University are preliminarily appointed as representatives for the Missouri Class.

9. A.B. Data Ltd. is preliminarily appointed as Settlement Administrator.

10. The Court has reviewed the proposed Long and Short Form Class Notice(s) submitted as Exhibits 5-6 to the Motion for Preliminary Approval and preliminarily approves such notices as to form and content. Class Counsel and/or the Settlement Administrator shall cause Class Notice to be disseminated in the manner provided in the Notice Plan described in the Motion for Preliminary Approval (the "Notice Plan") within 30 days after the entry of this Order. The costs associated with providing class notice shall be borne as set forth in the Agreement, including the provisions thereof addressing the allocation of such costs in the event that the Settlements do not become final. The Court preliminarily finds that the form(s) and method(s) of giving notice of the Settlements are reasonably certain to inform the absent members of the Midwest Classes, are the best notice that is practicable under the circumstances, and constitute valid, due and sufficient notice to all members of the Midwest Classes in compliance with the requirements of the Federal Rules of Civil Procedure and of due process under the United States Constitution, and the requirements of any other applicable rules or laws.

11. A final Fairness Hearing is scheduled for **August 5**, 2019, at **7:00** a.m. in Courtroom **4B** of this Court, located at 333 S. Las Vegas Blvd., Las Vegas, NV 89101. At the Fairness Hearing, the Court will consider and/or determine, among other things: (i) whether to finally certify for settlement purposes the Midwest Classes as against the Settling Defendants; (ii) whether to finally approve the Settlements as fair, reasonable and adequate; (iii) whether the Notice Plan and Class Notice(s) provided complied with the Federal Rules of Civil Procedure and due process; (iv) whether to enter the Final Order and Judgment approving the applicable Settlements in the form(s) attached to the respective Agreement; and/or (v) whether to grant the Fee and Expense Application(s) submitted by Class Counsel and/or the applications for incentive award(s) to Plaintiffs and, if so, the amounts thereof to be awarded out of the Settlement Fund(s). The Court reserves the right to approve the Settlements at or after the Fairness Hearing and to do so with such modifications as may be consented to by the applicable Parties and without further notice to the members of the Midwest Classes.

12. All papers supporting final approval of the Settlements (other than papers that may be filed by one of the Parties in response to requests for exclusion or objections as described below), shall be filed no later than twenty-one (21) days before the Fairness Hearing. The Fairness Hearing may be postponed, adjourned or rescheduled by order of the court without further notice to the members of the Midwest Classes, other than that which may be posted on the Court's website.

13. The Court further approves the procedures for prospective members of the Midwest Classes to exclude themselves from (*i.e.*, opt out of) or object to, the Settlements, as set forth in Agreement and in the Class Notice(s).

14. In particular, any person or entity who seeks to opt out of the Midwest Classes must submit a timely and valid written request for exclusion in accordance with the Agreement. As a result of the release and as provided in the Agreement, a prospective Class Member seeking to opt out must request exclusion from: (i) all of the Midwest Classes to which the person or entity requesting exclusion belongs or may belong (*i.e.*, it is not permitted to exclude oneself from the Kansas Class but remain in the Missouri Class, etc.); and (ii) all of the Settlements that are the

subject of the Class Notice (for example, it is not permitted to exclude oneself from the settlement with one of the Settling Defendants, but remain a class member for purposes of the settlement with any other of the Settling Defendants).

15.   To be "timely," a request for exclusion must be mailed to Class Counsel or to the Settlement Administrator at the address(es) provided in the Class Notice and postmarked (or mailed by overnight delivery) no later than twenty-one (21) days prior to the date of Fairness Hearing. To be "valid," a request for exclusion must also: (i) state the name, address, and phone number of the person or entity seeking exclusion; (ii) state all trade names or business names and addresses that the person or entity (and any of his, her or its parents, subsidiaries, affiliates, predecessors or assignors who purchased, used or consumed natural gas during the class period) has used during or since the class period; (iii) state, with respect to natural gas purchased, used or consumed within Kansas or Missouri during the Class Period by any of the persons and entities described in sub-parts (i) or (ii) above, an estimate of the total dollar amount paid for such natural gas or an estimate of the total volume of such natural gas, and identify all entities from or through whom such natural gas was purchased; (iv) include the case name of the actions (*In Re Western States Wholesale Natural Gas Antitrust Litigation*, MDL No. 1566 (D. Nev.)); (v) include the statement that "[name of person or entity] and all of its parents, subsidiaries and affiliates hereby request to be excluded from the proposed class settlements described in the notice of settlements pertaining to the actions;" and (vi) in the case of an entity, identify the title or position of the person signing on behalf of such entity, state that such person is duly authorized to sign on behalf of such entity, and be signed by such person. A request for exclusion that does not strictly comply with all of the requirements set forth in this paragraph shall be invalid, and every person or entity submitting such an invalid request shall be a Class Member, and shall be bound by the Agreement if they are approved by the Court. Class Counsel shall immediately forward complete copies of all requests for exclusion, as they are received, to counsel for the Settling Defendants (and the Settlement Administrator shall promptly forward to Class Counsel copies of all requests for exclusion, as they are received).

