# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION. | MDL DOCKET NO. 1566 <br><br> Base Case File No. <br> 2:03-CV-S-1431-RCJ-BNW |
| THIS DOCUMENT RELATES TO: | |
| *Arandell Corporation., et al.* <br> *v. Xcel Energy Inc., et al.* | 2:07-CV-01019-RCJ-BNW |
| *NewPage Wisconsin System, Inc.* <br> *v. CMS Energy Resource Management Company, et al.* | 2:09-CV-00915-RCJ-BNW |

## ORDER AWARDING ATTORNEYS' FEES, REIMBURSEMENT OF WISCONSIN EXPENSES, AND INCENTIVE AWARDS

The Court, having considered the Wisconsin Plaintiffs' Unopposed Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards and supporting papers (the "Motion"), and the complete record and files in the above-referenced matters; and good cause appearing, hereby ORDERS:

1. The Motion requests (1) reimbursement of $1,686,682.75 of out-of-pocket expenses incurred through December 31, 2018[1]; (2) an award of attorneys' fees of 33.09% of the Settlement Fund (comprised of the Settling Defendants' settlement payments of $29,250,000); (3) and incentive awards to each of the named Wisconsin Plaintiffs appointed as class representatives for settlement purposes ("Wisconsin Settlement Class Representatives").

---

[1] Representing 50% of expenses incurred through August 31, 2016, and expenses from September 1, 2016, through December 31, 2018.

2. The Court finds that the amount of fees requested is fair and reasonable under the percentage-of-recovery method.

3. The attorneys' fees requested were entirely contingent upon success. Wisconsin Counsel[2] risked great time and effort and advanced substantial costs and expenses with no ultimate guarantee of compensation.

4. The Class Notice, sent to 1,145 prospective Wisconsin Settlement Class Members, and the Publication Notice, informed potential Wisconsin Settlement Class Members that Wisconsin Plaintiffs' Counsel would be seeking fees in the amount of 35% of the Settlement Fund remaining after reimbursement of costs and expenses, reimbursement of costs and expenses, and incentive awards for the named Wisconsin Plaintiffs in the actions listed on this Order. The Court has been informed that no objections were received from the Wisconsin Settlement Class to the interim fee request, reimbursement of expenses, and payment of incentive awards.

5. The Court has considered the Motion and papers filed in support thereof. Based upon these and other matters on record filed in this action, the Court finds that the fee requested is reasonable and proper, and that the costs and expenses incurred by Wisconsin Plaintiffs' counsel were necessary, reasonable, and proper.

6. The Court finds that reimbursements of $1,686,682.75, which represents 50% of expenses incurred through August 31, 2016, and expenses from September 1, 2016, through December 31, 2018, are fair, reasonable, and proper.

---

[2] Wisconsin Counsel refers to Kohner Mann & Kailas, S.C., and Polsinelli PC.

7. The Court finds that an attorney-fee award of 33.09% of the Settlement Fund (net of expenses) to Wisconsin Plaintiffs' Counsel is fair, reasonable, and proper.

8. The Court further finds that distributing incentive awards as detailed below to each of the Settlement Class Representatives is fair, reasonable, and proper.

THEREFORE, IT IS HEREBY ORDERED:

A. Wisconsin Plaintiffs' Counsel shall be reimbursed for expenses in the amounts of $1,686,682.75.

B. Wisconsin Plaintiffs' Counsel are awarded attorneys' fees in the amount of $9,679,661.04 (33.09% of the $29,250,000 Wisconsin Settlement Fund, net of expenses).

C. The attorneys' fees awarded and the amount in reimbursement of litigation costs and expenses shall be paid from the Wisconsin Settlement Fund.

D. Wisconsin Plaintiffs' Counsel are authorized to and shall pay, or direct payment of, to the following seven Wisconsin Settlement Class Representatives:

1) Arandell Corporation, $75,000;

2) Merrick's, Inc., $ 75,000;

3) Sargento Foods, Inc., $ 75,000;

4) ATI Ladish LLC (f/k/a Ladish Co., Inc.), $75,000;

5) Carthage College, $75,000;

6) Briggs & Stratton Corporation, $75,000; and

7) Verso Minnesota Wisconsin LLC (f/k/a NewPage Wisconsin System Inc.), $ 75,000.

These Wisconsin incentive awards shall be drawn from the funds after reimbursement of expenses and payment of attorney fees, as detailed above.

G. The Court retains jurisdiction over the matters that are the subject of this Order until after full disbursement of the Wisconsin Settlement Fund, and/or as necessary to effectuate the terms of the Wisconsin Settlement Agreements relating to attorneys' fees and incentive awards.

H. This Order shall be entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, as the Court finds that there is no just reason for delay.

Dated this 5th day of August, 2019

_____
Hon. Robert C. Jones
United States District Judge