UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| IN RE WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION | MDL Docket No. 1566<br><br>Base Case No. 2:03-cv-01431-RCJ-BNW |
| THIS DOCUMENT RELATES TO: | |
| *Learjet, Inc., et al. v. ONEOK Inc., et al.* | Case No. 2:06-cv-00233-RCJ-BNW |
| *Heartland Regional Medical Center, et al. v. ONEOK Inc., et al.* | Case No. 2:07-cv-00987-RCJ-BNW |

## FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE

This matter has come before the Court to determine whether there is any cause why this Court should not approve the settlement between Plaintiffs in the above-captioned Actions on behalf of the class members in Kansas and Missouri,[1] and (a) The Williams Companies, Inc., Williams Merchant Services Company LLC (f/k/a Williams Merchant Services Company, Inc.), and Williams Gas Marketing, Inc. (f/k/a Williams Power Company, Inc. and Williams Energy Marketing & Trading Company (f/k/a Williams Gas Marketing, Inc. and now known as WPX Energy Marketing, LLC) (collectively, "Williams"); (b) Vistra Energy Corp. (as successor in interest to Dynegy Illinois Inc. and Dynegy GP Inc.), Dynegy Power Marketing, LLC (as successor in interest to DMT G.P. L.L.C.), and Dynegy Marketing and Trade, LLC (collectively, "Dynegy"); (c) e prime, inc. and Xcel Energy Inc. (collectively, "e prime," and collectively along with Williams and Dynegy, the "Settling Defendants"), as set forth in the Settlement Agreement dated February 15, 2019 (the "Agreement"). The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, has determined (1) that the settlement should be approved, and (2) that there is no just reason for delay of the entry of this Final Judgment approving the Agreement. Accordingly, the Court directs entry of Judgment which shall constitute a final

---

[1] The Settlement Agreement defines the Missouri Class and the Kansas Class, and defines those two classes collectively as the "Mo-Kan Classes."

adjudication of the above-captioned Actions on the merits in accordance with the terms of the Agreement. Good cause appearing therefor, it is:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Court has jurisdiction over the subject matter of the Actions and over all parties to the Agreement, including all members of the Mo-Kan Classes based upon the Court's findings and conclusions herein that such settlement class members have been afforded the due process protections of notice, an opportunity to be heard, a right to exclude themselves from the Mo-Kan Classes (as defined below), and adequate representation. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985).

2. All terms which are defined in the Agreement and used, but not otherwise defined, herein shall have the meanings ascribed to them in the Agreement, all of which are incorporated herein as though fully set forth in this Final Judgment.

3. By its Preliminary Order dated April 22, 2019, the Court certified, for purposes of settlement only, these Actions as class actions against the Settling Defendants under Federal Rule of Civil Procedure 23(b)(3). The Classes are defined as follows:

    A. **"Kansas Class"** means:
        All industrial and commercial direct purchasers of natural gas for their own use or consumption during the period from January 1, 2000 through October 31, 2002, and which gas was used or consumed by them in Kansas. Excluded from the Class are (a) entities that purchased natural gas for resale (to the extent of such purchase(s) for resale); (b) entities that purchased natural gas for generation of electricity for the purpose of sale (to the extent of such purchase(s) for generation); (c) defendants and their predecessors, affiliates, and subsidiaries; (d) the federal government and its agencies; and (e) Reorganized FLI, Inc. (f/k/a Farmland Industries, Inc.).

        For purposes of the Kansas Class definition, a "direct purchaser" means an entity that bought natural gas for its own use or consumption directly from a natural gas production, marketing, or trading company, such as, but not necessarily limited to, the defendants in the Actions, without the gas first having been sold to a local distribution company.

    B. **"Missouri Class"** means:
        All industrial and commercial direct purchasers of natural gas for their own use or consumption during the period from January 1, 2000

        through October 31, 2002, and which gas was used or consumed by them in Missouri. Excluded from the Class are (a) entities that purchased natural gas for resale (to the extent of such purchase(s) for resale); (b) entities that purchased natural gas for generation of electricity for the purpose of sale (to the extent of such purchase(s) for generation); (c) defendants and their predecessors, affiliates, and subsidiaries; (d) the federal government and its agencies; and (e) Reorganized FLI, Inc. (f/k/a Farmland Industries, Inc.).

        For purposes of the Missouri Class definition, a "direct purchaser" means an entity that bought natural gas for its own use or consumption directly from a natural gas production, marketing, or trading company, such as, but not necessarily limited to, the defendants in the Actions, without the gas first having been sold to a local distribution company.

    C.    **"Mo-Kan Classes"** means, collectively, the Kansas Class and the Missouri Class.

    D.    "Class Member" means each member of any one or more of the Mo-Kan Classes who did not timely and properly elect to be excluded from the Mo-Kan Classes in accordance with the Class Notice previously approved by the Court.

    E.    "Class Period" means, with respect to each of the Mo-Kan Classes, the period from January 1, 2000 through October 31, 2002.