16.     Within five (5) days after the Court-ordered deadline for timely requests for exclusion from the Midwest Classes, counsel for the Parties shall meet and confer and establish complete lists of: (i) all timely and valid requests for exclusion received as of that date; (iii) all requests for exclusion received that the Parties agree are either not timely or otherwise not valid; and (iii) all requests for exclusion received as to which there is any dispute requiring Court resolution at the Fairness Hearing as to whether such request for exclusion was both timely and otherwise valid. Either of the parties may file papers addressing the issues set forth in this paragraph no later than seven (7) days before the Fairness Hearing.

17.     Any person or entity that submits a timely and valid request for exclusion shall be excluded from the Midwest Classes, shall have no rights with respect to these Settlements (including no right to share in any recovery obtained pursuant to the Actions) and shall not be permitted to intervene as a party plaintiff in the Actions (but without affecting those persons or entities' ability to exercise their rights under Fed. R. Civ. P. 23 or the Class Notice(s)). Any prospective member of the Midwest Classes who does not timely and validly request to be excluded in the manner set forth above and in the Class Notice and the Agreement will be deemed to have waived all rights to opt out of, and will be deemed a member of, the Midwest Classes for all purposes under the Agreement (including the releases of claims thereunder) and will be bound by all proceedings, orders and judgments in the Actions, including the terms of the Settlements, if approved.

18.     Prospective members of the Midwest Classes who have not timely and validly requested exclusion and who want to object to the Settlements must do so in accordance with the procedures set forth in the Agreement and in the Class Notice(s). Specifically, any such person or entity must, no later than thirty (30) days before the date set for the Fairness Hearing, both file with the Court and mail to Class Counsel or the Settlement Administrator, and also mail to counsel for the Settling Defendants, a written objection that includes: (i) a notice of intention to appear; (ii) proof of membership in the Midwest Classes; and (iii) the specific grounds for the objection and any reasons why such party desires to appear and be heard, as well as all documents or writings that such party desires the Court to consider. To address the possibility that objectors may fail to mail objections to

both sides, the Parties shall exchange, by email within five (5) days after close of the period for filing objections, pdf copies of all objections received.

19. Objections to the Settlements shall be heard, and any papers or briefs submitted in support of said objections shall be considered by the Court (unless the Court in its discretion shall otherwise direct), only if they comply with the objection procedures set forth herein. Counsel for the Parties may file and serve written response(s) to any objection no later than 5 days before the Fairness Hearing. Any member of the Midwest Classes who does not object in the manner prescribed herein and in accordance with the applicable provisions of the Agreement and Class Notice(s) will be deemed to have waived any objections and will be barred from making any such objections in the Actions or in any other action or proceedings related thereto, including in an appeal or collateral attack.

20. Any entity which has timely and properly excluded itself from the Midwest Classes shall be permitted to apply to the Court for good cause shown to re-enter the Midwest Classes prior to final approval of the settlement classes. If the Court approves such application, the applying entity will retain the same rights and obligations under the Agreement as the Class Members.

21. Pursuant to the stipulation of the Parties, they, and their respective counsel, shall not encourage or solicit, or substantively assist in any way whatsoever, any person or entity to request exclusion from the Midwest Classes.

22. Pursuant to the Agreement, up to $100,000 from the Settling Defendants' payment to the Settlement Fund may be used toward notice to the Midwest Classes and the cost of administration of the Settlement Fund.

23. If final approval of the Settlements is not obtained, or if the Settlements do not become final as provided in the Agreement or if the Agreements are otherwise terminated or rescinded pursuant to their terms for any reason, whether entirely or by or with respect to any defendant individually, then: (i) any preliminary or final certification for purposes of settlement of

the Midwest Classes shall be automatically vacated, *nunc pro tunc*;[1] (ii) all other provisions set forth in paragraph 19 of the Agreement shall apply; (iii) any and all amounts paid by Settling Defendants into the Settlement Fund and/or deposited in the Escrow Account (including interest earned thereon) shall be returned to the rescinding or terminating Settling Defendants (subject to the terms of Paragraph 45 of the Agreement) within thirty (30) calendar days, less only disbursements made in accordance with paragraphs 28 and 29 of the Agreement; and (iv) Settling Defendants shall have no further payment obligations pursuant to the Agreement.

24. Neither the Agreement nor this Order shall be deemed or construed to be an admission by the Settling Defendants of: (i) any violation of any statute or law or of any liability or wrongdoing whatsoever by the Settling Defendants; or (ii) the propriety of certification of a litigation class in the Actions.

25. To facilitate administration of the Settlements pending final approval, the Court hereby stays all proceedings in the Actions as between the Midwest Classes and the Settling Defendants until further order of the Court, except such proceedings as may be necessary either to implement the Settlements or to comply with or effectuate the terms of the Agreement or Fed. R. Civ. P. 23. The Court further enjoins, prior to entry of a final order after the Fairness Hearing, all members of the Midwest Classes from filing any claims, suits or proceedings asserting Released Claims against any of the Settling Defendants unless and until such members of the Midwest Classes have filed valid requests for exclusion in accordance with Paragraphs 14-15 hereof.

26. If any deadline in this Order falls on a non-business day, then the deadline is extended until the next business day.

**IT IS SO ORDERED.**

---

[1] In the event that this provision is implicated based on fewer than all defendants exercising their option under Paragraphs 44 or 45 of the Agreement or their rights under the terms of the Supplemental Agreement to rescind or terminate the Agreement, then any preliminary approval or final certification for purposes of settlement of the Midwest Classes shall be vacated, *nunc pro tunc*, only as to the rescinding or terminating defendant(s).

Dated: April 22, 2019

_____
Hon. Robert C. Jones
United States District Judge