    4.    The Actions are, for settlement purposes only, certified as class actions against Settling Defendants pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure for each and all of the Mo-Kan Classes defined in paragraph 3 above and with respect to the Class Period defined in paragraph 3 above. Certification of the Mo-Kan Classes is appropriate because:

    a.    The Court finds that the requirements of Rule 23(a) of the Federal Rules of Civil Procedure have been met for a settlement class in that:

        (i)    Plaintiffs and Settling Defendants have agreed by virtue of the Agreement and for purposes of settlement and with respect to the settlement class only that the Mo-Kan Classes are so numerous that joinder of all members is impracticable;

        (ii)    Plaintiffs and Settling Defendants have agreed by virtue of the Agreement and for purposes of settlement and with respect to the settlement class only that

-3-

69931259.2

      Plaintiffs' claims against Settling Defendants and the defenses thereto present questions of law or fact common to the Mo-Kan Classes;

   (iii) Plaintiffs and Settling Defendants have agreed by virtue of the Agreement and for purposes of settlement and with respect to the settlement class only that the claims against Settling Defendants brought by the Plaintiffs in the Actions, as industrial and commercial purchasers of natural gas for their own use and consumption during the Class Period, are typical of the claims of, or defenses to the claims of, members of the Mo-Kan Classes against Settling Defendants;

   (iv) Plaintiffs and Settling Defendants have agreed by virtue of the Agreement and for purposes of settlement and with respect to the settlement class only that Class Counsel for the Mo-Kan Classes have fairly, adequately, and vigorously represented the interests of the Mo-Kan Classes as respects claims against Settling Defendants; and

   (v) Plaintiffs and Settling Defendants have agreed by virtue of the Agreement and for purposes of settlement and with respect to the settlement class only that, based on their active participation in discovery and the settlement, Plaintiffs in the Actions have fairly, adequately, and vigorously represented the interests of the Mo-Kan Classes as respects Settling Defendants.

 b. The Court finds that, for settlement purposes only and with respect to the settlement class only, the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure have been met in that:

   (i) Plaintiffs and Settling Defendants have agreed by virtue of the Agreement and for purposes of settlement and with respect to the settlement class only that there are questions of law or fact relating to whether Settling Defendants engaged in the alleged inaccurate reporting of natural gas transactions to the publishers of natural gas price indexes, or engaged in other alleged conduct including natural gas wash trading or churning transactions, in furtherance of an alleged conspiracy to manipulate prices for natural gas during the Class

-4-

69931259.2

        Period which, given the circumstances, predominate over questions affecting only individual members of any of the Mo-Kan Classes;

    (ii) Plaintiffs and Settling Defendants have agreed by virtue of the Agreement and for purposes of settlement and with respect to the settlement class only that there are no competing actions and that resolving the Actions against Settling Defendants through settlement under the Agreement is the superior method for the fair and efficient adjudication of this controversy; and

    (iii) Manageability for trial purposes is not an issue and need not be considered in determining whether to certify the Mo-Kan Classes herein for purposes of settlement.  *See Amchem v. Windsor*, 512 U.S. 591, 619 (1997).

  c. Certification of class actions, such as the Actions, for the purpose of settlement only is desirable to facilitate resolution of complex litigation such as this litigation.

  5. The Court hereby finally approves and confirms the settlement set forth in the Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Mo-Kan Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure.  In reaching this determination, the Court has, based upon the evidence presented and its independent inquiry, analysis, and due diligence, considered: (a) the serious questions of fact and law raised by Plaintiffs' claims and Settling Defendants' defenses in the Actions; (b) the risk, expense, complexity, and likely duration of further litigation; (c) the risk of even obtaining in the first place, which is vigorously disputed, and then maintaining throughout trial and potential appeal, class action status; (d) the benefits of the settlement; (e) the extent of discovery completed and the stage of the proceedings; (f) the experience and views of Plaintiffs' counsel that the settlement is fair and reasonable; and (g) the reaction(s) of the Mo-Kan Class members to the settlement (both as to the number of requests for exclusion from the Mo-Kan Classes and as to the number and nature of the objections to the settlement, of which in both cases there are none).

  6. The Court hereby finds and concludes that the notice given to the Mo-Kan Classes complied with this Court's Preliminary Approval Order dated April 22, 2019, and that said notice was the best notice practicable under the circumstances and fully satisfies the requirements of Rule

69931259.2

23 of the Federal Rules of Civil Procedure and the requirements of due process, including, but not limited to, the form of notice and methods of identifying and giving notice to the Mo-Kan Classes of, *inter alia*, the settlement terms, their rights to object to or exclude themselves from the settlement (and the procedures to do so), and the Fairness Hearing.

7.     Pursuant to Fed. R. Civ. P. 23(g), Polsinelli PC, McCallister Law Group, LLC, and Barry Law Offices, LLC are appointed as co-counsel for the Kansas Class; and Polsinelli PC and Barry Law Offices, LLC are appointed as co-counsel for the Missouri Class. These firms have and will fairly, adequately, vigorously, and competently represent the interests of the Mo-Kan Classes. In particular, the Court finds that the Agreement is the result of extensive, good-faith arm's-length negotiations between the parties, and not the result of any collusion or reverse auction.

8.     As of the July 15, 2019, deadline designated in this Court's Preliminary Approval Order, no persons/entities requested exclusion from the Mo-Kan Classes.  Because no member of any of the Mo-Kan Classes submitted a timely and valid request, or indeed, any request for exclusion from the Mo-Kan Classes, all members of any of the Mo-Kan Classes are hereby (i) barred from asserting otherwise and (ii) bound by the terms of the Agreement, including the releases of claims, and by this Final Judgment.

9.     There were no objections filed to this settlement. Any member of the Mo-Kan Classes who failed to object or seek to intervene is conclusively deemed to have waived the right to object or intervene and is barred from raising any objection to the settlement or this Final Judgment in this or any other proceeding, including in an appeal.

10.    This Court hereby dismisses on the merits and with prejudice, with each party to bear its own costs and attorneys' fees, these Actions as against Settling Defendants and as to all members of any of the Mo-Kan Classes.

11.    Pursuant to paragraph 25 of the Agreement, the Releasees are completely released, acquitted, and forever discharged by Releasors from any and all claims, demands, actions, suits, causes of action for injuries, losses, damages, or other consequences of every nature (whether known or unknown, foreseen or unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated, legal or equitable) that Releasors or any of them ever had, now has, or hereafter can,

shall, or may have in any capacity (whether class, individual, direct, derivative, representative, or any other capacity) on account of, or in any way arising out of, or relating in any way to any act or omission of the Releasees or the other named defendants/alleged co-conspirators or any third-party alleged co-conspirators (or any of them) that is alleged in the Actions up to the date of the execution of this Agreement or that could have been alleged in the Actions or in any other proceeding alleging such acts or omissions (the "Released Claims").  All persons and entities who are Releasors are hereby barred and permanently enjoined from commencing, prosecuting, or continuing, either directly or indirectly, against any of the Releasees, in this or any other jurisdiction, any and all Released Claims and any other claims arising from any conduct alleged in any of the Actions.  The Released Claims shall not impede or affect in any way the Parties' claims or defenses in the Wisconsin Actions, the Colorado Action, the Farmland Action, or the Sinclair Oil Action.

   12. Neither the Agreement, the preliminary approval of the settlement and conditional certification for settlement purposes of the Mo-Kan Classes, nor this Final Judgment (nor any negotiations or documents associated with them) are to be deemed an admission of liability or fault by Settling Defendants or by any of the Releasees, or a finding of the validity of any facts, allegations, or claims asserted in the Actions, or of any wrongdoing or of any violation of law by Settling Defendants or any of the Releasees, or that any person has suffered any damage attributable to Settling Defendants or any of the Releasees, or an admission by Settling Defendants or any of the Releasees as to the certifiability of a litigation class in the Actions or in any other case, nor shall any such matters be evidence of or admissible concerning any such contested matters, including as to the certifiability of any litigation class.  Neither the Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out the Agreement by any of the settling parties shall be referred to, offered as evidence, or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce the Agreement, or to defend against the assertion of Released Claims, or as otherwise required by law.

   13. If for any reason this Final Judgment does not become "final" as provided in paragraph 20 of the Agreement, and if any of the Settling Defendants or Plaintiffs thereafter exercise

-7-

their unilateral option(s) to rescind the settlement, terminate the Agreement, and withdraw that Party's consent to the entry of this Final Judgment, then: (i) any preliminary or final certification of the Mo-Kan Classes shall be automatically vacated, *nunc pro tunc;* (ii) all other provisions set forth in paragraph 19 of the Agreement shall apply; and (iii) any and all amounts paid by Settling Defendants into the Settlement Fund and/or deposited in the Escrow Account (including interest earned thereon) shall be returned to Settling Defendants within thirty (30) calendar days, less only disbursements made in accordance with paragraphs 28 and 29 of the Agreement.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any distribution to Class Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) hearing and determining applications by Plaintiffs' counsel for attorneys' fees, costs, expenses, and interest; (d) the Actions until the Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties has been performed pursuant to the Agreement; (e) hearing and ruling on any matters relating to the plan of allocation of settlement proceeds; and (f) all parties to the Actions and Releasors, for the purpose of enforcing and administering the Agreement and the releases and other documents contemplated by, or executed in connection with, the Agreement.

15. Because Settling Defendants are the only remaining defendants in the above-captioned cases, this order disposes of all claims against all parties, and constitutes the final judgment and resolution of the above-captioned cases.

16. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that this Final Judgment should be entered and further finds that there is no just reason for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the Agreement. Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

17. Nothing in this Order shall be construed to expand the obligations of Settling Defendants under the Agreement or to impose on Settling Defendants any obligations other than those contained in the Agreement.

      **IT IS SO ORDERED.**


Dated:  __ August 5, 2019          _____                  _____
                                                                                   Hon. Robert C. Jones
                                                                                   United States District Judge